1  RICARDO P. CESTERO (SBN 203230)
   RCestero@ggfirm.com
2  JOSHUA M. GELLER (SBN 295412)
   JGeller@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California  90067
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Defendant
   GOLDEN BOY PROMOTIONS, INC.

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12  HEREDIA BOXING MANAGEMENT,          Case No.  5:20-cv-02618-JWH-KKx
    INC.; & MOSES HEREDIA,
13                                       *Assigned to Hon. John W. Holcomb*
                  Plaintiffs,
14                                       **NOTICE OF MOTION AND
    v.                                   MOTION TO DISMISS
15                                       COMPLAINT PURSUANT TO
    MTK GLOBAL SPORTS                    FRCP 12(B)(6); MEMORANDUM
16  MANAGEMENT, LLC; GOLDEN BOY          OF POINTS AND AUTHORITIES**
    PRODUCTIONS, INC.; VGC, LLP;
17  PAUL D. GIBSON; and DANIEL           Date:   November 5, 2021
    KINAHAN,                             Time:   9:00 a.m.
18                                       Crtrm:  2
                  Defendants.
19
20                                       [Declaration of Ricardo P. Cestero and
                                         [Proposed] Order filed concurrently
21                                       herewith]

22                                       Complaint filed: December 18, 2020

23

24

25

26

27

28

*(left margin, vertical text)* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP / 2049 Century Park East, Suite 2600 / Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 5, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 3470 12th St., Riverside, California, Defendant Golden Boy Promotions, Inc. ("GBP") will, and hereby does, move to dismiss Plaintiff Moses Heredia's ("Plaintiff") Complaint, with prejudice, pursuant to Fed. R. Civ. Pro. 12(b)(6), on the grounds that it fails to state any claim for relief against GBP.

In particular, the Fifth, Seventh, Eighth, and Ninth Causes of Action against GBP fail as a matter of law because (1) the contractual relationship that GBP purportedly interfered with had already been breached and abandoned before any of GBP's alleged acts and (2) GBP's actions were absolutely privileged and not wrongful. The Tenth Cause of Action fails as a matter of law because (1) Plaintiff cannot allege acts intended to interfere with the contract and (2) Plaintiff cannot allege any actual interference. In the alternative, the Court should decline to exercise supplemental jurisdiction over the Tenth Cause of Action because it does not share a common nucleus of operative fact with any of the federal claims Plaintiff asserts. Finally, the Eleventh Cause of Action fails as a matter of law because Plaintiff cannot identify any specific contractual obligation that GBP purportedly breached or frustrated.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Ricardo Cestero, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel pursuant to Local Rule 7-3, which took place on August 19, 2021.

//

//

//

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17896-00636/4122603.2

NOTICE OF MOTION AND
MOTION TO DISMISS

1

2   DATED:  September 29, 2021          GREENBERG GLUSKER FIELDS
                                        CLAMAN & MACHTINGER LLP

3

4                                       By:    /s/ Ricardo P. Cestero
                                               RICARDO P. CESTERO (SBN 203230)
5                                              JOSHUA M. GELLER (SBN 295412)
                                               Attorneys for Defendant GOLDEN BOY
6                                              PROMOTIONS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF CONTENTS**

                                                                                    **Page**
I.      INTRODUCTION ................................................................................. 1

II.     RELEVANT FACTUAL BACKGROUND ..................................... 2

        A.    Breakdown of Plaintiff's Contractual Relationship with Diaz in
              August 2020. .................................................................................. 2

        B.    Negotiation of the Bouts in February and July 2021. .......... 3

III.    LEGAL STANDARD ........................................................................ 3

IV.     PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE
        WITH THE DIAZ CONTRACT ...................................................... 4

        A.    Plaintiff Cannot Claim Interference with the Diaz Contract
              Because the Relationship had Already Been Breached or
              Abandoned ........................................................................................ 5

        B.    GBP's Purported Conduct Was Privileged and Not Wrongful ........... 7

V.      PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE
        IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ........... 9

        A.    Plaintiff Cannot Identify any Contractual Terms that Were
              Breached or Otherwise Frustrated. ............................................. 9

VI.     PLAINTIFF CANNOT STATE A CLAIM OF INTERFERENCE
        WITH THE FELICIANO CONTRACT ......................................... 10

        A.    Plaintiff Cannot Allege any Acts Taken with an Intent to
              Interfere with the Feliciano Contract ....................................... 11

        B.    Plaintiff Cannot Allege that GBP's Actions Resulted in Actual
              Interference ..................................................................................... 11

        C.    In the Alternative, the Court Should Decline to Exercise
              Supplemental Jurisdiction over the Tenth Cause of Action
              Because the Feliciano Dispute is Wholly Unrelated to Plaintiff's
              Federal Claims. ............................................................................. 12

VII.    CONCLUSION .................................................................................. 14

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

**CASES**

*1-800 Contacts, Inc. v. Steinberg,*
  107 Cal. App. 4th 568 (2003)..................................................5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .............................................................3, 4

*Bahrampour v. Lampert,*
  356 F.3d 969 (9th Cir. 2004) ...............................................13

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ...............................................................3

*Cabanas v. Gloodt Assocs.,*
  942 F. Supp. 1295 (E.D. Cal. 1996), aff'd 141 F.3d 1174 (9th Cir.
  1998) ........................................................................................9

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
  222 Cal. App. 3d 1371 (1990) ..............................................10

*Carstens Chevrolet, Inc. v. Gen. Motors, LLC,*
  No. 216CV02618MCECMK, 2017 WL 2654903 (E.D. Cal. June
  20, 2017) .................................................................................8

*Dryden v. Tri-Valley Growers,*
  65 Cal. App. 3d 990 (1977) ....................................................7

*Esplanade Prods., Inc. v. Walt Disney Co.,*
  2017 WL 5635027 (C.D. Cal. Nov. 8, 2017) ..........................4

*Forcier v. Microsoft Corp.,*
  123 F. Supp. 2d 520 (N.D. Cal. 2000)....................................6

*Grant v. Aurora Loan Servs., Inc.,*
  736 F. Supp. 2d 1257 (C.D. Cal. 2010)................................10

*Griffin v. Green Tree Servicing, LLC,*
  166 F. Supp. 3d 1030 (C.D. Cal. 2015)..................................9

*Guz v. Bechtel Nat. Inc.,*
  24 Cal. 4th 317 (2000)............................................................9

*Kuba v. 1–A Agr. Ass'n,*
  387 F.3d 850 (9th Cir. 2004) ...............................................13

*Maranon v. Santa Clara Stadium Auth.,*
  No. 15-CV-04709-BLF, 2017 WL 4573370 (N.D. Cal. Oct. 13,
  2017) ......................................................................................13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ii

1

2

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Matthews v. Specialized Loan Servicing, LLC,*
  No. CVED2000307CJCSPX, 2020 WL 1889043 (C.D. Cal. Apr.
  15, 2020) .................................................................................................... 9

*Microsemi Corp. v. Silicon Networks, Ltd.,*
  No. SACV171064DOCJDEX, 2017 WL 7201878 (C.D. Cal. Sept.
  14, 2017) .................................................................................................. 12

*Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.,*
  No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov.
  6, 2018) ...................................................................................................... 6

*Quelimane Co. v. Stewart Title Guar. Co.,*
  19 Cal. 4th 26 (1998) ................................................................................. 7

*Rutman Wine Co. v. E. & J. Gallo Winery,*
  829 F.2d 729 (9th Cir. 1987) ..................................................................... 4

*SIC Metals, Inc. v. Hyundai Steel Co.,*
  442 F. Supp. 3d 1251 (C.D. Cal. 2020), aff'd, 838 F. App'x 315
  (9th Cir. 2021) ....................................................................................... 7, 8

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n,*
  675 F. App'x 725 (9th Cir. 2017) ...................................................... 5, 6, 7

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.,*
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..................................................... 5

*United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.,*
  766 F.3d 1002 (9th Cir. 2014) ................................................................... 5

*Winebarger v. Pennsylvania Higher Educ. Assistance Agency,*
  411 F. Supp. 3d 1070 (C.D. Cal. 2019) ..................................................... 4

**STATUTES**

28 U.S.C. § 1367(a) ........................................................................................ 12

RICO ................................................................................................................ 12

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND
MOTION TO DISMISS

<div style="text-align: center; writing-mode: vertical-rl; transform: rotate(180deg)">

**GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action involves a dispute between Plaintiff Moses Heredia ("Plaintiff"), a boxing manager, and his former client Joseph "JoJo" Diaz, Jr. ("Diaz") and Diaz's current business representatives.  Plaintiff alleges that Diaz's current representatives, including Defendants MTK Global Sports Management, LLC and MTK Global USA, LLC (collectively, "MTK"), ran a racketeering scheme at the same time that they poached Diaz from Plaintiff.  Whatever the merits of those allegations, they have nothing whatsoever to do with defendant Golden Boy Promotions, Inc. ("GBP"), which now brings the instant motion to dismiss.

GBP is a boxing promoter.  GBP has a valid and binding promotional contract with Diaz through which GBP is responsible for organizing and promoting Diaz's professional boxing matches (bouts).  In August 2020, Diaz ended his contractual relationship with Plaintiff.  Compl. at ¶ 9.  Diaz and his (new) representatives subsequently instructed GBP to deal only with them in organizing two bouts set to occur in February and July 2021, and not to deal with Plaintiff.  Compl. ¶ 23, 25.  GBP did as it was instructed.

Now, Plaintiff seeks to drag GBP into his dispute with Diaz and MTK by alleging that GBP interfered with Plaintiff's contractual relationship with Diaz.  But under California law, one cannot interfere with a contract that has already been breached or abandoned.  By Plaintiff's own allegations, his contract with Diaz ended in August 2020, long before GBP took any of the actions alleged in the Complaint.  What is more, all of GBP's alleged actions were absolutely justified as necessary to protect its own interests in its contract with Diaz.  Plaintiff therefore cannot state any claim for interference or inducement of a breach of contract.

Plaintiff also fails to state any other viable claims against GBP.  Plaintiff asserts a claim of breach of the implied covenant but fails to identify any contractual obligation that was purportedly frustrated.  He also asserts a claim of

interference with respect to an unrelated contract with a different boxer (Luis Feliciano), but does not allege any actual acts of interference.  In any event, that claim has no connection to this action and the Court should decline to exercise supplemental jurisdiction over it.

Plaintiff's claims—whatever their factual merits—concern the actions of Diaz and his representatives.  GBP did nothing to induce any breakdown in Plaintiff's relationship with Diaz and took actions only as instructed by Diaz and as necessary to satisfy GBP's own contractual obligations.  As such, Plaintiff cannot state any claim for relief against GBP as a matter of law, and GBP respectfully requests that the Court dismiss each cause of action without leave to amend.

## II.   RELEVANT FACTUAL BACKGROUND

### A.   Breakdown of Plaintiff's Contractual Relationship with Diaz in August 2020.

Plaintiff alleges that he managed Diaz pursuant to a Boxer-Manager Contract dated February 23, 2017.  Compl. ¶ 2, 9.  Diaz subsequently entered into a "business advisory agreement" with MTK, with the assistance of the law firm of VGC, LLP.  Compl. ¶ 9.  Plaintiff alleges that this business advisory agreement marked the end of his relationship with Diaz: "The long-standing relationship between Mr. Heredia and Mr. Diaz ended on August 4, 2020 when [the business advisory agreement] was signed."  Compl. ¶ 9.  Plaintiff learned of the business advisory agreement "through a text message sent by Mr. Diaz to Mr. Ralph Heredia, Plaintiff's brother, on August 9, 2020 and later through press releases and social media on August 12, 2020."  Compl. ¶ 17.

Plaintiff asserts that Diaz breached his agreement with Plaintiff by entering into that business advisory agreement: "[When] Mr. Diaz signed the MTK USA purported business advisory agreement [on August 4, 2020] and ceased communication with Mr. Heredia he breached the Boxer-Manager Contract signed

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

on February 23, 2017." Compl. ¶ 21.

In light of that breach, "on August 20, 2020, Mr. Heredia filed an arbitration request with the Commission with respect to Mr. Diaz's breach of contract pursuant to the terms of the Boxer-Manager Contract and relevant statutory and regulatory provisions." Compl. ¶ 21.

B.   Negotiation of the Bouts in February and July 2021.

GBP is party to a promotional agreement with Diaz. Compl. ¶¶ 11–13. Shortly after August 21, 2020, James Greeley, an attorney for Diaz, instructed GBP to communicate with him as Diaz's legal counsel, and not with Plaintiff. Compl. ¶ 23. By September 14, 2020, Mr. Greeley allegedly instructed counsel for Plaintiff not to have any further communications with GBP "that purport to be on Mr. Diaz's behalf." *Id.* Diaz's attorneys then purportedly "directed counsel for GBP to work with MTK" in connection with two upcoming bouts scheduled in February and July 2021. Compl. ¶ 25.

Plaintiff then alleges that "GBP worked with [Diaz's counsel] and MTK / MTK USA to facilitate Mr. Diaz's bouts despite being placed on full notice that neither VGC, nor MTK / MTK USA have lawful authority to [manage Diaz]." Compl. ¶ 31. Plaintiff alleges that GBP acted wrongfully by "scheduling two bouts" in February and July 2021. Compl. ¶ 71.

## III.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "sufficient factual matter" to "state a claim for relief *that is plausible on its face*." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a court "must take all of the factual allegations in the complaint as true," it should not give legal conclusions this assumption of veracity.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Id.*  Indeed, "[t]he Court must disregard allegations that are legal conclusions, even when disguised as facts." *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635027, at *7 (C.D. Cal. Nov. 8, 2017) (citing *Iqbal*, 556 U.S. at 681).  Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019).  The Court may dismiss a claim without leave to amend when "further amendment would be futile."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## IV.  PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE WITH THE DIAZ CONTRACT

Plaintiff asserts four causes of action against GBP relating to Plaintiff's Boxer-Manager Contract and relationship with Diaz: (1) tortious interference with a contract (the Fifth Cause of Action); (2) inducing a breach of contract (the Seventh Cause of Action); (3) intentional interference with prospective economic relations (the Eighth Cause of Action); and (4) negligent interference with prospective economic relations (the Ninth Cause of Action).  Each of these causes of action relies on the same alleged conduct by GBP: that GBP organized two bouts for Diaz that took place in February and July 2021 without involving Plaintiff.  *See* Compl. ¶¶ 31–32, 71.  Plaintiff alleges that this act interfered with his Boxer-Manager Contract with Diaz.  Compl. ¶ 130 (alleging interference with the "exclusive boxer-manager contract" between Plaintiff and Diaz); ¶ 152 (describing his prospective economic relations with Diaz as the "contract with Mr. Diaz for boxing management").

As relevant to this motion, the four causes of action have essentially the same elements.  The elements of a claim for tortious interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014). A claim for inducing a breach of contract is "a species of intentional interference with contractual relations," and has the exact same elements. *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 585 (2003).

A claim for interference with prospective economic advantage "has essentially the same elements as a claim for intentional interference with contractual relations" but also requires proof that the defendant "engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017). The claim for negligent interference requires, instead of intentional acts designed to induce breach, that defendant "was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship." *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1118 (C.D. Cal. 2015).

Plaintiff fails to state any valid claim for interference or inducement of breach because Plaintiff's contractual relationship with Diaz had already been breached or abandoned before any of GBP's actions that purportedly constituted the interference and because GBP's actions were privileged and lawful as they were taken in furtherance of GBP's own contractual relationship with Diaz.

A.   Plaintiff Cannot Claim Interference with the Diaz Contract Because the Relationship had Already Been Breached or Abandoned

In order to state a claim for interference or inducing a breach of contract, Plaintiff "must allege . . . that the contract would otherwise have been performed." *Stereoscope*, 675 F. App'x at 726. In other words, Plaintiff must allege that the agreement at issue "would not have been breached or disrupted but for the alleged

interference." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASX), 2018 WL 6444899, at *5 (C.D. Cal. Nov. 6, 2018) (citing *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997–98 (1977); *see also Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 532 (N.D. Cal. 2000) (no interference where "according to [plaintiff's] own allegations," the contract had already been breached before the alleged interference occurred).  Here, Plaintiff's allegations confirm that Plaintiff cannot establish this critical causation element.

As discussed above, the contractual and prospective economic relationship with which GBP is alleged to have interfered is the Boxer-Manager Contract between Plaintiff and Diaz.  Compl. ¶¶ 2, 9, 130 147, 152, 164.  Plaintiff alleges that this contractual relationship "ended on August 4, 2020 when [the business advisory agreement between Diaz and MTK] was signed."  Compl. ¶¶ 9, 14.  At that time, Diaz sent Plaintiff a message stating that he "signed an advisory deal with MTK" and that "[i]t's time for a change."  Compl. ¶ 17.  Recognizing that Diaz had breached the Boxer-Manager Contract, a few weeks later, on August 20, 2020, Heredia "filed an arbitration request with the Commission with respect to Mr. Diaz's **breach of contract** pursuant to the terms of the Boxer-Manager Contract and relevant statutory and regulatory provisions."  Compl. ¶ 21.  Plaintiff's own allegations unmistakably establish the end of the contractual relationship no later than August 20, 2020.

GBP's purported actions at issue in this case occurred months later.  Plaintiff's only allegation of interference by GBP relates to GBP organizing two events that took place in February 2021 and July 2021—six months to nearly a year after the end of the Boxer-Manager Contract.  Compl. ¶¶ 31, 71 (alleging that GBP interfered by "scheduling two bouts.  One on February 13, 2021 . . . [and one] on July 9, 2021.").  There is no allegation that GBP did *anything* prior to August 2020—nor anything even close to that time period.

This case is therefore analogous to *Stereoscope*, 675 F. App'x 725.  In

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Stereoscope*, the Ninth Circuit affirmed dismissal of claims for intentional interference with contractual relations because the contractual relationship at issue "soured months before . . . any of the alleged fraud or misconduct [by defendant] occurred." *Id.* at 726; *see also Dryden*, 65 Cal. App. 3d at 997 (1977) (where "the performance of the disputed contracts had been abandoned and discontinued [] many months prior to the" alleged interference, plaintiff could not state a claim for interference). By Plaintiff's own allegations, his relationship with Diaz had irreparably soured as of August 20, 2020—to the point that he commenced litigation in an arbitral forum—months before GBP engaged in any of the conduct described in the Complaint.

On that basis alone, each claim for interference or inducement should be dismissed without leave to amend.

### B. GBP's Purported Conduct Was Privileged and Not Wrongful

In order to state a claim for interference or inducement of a breach, the alleged interference must also be unjustified or improper. As the California Supreme Court has explained, if a defendant "is not acting criminally nor with fraud or violence or other means wrongful in themselves but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from the defendant's objective that as against the plaintiff the interference may be found to be not improper." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 56 (1998).

The import of this rule is that, when a party acts to further its own legal rights (for example, to fulfill its own contractual obligations), any incidental interference that arises is deemed justified and not actionable. *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256–57 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021). "[I]f a defendant's 'conduct was lawful and undertaken to enforce its rights,' it cannot be held liable for intentional interference with a contract even if it

knew that such conduct might interrupt a third party's contract." *Id.*

This rule is especially material when "two parties have separate contracts with a third," because in that circumstance, "each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract." *Carstens Chevrolet, Inc. v. Gen. Motors, LLC*, No. 216CV02618MCECMK, 2017 WL 2654903, at *4 (E.D. Cal. June 20, 2017) (citing *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 37 (1941)).

Here, the Complaint explicitly alleges that GBP had its own contractual relationship with Diaz. *See, e.g.*, Compl. at ¶ 12 (describing the Promotional Agreement Term Sheet that GBP entered into with Diaz). The Complaint further alleges that Mr. Greeley, an attorney for VGC, "instructed GBP to communicate with him as Diaz's legal counsel." Compl. ¶ 23. The Complaint also alleges that "Diaz, advised and aided by Mr. James Greeley of VGC instructed GBP not to pay [Plaintiff] the 18% management fee per the Boxer-Manager Contract." Compl. ¶ 37. Plaintiff therefore alleges that all actions taken by GBP were taken pursuant to specific instructions from Diaz and his attorneys.

GBP acting pursuant to instructions from Diaz and his legal counsel, pursuant to GBP's contractual agreement with Diaz, is justified and privileged conduct that cannot form the basis of claims for interference or inducement of a breach of contract. There is no dispute that the two bouts that GBP organized for Diaz in February and July 2021 were arranged "in accordance with the promotion agreement" between Diaz and GBP. Compl. ¶ 35. GBP was absolutely justified in proceeding to fulfill its contractual obligations to Diaz by negotiating the two bouts pursuant to Diaz's instructions. The fact that Diaz's instructions were, according to Plaintiff, a breach of Diaz's obligations to Plaintiff does not lessen GBP's independent obligations to Diaz. On these facts, GBP was entitled to protect its own financial interests under the promotion contract and proceed with organizing

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the two bouts.  *See, e.g.*, *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1306 (E.D. Cal. 1996), aff'd 141 F.3d 1174 (9th Cir. 1998) (finding that defendant "legitimately could interfere in the management contract to protect" its own financial interests).

Because GBP's conduct was absolutely privileged and justified due to its own contractual obligations to Diaz, Plaintiff cannot state a claim for interference as a matter of law.

## V.   PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### A.   Plaintiff Cannot Identify any Contractual Terms that Were Breached or Otherwise Frustrated.

Plaintiff's Eleventh Cause of Action alleges that GBP breached the implied covenant of good faith and fair dealing in connection with the boxing promotion contract between Plaintiff, GBP, and Diaz.  Compl. ¶ 175.  But because Plaintiff does not identify any specific contractual obligations that GBP purportedly breached or frustrated, Plaintiff cannot state a claim for breach of the implied covenant as a matter of law.

"In order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged."  *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1048 (C.D. Cal. 2015); *see also Matthews v. Specialized Loan Servicing, LLC*, No. CVED2000307CJCSPX, 2020 WL 1889043, at *8 (C.D. Cal. Apr. 15, 2020) (finding implied covenant claim deficient because it "does not allege which specific contractual provision [defendant] violated").  The implied covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made."  *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000).  It is still the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

9

obligation of Plaintiff to identify what contractual rights are purportedly being frustrated, or what benefit under the agreement he is being denied. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1990). The implied covenant does not create new contractual obligations—it "is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1268 (C.D. Cal. 2010) (quoting *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004)).

Here, Plaintiff claims GBP breached the implied covenant by not paying Plaintiff 18% of Diaz's purse from the February 13, 2021 bout. But Plaintiff does not allege *any* specific contractual terms that purportedly require **GBP** to pay Plaintiff that amount. *See* Compl. ¶ 178. Nor does Plaintiff identify a single term of the boxing promotion contract that he claims was frustrated. *See* Compl. ¶ 175 (identifying the contract without stating any material terms). To the contrary, the Complaint alludes to an unspecified and indefinite "oral agreement" between GBP and Plaintiff—but even as to this oral agreement (whatever it was), Plaintiff does not allege the specific terms that GBP purportedly frustrated. Accordingly, Plaintiff's claim for breach of the implied covenant appears to be an attempt to create new obligations that did not exist under the promotion contract and therefore fails as a matter of law.

## VI.   PLAINTIFF CANNOT STATE A CLAIM OF INTERFERENCE WITH THE FELICIANO CONTRACT

Plaintiff's cursory allegations of interference with a boxer-manager contract with Luis Feliciano also fail to state a claim. First, Plaintiff does not allege that GBP took any action with an intent to interfere with the contract. Second, Plaintiff does not allege that any interference actually resulted. Separate from these deficiencies, the claim relating to Feliciano's contract has absolutely no connection

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   to the rest of this lawsuit.  As such, the Court should, in the alternative, decline to

2   exercise supplemental jurisdiction over the claim.

3       A.    <u>Plaintiff Cannot Allege any Acts Taken with an Intent to Interfere with</u>

4           <u>the Feliciano Contract</u>

5       Plaintiff's allegations of interference with the Feliciano contract are vague in

6   the extreme.  Plaintiff complains only that a representative of GBP made multiple

7   phone calls to Feliciano that "attempted to sow doubt" in Feliciano's mind about

8   his contract with Plaintiff.  Compl. ¶ 53.  The Complaint does not allege that GBP

9   told or asked Feliciano to breach his contract with Plaintiff or otherwise terminate

10  his relationship with Plaintiff.  *See* Compl. ¶ 170 (alleging only that a representative

11  of GBP told Feliciano that "I see you and Golden Boy lasting for a long time," and

12  that GBP gave Feliciano the phone number for Diaz).  Even drawing reasonable

13  inferences in favor of Plaintiff, none of these allegations amount to "intentional and

14  unjustified acts designed to interfere with or disrupt the contract."  *See, e.g.*, *Upper*

15  *Deck Int'l B.V. v. Upper Deck Co.*, No. 11CV1741-LAB CAB, 2012 WL 2309176,

16  at *1 (S.D. Cal. June 18, 2012) (quoting *Hahn v. Diaz-Barba*, 194 Cal. App. 4th

17  1177, 1196 (2011) (finding no interference where Plaintiff failed to allege facts

18  giving rise to a plausible inference of intentional acts designed to interfere with the

19  contract).  The tenuous allegation that GBP "intended to sow doubt" in Feliciano's

20  mind about his contract with Heredia (Comp. ¶ 171) falls far short of an allegation

21  that GBP intentionally interfered with the contract.

22      B.    <u>Plaintiff Cannot Allege that GBP's Actions Resulted in Actual</u>

23          <u>Interference</u>

24      Even if Plaintiff could infer an intent to interfere (which he cannot), there is

25  no allegation in the Complaint that any interference actually occurred.  Feliciano

26  did not terminate or breach his contract with Plaintiff.  Compl. ¶ 170 (describing

27  how Plaintiff "quash[ed] any negative thoughts" Feliciano had about his contract,

28  but not that the contract was terminated or breached).  Instead, Plaintiff simply

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

states, without factual basis, the ultimate legal conclusion that GBP's actions caused Plaintiff additional time and expense and therefore harmed Plaintiff. Compl. ¶¶ 170–172.  But these conclusory allegations do not carry Plaintiff's pleading burden.  *See, e.g.*, *Microsemi Corp. v. Silicon Networks, Ltd.*, No. SACV171064DOCJDEX, 2017 WL 7201878, at *7 (C.D. Cal. Sept. 14, 2017) (dismissing interference claim where plaintiff did not allege any loss of business or other specific facts showing actual interference).  Plaintiff suggests that his rights were impaired because he was supposed to serve "a firewall function" between GBP and Feliciano, and that GBP "trampled upon" that function by talking directly to Feliciano.  Compl. ¶ 172.  The notion that Plaintiff had to have conversations with his own client (Feliciano) and therefore has been harmed is outlandish and unsupported by any facts.  There is simply no allegation of any actual interference.

C.    <u>In the Alternative, the Court Should Decline to Exercise Supplemental Jurisdiction over the Tenth Cause of Action Because the Feliciano Dispute is Wholly Unrelated to Plaintiff's Federal Claims.</u>

In the alternative, if the Court does not dismiss the claim, the Court should decline to exercise supplemental jurisdiction over it because the Feliciano dispute has zero relation to Plaintiff's federal claims.  Jurisdiction in this action is based on various federal RICO claims that Plaintiff asserts against MTK.  Compl. ¶¶ 64, 97–128.  Each of those claims relates to Plaintiff's contract with Diaz.  *E.g.*, Compl. ¶ 103 (alleging that MTK's purported racketeering activities injured Plaintiff's "business relationship between Plaintiff and Mr. Diaz").  Feliciano's name does not even appear in any portion of the Complaint that addresses these federal claims. The sole claim against any party relating to Feliciano is a state law claim (tortious interference) against GBP.

District courts may exercise supplemental jurisdiction over a state law claim only when the claim is so related to federal claims in the action that they are part of the same "case or controversy" under Article III of the Constitution.  28 U.S.C. §

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE OF MOTION AND
MOTION TO DISMISS

1367(a). State law claims are part of the same "case or controversy" as federal claims only when "they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1–A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). But Plaintiff's federal law claims relating to MTK and its dealings with Diaz have no bearing whatsoever on any dispute between Plaintiff and GBP relating to Feliciano that arises under state law.

Where a Plaintiff alleges different injuries arising from different events, the exercise of supplemental jurisdiction is not proper. *E.g.*, *Maranon v. Santa Clara Stadium Auth.*, No. 15-CV-04709-BLF, 2017 WL 4573370, at *4 (N.D. Cal. Oct. 13, 2017) (finding that the exercise of supplemental jurisdiction would be improper where a plaintiff alleged claims against a stadium for a slip and fall and against doctors for medical malpractice exacerbating that injury). Here, the claim against GBP relating to Feliciano would require an entirely separate trial regarding a wholly different set of facts. To be clear, none of the facts underlying the federal claims involving Diaz would have anything to do with the Feliciano state law claim. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (exercise of supplemental jurisdiction is only proper in situations where the "state and federal claims would normally be tried together"). The supposed injury at issue in the Feliciano claim is some unspecified impairment of Plaintiff's relationship with Feliciano—having nothing whatsoever to do with racketeering claims against MTK connected to Diaz. Compl. ¶ 172. Indeed, the defendants against which Plaintiff asserts his federal claims are not even mentioned in any of the allegations concerning the Feliciano contract. Compl. ¶¶ 168–173. There is no plausible connection between the Feliciano state law claim and the federal claims Plaintiff asserts against unrelated parties. The Court therefore should decline to exercise supplemental jurisdiction over Plaintiff's Tenth Cause of Action.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**VII.   CONCLUSION**

Each of Plaintiff's claims against GBP is fatally deficient.  Plaintiff cannot state any claim for interference with the Diaz contract, because that contract had already been breached before any of GBP's alleged actions and because GBP's actions were justified to protect its own interests.  Plaintiff cannot state any claim for breach of the implied covenant because there are no contractual terms giving rise to any such obligation nor any terms that GBP frustrated.  Plaintiff cannot state a claim as to the Feliciano contract because Plaintiff cannot allege that GBP engaged in any interference or that any interference that occurred; moreover, the claim has no relation to this action and the Court should decline to exercise supplemental jurisdiction over it.  GBP therefore respectfully requests that the Court dismiss with prejudice all claims against GBP.

DATED:  September 29, 2021          GREENBERG GLUSKER FIELDS
                                    CLAMAN & MACHTINGER LLP


                                    By:   */s/ Ricardo P. Cestero*
                                        RICARDO P. CESTERO (SBN 203230)
                                        JOSHUA M. GELLER (SBN 295412)
                                        Attorneys for Defendant GOLDEN BOY
                                        PROMOTIONS, INC.