# Exhibit 1



Ricardo P. Cestero

D: 310.785.6809
F: 310.553.0687
RCestero@ggfirm.com

August 18, 2021

**Via Email**

Rajan O. Dhungana
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
rdhungana@fedpractice.com

Eric S. Montalvo
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, DC 20006
emontalvo@fedpractice.com

    Re:    *Moses Heredia v. MTK GLobal Sports Management, LLC*, et al.,
              CADC Case No. 5:20-cv-02618-JWH-KKx

Dear Mr. Dhungana and Mr. Montalvo:

    On behalf of Golden Boy Promotions, Inc. ("GBP"), I write regarding the Second Amended Complaint filed by Moses Heredia ("Heredia"). As described below, the complaint fails to state any viable claim for relief against GBP. As such, we intend to move to dismiss the complaint under FRCP 12(b)(6), unless Heredia agrees to dismiss GBP from the action. Please let us know if you are available to discuss further this week.

    As you know, the complaint generally alleges that Heredia's Boxer-Manager Contracts with JoJo Diaz and Luis Feliciano were disrupted by various third parties (including GBP) and that other of the defendants (but not GBP) engaged in racketeering and other unlawful conduct. The only factual allegations regarding GBP's conduct involved organizing two bouts for Mr. Diaz that took place in February and July 2021. See Compl. ¶¶ 31-32, 71. The complaint also cursorily alleges that GBP engaged in unspecified conduct to "pry Mr. Feliciano away from Mr. Heredia," but does not allege what that conduct was or that any such interference actually occurred. Compl. ¶ 50. Under applicable law, none of these allegations are sufficient to state a cause of action against GBP.

**Heredia's Claims for Interference with and Inducement of Breach of the Boxer-Manager Contract with Mr. Diaz Fails as a Matter of Law.**

    Each of Heredia's causes of action relating to interference with, or inducement to breach, Heredia's contract with Mr. Diaz fails for at least two independent reasons.

2049 Century Park East, Suite 2600, Los Angeles, CA 90067 | 310-553-3610 Main | 310-553-0687 Fax     GreenbergGlusker.com

17896-00636/4119204.1

Rajan O. Dhungana
Eric S. Montalvo
Federal Practice Group
August 18, 2021
Page 2

First, the contract between Heredia and Mr. Diaz had already been breached or abandoned before any of the alleged actions taken by GBP. Heredia alleges in the complaint that his relationship with Mr. Diaz "ended on August 4, 2020" when Mr. Diaz entered into his new agreement with MTK. Compl. ¶ 9. Indeed, shortly after, Heredia initiated an arbitration with Mr. Diaz to resolve that dispute.

In order to state a claim for interference or inducement of breach, Heredia "must allege . . . that the contract would otherwise have been performed." *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017). But Heredia has already admitted that his contractual relationship with Mr. Diaz deteriorated in August 2020, many months before GBP took any action scheduling the two bouts in 2021. Where a contractual relationship "soured months before . . . any of the alleged fraud or misconduct [by defendant] occurred," such claims are subject to dismissal. *Id.* at 726. Whatever actions GBP took (which GBP of course denies were unlawful in any event, as discussed below), those actions did not cause any breach or other breakdown of the contractual relationship between Heredia and Mr. Diaz.

Second, GBP's conduct was absolutely privileged and not wrongful. In order to state a claim for interference or inducement of a breach, the alleged interference must be unjustified or improper. *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 56 (1998). When a party acts to further their own legal rights (for example, to fulfill their own contractual obligations), any incidental interference that arises is deemed justified and not actionable. *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256–57 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021).

Here, the complaint alleges that GBP had its own contractual relationship with Mr. Diaz. Compl., ¶ 12. The complaint further alleges that Mr. Diaz's attorney "instructed GBP to communicate with him as Diaz's legal counsel." Compl. ¶ 23. GBP acted pursuant to instructions from Diaz and his legal counsel and pursuant to GBP's contractual agreement with Diaz, and its conduct was therefore justified and privileged and cannot form the basis of claims for interference or inducement of a breach of contract.

**Heredia's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing as to the Promotion Contract Does Not Adequately Allege Any Breach.**

Heredia's cause of action for breach of the implied covenant of good faith and fair dealing does not adequately identify any contractual terms that were supposedly frustrated and therefore cannot state a claim for relief. In order to state a claim for breach of the implied covenant, the complaint must identify "the specific contractual obligation from which the implied covenant of good faith and fair dealing arose." *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1268 (C.D. Cal. 2010). Heredia has not done that here.

The purported breach relates to the "boxing promotion contract" between Heredia, GBP, Mr. Diaz. Compl. ¶ 175. The complaint does not identify any provision of that agreement that

Rajan O. Dhungana
Eric S. Montalvo
Federal Practice Group
August 18, 2021
Page 3

was frustrated by GBP's purported actions, nor any right arising under that agreement that GBP impaired.  To the contrary, the complaint references a separate, supposed oral agreement about how management fees were to be paid.  Leaving aside the vagueness and uncertainty of this allegation, it plainly has nothing to do with the written boxing promotion contract.  Because there were no contractual provisions that GBP's actions undermined, frustrated, or breached, Heredia cannot state a claim for breach of the implied covenant.

### **Heredia's Claim for Interference with Mr. Feliciano's Contract Also Fails as a Matter of Law.**

Heredia's claim regarding Mr. Feliciano is legally baseless *and* has no business being brought in this action.

First, the complaint does not allege any acts taken with an intent to interfere with Mr. Feliciano's contract.  What few allegations the complaint includes do not suggest any "intentional and unjustified acts designed to interfere with or disrupt the contract."

Second, the complaint does not allege that GBP's actions resulted in actual interference.  There is nothing but the bare legal conclusion that GBP's actions caused Heredia additional time and expense—but those allegations are insufficient as a matter of law.  *See, e.g.*, Microsemi Corp. v. Silicon Networks, Ltd., No. SACV171064DOCJDEX, 2017 WL 7201878, at *7 (C.D. Cal. Sept. 14, 2017) (dismissing interference claim where plaintiff did not allege any loss of business or other specific facts showing actual interference).

But even if there was a legally valid basis to state a claim against GBP in connection with Mr. Feliciano's contract, that claim would have no place in this action.  A district court may only exercise supplemental jurisdiction when claims are so related to federal claims in the action that they are part of the same "case or controversy" under Article III of the Constitution.  28 U.S.C. § 1367(a).  The only federal law claims in this action pertain to MTK's purported violations of federal law set forth in the First, Second, Third, and Fourth Causes of Action.  Compl. ¶¶ 97–128.  Each of those federal claims relates solely to MTK's dealings with Mr. Diaz; Luis Feliciano is not mentioned in, nor relevant to, any of those claims.  *Id.*

The exercise of supplemental jurisdiction is not proper when the state law claim does not share a "common nucleus of operative fact" with the federal claim.  There can be no serious argument here that the claims are remotely related—they do not involve similar injuries, or even the same parties.  For that reason, the Court lacks jurisdiction over Heredia's 10th cause of action.

### **Heredia's Claims are Also Subject to Arbitration.**

In the alternative to the above-described bases for a motion to dismiss, GBP also intends to move to compel arbitration.  GBP's promoter contract requires that any dispute "arising out of or relating to" the agreement must be heard in binding arbitration before JAMS in Las Vegas, Nevada.  This language is "the broadest language the parties could reasonably use to subject their

Rajan O. Dhungana
Eric S. Montalvo
Federal Practice Group
August 18, 2021
Page 4

disputes to [arbitration]." *State ex rel. Masto v. Second Jud. Dist. Ct. ex rel. Cty. of Washoe*, 125 Nev. 37, 45 (2009). All of the claims at issue in this action plainly relate to the promoter contract. It is only through that contract that GBP has any relationship with Heredia whatsoever. As such, we have little doubt that if any claims survive GBP's motion to dismiss under Rule 12(b)(6), those claims will promptly be sent to arbitration.

   \*\*\*

  As described above, the complaint is materially deficient in numerous respects and fails to state a claim against GBP. Please let us know if you are available to discuss further this week, as GBP intends to move to dismiss as to all claims against it if Heredia does not voluntarily dismiss the claims and, in the alternative, to compel arbitration.

          Sincerely,

          Ricardo P. Cestero

RPC

cc: Joshua M. Geller