# Exhibit 2

| | |
|---|---|
| **From:** | Cestero, Ricardo |
| **To:** | Eric Montalvo; Rajan Dhungana; Erik Cox |
| **Cc:** | Geller, Joshua; Laura Berry; Cristina Lagarde |
| **Subject:** | RE: Heredia v. MTK, et al. |
| **Date:** | Wednesday, September 15, 2021 6:15:33 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Eric-

Neither your email below nor your letter addresses the arguments or case law cited in our meet and confer letter to you. It was, of course, incumbent upon you to raise these issues during our call as required by Local Rule 7-3. Nevertheless, let me make a few points.

First, with respect to the arbitration question, this case is the exact opposite of the order from which you quote below. The issue in Diaz v. Heredia was that Ralph Heredia was not named in, and did not sign, the boxer-manager contract containing the arbitration clause that he was trying to enforce. By contrast, your client in this case, Moses Heredia, is named as a party to the promotional contract with Golden Boy (as is Ralph Heredia). The introductory paragraph to that agreement states:

> *"The following sets forth the material terms of the agreement ("Agreement") between Golden Boy Promotions, LLC ("Promoter") on the one hand, and Joseph Diaz Jr. ("Boxer") and Moses Heredia and Ralph Heredia (collectively "Managers") on the other hand regarding the grant of Boxer's exclusive promotional rights to Promoter."*

Your client also signed the agreement without disclaiming any obligations or limiting his consent to the terms of the agreement in any way. To make this even more clear, your client's own pleadings allege that he was a party to, and/or a third party beneficiary of the promotional agreement. Indeed, your client is asserting claims under that very agreement. All of these facts demonstrate that your client is bound by the arbitration clause in an agreement he signed and which forms the basis for his very own claims.

Second, with respect to the motion to dismiss issues, your letter fails to address the allegations in the Second Amended Complaint or the arguments raised in our letter. By way of example only, you have not addressed the basic fact that, by your client's own admission, Golden Boy's communications with MTK and VGC only began ***after*** Diaz had already declared the agreement with your client to be terminated. This allegation is fatal to your interference claims.

Rather than address the operative allegations and our arguments about those allegations, you focus only on whether Golden Boy was aware of your client's contract with Diaz. Although that fact is not in dispute, as a matter of law, it is insufficient to state a claim on which relief can be granted.

Finally, with respect to Feliciano, you continue to make a series of vague accusations based on nothing more than the three voicemail messages attached to your emails. As your firm made amply clear in the Motion to Dismiss you filed in Diaz v. Heredia, you are well aware of the level of factual

specificity required to satisfy the pleading requirements in federal court.  Moreover, to the extent you choose to pursue a claim based solely on the emails, you do so at your own risk.  I am confident the Court will agree that no reasonable lawyer would conclude that those voicemail messages constitute evidence of interference or even give rise to a suspicion of interference.

We request again that you agree to dismiss the claims against Golden Boy.  If you refuse, we'll proceed with our motions and we reserve all of Golden Boy's rights and remedies.

Regards,
Ricardo

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Tuesday, September 14, 2021 9:18 PM
**To:** Cestero, Ricardo <rcestero@greenbergglusker.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Erik Cox <ECox@fedpractice.com>
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Heredia v. MTK, et al.

Mr. Cestero,

Upon review if you desire to discuss further, please let Cristina know and she will schedule.

V/r

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Eric Montalvo
**Sent:** Tuesday, September 14, 2021 1:34 PM
**To:** Cestero, Ricardo <rcestero@greenbergglusker.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Erik Cox <ECox@fedpractice.com>
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>
**Subject:** RE: Heredia v. MTK, et al.

Mr. Cestero,

As a recap from today we went through all of your arguments regarding your impending motion to dismiss and believe that the facts and are pleadings are competent to proceed. I just resent a previous FRE 408 email for your reference. As I indicated on the call Mr. Moses Heredia is non-signatory to the promotion contract. He did sign the document as a disclosure requirement but not as a bound party to the agreement. As to the management contract GBP is non-signatory party to that contract. As in previous conversations had over the past few months the gravamen of the complaint is that BGP tortiously interfered with the contractual relationship causing harm. The evidence, as has been previously provided via email to you lays out the factual predicates for this allegation. This position is consistent with the judge's determination in the case of Diaz vs. Heredia Case 5:20-cv-02332-JWH-KK Joseph Diaz Jr. v. Ralph Heredia.

"The Court concludes that Heredia, a non-signatory to the Management Contract, does not have the right to compel arbitration under that agreement. See Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1126 (9th Cir. 2013) ("Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration.") (quotations and citation omitted); Perez v. DirecTV Group Holdings, LLC, 251 F. Supp. 3d 1328, 1337 (C.D. Cal. 2017) (to similar effect); see also Cal. Civ. Code § 1550 (a valid contract requires the "consent" of the parties to the contract). In the absence of "clear and unmistakable evidence," courts do not assume that the parties agreed to arbitrate. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943–45 (1995). There is simply no competent evidence that Heredia and Diaz agreed to arbitrate."

I do understand your client's position – we just do not agree that arbitration can be compelled in this matter.

V/r

Eric S. Montalvo
Founding Partner



Eric S. Montalvo | Founding Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW



**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Cestero, Ricardo <rcestero@greenbergglusker.com>
**Sent:** Thursday, August 19, 2021 6:09 PM
**To:** Jason Moy <jmoy@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>
**Subject:** Heredia v. MTK, et al.

Counsel-

Please see the attached letter regarding your client's claims against GBP alleged in the Second Amended Complaint.  Please advise as to your availability to further meet and confer on these matters early next week.

Thank you,
Ricardo


**Ricardo P. Cestero**
Attorney at Law
Biography
310.785.6809 Direct
rcestero@greenbergglusker.com

**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA  90067
**GreenbergGlusker.com**

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.