RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>Plaintiffs,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PRODUCTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY AND/OR DISMISS CLAIMS IN FAVOR OF ARBITRATION**<br><br>Date: November 5, 2021<br>Time: 9:00 a.m.<br>Crtrm: 2<br><br>[Declaration of Ricardo P. Cestero and [Proposed] Order filed concurrently herewith]<br><br>Complaint filed: December 18, 2020 |

17896-00636/4122656.4

NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 5, 2021 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 3470 12th St., Riverside, California, Defendant Golden Boy Promotions, Inc. (GBP) will, and hereby does, move to compel arbitration, or, in the alternative, to stay or dismiss all claims asserted by Plaintiff Moses Heredia against GBP on the grounds that binding arbitration agreements exist between Plaintiff and GBP which apply to all of Plaintiff's claims against GBP.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Ricardo Cestero, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel pursuant to Local Rule 7-3, which took place on September 14, 2021.

DATED:  September 29, 2021            GREENBERG GLUSKER FIELDS
                                      CLAMAN & MACHTINGER LLP


                                      By:  /s/ Ricardo P. Cestero
                                          RICARDO P. CESTERO (SBN 203230)
                                          JOSHUA M. GELLER (SBN 295412)
                                          Attorneys for Defendant GOLDEN BOY
                                          PROMOTIONS, INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1
II. RELEVANT FACTUAL BACKGROUND ...........................................................2
    A. The Promotional Agreements Between Plaintiff, GBP, Diaz and Feliciano. ....................................................................................................2
    B. Dispute Regarding Plaintiff's Management of Diaz. ............................2
III. LEGAL STANDARD .............................................................................................3
IV. PLAINTIFF AND GBP HAVE VALID AGREEMENTS TO ARBITRATE. ........................................................................................................4
V. THE ARBITRATION AGREEMENTS ENCOMPASS ALL CLAIMS IN THE INSTANT DISPUTE. ................................................................................5
VI. CONCLUSION .......................................................................................................8

# TABLE OF AUTHORITIES
Page
**CASES**

*Amisil Holdings Ltd. v. Clarium Cap. Mgmt.*,
  622 F. Supp. 2d 825 (N.D. Cal. 2007) ................................................................. 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ................................................................. 3, 4, 5

*Masto v. Second Jud. Dist. Ct. ex rel. Cty. of Washoe*,
  125 Nev. 37 (2009) ................................................................................. 6

*Mayorga v. Ronaldo*,
  491 F. Supp. 3d 840 (D. Nev. 2020) ................................................................. 3

*Momot v. Mastro*,
  652 F.3d 982 (9th Cir. 2011) ................................................................. 4, 7

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010) ................................................................................. 7

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................. 6

**STATUTES**

Federal Arbitration Act ................................................................................. 3

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This action arises out of a dispute between Plaintiff Moses Heredia ("Plaintiff"), a boxing manager, and his former client Joseph "JoJo" Diaz, Jr. ("Diaz") and Diaz's representatives. As explained in detail in the concurrently filed motion to dismiss, Plaintiff's claims involve allegations of racketeering against Diaz's representatives, including Defendants MTK Global Sports Management, LLC and MTK Global USA, LLC (collectively, "MTK"), and have nothing whatsoever to do with Golden Boy Promotions, Inc. ("GBP").

But even if Plaintiff could state any legally cognizable claim against GBP (he cannot), any such claims would be subject to arbitration pursuant to the terms of the promotional contract between Plaintiff, GBP, and Diaz as well as the promotional contract between Plaintiff, GBP and the other boxer implicated by Plaintiff's allegations, Luis Feliciano. Plaintiff alleges that each of these promotional contracts is a valid and enforceable agreement, and he specifically alleges that he is a party to the Diaz promotional agreement. Compl. at ¶ 175. Each of these contracts, redacted copies of which are filed concurrently with this motion, contains a broad arbitration provision encompassing all disputes arising out of or relating to the contract. Because Plaintiff's claims against GBP plainly have a significant relationship to the promotional contracts, GBP is entitled to compel arbitration of Plaintiff's claims. Even if there were some doubt as to arbitrability, the provisions also expressly reserve all questions of arbitrability for the arbitrator.

On these facts, the Court is required to compel arbitration of all claims against GBP. While GBP believes that the facial infirmity of each cause of action warrants dismissal pursuant to its concurrently filed motion, to the extent any claims survive that motion, they should be promptly sent to arbitration where they belong.

## II. RELEVANT FACTUAL BACKGROUND

### A. The Promotional Agreements Between Plaintiff, GBP, Diaz and Feliciano.

GBP, Diaz and Plaintiff entered into that certain "Term Sheet" agreement dated as of March 22, 2017 (the "Diaz Agreement"). Compl. ¶¶ 11–13, 175; *see also* Cestero Decl., Ex. 3. Plaintiff signed the Diaz Agreement, acknowledging his agreement to its terms. *Id.*; *see also* Cestero Decl., Ex. 3 at p. 15.

Broadly speaking, the Diaz Agreement gave GBP the sole and exclusive right to promote Diaz's boxing matches. As relevant to this motion, section 13(a) of the promotion contract contains a broad arbitration provision:

> "Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees."

Cestero Decl., Ex. 3 at p. 12.

GBP and Plaintiff are also party to a separate "Term Sheet" dated as of December 9, 2016 pursuant to which GBP obtained the sole and exclusive rights to promote boxing matches featuring Luis Feliciano (the "Feliciano Agreement"). Cestero Decl., Ex. 4. Plaintiff signed the Feliciano Agreement indicating his agreement to its terms. *Id.*, p. 13. The Feliciano Agreement has an identical arbitration provision to the Diaz Agreement. Cestero Decl., Ex. 4 at p. 10.

### B. Dispute Regarding Plaintiff's Management of Diaz.

Plaintiff alleges that a dispute arose between him and Diaz in or about August 2020 in connection with their boxer-manager contract. Compl. at ¶¶ 2, 9. Plaintiff alleges that Diaz entered into a separate business advisory agreement with

1   MTK USA and thereby breached his boxer-manager contract with Plaintiff.
2   Compl. ¶ 21.
3       Shortly after this purported breach in August 2020, James Greeley, an
4   attorney for Diaz, instructed GBP to communicate with him as Diaz's legal counsel,
5   and not with Plaintiff. Compl. ¶ 23. By September 14, 2020, Mr. Greeley
6   instructed counsel for Plaintiff not to have any further communications with GBP
7   "that purport to be on Mr. Diaz's behalf." *Id.* Diaz's attorneys then "directed
8   counsel for GBP to work with MTK" in connection with two upcoming bouts
9   scheduled in February and July 2021. Compl. ¶ 25.
10      Plaintiff then alleges that "GBP worked with [Diaz's counsel] and MTK /
11  MTK USA to facilitate Mr. Diaz's bouts despite being placed on full notice that
12  neither VGC, nor MTK / MTK USA have lawful authority to [manage Diaz]."
13  Compl. ¶ 31. Plaintiff alleges that GBP acted wrongfully by "scheduling two
14  bouts" in February and July 2021. Compl. ¶ 71. On July 28, 2021, Plaintiff filed a
15  Second Amended Complaint in this action alleging claims against GBP for various
16  forms of interference and for breach of the implied covenant of good faith and fair
17  dealing. Dkt. No. 43.

### III. LEGAL STANDARD

20      The arbitration provisions in the promotion contracts are governed by the
21  Federal Arbitration Act, because the promotion contracts are "contract[s]
22  evidencing a transaction involving commerce."[1] *Chiron Corp. v. Ortho Diagnostic*
23  *Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 2). The FAA
24  "leaves no place for the exercise of discretion by a district court, but instead

---

[1] While the promotion agreements contain a Nevada choice of law provision, the arbitration provision is still governed by federal law. *See, e.g.*, *Mayorga v. Ronaldo*, 491 F. Supp. 3d 840, 848 (D. Nev. 2020) (applying the FAA because, among other reasons, one of the parties was not from Nevada). Here, GBP is alleged to be a "registered and licensed boxing promotion company operating within the State of California." Compl. at ¶ 5.

mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* "Generally, when examining an arbitration contract, 'the [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron*, 207 F.3d at 1130. Where "the parties' agreement clearly and unmistakably indicates their intent for the arbitrators to decide the threshold question of arbitrability," a district court must compel arbitration. *Momot*, 652 F.3d at 988.

## IV. PLAINTIFF AND GBP HAVE VALID AGREEMENTS TO ARBITRATE.

The Diaz Agreement and the Feliciano Agreement are agreements between Plaintiff and GBP that contain an unambiguous and enforceable arbitration provision. Indeed, in his Second Amended Complaint, Plaintiff affirmatively alleges that he, GBP, and Diaz are all parties to the Diaz Agreement:

> "At all relevant times, **there was a boxing promotion contract between [Plaintiff], Defendant GBP**, and a third-party Mr. Joseph Diaz, Jr. This contract was signed on March 22, 2017 and lasts for five years. **This contract is valid and enforceable**."

Compl. at ¶ 175 (emphasis added). The Diaz Agreement states that it is an agreement "between [GBP] on the one hand, and Joseph Diaz Jr. ("Boxer") and Moses Heredia and Ralph Heredia (collectively "Managers") on the other hand . . . ." Cestero Decl., Ex. 3 at p. 1. It is signed by both GBP and Plaintiff. *Id.* at pp. 14–15. And, Plaintiff expressly asserts at least one cause of action for breach of that very agreement. *See* Compl. at ¶¶ 174–180 (Eleventh Cause of Action).

The Diaz Agreement contains an unmistakable and broad arbitration provision:

> "**Any dispute, controversy or claim arising out of or relating to this Agreement**, including the formation, interpretation, breach or termination thereof, **including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules** before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees."

Cestero Decl., Ex. 3 at p. 12 (emphasis added). The Diaz Agreement further states that: "All parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement." *Id.* at pp. 13–14.

Plaintiff and GBP are also parties to the Feliciano Agreement. Cestero Decl., Ex. 4. Like the Diaz Agreement, Plaintiff signed the Feliciano Agreement acknowledging and agreeing to its terms. *Id.* at p. 13. The Feliciano Agreement contains the exact same arbitration provision as the Diaz Agreement and the exact same language regarding interpretation of any ambiguities. *Id.* at p. 10.

Accordingly, there can be no dispute that Plaintiff entered into valid and enforceable agreements to arbitrate with GBP.

## V. THE ARBITRATION AGREEMENTS ENCOMPASS ALL CLAIMS IN THE INSTANT DISPUTE.

The arbitration provision in the Diaz Agreement and the Feliciano Agreement each broadly reaches all disputes "arising out of or relating to" the contract. Cestero Decl., Ex. 3 at p. 12, Ex. 4 at p. 10. This language "is broad and far reaching." *Chiron*, 207 F.3d at 1131. The provision "reaches every dispute between the parties having a significant relationship to the contract and all disputes

having their origin or genesis in the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (finding that a provision encompassing all disputes "arising in connection with this Agreement" is to be interpreted "expansively" and "liberally"); *accord State ex rel. Masto v. Second Jud. Dist. Ct. ex rel. Cty. of Washoe*, 125 Nev. 37, 45 (2009) (arbitration provision encompassing all disputes "arising out of or relating to" is the "broadest language the parties could reasonably use to subject their disputes to [arbitration]").

The Diaz Agreement is at the heart of this dispute. First, Plaintiff asserts a claim against GBP for breach of the Diaz Agreement. Compl. at ¶ 174 (Eleventh Cause of Action). Second, the remaining claims against GBP involve interference with the relationship between Plaintiff and Mr. Diaz[2]—but GBP's involvement in that relationship is governed entirely by the Diaz Agreement. As alleged by Plaintiff, GBP's allegedly interfering conduct all relates to the promotion of two of Diaz's boxing matches. In determining arbitrability, it is immaterial that Plaintiff asserts some claims sounding in tort, because the touchstone inquiry "is the relationship of the tort alleged to the subject matter of the arbitration clause." *Amisil Holdings Ltd. v. Clarium Cap. Mgmt.*, 622 F. Supp. 2d 825, 839 (N.D. Cal. 2007). The interference claims are inextricably tangled up in the Dian Agreement, which governs GBP's relationship with both Plaintiff and Diaz.

Indeed, one of the primary questions in adjudicating Plaintiff's interference claims will be whether GBP's actions were privileged or justified pursuant to the terms of the Diaz Agreement. This defense is evident from the face of the pleadings and is one of the grounds identified in GBP's concurrently filed motion to dismiss. Plaintiff's interference claims therefore hinge on an interpretation of the Diaz Agreement and an analysis of the tripartite relationship between Plaintiff, GBP, and Diaz—which relationship arises out of that contract.

---

[2] Plaintiff also asserts one claim for interference with the contract of Luis Feliciano. Compl. at ¶¶ 168–173 (Tenth Cause of Action), discussed below.

The same holds true as to the one claim involving interference in the relationship between Plaintiff and Mr. Feliciano. That claim also hinges on the relationship between the three parties, which is governed by the Feliciano Agreement. Particularly because Plaintiff's claimed "interference" involves the bare act of GBP *contacting* Feliciano, GBP's legal right and obligation to do so (as dictated by the Feliciano Contract) will be central to that dispute.

Even if there were some ambiguity as to whether the instant dispute is governed by the arbitrator provisions, that question must be referred to arbitration in the first instance. Each promotion contract expressly provides that any question as to whether "the claims asserted are arbitrable" must itself be arbitrated. Cestero Decl., Ex. 3 at p. 12, Ex. 4 at p. 10. Where, as here, a valid delegation provision in an arbitration agreement "clearly and unmistakably" reserves questions of arbitrability for the arbitrator, the court must enforce the agreement and compel arbitration. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *accord Momot*, 652 F.3d at 988.

Because the arbitration provisions broadly encompasses all claims touching on the Diaz and Feliciano Agreements in any manner, and because the question of arbitrability must itself be arbitrated, the Court should compel arbitration of all claims asserted against GBP and stay all further proceedings against GBP in this action.[3]

---

[3] Because the arbitration provision requires that any arbitration take place in Las Vegas, Nevada, the Court may either stay the claims against GBP pending arbitration pursuant to the FAA or dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). *See* 9 U.S.C. § 3 ("If any suit . . . be brought . . . upon any issue referable to arbitration . . ., the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."); *see also Puri v. Golden Temple of Oregon, LLC*, 2010 WL 11595757, at *4 (C.D. Cal. June 9, 2010) (dismissing action in favor of arbitration).

## VI. CONCLUSION

As set forth in GBP's concurrently filed motion to dismiss, the Complaint is fundamentally deficient and fails to set forth any cognizable cause of action. But to the extent that any cause of action may survive the motion to dismiss, such cause of action is unmistakably subject to the broad arbitration clause in the parties' promotional contracts. GBP respectfully requests that the Court compel arbitration and stay any such remaining claims.

DATED: September 29, 2021

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Ricardo P. Cestero*
RICARDO P. CESTERO (SBN 203230)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant GOLDEN BOY PROMOTIONS, INC.