MANCINI SHENK LLP
  Michael V. Mancini (S.B. #263799)
  mmancini@mancinishenk.com
  Peter J. Most (S.B. #143963)
  pmost@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (424) 652-4000
Facsimile: (424) 652-4004

Attorneys for Defendant
MTK GLOBAL USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>    Plaintiff,<br><br>  v.<br><br>MKT GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>    Defendants. | Case No. 5:20-cv-02618-JWH (KKx)<br>*Assigned to Hon. John W. Holcomb*<br><br>**DEFENDANT MTK GLOBAL USA, LLC'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant MTK Global USA, LLC ("MTK USA") hereby answers the Complaint (the "Complaint") of Plaintiff Mr. Moses Heredia ("Mr. Heredia" or "Plaintiff"). Defendant further answers the numbered paragraphs of the Complaint as follows:

### FACTS AND NATURE OF THE CASE

1. MTK USA denies the allegations in paragraph 1.

2. MTK USA admits the allegations in paragraph 2.

3. MTK USA admits the allegations in paragraph 3.

4. MTK USA admits that VGC, LLP, a law firm, provides litigation services to Mr. Diaz. MTK USA denies the remaining allegations in paragraph 4.

5. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 5.

6. MTK USA admits the allegations in paragraph 6.

7. MTK USA admits that MTK USA is a Delaware based limited liability company. MTK USA denies the remaining allegations in paragraph 7.

8. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 8.

9. MTK USA admits that Plaintiff and Mr. Diaz executed a Boxer-Manager Contract, ID No. M-2017-0006, dated February 23, 2017 on the two-page preapproved form endorsed by the California State Athletic Commission and originally set to expire on February 22, 2022, and that MTK USA entered into a business advisory agreement with Mr. Diaz. MTK USA denies the remaining allegations in paragraph 9.

10. MTK USA admits that MTK USA did not provide the agreement to Mr. Heredia or his counsel, that Mr. Heredia moved for arbitration, that the arbitration was held on June 10, 2021, and that in the arbitration decision the Executive Officer for the California State Athletic Commission, acting as arbitrator ("Arbitrator"), canceled the Boxer-Manager Contract effective July 10, 2021 and ruled that "Boxer's signing of the [business advisory agreement] did not constitute a breach of contract."

MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 10.

11.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 11.

12.     MTK USA admits that the Arbitrator described the Promotion Agreement as "lucrative." MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 12.

13.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 13.

14.     MTK USA admits that Mr. Diaz fought ten bouts between February 23, 2017 and today's date. MTK USA denies that it induced the breach of any agreement, denies that Mr. Diaz breached any agreement by entering into or performing the business advisory agreement, and denies that the Arbitrator adjudicated "these breaches" as to MTK USA. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 14.

15.     MTK USA denies that it engaged in any conduct that constitutes boxing "management or promotional services" or in any conduct requiring licensure, and asserts that all conduct complained of by Plaintiff was part of or a result of lawful activity, proper performance of the business advisory agreement, and/or protected litigation or settlement activity caused by Plaintiff and Plaintiff's counsel, such that no conduct by MTK USA could have been boxing management or promotional services. MTK USA admits that it does not possess boxing licensure but denies that any activity relevant herein required licensure or constituted boxing management or promotion services as those terms are defined by law. MTK USA denies that the legal conclusion in lines 25-26 of paragraph 15 is applicable to the matters herein and denies that it

provided "both management and promotion services." MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 15.

16.    MTK USA denies that it is or acted as a "manager" under the cited legal authority and denies that the cited legal authority is applicable to the matters herein.

17.    MTK USA admits that it signed a business advisory agreement with Mr. Diaz that is dated as of August 4, 2020. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 17.

18.    MTK USA admits that under the terms of the business advisory agreement, MTK USA agreed to advance Mr. Diaz a recoupable sum of $100,000.00 which sum was recoupable over three installments of $33,333.00 payable over a time period equivalent to Mr. Diaz's next three fights (but not necessarily correlated with any fight purse), and that the business advisory agreement states that Mr. Diaz agrees that MTK shall be his sole and exclusive business advisor. MTK USA denies that the installments were "due" upon each fight.

19.    MTK USA admits that Mr. Yalen is the signatory for MTK USA on the business advisory agreement, and that the quote from a press release is accurately transcribed. MTK USA admits that Mr. Yalen said he would look into the business advisory agreement situation, but denies that Mr. Yalen denied the existence of or lacked knowledge of the business advisory agreement, which he had previously signed. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 19.

20.    On information and belief based upon the allegations of the SAC, MTK USA admits VGC, LLP represented and/or represents Mr. Diaz as litigation counsel. MTK USA lacks sufficient knowledge or information to admit or deny the remaining

MS
MANCINI SHENK

allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 20.

21. MTK USA admits that Mr. Diaz signed a business advisory agreement with MTK USA and that Plaintiff initiated an arbitration against Mr. Diaz that took place on and after June 10, 2021. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 21.

22. MTK USA admits that the arbitration took place on and after June 10, 2021. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 22.

23. On information and belief based upon the allegations of the SAC, MTK USA admits that VGC, LLP represented and/or represents Mr. Diaz as litigation counsel. MTK USA admits that VGC, LLP filed a lawsuit against Plaintiff on or about October 7, 2020. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 23.

24. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 24.

25. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 25.

26. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 26.

27. MTK USA admits that its business advisory agreement with Mr. Diaz is only about business advisements. MTK USA denies that it engaged in any boxing management services and denies that the business advisory agreement is actually a boxing management contract. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA

1   denies the remaining allegations in paragraph 27.

2       28.    MTK USA admits that the purse for the July 9, 2021 bout was set at

3   $500,000. MTK USA denies that it presented an altered bout agreement to the

4   Commission or coordinated with others to do so. MTK USA lacks sufficient

5   knowledge or information to admit or deny the remaining allegations, and on that basis,

6   MTK USA denies the remaining allegations in paragraph 28.

7       29.    MTK USA denies the allegations in paragraph 29.

8       30.    MTK USA denies that it or its counsel have acted with hostility as

9   described in paragraph 30. MTK USA lacks sufficient knowledge or information to

10   admit or deny the remaining allegations, and on that basis, MTK USA denies the

11   remaining allegations in paragraph 30.

12   **Golden Boy's Role**

13       31.    MTK USA denies that it worked with GBP to facilitate Mr. Diaz's bouts

14   as described in paragraph 31, and denies that it engaged in boxing management

15   services at all. MTK USA lacks sufficient knowledge or information to admit or deny

16   these allegations, and on that basis, MTK USA denies the allegations in paragraph 31.

17       32.    MTK USA lacks sufficient knowledge or information to admit or deny

18   these allegations, and on that basis, MTK USA denies the allegations in paragraph 32.

19       33.    MTK USA lacks sufficient knowledge or information to admit or deny

20   these allegations, and on that basis, MTK USA denies the allegations in paragraph 33.

21       34.    MTK USA lacks sufficient knowledge or information to admit or deny

22   these allegations, and on that basis, MTK USA denies the allegations in paragraph 34.

23       35.    MTK USA lacks sufficient knowledge or information to admit or deny

24   these allegations, and on that basis, MTK USA denies the allegations in paragraph 35.

25       36.    MTK USA admits that prior to the February 13, 2021 bout, Mr. Diaz

26   failed to make weight and that Mr. Rakhimov was not required to fight Mr. Diaz. MTK

27   USA lacks sufficient knowledge or information to admit or deny the remaining

28

MS
MANCINI SHENK

allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 36.

37.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 37.

38.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 38.

39.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 39.

40.     MTK USA admits that during the arbitration on June 10, 2021, the Arbitrator found that Mr. Diaz and Mr. Heredia's relationship was irreparably harmed and canceled the remainder of the Boxer-Manager Contract due to the irreparable damage to the relationship. MTK USA denies the remaining allegations in paragraph 40.

*Golden Boy's Practice of Attempting to Solicit Fighters*

41.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 41.

42.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 42.

43.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 43.

44.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 44.

45.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 45

46.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 46.

47.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 47.

MANCINI SHENK

1   48.    MTK USA lacks sufficient knowledge or information to admit or deny

2   these allegations, and on that basis, MTK USA denies the allegations in paragraph 48.

3   49.    MTK USA lacks sufficient knowledge or information to admit or deny

4   these allegations, and on that basis, MTK USA denies the allegations in paragraph 49.

5   50.    MTK USA lacks sufficient knowledge or information to admit or deny

6   these allegations, and on that basis, MTK USA denies the allegations in paragraph 50.

7   51.    MTK USA lacks sufficient knowledge or information to admit or deny

8   these allegations, and on that basis, MTK USA denies the allegations in paragraph 51.

9   52.    MTK USA lacks sufficient knowledge or information to admit or deny

10   these allegations, and on that basis, MTK USA denies the allegations in paragraph 52.

11   53.    MTK USA lacks sufficient knowledge or information to admit or deny

12   these allegations, and on that basis, MTK USA denies the allegations in paragraph 53.

13   54.    MTK USA lacks sufficient knowledge or information to admit or deny

14   these allegations, and on that basis, MTK USA denies the allegations in paragraph 54.

15   55.    MTK USA lacks sufficient knowledge or information to admit or deny

16   these allegations, and on that basis, MTK USA denies the allegations in paragraph 55.

17   56.    MTK USA lacks sufficient knowledge or information to admit or deny

18   these allegations, and on that basis, MTK USA denies the allegations in paragraph 56.

19   **PARTIES**

20   57.    MTK USA lacks sufficient knowledge or information to admit or deny

21   these allegations, and on that basis, MTK USA denies the allegations in paragraph 57.

22   58.    Defendant admits that Defendant MTK Global Sports Management,

23   LLC, is a Dubai, UAE business entity with license number 785135 and having its

24   registered office at PO Box 454833, Al Barsha Post Office, Dubai, United Arab

25   Emirates. Defendant further admits that MTK Global Sports Management, LTD, is a

26   wholly owned subsidiary of MTK Global Sports Management, LLC operating out of

27   the United Kingdom with its principal place of business at 20-22 Wenlock Road,

28   London, England, N1 7GU. Defendant further admits that MTK stands for "Mack the

MS

MANCINI SHENK

Knife," and that MTK changed its name to Global Promotion Management LTD in the United Kingdom but still is operating and doing business as "MTK Global."

59.     MTK USA admits the allegations in paragraph 59.

60.     MTK USA admits the allegations in paragraph 60.

61.     MTK USA admits that Paul D. Gibson is MTK's Chief Strategy Officer. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 61.

62.     MTK USA lacks sufficient knowledge or information to admit these allegations, and on that basis, MTK USA denies the allegations in paragraph 62.

63.     MTK USA denies the allegations in paragraph 63.

## JURISDICTION AND VENUE

64.     MTK USA admits the allegations in paragraph 64.

65.     MTK USA admits that venue in this judicial district is proper as to MTK USA because a substantial part of the events or omissions giving rise to the claims are alleged to have occurred or did occur in this judicial district. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 65.

## FEDERAL AND CALIFORNIA LAW

66.     The allegations in paragraph 66 state legal conclusions but do not assert any factual or other allegations against any party, and consequently no response is required. To the extent a response is required, MTK USA denies that the allegations in paragraph 66 are applicable to the matters at issue herein or to MTK USA in this litigation.

67.     The allegations in paragraph 67 state legal conclusions but do not assert any factual or other allegations against any party, and consequently no response is required. To the extent a response is required, MTK USA denies that the allegations in

1  paragraph 67 are applicable to the matters at issue herein or to MTK USA in this

2  litigation.

3      68.    The allegations in paragraph 68 state legal conclusions but do not assert

4  any factual or other allegations against any party, and consequently no response is

5  required. To the extent a response is required, MTK USA denies that the allegations in

6  paragraph 68 are applicable to the matters at issue herein or to MTK USA in this

7  litigation.

8                            **INTERFERENCE**

9      69.    MTK USA admits that it and Mr. Diaz entered a business advisory

10  agreement that was signed on or about August 4, 2020. MTK USA denies the

11  remaining allegations in paragraph 69 and asserts that the Arbitrator ruled that the

12  business advisory agreement is not on its face a breach of contract or "offending" to

13  any right of any party.

14      70.    MTK USA lacks sufficient knowledge or information to admit or deny

15  these allegations, and on that basis, MTK USA denies the allegations in paragraph 70.

16      71.    MTK USA lacks sufficient knowledge or information to admit or deny

17  these allegations, and on that basis, MTK USA denies the allegations in paragraph 71.

18      72.    MTK USA denies that it advised or directed Mr. Diaz to direct GBP not

19  to pay Mr. Heredia the contractual payment of 18%. MTK USA lacks sufficient

20  knowledge or information to admit or deny the remaining allegations, and on that basis,

21  MTK USA denies the remaining allegations in paragraph 72.

22      73.    MTK USA lacks sufficient knowledge or information to admit or deny

23  these allegations, and on that basis, MTK USA denies the allegations in paragraph 73.

24      74.    MTK USA lacks sufficient knowledge or information to admit or deny

25  these allegations, and on that basis, MTK USA denies the allegations in paragraph 74.

26      75.    MTK USA lacks sufficient knowledge or information to admit or deny

27  these allegations, and on that basis, MTK USA denies the allegations in paragraph 75.

28

MANCINI SHENK

Case No. 5:20-cv-02618-JWH (KKx)
ANSWER TO SECOND AMENDED COMPLAINT

76.    MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 76.

77.    MTK USA denies that MTK is overseen by Mr. Daniel Kinahan. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 77.

78.    MTK USA denies that it has ever interfered with or is interfering with Plaintiff's Boxer-Manager contract between Mr. Diaz or interfering with Plaintiff's promotion contract with GBP. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 78.

79.    MTK USA admits that MTK has referred to itself as a global management and promotion company. MTK USA denies that the business advisory agreement between MTK USA and Mr. Diaz can be described as alleged in paragraph 79, and denies that it has provided boxing management or promotion services to Mr. Diaz. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 79.

80.    MTK USA denies that it interfered, and denies that the advance was an inducement to breach any contract or interfere with any relationship. MTK USA denies the recoupable $100,000 advance "is essentially a loan to Mr. Diaz which impacts his future earnings and mortgages his future away," and denies that the advance runs afoul of any rule, statute, regulation or law. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 80.

81.    MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 81.

82.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 82.

83.     MTK USA denies that it and/or its agents are interfering with, or ever have interfered with, the boxing management contract between Mr. Diaz and Mr. Heredia or the boxing promotional contract between Mr. Diaz, Mr. Heredia, and GBP. MTK USA further denies that it caused Mr. Diaz to breach his Boxer-Manager contract with Mr. Heredia. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 83.

## FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS

84.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 84.

85.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 85.

86.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 86.

87.     The allegations in paragraph 87 state legal conclusions but do not assert any factual or other allegations against any party, and consequently no response is required. To the extent a response is required, MTK USA denies that the allegations in paragraph 87 are applicable to the matters at issue herein or to MTK USA in this litigation. MTK USA denies that it has ever engaged in any RICO activity.

88.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 88.

89.     MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 89.

90.     To the extent these allegations were ever asserted against MTK USA in this litigation, which they have not been, MTK USA denies that the legal conclusions asserted in paragraph 90 lines 8 through 12 are applicable to the matters at issue herein

12

or to MTK USA in this litigation, and denies that it has ever engaged in any RICO activity. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 90.

91.    To the extent these allegations were ever asserted against MTK USA in this litigation, which they have not been,  MTK USA denies that the legal conclusions asserted in paragraph 91 lines 25 through 1 are applicable to the matters at issue herein or to MTK USA in this litigation, and denies that it has ever engaged in any RICO activity.  MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 91.

92.    To the extent these allegations were ever asserted against MTK USA in this litigation, which they have not been, MTK USA denies that the legal conclusions asserted in paragraph 92 lines 12 through 17 are applicable to the matters at issue herein or to MTK USA in this litigation, and denies that it has ever engaged in any RICO activity. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 92.

93.    To the extent these allegations were ever asserted against MTK USA in this litigation, which they have not been, MTK USA denies that it has ever engaged in any RICO activity and denies that it ever transacted in or held any funds that were directly or indirectly derived from racketeering activity. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 93.

94.     To the extent these allegations were ever asserted against MTK USA in this litigation, which they have not been, MTK USA denies that it has ever engaged in any RICO activity and denies that it ever transacted in or held any funds that were directly or indirectly derived from racketeering activity. MTK USA lacks sufficient

13

1  knowledge or information to admit or deny the remaining allegations, and on that basis,
2  MTK USA denies the remaining allegations in paragraph 94.

3      95.    To the extent these allegations were ever asserted against MTK USA in
4  this litigation, which they have not been, MTK USA denies that it has ever engaged in
5  any RICO activity and denies that it has ever "use[d] and abus[ed] US law" for any
6  purpose. MTK USA lacks sufficient knowledge or information to admit or deny the
7  remaining allegations, and on that basis, MTK USA denies the remaining allegations
8  in paragraph 95.

9      96.    To the extent these allegations were ever asserted against MTK USA in
10 this litigation, which they have not been, MTK USA denies that the legal conclusions
11 asserted in paragraph 96 lines 2 through 13 are applicable to the matters at issue herein
12 or to MTK USA in this litigation, denies that it has ever engaged in any RICO activity,
13 and denies that it ever transacted in or held any funds that were directly or indirectly
14 derived from racketeering activity. MTK USA lacks sufficient knowledge or
15 information to admit or deny the remaining allegations, and on that basis, MTK USA
16 denies the remaining allegations in paragraph 90.

17              **CAUSES OF ACTION**
18              **FIRST CAUSE OF ACTION**
19     RICO § 1962(a) – Acquiring an Interest in an Enterprise by Use of Income
20                  (Against MTK, Mr. Kinahan, and Mr. Gibson)

21     97.    MTK USA lacks sufficient knowledge or information to admit or deny
22 these allegations, and on that basis, MTK USA denies the allegations in paragraph 97.

23     98.    MTK USA lacks sufficient knowledge or information to admit or deny
24 these allegations, and on that basis, MTK USA denies the allegations in paragraph 98.

25     99.    MTK USA lacks sufficient knowledge or information to admit or deny
26 these allegations, and on that basis, MTK USA denies the allegations in paragraph 99.

27     100.   MTK USA lacks sufficient knowledge or information to admit or deny
28 these allegations, and on that basis, MTK USA denies the allegations in paragraph 100.

101.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 101.

102.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 102.

103.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 103.

104.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 104.

**SECOND CAUSE OF ACTION**

**RICO § 1962(b) – Acquiring or Maintaining an Interest in or Control of an Enterprise**

(Against MTK, Mr. Kinahan, and Mr. Gibson)

105.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 105.

106.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 106.

107.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 107.

108.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 108.

109.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 109.

110.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 110.

111.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 111.

///

///

1

**THIRD CAUSE OF ACTION**

2

**RICO § 1962(c) – Conduct the Affairs of the Enterprise**

3

(Against MTK, Mr. Kinahan, and Mr. Gibson)

4

112.   MTK USA lacks sufficient knowledge or information to admit or deny

5

these allegations, and on that basis, MTK USA denies the allegations in paragraph 112.

6

113.   MTK USA lacks sufficient knowledge or information to admit or deny

7

these allegations, and on that basis, MTK USA denies the allegations in paragraph 113.

8

114.   MTK USA lacks sufficient knowledge or information to admit or deny

9

these allegations, and on that basis, MTK USA denies the allegations in paragraph 114.

10

115.   MTK USA lacks sufficient knowledge or information to admit or deny

11

these allegations, and on that basis, MTK USA denies the allegations in paragraph 115.

12

116.   MTK USA lacks sufficient knowledge or information to admit or deny

13

these allegations, and on that basis, MTK USA denies the allegations in paragraph 116.

14

117.   MTK USA lacks sufficient knowledge or information to admit or deny

15

these allegations, and on that basis, MTK USA denies the allegations in paragraph 117.

16

118.   MTK USA lacks sufficient knowledge or information to admit or deny

17

these allegations, and on that basis, MTK USA denies the allegations in paragraph 118.

18

119.   MTK USA lacks sufficient knowledge or information to admit or deny

19

these allegations, and on that basis, MTK USA denies the allegations in paragraph 119.

20

120.   MTK USA lacks sufficient knowledge or information to admit or deny

21

these allegations, and on that basis, MTK USA denies the allegations in paragraph 120.

22

121.   MTK USA lacks sufficient knowledge or information to admit or deny

23

these allegations, and on that basis, MTK USA denies the allegations in paragraph 121.

24

122.   MTK USA lacks sufficient knowledge or information to admit or deny

25

these allegations, and on that basis, MTK USA denies the allegations in paragraph 122.

26

123.   MTK USA lacks sufficient knowledge or information to admit or deny

27

these allegations, and on that basis, MTK USA denies the allegations in paragraph 123.

28

///

Case No. 5:20-cv-02618-JWH (KKx)
ANSWER TO SECOND AMENDED COMPLAINT

# FOURTH CAUSE OF ACTION

## RICO § 1962(d) – Conspiracy to Conduct the Affairs of the Enterprise

### (Against MTK, Mr. Kinahan, and Mr. Gibson)

124.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 124.

125.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 125.

126.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 126.

127.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 127.

128.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 128.

# FIFTH CAUSE OF ACTION

## Tortious Interference with Contract – Boxer Manager Contract

### (Against MTK, MTK USA, Mr. Gibson, and GBP)

129.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 129.

130.   MTK USA admits that a Boxer-Manager contract existed between Mr. Heredia and Mr. Joseph Diaz, Jr., that this contract was signed by the Executive Director of the California State Athletic Commission on February 23, 2017, and that this contract was cancelled by the Arbitrator. MTK USA denies the remaining allegations in paragraph 130.

131.   MTK USA denies that its conduct prevented performance or made the performance of this contract more expensive or difficult, that it directed a social media campaign, that it interfered with any contract, that it arranged a title bout or other boxing bout for Mr. Diaz, that it caused any of the things Plaintiff alleges in this paragraph or "made" any of the alleged harms occur, that it engaged in any boxing

management or boxing promotion activities, and that it is liable to Plaintiff in any manner. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 131.

132.   MTK USA denies any interference, denies that it intentionally excluded Plaintiff from the negotiations concerning the July 9, 2021 bout against Mr. Javier Fortuna, and denies that Plaintiff has any ongoing "obligations under the contract between Mr. Diaz and Plaintiff." MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 132.

133.   MTK USA denies any interference, denies that Plaintiff suffered any harm, and denies that Plaintiff has any ongoing "obligations under the contract between Mr. Diaz and Plaintiff." MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 133.

134.   MTK USA admits that prior to the bout on February 12, 2021, Mr. Diaz failed to make weight. MTK USA denies that it participated in these discussions or excluded anyone from such discussions. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 134.

135.   MTK USA denies that it intended to disrupt the performance of this contract, wanted a disruption to occur, or knew that disruption of performance was certain or substantially certain to occur. MTK USA admits that it is a business advisor for Mr. Diaz and admits that it does not communicate with Mr. Heredia in that regard, including because the contract between Mr. Diaz and Mr. Heredia was terminated by the Arbitrator prior to the filing of Plaintiff's Second Amended Complaint. MTK USA denies that "in order for Mr. Diaz to become one of its boxers, it must destroy, through whatever means available, the valid and existing contract between Mr. Heredia and

MS
MANCINI SHENK

1  Mr. Diaz." MTK USA lacks sufficient knowledge or information to admit or deny the
2  remaining allegations, and on that basis, MTK USA denies the remaining allegations
3  in paragraph 135.

4      136.   MTK USA denies that Plaintiff has been harmed by the actions of MTK
5  USA. MTK USA lacks sufficient knowledge or information to admit or deny the
6  remaining allegations, and on that basis, MTK USA denies the remaining allegations
7  in paragraph 136.

8      137.   MTK USA denies that it and/or its agents were or are substantial factor(s)
9  in causing Plaintiff's alleged harm. MTK USA denies that but for the interference of
10  MTK USA, Plaintiff's contract with Mr. Diaz would not have been interfered with and
11  harm would not have been caused. MTK USA denies that the conduct of MTK USA
12  is the or a substantial factor in causing Plaintiff's alleged harm. MTK USA lacks
13  sufficient knowledge or information to admit or deny the remaining allegations, and
14  on that basis, MTK USA denies the remaining allegations in paragraph 137.

15              **SIXTH CAUSE OF ACTION**
16  **Tortious Interference with Contract – Promoter-Manager Contract**
17              (Against MTK and MTK USA)

18      138.   MTK USA lacks sufficient knowledge or information to admit or deny
19  these allegations, and on that basis, MTK USA denies the allegations in paragraph 138.

20      139.   MTK USA admits that a Boxer-Manager contract existed between Mr.
21  Heredia and Mr. Joseph Diaz, Jr., that this contract was signed by the Executive
22  Director of the California State Athletic Commission on February 23, 2017, and that
23  this contract was cancelled by the Arbitrator. MTK USA denies that its conduct
24  prevented performance or made the performance of this contract more expensive or
25  difficult, that it interfered with any contract, that it arranged a title bout or other boxing
26  bout for Mr. Diaz, that it engaged in any boxing management or boxing promotion
27  activities, that it caused any of the things Plaintiff alleges in this paragraph or "made"
28  any of the alleged harms occur, that it is liable to Plaintiff in any manner, and that it



1   instructed Mr. Diaz not to communicate with Plaintiff. MTK USA lacks sufficient

2   knowledge or information to admit or deny the remaining allegations, and on that basis,

3   MTK USA denies the remaining allegations in paragraph 139.

4        140.   MTK USA denies that it intended to disrupt the performance of this

5   contract, wanted a disruption to occur, or knew that disruption of performance was

6   certain or substantially certain to occur. MTK USA admits that it is a business advisor

7   for Mr. Diaz and admits that it does not communicate with Mr. Heredia in that regard,

8   including because the contract between Mr. Diaz and Plaintiff was terminated by the

9   Arbitrator prior to the filing of Plaintiff's Second Amended Complaint. MTK USA

10  denies that "in order for Mr. Diaz to become one of its boxers, it must destroy, through

11  whatever means available, the valid and existing contract between Mr. Heredia and

12  Mr. Diaz." MTK USA lacks sufficient knowledge or information to admit or deny the

13  remaining allegations, and on that basis, MTK USA denies the remaining allegations

14  in paragraph 140.

15       141.   MTK USA denies that Plaintiff has been harmed by the actions of MTK

16  USA and denies that it has performed any boxing management services as a matter of

17  law. MTK USA lacks sufficient knowledge or information to admit or deny the

18  remaining allegations, and on that basis, MTK USA denies the remaining allegations

19  in paragraph 141.

20       142.   MTK USA denies that MTK USA's conduct is or was a substantial factor

21  in causing Plaintiff's alleged harm. MTK USA denies that but for the interference of

22  MTK USA, Plaintiff's role as Mr. Diaz's representative under the promotion contract

23  would not have been interfered with and harm would not have been caused. MTK USA

24  lacks sufficient knowledge or information to admit or deny the remaining allegations,

25  and on that basis, MTK USA denies the remaining allegations in paragraph 142.

26  ///

27  ///

28  ///

MANCINI SHENK

20

**SEVENTH CAUSE OF ACTION**

**Inducing Breach of Contract – Boxer-Manager Contract**

(Against MTK, MTK USA, and GBP)

143.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 143.

144.   MTK USA denies that it intentionally caused Mr. Joseph Diaz, Jr. to breach his Boxer-Manager Contract with Mr. Heredia, and denies that it caused such alleged breach. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 144.

145.   MTK USA admits there was a Boxer-Manager Contract between Mr. Heredia and Mr. Joseph Diaz, Jr.  signed on February 23, 2017, and that this contract was canceled by the Executive Director of the Commission on July 10, 2021. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 145.

146.   MTK USA admits that MTK USA knew that this contract existed. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 146.

147.   MTK USA denies that it intended to cause Mr. Joseph Diaz, Jr. to breach the Boxer-Manager Contract, that the business advisory agreement is "in essence and in practice, a management contact," that MTK USA's actions are purposefully designed to have Mr. Diaz break his contract with Mr. Heredia, that the intent of MTK USA is to get Mr. Diaz out of his current enforceable contracts, that MTK USA is involved only to breach the contract between Mr. Heredia and Mr. Diaz, and that MTK USA certainly knew that the interference and inducement of Mr. Diaz would result in a breach of contract. MTK USA lacks sufficient knowledge or information to admit or

1  deny the remaining allegations, and on that basis, MTK USA denies the remaining

2  allegations in paragraph 147.

3      148.   MTK USA denies that its conduct caused Mr. Joseph Diaz, Jr. to breach

4  the Boxer-Manager Contract, that with MTK USA's encouragement Mr. Joseph Diaz

5  no longer communicates with Mr. Heredia concerning his boxing career, and that MTK

6  USA's direction to Mr. Diaz has caused there to be no communication with Mr.

7  Heredia. MTK USA admits that it is a business advisor for Mr. Diaz, that it does not

8  communicate with Mr. Heredia (including because the contract between Mr. Diaz and

9  Plaintiff was terminated by the Arbitrator prior to the filing of Plaintiff's Second

10  Amended Complaint), and that it does communicate with other boxing managers.

11  MTK USA lacks sufficient knowledge or information to admit or deny the remaining

12  allegations, and on that basis, MTK USA denies the remaining allegations in paragraph

13  149.

14      149.   MTK USA denies that Mr. Heredia has been harmed by the actions of

15  MTK USA. MTK USA lacks sufficient knowledge or information to admit or deny the

16  remaining allegations, and on that basis, MTK USA denies the remaining allegations

17  in paragraph 150.

18      150.   MTK USA denies any inducement of Mr. Diaz, and denies that but for

19  the alleged inducement of Mr. Diaz by MTK USA, Mr. Diaz would not have breached

20  his contract. MTK USA denies that the conduct of MTK USA is or was a substantial

21  factor in causing Plaintiff's harm. MTK USA lacks sufficient knowledge or

22  information to admit or deny the remaining allegations, and on that basis, MTK USA

23  denies the remaining allegations in paragraph 151.

24  **EIGHTH CAUSE OF ACTION**

25  **Intentional Interference with Prospective Economic Relations**

26  (Against MTK, MTK USA, and GBP)

27      151.   MTK USA lacks sufficient knowledge or information to admit or deny

28  these allegations, and on that basis, MTK USA denies the allegations in paragraph 151.

22

MS
MANCINI SHENK

152.   MTK USA denies that it intentionally interfered with an economic relationship between Plaintiff and Mr. Diaz.  MTK USA admits that Plaintiff had a contract with Mr. Diaz for boxing management. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 152.

153.   MTK USA admits that it knew of the relationship between Plaintiff and Mr. Diaz. MTK USA denies that it offered Mr. Diaz a $100,000 advance in order to cause him to breach his contract with Mr. Heredia, and denies that entering into or performing under the business advisory agreement constitutes a breach of such contract or interference with such contract. MTK USA admits that it did not get the consent of Mr. Heredia. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 153.

154.   MTK USA denies that it engaged in specific conduct aimed at interfering with Mr. Heredia's business relationship with Mr. Diaz, denies that it encouraged Mr. Diaz not to communicate Mr. Diaz, unlawfully inserted itself as the manages for Mr. Diaz or engaged in any boxing management services at all, or engaged in a social media smear campaign of Mr. Heredia, and denies that GBP has colluded with MTK USA or that MTK USA has "colluded" with any other person or entity. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 154.

155.   MTK USA denies that it intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 155.

156.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 156.

157.   MTK USA denies the allegations in paragraph 157.

158.   MTK USA denies that its conduct was the or a substantial factor in causing Mr. Heredia's alleged harm. MTK USA admits that after Mr. Diaz became a world champion, MTK USA reached out to him and offered him an advance of $100,000 in exchange for Mr. Diaz signing a business advisory agreement. MTK USA denies that this caused the deterioration of the relationship between Mr. Diaz and Plaintiff. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 158.

## NINTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Relations

#### (Against MTK, MTK USA, and GBP)

159.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 159.

160.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 160.

161.   MTK USA admits that it knew or suspected there was an economic relationship between Mr. Diaz and GBP, and denies that any of its conduct did or could have interfered with such relationship. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 161.

162.   MTK USA denies that it knew or should have known that this relationship would be disrupted if it failed to act with reasonable care. MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 162.

163.   MTK USA denies that it failed to act with reasonable care. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 163.

///

164.   MTK USA denies that it engaged in wrongful conduct through, inter alia, inducing breach of contract, tortious interference with contract, or violations of statutory authority with respect to boxing management. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 164.

165.   MTK USA denies that Mr. Heredia's relationship with Mr. Diaz and Mr. Feliciano has been disrupted by MTK USA's actions. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 165.

166.   MTK USA denies that its alleged conduct is a substantial factor in causing harm to Mr. Heredia. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 166.

167.   MTK USA denies that its alleged wrongful conduct has resulted in financial harm to Mr. Heredia, whether including loss of management fees from Mr. Diaz or otherwise. MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 167.

## TENTH CAUSE OF ACTION

**Tortious Interference with Contract – Boxer-Manager Contract Luis Feliciano**

(Against GBP)

168.   MTK USA lacks sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, MTK USA denies the remaining allegations in paragraph 168.

169.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 169.

170.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 170.

171.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 171.

172.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 172.

173.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 173.

## ELEVENTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

(Against GBP)

174.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 174.

175.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 175.

176.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 176.

177.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 177.

178.   MTK USA lacks sufficient knowledge or information to admit or deny these allegations, and on that basis, MTK USA denies the allegations in paragraph 178.

179.   MTK USA lacks sufficient knowledge or information to admit or deny 8these allegations, and on that basis, MTK USA denies the allegations in paragraph 179.

180.   MTK USA lacks sufficient knowledge or information to admit or deny 8these allegations, and on that basis, MTK USA denies the allegations in paragraph 180.

## PRAYER FOR RELIEF

MTK USA denies that Plaintiff is entitled to any relief.

Case No. 5:20-cv-02618-JWH (KKx)
ANSWER TO SECOND AMENDED COMPLAINT

MANCINI SHENK

## DEFENDANT MTK USA'S AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), MTK USA asserts the following affirmative defenses, without admitting that MTK USA would bear the burden of proof on any of the following:

### FIRST AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs Unavailable)

There is no contractual basis alleged in the Second Amended Complaint, nor is there any statutory basis, that gives rise to a claim for attorneys' fees and costs against MTK USA.  MTK USA's conduct as alleged in the Second Amended Complaint does not arise from any contract with Plaintiff or any statute providing for attorneys' fees and costs and, as a result, the Second Amended Complaint and each and every claim for relief therein, fails to allege facts sufficient to support a claim for attorneys' fees and costs against MTK USA.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Second Amended Complaint does not set forth facts that support the claims made against MTK USA, including because the Arbitrator already ruled that entering into the business advisory agreement did not breach any agreement, and because the Second Amended Complaint asserts causes of action arising from protected activities. As a result, the Second Amended Complaint, and each and every claim for relief against MTK USA therein, fails to state a claim or cause of action against MTK USA upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

MTK USA's conduct as alleged in the Complaint was undertaken in good faith for the advancement of their legitimate business interests. As a result, the Second Amended Complaint, and each and every claim for relief against MTK USA therein, is barred, in whole or in part, because MTK USA's actions were at all times reasonable

27

MANCINI SHENK

1  and taken in the good faith exercise of its reasonable business judgment, and,

2  moreover, MTK USA at all relevant times exercised due care and acted in good faith

3  regarding the matters which are the subject of the Second Amended Complaint.

4  **FOURTH AFFIRMATIVE DEFENSE**

5  **(No Causation)**

6  Assuming, arguendo, that Plaintiff sustained a loss, injury, and/or damage, either

7  as alleged in the Second Amended Complaint or otherwise, such loss, injury, and/or

8  damage is not recoverable from MTK USA because any alleged act or omission of

9  MTK USA was not the cause of such loss, injury, and/or damage.

10  **FIFTH AFFIRMATIVE DEFENSE**

11  **(No Damages)**

12  Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff

13  suffered no recognizable loss, injury and/or damage as a result of the matters which

14  are the subject of the Second Amended Complaint.

15  **SIXTH AFFIRMATIVE DEFENSE**

16  **(Speculative Damages)**

17  The Second Amended Complaint, and each and every claim for relief against

18  MTK USA therein, is barred, in whole or in part, because the alleged damages, if

19  any, are speculative, including because they are based upon the unsupported

20  assumption that Mr. Heredia and Mr. Diaz would remain in contractual privity, and

21  because of the impossibility of ascertaining and allocating these alleged damages.

22  **SEVENTH AFFIRMATIVE DEFENSE**

23  **(Unclean Hands)**

24  The Second Amended Complaint, and each and every claim for relief against

25  MTK USA therein, is barred, in whole or in part, by the doctrine of unclean hands.

26  ///

27  ///

28  ///

MS

MANCINI SHENK

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

MTK USA's conduct as alleged in the Second Amended Complaint was lawful. Any recovery by Plaintiff against MTK USA is barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover anything from MTK USA under the Second Amended Complaint, especially in light of the result of the arbitration referenced in the Second Amended Complaint and herein.

## NINTH AFFIRMATIVE DEFENSE

### (Wrongful, Negligent or Illegal Acts or Omissions)

Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at MTK USA.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata, Collateral Estoppel or Issue Preclusion)

Plaintiff's claims and alleged entitlement(s) to damages are barred, in whole or in part, by the decision of the Arbitrator, including, without limitation, that entering into the business advisory agreement did not breach any agreement or impede any right of any party and that Plaintiff's boxing management contract with Mr. Diaz was terminated as of July 10, 2021.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third Parties)

Plaintiff's claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by legal and/or equitable estoppel.

///

///

Case No. 5:20-cv-02618-JWH (KKx)
ANSWER TO SECOND AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because MTK USA's conduct was in good faith, innocent and with non-willful intent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join or confer this Court's jurisdiction over parties whose presence is necessary and proper to the resolution of Plaintiff's claims and/or Defendants' defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has waived his rights to assert the claims, including by first pursuing them in arbitration.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because he has failed, refused, and/or neglected to take reasonable steps to mitigate his damages, including, but not limited to, continuing to perform the boxing management contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The Second Amended Complaint, and each and every claim for relief against MTK USA therein, is barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Justification)

The Second Amended Complaint, and each and every claim for relief therein, is barred, in whole or in part, because MTK USA's conduct was justified, privileged, and/or performed in good faith, without malice, spite, or conscious, reckless, or

MS
MANCINI SHENK

negligent disregard of anyone's rights, if any, and/or without improper purpose or motive, maliciousness, or ill will of any kind.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Void or Illegal Contract)

Plaintiff's claims are barred, in whole or in part, because the contract Plaintiff alleges was interfered with or breached was procured illegally, was invalid, or was contrary to public policy.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Protected Activity)

Plaintiff's claims are barred, in whole or in part, because some or all of the activity he alleges wrongdoing occurred as part of protected litigation activity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Boxing Management Activity)

Plaintiff's claims are barred, in whole or in part, because MTK USA did not engage in any boxing management activity or boxing promotion activity as that term is defined at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No RICO Activity)

To the extent any RICO allegations were ever asserted against MTK USA in this litigation, which they have not been, such claims are barred, in whole or in part, because MTK USA did not engage in any acts constituting, and Plaintiff cannot satisfy RICO's requirements concerning, proximate cause, a pattern of racketeering activity, a RICO enterprise, predicate acts of mail or wire fraud, or RICO conspiracy. Further, the alleged predicate acts in the Second Amended Complaint, consisting of protected litigation-related activity, cannot constitute RICO predicate acts as a matter of law.

///

///

MS
MANCINI SHENK

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive or Treble Damages)

To the extent Plaintiffs' claims for damages are based upon a claimed entitlement to punitive or treble damages, such claims are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and similar provisions of the Constitution of the State of California.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

MTK USA's conduct was at all times undertaken in a good faith exercise of valid business judgment and legitimate business purpose, including its good faith belief and understanding that the business advisory agreement did not interfere with or cause a breach of any other agreement or relationship (which understanding was confirmed by the Arbitrator, as more fully set forth herein).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

MTK USA reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

///
///
///
///
///
///
///

MANCINI SHENK

1

**DEFENDANT MTK USA'S PRAYER FOR RELIEF**

2      WHEREFORE, MTK USA MTK USA respectfully requests: (1) judgment

3   dismissing the Second Amended Complaint with prejudice; (2) judgment denying all

4   relief requested by Plaintiff and granting MTK USA its fees, attorneys' fees and costs

5   in defending against Plaintiff's Second Amended Complaint; and (3) such other and

6   further relief as this Court deems just and equitable.

7

8   Dated: September 29, 2021          MANCINI SHENK LLP

9

10

11                                   By:  _____/s/ Michael V. Mancini_____

12                                        Michael V. Mancini (S.B. #263799)

13                                        Attorneys for Defendant MTK GLOBAL
                                          USA, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS

MANCINI SHENK

1

## DEFENDANT MTK USA'S DEMAND FOR JURY TRIAL

2    Defendant MTK USA requests a trial by jury for each issue that is triable before

3 a jury.

4

5 Dated: September 29, 2021    MANCINI SHENK LLP

6

7

8    By: _____/s/ Michael V. Mancini_____

    Michael V. Mancini (S.B. #263799)

9

10    Attorneys for Defendant MTK GLOBAL
    USA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:20-cv-02618-JWH (KKx)
ANSWER TO SECOND AMENDED COMPLAINT

MANCINI SHENK