Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (Eastern Division)

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA, | Case No.: 5:20-cv-02618-JWH-KK |
| Plaintiffs, | *Assigned to Hon. John W. Holcomb* |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'s MOTION TO DISMISS** |
| MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN, | |
| Defendants. | Date: November 5, 2021<br>Time: 9:00 am<br>CTRM: 2 |

# TABLE OF CONTENTS

Introduction ………………………………………………………….…1

Argument ........................................................................................................2

A.   Golden Boy's Interference was a Cause of the Breach in Each of
Counts Five, Seven, Eight, and Nine, and Plaintiff Pled So ………………2

   1.   Heredia's Boxer-Manager Contract with Diaz was Valid When
Golden Boy Committed the Interferences Alleged by Heredia……...2

   2.   Souring or Abandonment of a Relationship Caused by Third Party
Interference is Different than Souring or Abandonment of a
Relationship Absent Outside Interference ……………………..……4

   3.   Heredia Alleged That the Boxer-Manager Contract Would Have
Otherwise Been Performed But For Golden Boy's Interference…….6

B.   Whether Golden Boy's Actions Were Privileged and Justified is a Factual
Question That Cannot be Resolved in a Motion To Dismiss for Failure To
State a Claim ……………………………………………………………8

C.   Heredia Alleged Contractual Terms That Were Breached or Otherwise
Frustrated in its Claim for Breach of the Implied Covenant of Good Faith
and Fair Dealing ………………………………………………………9

   1.   Heredia alleged specific contractual obligations that
Golden Boy breached or frustrated ………………………….......9

   2.   Heredia alleged the specific contractual term that
Golden Boy breached or frustrated ……………………….….….10

D.   Golden Boy Interfered with Heredia's Relationship with Feliciano ……...12

   3.  Heredia Alleged That Golden Boy Took Action with an Intent To
Interfere with the Boxer-Manager Contract ………………………12

   4.  Heredia Alleged That Golden Boy Disrupted the Relationship
Between Heredia and Mr. Feliciano …………………………...…14

E.   The Claim Involving Mr. Feliciano is Properly Included in the Second
Amended Complaint ……………………………………………...…15

Conclusion ………...………………………………….………17

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009) ...................................................................1

*Bell Atl. Corp v. Twombly*
    550 U.S. 544, 570 (2007) ...................................................................1

*Dryden v. Tri-Valley Growers*
    65 Cal.App.3d 99 (1977) ...................................................................5

*Kowal v. MCI Comm'ns Corp*
    16 F.3d 1271, 1276 (1994) ...............................................................2

*Kuba v. 1–A Agr. Ass'n*
    387 F.3d 850, 855 (2004) …............................................................15

*Maranon v. Santa Clara Stadium Auth.,*
    No. 15-CV-04709-BLF, 2017 WL 4573370 (N.D. Cal. Oct. 13, 2017) …15,16

*Quelimane Co. v. Stewart Title Guar*
    10 Cal. 4th 26, 57 (1998) ………...................................................8

*Shamblin v. Berge*
    212 Cal.Rptr. 313, 316 (1985) …......................................................15

*SIC Metals, Inc. v. Hyundai Steel Co*
    422 F. Supp. 3d 1251 (2020) ………..................................................8

*Sprewell v. Golden State Warriors*
    266 F.3d 979,988 (2001) ...................................................................7

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n,*
    675 F. App'x 725,726 (2017) ………..............................................4,5

*Upper Deck Int'l B.V. v. Upper Deck Co*
    No.11CV1741-LAB CAB, 2012WL2309176 (2012) ……........................13,14

### PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S MOTION TO DISMISS

Plaintiff Moses Heredia, by and through counsel, opposes Defendant Golden Boy Promotions, Inc.'s ("Golden Boy's") motion to dismiss [ECF 53], and in support hereof, respectfully states as follows:

I.   Procedural Background

On July 28, 2021, Heredia filed his Second Amended Complaint.  [ECF 43] On September 29, 2021, Golden Boy filed its "Motion To Dismiss Complaint Pursuant to FRCP 12(b)(6)."  [ECF 53]  Heredia timely opposes Golden Boy's motion and respectfully urges the Court to deny it.

II.   Legal Standard for a Motion To Dismiss
      Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be sure, the facts alleged need not be "detailed." *Twombly*, 550 U.S. at 555.  But they must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]"  *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Where a pleading offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the pleading "will not do."  *Id*.  And while a court assumes the truth of the factual

allegations, it does not assume the truth of legal conclusions or accept inferences

that a plaintiff draws.  *See*, *e.g.*, *Iqbal*, 556 U.S. at 678; *Kowal v. MCI Comm'ns*

*Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

III.   Heredia Properly Pled a Claim for Interference by Golden Boy with
       Heredia's Boxing Management Contract with Joseph Diaz

Heredia asserted four counts against Golden Boy in connection with

Heredia's Boxer-Manager contract with Joseph Diaz.  They are:

- Count Five: tortious interference with contract;

- Count Seven: inducing breach of contract;

- Count Eight: intentional interference with prospective economic relations;
  and

- Count Nine: negligent interference with prospective economic relations.

Heredia agrees with Golden Boy that for purposes of a motion to dismiss,

the elements of each count are essentially the same.

A.   Golden Boy's Interference was a Cause of the Breach in Each of
     Counts Five, Seven, Eight, and Nine, and Plaintiff So Pled

1.   Heredia's Boxer-Manager Contract with Diaz was Valid When
     Golden Boy Committed the Interferences Alleged by Heredia

Golden Boy argues that Heredia cannot claim interference with his 2017

Boxer-Manager contract with Mr. Diaz because the relationship had already been

breached or abandoned.  Golden Boy's motion asserts that Heredia "alleges that

this contractual relationship 'ended on August 4, 2020 when [the agreement between Diaz and MTK] was signed.'  Compl. ¶¶ 9, 14."  Motion To Dismiss at 6.  To the contrary, Heredia asserted that his "long-standing *relationship* between Mr. Heredia and Mr. Diaz ended on August 4, 2020 when that [agreement with MTK] was signed."  Compl. ¶ 9 (emphasis added).

Golden Boy fails to distinguish Heredia's relationship with Diaz from Heredia's Manager-Boxer contract with Diaz.  Heredia used the word "relationship" advisedly in his Complaint to describe the long-standing support, encouragement, and guidance he provided Diaz.  This started long before any Manager-Boxer contract between the Heredia and Diaz, and it changed the instant Diaz signed the contract with Golden Boy.

Likewise, Heredia, did not allege that the 2017 Boxer-Manager contract was terminated on August 4, 2020.  Indeed, Heredia made clear that the 2017 Boxer-Manager contract was valid and enforceable until the arbitrator terminated it as of July 10, 2021.  *See, e.g.,* Compl. ¶¶10, 130.  Heredia's description of the effects of Mr. Diaz signing with Golden Boy to the exclusion of Heredia reflects that Heredia's day-to-day working relationship with Mr. Diaz ended at that time, despite there still being a valid contract.

2.      Souring or Abandonment of a Relationship Caused by Third Party
        Interference is Different than Souring or Abandonment of a
        <u>Relationship Absent Outside Interference</u>

Golden Boy's reliance on the "souring" of the relationship between Mr. Diaz

and other defendants is also misplaced.  Golden Boy relies on *Stereoscope, LLC v.*

*U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017) for the proposition

that "the Ninth Circuit affirmed dismissal of claims for intentional interference

with contractual relations because the contractual relationship at issue 'soured

months before . . . any of the alleged fraud or misconduct [by defendant]

occurred.'"  Motion To Dismiss at 6-7.

*Stereoscope* is a Ninth Circuit decision that is not for publication so does not

constitute precedent.  Further, Golden Boy's cherry-picked quote, one line in one

paragraph, would have the Court conclude that *Stereoscope* stands for the

proposition that, if there is no contractual relationship at the time a third party

becomes involved, that third party cannot have caused a breach.  A fuller reading

of the case shows that it fails to support Golden Boy's arguments and in fact

supports Heredia's.

*Stereoscope* appears to be a case in which one party sought to end the

contractual relationship once it soured.  However, there is no allegation that a third

party's interference caused the souring: "Plaintiffs state in their Complaint that the

relationship with TREG had begun to deteriorate before they attempted to take

1  back the escrow money from the U.S. Bank account.  It appears from the

2  Complaint that after this deterioration, Plaintiffs' goal was to have TREG return

3  the investors' money to Plaintiffs, ending the Joint Venture Agreement."

4

5  *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n* at page 10 (C.D. Cal. 2015).

6      *Stereoscope* thus stands for the proposition that where the relationship

7

8  soured without third party interference, and one party wanted to move on past the

9  former relationship, then their relationship and any related contractual agreement

10

11 could conceivably be deemed concluded at that time.

12     That did not happen in the instant case.  Heredia wanted to continue working

13

14 with Mr. Diaz.  The whole point of the arbitration was to see if the relationship

15 could be resurrected.  The relationship only "soured" when a third party—namely,

16

17 Golden Boy—interfered with the valid contract between Heredia and Mr. Diaz.

18     Similarly, Golden Boy relies on *Dryden v. Tri-Valley Growers*, 65

19

20 Cal.App.3d 990 (Cal. App. 1977) for the proposition that "where 'the performance

21 of the disputed contracts had been abandoned and discontinued [] many months

22

23 prior to the" alleged interference, plaintiff could not state a claim for

24 interference.'"  Motion To Dismiss at 7.  *Dryden*'s facts, however, suggest that

25

26 Golden Boy's reliance on it is misplaced.  In *Dryden*, one party to the contracts at

27 issue elected to cancel and rescind the contracts.  *Dryden, supra,* 65 Cal.App.3d at

28 725.  Nothing in *Dryden* suggests that the cancellation and rescission was a breach;

rather, it appears that the cancellation and recission may have been permitted by the contract language itself.  That result makes sense.  If a contract is validly canceled or rescinded, there is no longer a contractual relationship with which a third party could interfere after that point in time.

Heredia does not allege any interference by Golden Boy *after* the date the 2017 Boxer-Manager contract was canceled in July 2021, because once it was validly canceled, there was no contract left with which to interfere.  What Heredia *does* allege is interference *before* the 2017 Boxer-Manager contract was canceled in the arbitration, as discussed next.

> 3.   Heredia Alleged That the Boxer-Manager Contract Would Have Otherwise Been Performed But For Golden Boy's Interference

Golden Boy correct asserts that "In order to state a claim for interference or inducing a breach of contract, Heredia "must allege . . . that the contract would otherwise have been performed."  Motion To Dismiss at 5.  However, Golden Boy incorrectly argues that Heredia failed to allege this.

Heredia alleged that the 2017 Boxer-Manager contract would have otherwise been performed but for Golden Boy's interference.  For example, Heredia asserted that "Golden Boy negotiated and worked with Mr. Paul Gibson and MTK for this [February 2021] bout and did not communicate with Mr. Heredia."  Compl. ¶ 38.

Heredia also alleged that "As stated above, Mr. Diaz and Golden Boy have advertised bouts for Mr. Diaz on February 13, 2021 and on July 9, 2021. This is

yet another time MTK and Golden Boy have worked together and intentionally excluded Mr. Heredia—Mr. Diaz's boxing manager."  Compl. ¶ 48.

Heredia also alleged that "MTK and MTK USA's conduct includes directing Golden Boy not to communicate with Mr. Heredia, Mr. Diaz's boxing manager. […] Mr. Heredia cannot fulfill his role as Mr. Diaz's boxing representative and negotiate bouts on Mr. Diaz's behalf." Compl. ¶ 139.

Each of these incidents demonstrates that Heredia would have performed his role under the 2017 Boxer-Manager contract but for Golden Boy's interference. Aligned to the legal standard that "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and taking into consideration that "[a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief," *id*., the facts pled by Heredia can fairly be said to support Heredia's argument that Heredia stood ready to perform under the 2017 Boxer-Manager contract if not for Golden Boy's interference.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.    Whether Golden Boy's Actions Were Privileged and Justified
      is a Factual Question That Cannot be Resolved in a
      <u>Motion To Dismiss for Failure To State a Claim</u>

Golden Boy argues that because its conduct was "absolutely privileged and justified…Plaintiff cannot state a claim for interference as a matter of law." Motion To Dismiss at 8.  This position is incorrect.

First, Heredia makes a valid claim for intentional interference.  In the case cited by Golden Boy, at the next page after the page they cited to, it states: "We conclude that the complaint sufficiently alleges a cause of action for intentional interference with existing contractual relations." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 57 (1998).  Heredia certainly, then, alleged a cause of action that is recognized under the law, as it is recognized by the very case Golden Boy cites for the opposite proposition.

Golden Boy's claim that its conduct was "absolutely privileged and justified…" is a disputed factual defense more properly explored in discovery.  It does not provide the basis for dismissal of Heredia's claim.  Indeed, the case on which Golden Boy relies in connection with whether something is privileged or justified, is in the context of a motion for summary judgment.  *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251 (C.D. Cal. 2020), *aff'd*, 838 F. App'x 315 (9th Cir. 2021).

Moreover, Golden Boy's bare defensive assertion of absolute privilege and justification, without supporting factual evidence that can only been developed through discovery, is irrelevant to whether Heredia's Second Amended Complaint states a claim for which relief can be granted.

C.    Heredia Alleged Contractual Terms That Were
      Breached or Otherwise Frustrated in its Claim for Breach
      of the Implied Covenant of Good Faith and Fair Dealing

      1.    Heredia alleged specific contractual obligations that
            Golden Boy breached or frustrated

Golden Boy argues incorrectly that, in Heredia's breach of implied covenant claim, Heredia failed to identify the specific contractual obligations that Golden Boy breached or frustrated.  Motion To Dismiss at 9.  Contrary to Golden Boy's argument, Heredia alleged specifically which contractual obligations Golden Boy breached.  The breach forming the basis for this claim relates to the oral contract between Mr. Heredia and Golden Boy, not any written contract.

While Heredia did reference the existence of a written contract in this cause of action, that written contract is incidental to the oral contract where Heredia alleges that the implied covenant was breached.  The Second Amended Complaint specifically alleges that the oral agreement between Mr. Heredia and Golden Boy was for payment to Mr. Heredia out of a bout's purse.  Compl. ¶¶ 39 and 178.  And it states that the essential provision of that oral agreement was frustrated by Golden

Boy's actions, namely that Mr. Heredia was shorted by Golden Boy of between $72,000 and $90,000 in violation of that oral agreement.  Compl. ¶¶ 39 and 180.

In particular, at Compl. ¶ 39, Heredia alleged, "Mr. Heredia and Golden Boy have an oral agreement concerning disbursement of the manager fees. This agreement states that management fees are paid directly from the purse of a bout. After negotiating with Mr. Gibson and MTK, Golden Boy did not follow oral agreement and prevented a $90,000.00 payment, or a $72,000.00 payment as reduced by the weight failure, due to Plaintiff."

Further, at Compl. ¶ 178, Heredia alleged, "Golden Boy prevented Plaintiff from receiving a payment of $90,000 (or $72,000 as reduced due to the weight failure) from the bout on February 13, 2021. Golden Boy and Mr. Heredia had an oral agreement that management fees are paid directly from the purse of a bout. This oral agreement concerning the promotion contract existed for the duration of this contract between Mr. Heredia and Golden Boy."  This paragraph discloses date, parties, and the amount of money regarding the oral contract.  What more specific terms would Golden Boy have Heredia allege?

> 2.   Heredia alleged the specific contractual term that
> <u>Golden Boy breached or frustrated</u>

Golden Boy further argues Heredia's purported failure to identify specific contractual terms that Golden Boy frustrated, by reference to the boxing promotion contract: "Nor does Plaintiff identify a single term of the boxing promotion

contract that he claims was frustrated. See Compl. ¶ 175 (identifying the contract without stating any material terms)."  Motion To Dismiss at 9.

Golden Boy appears again to misunderstand which contract is at issue here. It is not any written boxing promoter contract.  Rather, as Heredia pled, it is the oral agreement between Mr. Heredia and Golden Boy.  And as discussed above, all relevant terms of that oral contract were laid out in the Second Amended Complaint.

Heredia alleged that the only material term of the oral agreement – payment obligations – was frustrated by Golden Boy.  For example, at Compl. ¶ 178, Heredia alleged, "Golden Boy prevented Plaintiff from receiving a payment of $90,000 (or $72,000 as reduced due to the weight failure) from the bout on February 13, 2021. Golden Boy and Mr. Heredia had an oral agreement that management fees are paid directly from the purse of a bout. This oral agreement concerning the promotion contract existed for the duration of this contract between Mr. Heredia and Golden Boy. Golden Boy unfairly frustrated Plaintiff's right to receive the benefits of the agreement made."

In the Second Amended Complaint, Heredia alleged that he and Golden Boy had an oral agreement for payment on certain dates or after certain occurrences and that Golden Boy did not comply with that oral agreement's payment requirement,

thus frustrating Heredia's right to the benefits of that oral agreement. This is exactly what is required to be pled.

> D. Golden Boy Interfered with Heredia's
> Relationship with Feliciano

In Count Ten of the Second Amended Complaint, Heredia alleged that Golden Boy tortiously interfered with Heredia's Boxer-Manager contract with Luis Feliciano. Golden Boy argues that Heredia's claims regarding Mr. Feliciano are not properly alleged. "First, Plaintiff does not allege that Golden Boy took any action with an intent to interfere with the contract. Second, Plaintiff does not allege that any interference actually resulted." Motion To Dismiss at 10. Again, Golden Boy is mistaken.

> 5. Heredia Alleged That Golden Boy Took Action with an Intent To
> Interfere with the Boxer-Manager Contract

Heredia *does* allege that Golden Boy took action with an intent to interfere with the Boxer-Manager contract. For example, at Compl. ¶ 50, "In August 2019 through the spring of 2020, Golden Boy employees, including an individual named Mr. Ernie Gabon, approached Mr. Luis Feliciano. These conversations were not about anything to do with the promotion agreement between Mr. Feliciano and Golden Boy. Rather they wanted to pry Mr. Feliciano away from Mr. Heredia and have him sign with another manager that is more favorable to Golden Boy."

At Compl. ¶ 53, Heredia even alleges the precise dates the interference occurred. "In several communications on November 17, Dec 1, Dec 11, and Dec 16, of 2020, Mr. Gabon of Golden Boy, made overtures to Mr. Feliciano and attempted to sow doubt in the mind of Mr. Feliciano and encouraged him to leave Mr. Heredia. This not only interferes with the Boxer-Manager Contract between Mr. Feliciano but also causes harm to Mr. Heredia in other ways.  Mr. Heredia is a third-party beneficiary to the promotion agreements as his management fee is directly tied to the purses of the boxers he manages."

Indeed, Golden Boy's argument that "The Complaint does not allege that Golden Boy told or asked Feliciano to breach his contract with Heredia or otherwise terminate his relationship with Plaintiff," Motion To Dismiss at 11, is also incorrect.  At Compl. ¶ 53, Heredia alleged that Mr. Gabon, employed by Golden Boy, "made overtures to Mr. Feliciano and attempted to sow doubt in the mind of Mr. Feliciano *and encouraged him to leave Mr. Heredia*."  (Emphasis added.)  This is precisely the allegation that Golden Boy claims was not made.

Golden Boy's citation to *Upper Deck Int'l B.V. v. Upper Deck Co.*, No. 11CV1741-LAB CAB, 2012 WL 2309176, at *1 (S.D. Cal. June 18, 2012) (quoting *Hahn v. Diaz-Barba*, 194 Cal. App. 4th 1177, 1196 (2011) (finding no interference where Heredia failed to allege facts giving rise to a plausible inference of intentional acts designed to interfere with the contract) is inapposite.

PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S MOTION TO DISMISS

That *Upper Deck* order is styled an "Order Denying Plaintiff's *Ex Parte* Application For Stay Of Case*,*" and it is not even a tortious interference case on its face.  ("First of all, UDI doesn't assert a claim for "tortious interference."  It asserts claims for breach of contract, intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective advantage, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. […] In the end, though, the elements of a tortious interference claim are the same."  *Id*. at *1.)

The court concluded, "Whatever the claim is labeled, UDI hasn't shown that it is likely to prevail, and for a simple reason: UDI doesn't even allege that UDC's counterfeiting was designed to interfere with or disrupt UDI's Konami contract."  *Id.* at 2.

In the instant matter, as discussed above, Heredia has alleged that Golden Boy's conduct was designed to interfere with or disrupt Heredia's 2017 Boxer-Manager contract with Mr. Heredia by encouraging Mr. Feliciano to leave Heredia.

6.  Heredia Alleged That Golden Boy Disrupted the Relationship
Between Heredia and Mr. Feliciano

Golden Boy argues that "there is no allegation in the Complaint that any interference actually occurred."  Motion To Dismiss at 11.  That is correct, because Heredia alleged the alternative element of the tort, asserting "actual interference

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

with or disruption of the relationship without justification…" *Shamblin v. Berge*, 212 Cal.Rptr. 313, 316 (Ct. App. 1985).

Heredia alleged that Golden Boy's actions, taken with the intent to interfere, did in fact disrupt the relationship between Heredia and Mr. Feliciano. "Golden Boy's communications are intended to sow doubt in Mr. Feliciano and the management he receives from Mr. Heredia. Golden Boy wants this disruption to occur as their goal is to cause Mr. Feliciano to breach or not renew his management contract with Mr. Heredia." Compl. ¶ 171.

E.  The Claim Involving Mr. Feliciano is Properly Included
    in the Second Amended Complaint

Count Ten of the Second Amended Complaint, alleging that Golden Boy interfered with Heredia's relationship with Mr. Feliciano, is properly included under this Court's supplemental jurisdiction.  Heredia agrees with Golden Boy's assertion that the Court may properly exercise supplemental jurisdiction "over a state law claim only when the claim is so related to federal claims in the action that they are part of the same "case or controversy" by "deriv[ing] from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  Motion To Dismiss at 12-13 (*citing Kuba v. 1–A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004)).

In *Maranon v. Santa Clara Stadium Auth.*, No. 15-CV-04709-BLF, 2017 WL 4573370, at *4 (N.D. Cal. Oct. 13, 2017), relied on by Golden Boy in its

argument that the Court's exercise of supplemental jurisdiction here is impermissible, a man suffered injuries at a fall at a sports stadium, and later suffered exacerbated harm to those injuries by the unrelated doctors at a hospital who treated him.  The *Maranon* court declined to exercise supplemental jurisdiction to try the claims together.  *Maranon, supra,* at 4-5 ("The witnesses and evidence related to the claims are also so distinct given the distinct injuries that separate trials would be warranted. Thus, there is no common nucleus of operative facts that allows for the exercise of supplemental jurisdiction over the medical negligence claims.")  Where there are two separate harms inflicted by two different and unrelated parties, it makes sense that a court would not exercise supplemental jurisdiction.

Here, Heredia pled the "common nucleus of operative fact" that Golden Boy harmed Heredia by interfering with Heredia's relationship with two of his boxers. Unlike *Maranon*, where there were two distinct sets of defendants each alleged to have caused different injuries, in the instant case a single party – Golden Boy – interfered with two of Heredia's boxers.  Golden Boy intended its interference to cause the same injury to Heredia.  Simply put, Heredia believes that Golden Boy attempted to magnify its harm to Heredia by targeting not one, but two of his boxers under contract.  Heredia respectfully urges this Court to exercise its

supplemental jurisdiction and let Count Ten remain in the Second Amended
Complaint.

## CONCLUSION

Heredia has properly pled every element of each of its causes of action such
that dismissal of its claims would be unwarranted.  For the reasons stated herein,
Plaintiff Heredia respectfully requests that Defendant Golden Boy Promotions'
Motion To Dismiss be denied.


Dated: October 15, 2021                    Respectfully submitted,



                                           /s/ *Rajan O. Dhungana*
                                           Rajan O. Dhungana (SBN: 297794)
                                           FEDERAL PRACTICE GROUP
                                           14481 Aspen Street
                                           Hesperia, CA 92344
                                           Telephone: (310) 795-6905
                                           rdhungana@fedpractice.com

                                           /s/ *Eric S. Montalvo*
                                           Eric S. Montalvo (*Pro Hac Vice*)
                                           FEDERAL PRACTICE GROUP
                                           1750 K Street, N.W., Suite 900
                                           Washington, D.C. 20006
                                           Telephone: (202) 862-4360
                                           Fax: (888) 899-6053
                                           emontalvo@fedpractice.com

                                           *Attorneys for Plaintiff*
                                           Moses Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I filed the foregoing Plaintiff Moses Heredia's Opposition To Defendant Golden Boy Promotions, Inc.'s Motion To Dismiss with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687
Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

Dated: October 15, 2021          Respectfully submitted,


                                 /s/ *Eric S. Montalvo*
                                 Eric S. Montalvo (Admitted *Pro Hac Vice*)
                                 FEDERAL PRACTICE GROUP
                                 1750 K Street, N.W., Suite 900
                                 Washington, D.C. 20006
                                 Telephone: (202) 862-4360
                                 emontalvo@fedpractice.com

                                 *Attorney for Plaintiff*
                                 Moses Heredia