Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### (Eastern Division)

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>      Plaintiffs,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>      Defendants. | Case No.: 5:20-cv-02618-JWH-KK<br><br>**PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS' MOTION TO COMPEL ARBITRATION** |

# PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S MOTION TO COMPEL ARBITRATION

Plaintiff Moses Heredia, by and through counsel, opposes Defendant Golden Boy Promotions, Inc.'s ("Golden Boy's") motion to compel arbitration [ECF 54], and in support hereof, respectfully states as follows:

## INTRODUCTION

Golden Boy asserts that all counts in the Second Amended Complaint that name it as a defendant are subject to arbitration pursuant to written promoter contracts to which is it a party.  The Court need not reach that question because none of the counts alleged against Golden Boy concern a dispute under any Golden Boy written promoter contract.  Plaintiff respectfully urges the Court to deny Golden Boy's Motion to Compel Arbitration.

## ARGUMENT

Heredia alleges six counts against Golden Boy in the Second Amended Complaint.  The contract in the first five of the counts alleged against Golden Boy is a boxing-manager contract, not Golden Boy's written promoter contract.  The sixth count alleged against Golden Boy concerns an oral agreement for payment of fees, not Golden Boy's written promoter contract.

More specifically:

Count Five alleges interference with a boxer-manager contract between Mr. Heredia and Mr. Diaz. *See* Compl. at ¶¶ 130-137. This count does not allege anything in relation to Golden Boy's written promoter contract. Golden Boy is not a party to the boxer-manager contract, nor did it sign it.

Count Seven alleges that Golden Boy caused Mr. Diaz to breach the boxer-manager contract between Mr. Heredia and Mr. Diaz. *See* Compl. at ¶¶ 143-150. This count does not allege anything in relation to Golden Boy's written promoter contract. Golden Boy is not a party to the boxer-manager contract, nor did it sign it.

Count Eight alleges that Golden Boy induced Mr. Diaz to breach the boxer-manager contract between Mr. Heredia and Mr. Diaz, thus costing Mr. Heredia potential future earnings with Mr. Diaz. This count does not allege anything in relation to Golden Boy's written promoter contract. *See* Compl. at ¶¶ 151-1589. Golden Boy is not a party to the boxer-manager contract, nor did it sign it.

Count Nine alleges that there was an economic relationship between Mr. Heredia and Golden Boy that was negligently interfered with when Golden Boy induced breach of contract (this relates back to Count Eight), interfered with the contract (this relates back to Count Five), and violated statutory authority with respect to boxing management. *See* Compl. at ¶ 164. This Count Nine does not allege anything in relation to Golden Boy's promoter contract.

Count Ten alleges that Golden Boy tortiously interfered with an "exclusive boxer-manager contract [ ] between Plaintiff and a third-party Mr. Luis Feliciano." *See* Compl. at ¶ 169. This Count Ten does not allege anything in relation to Golden Boy's written promoter contract.

Count Eleven alleges that Golden Boy breached an implied covenant of good faith and fair dealing. While this Count Eleven does, indeed, reference a written promoter contract with Golden Boy that may require arbitration for disputes arising thereunder, the gravamen of this Count is not the written promoter contract. Rather, the Second Amended Complaint specifically alleges that Mr. Heredia and GBP had an oral agreement for payment of certain fees. *See* Compl. at ¶ 178. If the subject of that oral agreement were in the written, potentially arbitrable promoter contract, there would not have had to have been an oral agreement. Mr. Heredia certainly never intended his oral agreement with Golden Boy for payment of these fees to be subject to arbitration, and there is no writing evincing the parties' intent to that effect.

None of the boxer-manager contracts at issue are signed by Golden Boy, nor is there evidence of any intent that Mr. Heredia agreed to arbitrate the disputes alleged against Golden Boy in the Second Amended Complaint.

As this Court held in a different but related case and context,

The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) ("Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration.") (quotations and citation omitted); *Perez v. DirecTV Group Holdings*, LLC, 251 F. Supp. 3d 1328, 1337 (C.D. Cal. 2017) (to similar effect); *see also* Cal. Civ. Code § 1550 (a valid contract requires the "consent" of the parties to the contract). In the absence of "clear and unmistakable evidence," courts do not assume that the parties agreed to arbitrate. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–45 (1995).

*Diaz v. Heredia, et al.*, Case. No. 5:20-cv-02332 (ECF 25) at 9 (CDCA May 18, 2021).

## **CONCLUSION**

None of the first five counts discussed above relate to the written promoter contract under which Golden Boy seeks to arbitrate all claims. In the final count discussed above, the agreement at issue is an oral agreement for payment of fees between Mr. Heredia and Golden Boy, not the written promoter contract, and there

is no "clear and unmistakable evidence," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–45 (1995), that Mr. Heredia and Golden Boy agreed to arbitrate that fee dispute, nor any other disputes between them referenced in the Second Amended Complaint.

Plaintiff respectfully urges the Court to deny Golden Boy's Motion to Compel Arbitration.

Dated: October 15, 2021                     Respectfully submitted,


/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Plaintiff*
Moses Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I filed the foregoing Plaintiff Moses Heredia's Opposition To Defendant Golden Boy Promotions' Motion To Compel Arbitration with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687
Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

Dated: October 15, 2021              Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Plaintiff*
Moses Heredia