RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>Plaintiffs,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PRODUCTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY AND/OR DISMISS CLAIMS IN FAVOR OF ARBITRATION**<br><br>Date: November 5, 2021<br>Time: 9:00 a.m.<br>Crtrm: 2<br><br>Complaint filed: December 18, 2020 |

17896-00636/4168859.1

REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's opposition to GBP's motion to compel arbitration ignores both the law and the terms of the applicable contracts.  Plaintiff does not address the legal presumption in favor of arbitration.  Plaintiff does not even mention the arbitration provision in the parties' contract, which contains the broadest language possible, covering all disputes having a significant relationship to the contract.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Plaintiff does not address that the arbitration provision invests the authority to determine questions of arbitrability to an arbitrator in the first instance.  In short, Plaintiff does nothing to refute the binding authority and clear facts that require arbitration of any claims Plaintiff may have against GBP.

While GBP believes that this action is frivolous and should be dismissed by any judicial authority considering the dispute, GBP requests that any surviving causes of action be sent to arbitration where they belong.

### II.  PLAINTIFF'S CLAIMS ARE ARBITRABLE

As a threshold matter, Plaintiff ignores the strong legal presumption in favor of arbitrability.  As explained in GBP's moving papers, "when examining an arbitration contract, 'the [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).  If there were any ambiguity as to the arbitrability of this dispute, that ambiguity should be resolved in GBP's favor.  But there is no such ambiguity; the contract is clear.

And, of course, where an arbitration provision clearly reserves the question of arbitrability to the arbitrator, the court must enforce the agreement and compel arbitration. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010).  Here,

the arbitration provision states any dispute, *including whether the claims asserted are arbitrable*, must be sent to arbitration. That is dispositive, and Plaintiff does not address that issue.

In fact, Plaintiff does not reference the terms of the arbitration provision in his opposition at all. That omission alone is fatal to his position, given that the contractual language determines what is to be arbitrated. *Chiron*, 207 F.3d at 1130 ("We begin our analysis by recognizing that an agreement to arbitrate is a matter of contract."). The arbitration provisions call for arbitration of any dispute "arising out of or relating to" the promotional contracts. Nothing could be broader and encompass more disputes. *Id.* at 1131; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (finding that a provision encompassing all disputes "arising in connection with this Agreement" is to be interpreted "expansively" and "liberally").

In response, all Plaintiff's opposition does is repeat the conclusory idea that each claim for relief "does not allege anything in relation to [GBP's] written promoter contract." *E.g.*, Opp. at *3. That is simply false. All of Plaintiff's claims relate to GBP's efforts to promote professional boxing matches involving boxers Diaz and Feliciano. Indeed, Plaintiff specifically alleges that GBP interfered with Plaintiff's contract with Diaz by promoting two fights featuring Diaz – the very subject of the promotional agreement containing the arbitration clause. Plaintiff even asserts a direct claim for breach against GBP arising out of the boxer-promoter contract. Compl. at ¶¶ 175–180.

Notably, Plaintiff seems to rely on the notion that arbitration cannot be compelled as to the tortious interference claims because GBP was not a party to the contract with which it is claimed to have interfered. Of course GBP was not a party—Plaintiff could not state a claim if GBP was.[1] *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1008 (9th Cir. 2014) (a plaintiff

---

[1] Plaintiff cannot state a claim in any event, as explained in GBP's concurrent motion to dismiss.

cannot state a claim for tortious interference with a contract against a party to that contract).  But that is not the question.  The question is whether the interference claims "relate to" the promotional contract, which they clearly do.

Because the arbitration provisions broadly encompass all claims touching on the Diaz and Feliciano Agreements in any manner, and because the question of arbitrability must itself be arbitrated, the Court should either dismiss all claims against GBP in favor of arbitration or compel arbitration of all claims asserted against GBP and stay all further proceedings against GBP in this action.

DATED:  October 22, 2021

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:   */s/ Ricardo P. Cestero*
     RICARDO P. CESTERO (SBN 203230)
     JOSHUA M. GELLER (SBN 295412)
     Attorneys for Defendant GOLDEN BOY
     PROMOTIONS, INC.