RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>Plaintiffs,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PRODUCTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No.  5:20-cv-02618-JWH-KKx<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 5, 2021<br>Time:   9:00 a.m.<br>Crtrm:  2<br><br>Complaint filed: December 18, 2020 |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE
WITH THE DIAZ CONTRACT ................................................................... 2

    A.    Plaintiff Alleges that the Contract was Breached before GBP
Took Any Action ............................................................................... 2

    B.    GBP's Purported Conduct Was Privileged and Not Wrongful ........... 5

III.   PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING .......... 6

IV.   PLAINTIFF CANNOT STATE A CLAIM OF INTERFERENCE
WITH THE FELICIANO CONTRACT ....................................................... 7

    A.    Plaintiff's Factual Allegations Remain Inadequate ........................... 7

    B.    Plaintiff's Claim Regarding Feliciano Has No Nexus with the
Federal Claims in This Action ............................................................ 8

V.    CONCLUSION ............................................................................................. 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

i

REPLY IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Carstens Chevrolet, Inc. v. Gen. Motors, LLC,*
   2017 WL 2654903 (E.D. Cal. June 20, 2017) .......................................... 5

*Dryden v. Tri-Valley Growers,*
   65 Cal. App. 3d 990 (1977) .......................................................................... 4

*Forcier v. Microsoft Corp.,*
   123 F. Supp. 2d 520 (N.D. Cal. 2000) ......................................................... 4

*Ford v. Aurora Loan Servs., LLC,*
   2011 WL 11650616 (C.D. Cal. Nov. 2, 2011) ........................................... 6

*Hahn v. Diaz-Barba,*
   194 Cal. App. 4th 1177 (2011) .................................................................... 2

*Matthews v. Specialized Loan Servicing, LLC,*
   2020 WL 1889043 (C.D. Cal. Apr. 15, 2020) ........................................... 6

*Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.,*
   2018 WL 6444899 (C.D. Cal. Nov. 6, 2018) ............................................ 4

*Pankow Const. Co. v. Advance Mortg. Corp.,*
   618 F.2d 611 (9th Cir. 1980) ....................................................................... 5

*Rivera v. Peri & Sons Farms, Inc.,*
   735 F.3d 892 (9th Cir. 2013) ....................................................................... 5

*SIC Metals, Inc. v. Hyundai Steel Co.,*
   442 F. Supp. 3d 1251 (C.D. Cal. 2020), aff'd, 838 F. App'x 315
   (9th Cir. 2021) ............................................................................................... 5

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n,*
   675 F. App'x 725 (9th Cir. 2017) ............................................................... 2

*Sybersound Recs., Inc. v. UAV Corp.,*
   517 F.3d 1137 (9th Cir. 2008) ..................................................................... 7

*VasoNova Inc. v. Grunwald,*
   2012 WL 4119970 (N.D. Cal. Sept. 18, 2012) ......................................... 4

**STATUTES**

Cal. Civ. Code, § 1698(c) ................................................................................ 7

RICO ............................................................................................................... 1, 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ii

REPLY IN SUPPORT OF
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Moses Heredia ("Plaintiff") cannot get around the fundamental flaw—among many—with his complaint: that Defendant Golden Boy Promotions, Inc. ("GBP") had nothing whatsoever to do with the breakdown of the contractual (or professional) relationship between Plaintiff and boxer JoJo Diaz ("Diaz").  Nor is GBP alleged to have done anything that could possibly have interfered, or did in fact interfere, with Plaintiff's contract with a separate boxer, Luis Feliciano ("Feliciano"), a claim that does not even belong in this lawsuit in the first place.  The allegations in Plaintiff's complaint conclusively establish these facts and require dismissal of all claims against GBP.

Plaintiff's complaint clearly and definitively alleges that Diaz breached his contract with Plaintiff and terminated their relationship entirely in August 2020, long before any of GBP's supposed actions that form the basis of Plaintiff's claim.  That fact is dispositive of all interference claims.  Plaintiff's artificial distinction between the breakdown of his "relationship" with Diaz and Diaz's breach of his contract with Plaintiff is both legally irrelevant and belied by the allegations in the complaint.  Further, Plaintiff's attempt to invent a breach of the implied covenant of good faith and fair dealing without identifying any actual contractual terms that may have been frustrated similarly fails.

As to the claim relating to Feliciano, Plaintiff simply repeats the conclusory allegations of the complaint, which fail as a matter of law to raise any inference of actionable interference.  Plaintiff also overlooks the fact that the claim has no common nexus with the federal RICO claims asserted against unrelated defendants, and therefore should be dismissed for lack of supplemental jurisdiction as well.

The fact remains that this misguided lawsuit is nothing more than a dispute between Plaintiff and other defendants about the boxer-manager contract between Plaintiff and Diaz.  GBP was, at most, a bystander to this dispute and it should be

dismissed from this action without leave to amend.

## II.   PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE WITH THE DIAZ CONTRACT

As set forth in GBP's motion to dismiss, the four causes of action asserting GBP's alleged interference with Plaintiff's Boxer-Manager Contract and relationship with Diaz fail for two reasons.  First, the contract and relationship between Plaintiff and Diaz had already been breached and abandoned by Diaz long before GBP took any of the purported actions alleged in the complaint.  Second, GBP was acting to protect its own interests under its separate boxer-promoter contract with Diaz.  That is an absolute privilege and a complete bar to claims of interference.

Plaintiff offers no authority to contradict either of these clear legal principles. Instead, Plaintiff misrepresents the allegations of his complaint to try to evade these dispositive defects.  But even taking every inference in Plaintiff's favor, the allegations of the complaint preclude any liability for interference.

### A.   Plaintiff Alleges that the Contract was Breached before GBP Took Any Action

Plaintiff does not dispute that, in order to state a claim for interference or inducing a breach of contract, he "must allege . . . that the contract would otherwise have been performed."  *Hahn v. Diaz-Barba*, 194 Cal. App. 4th 1177, 1196 (2011); *accord Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017).[1]  Plaintiff cannot possibly make this allegation because the complaint clearly states that Diaz breached the Boxer-Manager Contract, and ceased performing under it, in August 2020, long before GBP did anything to allegedly interfere.

---

[1] Plaintiff takes issue with GBP's citation of an unpublished Ninth Circuit decision. While unpublished, the case is instructive both because of its clarity in explaining applicable California law and because of its recency.  In any event, the proposition for which GBP cited *Stereoscope* is explicitly stated in the published California decisions it cites.  675 F. App'x at 726 (directly quoting *Hahn*, 194 Cal. App. 4th 1177).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

The complaint states: "Mr. Diaz signed the MTK USA purported business advisory agreement and ceased communication with Mr. Heredia he [sic] **breached the Boxer-Manager Contract** signed on February 23, 2017." Compl. at ¶ 21 (emphasis added). Diaz signed the MTK agreement on August 4, 2020. Compl. at ¶ 17. Critically, Plaintiff then sued Diaz in arbitration <u>for breach of contract</u>:

> The terms of the Boxer-Manager Contract require that any dispute be submitted for arbitration within two weeks after the origin of the dispute. In accordance with this provision, **on August 20, 2020, Mr. Heredia filed an arbitration request** with the Commission with respect to **Mr. Diaz's breach of contract** pursuant to the terms of the Boxer-Manager Contract and relevant statutory and regulatory provisions.

Compl. at ¶ 21.

There can be no dispute, then, that Plaintiff contends Diaz breached the operative Boxer-Manager Contract in August 2020 and stopped performing at that time. That fact precludes Plaintiff from alleging that Diaz would still have performed under the contract and any claims of interference for actions that took place after August 2020 fail as a matter of law. All of GBP's allegedly interfering acts took place after that date.

Plaintiff's only response to this fatal defect is to claim a distinction between his *relationship* with Diaz and his *contract* with Diaz—Plaintiff claims that only the former ended in August 2020, while the contract continued. Opp. at *7 [Dkt. No. 57]. This is a distinction without a difference. As an initial matter, Plaintiff's Eighth and Ninth Causes of Acton for Intentional and Negligent Interference with Prospective Economic Relations depend on Plaintiff's *relationship* with Diaz, not his contract. Surely, if the "day-to-day working relationship with Mr. Diaz ended" in August 2020, then GBP plainly did not interfere with any prospective economic relations based on that relationship.

More importantly, the question is not when the Boxer-Manager contract was formally terminated, but rather, when Diaz supposedly breached and ceased performing under it. Plaintiff has made abundantly clear that happened in August

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17896-00636/4168857.2                    3                    REPLY IN SUPPORT OF
MOTION TO DISMISS

2020.  Compl. at ¶¶ 17–21.  That means that GBP could not have interfered with the contract after August 2020.  *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997–98 (1977); *see also Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 532 (N.D. Cal. 2000) (no interference where "according to [plaintiff's] own allegations," the contract had already been breached before the alleged interference occurred).

Plaintiff argues that this situation is distinguishable from the authority GBP cites because Plaintiff "wanted to continue working with Mr. Diaz."  Opp. at *9.  But that is irrelevant.  What matters is whether the contract would have been performed by Diaz, the breaching party, but for GBP's alleged interference.  Here, Diaz had *already stopped performing and refused further performance* under the contract long before GBP did anything.  *See* Compl. at ¶ 21 (alleging that Mr. Diaz "ceased communication with Mr. Heredia" in August 2020 and thereby breached his contract).  The fact that Plaintiff wishes Diaz had not ceased performance and wanted to enforce the breached contract does not change the analysis.  It is Plaintiff's burden to allege that ***Diaz*** would have performed under the Boxer-Manager Contract but for some interference by GBP; instead, Plaintiff has demonstrated the exact opposite – that Diaz would never have performed no matter what happened.  *See, e.g.*, *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 2018 WL 6444899, at *5 (C.D. Cal. Nov. 6, 2018) (dismissing claim for interference where "Plaintiff likewise fails to sufficiently allege that the loan agreements would not have been breached or disrupted but for the alleged interference"); *VasoNova Inc. v. Grunwald*, 2012 WL 4119970, at *4 (N.D. Cal. Sept. 18, 2012) (dismissing claim for interference where party that was allegedly induced to breach had already "abandoned and discontinued" performance under the agreement).

Accordingly, Plaintiff's own allegations that Diaz breached his contract and ceased performing in August 2020 absolutely forecloses any interference claims

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

REPLY IN SUPPORT OF
MOTION TO DISMISS

against GBP based on events that took place months later.

B.   GBP's Purported Conduct Was Privileged and Not Wrongful

Plaintiff does not (and cannot) dispute the legal principle that, if "a defendant's 'conduct was lawful and undertaken to enforce its rights,' it cannot be held liable for intentional interference with a contract even if it knew that such conduct might interrupt a third party's contract." *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256–57 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021). Instead, Plaintiff simply argues that this is a fact question that cannot be raised on a motion to dismiss. Not so. A defense or negation of an element of a plaintiff's claim can be raised on a motion to dismiss when the defect is apparent from the face of the complaint. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.").

The privilege defense to Plaintiff's interference claims is obvious from the face of the complaint, which affirmatively alleges that GBP had its own contractual relationship with Diaz and acted pursuant to instructions from Diaz and his legal counsel. Compl. at ¶¶ 12, 23. The Court may dismiss the claim of interference based on such privileged conduct. *Pankow Const. Co. v. Advance Mortg. Corp.*, 618 F.2d 611, 616 (9th Cir. 1980) (affirming dismissal of inducement claim where, on the face of the pleadings, it was clear that "[i]f defendant induced [third party] to breach the construction contract, it did so to secure performance on its own contract"); *see also Carstens Chevrolet, Inc. v. Gen. Motors, LLC*, 2017 WL 2654903, at *4 (E.D. Cal. June 20, 2017) (dismissing claim on same basis).

Plaintiff does not identify a single purported fact in his complaint that would contradict the facially obvious conclusion that GBP was acting solely to protect its own contractual relationship with Diaz pursuant to the Boxer-Promoter Contract. Plaintiff's failure to do so is a concession that no such facts exist, and the claims should be dismissed on that basis.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

### III.   PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

GBP moved to dismiss Plaintiff's Eleventh Cause of Action for breach of the implied covenant because Plaintiff did not allege any specific contractual obligations that GBP purportedly breached or frustrated.  In response, Plaintiff attempts to muddy the waters by rewriting the allegations in his Complaint.  But no matter how the allegations are construed, they fail to allege a viable claim for relief.

Plaintiff's Eleventh Cause of Action clearly identifies the written boxing promotion contract between Plaintiff, GBP, and Diaz as the operative agreement for that claim.  Compl. at ¶ 175.  Indeed, in reciting the elements of the breach of contract, Plaintiff alleges the typical formula: identifying the contract (the boxing promotion contract), stating that he performed under it, and then alleging that it was breached.  Compl. at ¶¶ 175–178.  Nowhere in these allegations, however, does Plaintiff identify any specific contractual terms that were breached or frustrated.

Now, Plaintiff argues that while he did "reference the existence of a written contract," his claim really is about an "oral contract" whereby GBP was supposed to pay Plaintiff a sum of money (either $72,000 or $90,000).  Opp. at *13–14. Plaintiff argues that he has adequately alleged the "date, parties, and the amount of money regarding the oral contract," and that this should be sufficient.  Opp. at *14.

There are at least two problems with that theory.  First, Plaintiff still has not alleged sufficient contractual terms to state a claim for breach of the implied covenant.  If this oral contract was a separate agreement, then what were its material terms?  What was payment being made for?  When, and under what circumstances?  What were Plaintiff's obligations?  These factual allegations are needed to state a claim for breach of the implied covenant.  *Matthews v. Specialized Loan Servicing, LLC*, 2020 WL 1889043, at *8 (C.D. Cal. Apr. 15, 2020).

These missing terms lead to the second key defect.  If there was supposedly a second, separate oral contract, that contract requires *consideration*.  *E.g.*, *Ford v.*

*Aurora Loan Servs., LLC*, 2011 WL 11650616, at *5 (C.D. Cal. Nov. 2, 2011) (no oral agreement in the absence of consideration).  Consideration is needed whether the oral agreement was a new agreement or a modification of the written boxer-promoted contract.  Cal. Civ. Code, § 1698(c).  Plaintiff alleges no such consideration—only a one-sided purported obligation to pay some sum of money.

No matter how Plaintiff characterizes this claim, Plaintiff still has not alleged any facts raising a plausible inference that GBP frustrated any term of an agreement with Plaintiff.

## IV.  PLAINTIFF CANNOT STATE A CLAIM OF INTERFERENCE WITH THE FELICIANO CONTRACT

GBP moved to dismiss Plaintiff's claim relating to the Feliciano contract both because the complaint does not contain sufficient factual allegations and because the claim has no connection to the federal law claims that create subject matter jurisdiction in this dispute.  Plaintiff does not meaningfully address either argument.

### A.  Plaintiff's Factual Allegations Remain Inadequate

Plaintiff does not contradict any of the authority cited in GBP's motion and does not suggest that there are any new or additional facts that he could allege.  Plaintiff simply repeats the allegations of the complaint that a GBP representative supposedly made phone calls to Feliciano that "attempted to sow doubt" in Feliciano's mind about his contract with Plaintiff.  Compl. ¶ 53.  However, there is no allegation that GBP ever made so much as a *suggestion* to Feliciano to disrupt, terminate, or breach his contract, and there is certainly no allegation that Feliciano did terminate, breach or disrupt his contract with Plaintiff as a result of those phone calls.  Plaintiff's conclusory recitations of the ultimate legal conclusions of the elements of a claim for interference do not suffice to sustain the claim.  *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (conclusory recitation of elements of interference insufficient without specific factual

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

REPLY IN SUPPORT OF
MOTION TO DISMISS

1   allegations of interference and disruption).  Accordingly, Plaintiff fails to state an

2   interference claim with respect to Feliciano.

3       B.   Plaintiff's Claim Regarding Feliciano Has No Nexus with the Federal

4            Claims in This Action

5       Plaintiff fundamentally misunderstands why the Court should decline to

6   exercise supplemental jurisdiction over the Feliciano claim.  For supplemental

7   jurisdiction to be proper, Plaintiff's state law claim regarding Feliciano must have

8   some connection to the federal law claims that give rise to subject matter

9   jurisdiction.  The only federal law claims in this action are various RICO claims

10  that Plaintiff asserts against *MTK* – not against GBP – regarding MTK's

11  relationship with Diaz.  Compl. ¶¶ 64, 97–128.  Given that MTK has nothing to do

12  with Feliciano and GBP is not alleged to be involved in any way in the supposed

13  RICO conspiracy involving MTK and Diaz, there is no connection whatsoever

14  between the Feliciano claim and the basis for federal jurisdiction.  Even if the

15  Feliciano claim against GBP had some passing connection to the Diaz claim against

16  GBP (it does not—there are no facts common to the causes of action), that would

17  still be insufficient to create a connection between the Feliciano claim and the

18  federal claims against MTK.

19      Plaintiff breezes past this distinction and thereby fails to respond to the actual

20  reason that the Feliciano claim should not be part of this lawsuit.  Tellingly,

21  nowhere in Plaintiff's opposition does he mention MTK at all, much less explain

22  how MTK and the federal RICO claims relate to Feliciano.  That is because they do

23  not.  Accordingly, the Court should decline to exercise supplemental jurisdiction

24  over the Feliciano claim.

25  **V.    CONCLUSION**

26      Plaintiff's opposition does not contradict any of the legal authority cited in

27  GBP's motion.  Nor does it refute any of the factual deficiencies apparent on the

28  face of the Complaint.  For that reason, GBP respectfully requests that the Court

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    dismiss all claims against GBP without leave to amend.

2    DATED:  October 22, 2021          GREENBERG GLUSKER FIELDS
                                       CLAMAN & MACHTINGER LLP
3

4
                                       By:   /s/ Ricardo P. Cestero
5                                            RICARDO P. CESTERO (SBN 203230)
                                             JOSHUA M. GELLER (SBN 295412)
6                                            Attorneys for Defendant GOLDEN BOY
                                             PROMOTIONS, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17896-00636/4168857.2                 9                  REPLY IN SUPPORT OF
                                                         MOTION TO DISMISS