David S. Harris (Bar No. 255557)
    david@hawxhurstllp.com
DAVID S. HARRIS, P.C.
6520 Platt Avenue #683
West Hills, California 91307
Telephone: (747) 444-0780

Attorneys for Defendant
MTK Global Sports Management, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; AND DANIEL KINAHAN,<br><br>    Defendants. | Case No. 5:20-cv-02618-JWH (KKx)<br><br>**DEFENDANT MTK GLOBAL SPORTS MANAGEMENT, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT**<br><br>**[**Memorandum of Points and Authorities, Declaration of Quentin Richard Reynolds, Declaration of Michael V. Mancini, Declaration of David S. Harris, and Proposed Order filed concurrently herewith**]**<br><br>Date: April 8, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. John W. Holcomb |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on April 8, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable John W. Holcomb, located at 3470 12th Street, Riverside, CA 92501, Courtroom 2, specially appearing[1] defendant MTK Global Sports Management, LLC ("MTK Global") will and hereby does move, pursuant to Federal Rule of Civil Procedure 55(c), for an order setting aside the default that was entered against MTK Global in this matter on or about February 2, 2022.

Good cause exists to grant this motion. Plaintiff Moses Heredia did not properly serve MTK Global with the summons in this matter. Federal Rules of Civil Procedure 4(f) and (h) provide that a foreign company—such as MTK Global—may be served in a manner that comports with the foreign country's law. Although Mr. Heredia purports to have served MTK Global in accordance with United Arab Emirates ("UAE") law, he did not do so. His publication of the notice of summons in a newspaper was not permitted under UAE law; his courier delivered the summons to the wrong physical address; and there is no evidence of his process server having ever sent any emails attaching the summons.

Even if Mr. Heredia *had* properly served MTK Global, there would still be good cause to grant this motion. Indeed, all three of the relevant factors weigh in favor of setting aside the default. First, MTK Global has not engaged in "culpable"

---

[1] MTK Global is appearing specially because it has not been properly served with the summons in this case and seeks to preserve any and all arguments it may have regarding process, venue, and jurisdiction. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1319 n.3 (9th Cir. 1998) (noting that a defendant may enter a special appearance); but see S.E.C. v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007) (explaining that the Federal Rules eliminate the need for a defendant to enter a special appearance to preserve arguments regarding process, venue, or jurisdiction).

conduct, and is not attempting to delay or otherwise gain any advantage over Mr. Heredia; to the contrary, MTK Global offered to agree to accept service of the summons if Mr. Heredia agreed to withdraw the default.  Second, MTK Global has meritorious defenses to Mr. Heredia's claims; indeed, most of his claims are based on falsehoods and, even if they weren't, he has no damages in this case.  Third, Mr. Heredia will not be prejudiced by setting aside the default; he will merely have to litigate his claims on the merits.

For all of these reasons, as well as the reasons set forth in the concurrently filed Memorandum of Points and Authorities, MTK Global respectfully requests that the Court grant this motion and set aside the default.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which included both a lengthy telephone conference that took place on February 17, 2022, as well as numerous emails that were exchange by and between the parties between February 15 and 25, 2022.  (See Harris Decl. ¶¶ 2-5.)

This is motion is based on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Quentin Richard Reynolds, Declaration of Michael V. Mancini, and Declaration of David S. Harris, as well as all pleadings and other matters already before the Court in this action, and such further argument and evidence as may be presented at or before any hearing on this motion.  A proposed order is respectfully submitted herewith.

DATED:  March 8, 2022            DAVID S. HARRIS, P.C.

                                 By    /s/ David S. Harris
                                    David S. Harris

                                    Attorneys for Defendant
                                    MTK Global Sports Management, LLC

- 2 -
MTK GLOBAL'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT