David S. Harris (Bar No. 255557)
  david@hawxhurstllp.com
DAVID S. HARRIS, P.C.
6520 Platt Avenue #683
West Hills, California 91307
Telephone: (747) 444-0780

Attorneys for Defendant
MTK Global Sports Management, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; AND DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH (KKx)<br><br>**DECLARATION OF MICHAEL V. MANCINI IN SUPPORT OF DEFENDANT MTK GLOBAL SPORTS MANAGEMENT, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>[Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Quentin Richard Reynolds, Declaration of David S. Harris, and Proposed Order filed concurrently herewith]<br><br>Date: April 8, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. John W. Holcomb |

DECLARATION OF MICHAEL V. MACNINI

I, Michael V. Mancini, declare as follows:

1. I am a founding partner at the law firm Mancini Shenk LLP, counsel of record for defendant MTK Global USA, LLC ("MTK USA") in this matter. I submit this declaration in support of defendant MTK Global Sports Management, LLC's ("MTK Global") Motion to Set Aside Default. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

2. On December 29, 2021, I spoke with plaintiff Moses Heredia's counsel, Eric Montalvo, regarding the posture of this case and the possibility of settling it. During this call, we discussed and seemed to agree that if the case could be settled, then it would be best to settle it on a "global" basis with each of the defendants participating in the settlement negotiations and eventual agreement. I made clear that I did *not* represent MTK Global and could not speak on its behalf or bind it to any agreement. However, based on our discussion, it is my understanding that Mr. Montalvo knew and appreciated that I would be in contact with MTK Global's representatives and would share information with them (including information about my discussions with Mr. Montalvo) to further global settlement discussions.

3. On January 12, 2022, Mr. Heredia filed a proof of service of summons purporting to show that he had served MTK Global with the summons in this matter in October 2021. This was the first time I learned of any basis upon which Mr. Heredia was claiming to have formally served MTK Global with the summons.

4. On January 20, 2022, I spoke again with Mr. Montalvo regarding the posture of this case and the possibility of settling it. During this call, Mr. Montalvo asked me whether he should seek a default against MTK Global or hold off on doing so. I stated that an application for entry of default would likely distract from or derail our settlement negotiations and make a global settlement more difficult to achieve. Mr. Montalvo indicated that he understood and wanted to have additional settlement discussions. Based on our discussion, my understanding was that Mr.

DAVID S. HARRIS, P.C.
6520 PLATT AVENUE #683
WEST HILLS, CALIFORNIA 91307
(747) 444-0780

Montalvo agreed that Mr. Heredia would wait to apply for entry of default until after we had further settlement discussions. I shared the substance of this call with MTK Global's representatives.

5. On February 1, 2022, I sent an email to Mr. Heredia's counsel following up on the above conversations, seeking to schedule another call to further "discuss procedural and settlement posture." Mr. Heredia's counsel did not promptly respond to this email. Instead, later that same day, Mr. Heredia filed an application for entry of default against MTK Global, which surprised me given our prior conversation and my written offer to discuss settlement made earlier that day.

6. That same day, after reviewing the application for entry of default, I sent an email to Mr. Heredia expressing my surprise at the filing of the application. My surprise was and remains genuine.

7. Mr. Heredia's counsel sent an email to me on February 7, 2022, acknowledging that there had been a "misunderstanding" and insisting that he had agreed only that Mr. Heredia would wait to seek entry of default *judgment* (not entry of default). This did not at the time, and still does not, comport with my understanding of what was discussed and understood between counsel.

8. A true and correct copy of the chain of emails Mr. Montalvo and I exchanged between February 1, 2022 and February 7, 2022 is attached as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 3, 2022, at Pasadena, California.

*[signature]*
Michael V. Mancini

EXHIBIT A

| | |
|---|---|
| From: | Michael V. Mancini <mmancini@mancinishenk.com> |
| Sent: | Wednesday, February 9, 2022 2:20 PM |
| To: | Eric Montalvo; Cristina Lagarde |
| Cc: | Peter J. Most |
| Subject: | RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only |

Eric,

I have been contacted by a lawyer for Mr. Kinahan and a different lawyer for MTK Global, who are in the process of being retained to represent each of them. MTK Global decided not to be represented by me.

I am told those lawyers will shortly reach out to you to meet and confer about setting aside the entries of default. Given the surprise nature of the entries of default, I would encourage you to invite those discussions and meet and confer with new counsel.

Your email is inaccurate on several points. I made no statement that I would not object to your surprise entry of default; I merely said that MTK USA does not have procedural grounds to challenge defaults against other parties. I do not recall any discussion about *default judgment*, just that you would not seek entry of default until we spoke. I am floored by the filing of the applications, and I agree that, at best, there has been a severe miscommunication.

Sincerely,

Michael V. Mancini
MANCINI SHENK LLP
o: (424) 652-4000 | d: (424) 652-4009
mmancini@mancinishenk.com

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Monday, February 7, 2022 9:34 AM
**To:** Michael V. Mancini <mmancini@mancinishenk.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Peter J. Most <pmost@mancinishenk.com>
**Subject:** RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Mr. Mancini,

Good morning. I believe there is a misunderstanding. When we spoke you were solely MTK Global USA counsel. There were three points of discussion – 1) Request for Default (procedure) 2) Moving for default judgment, and 3) that USA would not likely object to the motion…so it would most likely be a consent motion but you needed to discuss that with your client. You also indicated that you would make inquiry into the possibility. The request doesn't require consent or a meet and confer because it is a procedural filing. The client now has to move for the default judgment which has not occurred because we have not connected on that issue yet and that does require a meet and confer. During our call you specifically addressed this issue and indicated that you would most likely not "object" and used that same language in your email. As you are aware there are three steps here and moving for default judgment is (what I believe is) the issue of contention.

If you are now counsel for MTK Global/ Kinahan and plan to enter an appearance and respond to the complaint that is a separate issue for discussion and I would consider the request to withdraw the default status. We would need to

1

discuss.  If there is no real opportunity for settlement then that is fine and we just need to move forward.  The Diaz camp shows no sign or interest at this point which makes no sense to me but I clearly don't need to agree and my opinion has no bearing.  I still believe a global settlement should be the objective.  These actions have been around for a significant period of time.  Further delay is only going to make this much more difficult to achieve if it's even possible.  If there is no settlement to be had then please advise when we can meet and confer on the motion for default and whether you represent all MTK defendants so I can make sure we address all sides of that in a letter prior to any such call.

I apologize if there was a misunderstanding regarding the request for default status.  Please advise how you want to proceed.  The meeting will obviously not occur today but I will be here for the remainder of the week if a meeting makes sense.

R/s
ESM

Eric S. Montalvo
Founding Partner



   

Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Michael V. Mancini <mmancini@mancinishenk.com>
**Sent:** Friday, February 04, 2022 1:50 PM
**To:** Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Peter J. Most <pmost@mancinishenk.com>
**Subject:** RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Ms. Lagarde,

I am available to meet on Monday on the condition that the recent surprise filings of applications for entry of default and the consequent entries of default be set aside via stipulation. Given our mutual understanding that default papers would not be filed until we spoke and that I reached out that morning , before they were filed, to schedule a call about the matter, I am extremely surprised that the applications were filed.

Regardless, if Mr. Montalvo agrees to those conditions, then I am willing to meet with him at Philz Coffee in Pasadena, located at 146 S Lake Ave, Unit 106, Pasadena, CA 91101. They have COVID-safe outdoor seating and assuming the discussion is productive, my office is down the street.

If Mr. Montalvo will not stipulate to set aside those defaults, then there is little reason to meet and little to discuss.

Best,

Michael V. Mancini
MANCINI SHENK LLP
o: (424) 652-4000 | d: (424) 652-4009
mmancini@mancinishenk.com

---

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Friday, February 4, 2022 8:49 AM
**To:** Michael V. Mancini <mmancini@mancinishenk.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Peter J. Most <pmost@mancinishenk.com>
**Subject:** Re: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Mr. Mancini,

Good morning.

I wanted to follow up with you regarding the meeting for Monday (02/07) w/ Mr. Montalvo. Please advise location for the meeting and will advise him accordingly.

Thank you.


**Cristina Lagarde | Executive Assistant**

Federal Practice Group

1750 K Street, NW, Suite 900 | Washington, DC 20006

202-862-4360 | Fax: 888-899-6053| www.FedPractice.com

CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW


**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Wednesday, February 2, 2022 10:26:26 AM
**To:** Michael V. Mancini <mmancini@mancinishenk.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Peter J. Most <pmost@mancinishenk.com>
**Subject:** Re: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Will do – and yes, Mr. Montalvo will be in the LA area on Monday.

Sincerely,



  

Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Michael V. Mancini <mmancini@mancinishenk.com>
**Sent:** Wednesday, February 2, 2022 10:24 AM
**To:** Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Peter J. Most <pmost@mancinishenk.com>
**Subject:** RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Ms. Lagarde,

Please include Peter Most (pmost@mancinishenk.com) on our email correspondence.

During COVID I'm trying not to take in-person meetings. That said, will Mr. Montalvo be in Los Angeles on Monday?

- Mike

Michael V. Mancini
MANCINI SHENK LLP
o: (424) 652-4000 | d: (424) 652-4009

4

mmancini@mancinishenk.com

---

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Wednesday, February 2, 2022 7:07 AM
**To:** Michael V. Mancini <mmancini@mancinishenk.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>
**Subject:** Re: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Mr. Mancini,

Would you consider an in-person meeting on Monday at 1:30pm? Please advise a location where you and Mr. Montalvo can meet.

Thank you.

**Cristina Lagarde | Executive Assistant**

Federal Practice Group

1750 K Street, NW, Suite 900 | Washington, DC 20006

202-862-4360 | Fax: 888-899-6053| www.FedPractice.com

CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Wednesday, February 2, 2022 07:47
**To:** Michael V. Mancini
**Cc:** Erik Cox; Saroja Koneru; Daisy Chung; Rajan Dhungana; Eric Montalvo
**Subject:** Re: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Mr. Mancini,

5

Good morning.

I am responding on behalf of Mr. Montalvo, regarding your request for a call to discuss the matter below. I have no availability for this week unfortunately. However, I can propose the following date/times next week, for your consideration:

**Monday (Feb. 7) 1:30pm-2:30pm,PT**
**Tuesday (Feb. 8) 11am-12pm,PT or 1-2pm,PT**

Please advise.

Thank you.

Sincerely,



  

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Michael V. Mancini <mmancini@mancinishenk.com>
**Sent:** Wednesday, February 2, 2022 12:34 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Erik Cox <ECox@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Delphia <CDelphia@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** Re: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Eric,

I see your office filed an application for default as against MTK Global without letting me know - In fact, from our last conversation I understood you would not do so until we could discuss settlement posture. I emailed you earlier today to schedule that discussion.

I am in the process of being retained to represent MTK Global together with MTK USA and planned to discuss that with you in the call that I proposed below. Please withdraw the application as to MTK Global so that we can discuss a deadline to respond, or we will oppose. Please also provide a time to hold the call I proposed below.

Regards,

Michael V. Mancini
MANCINI SHENK LLP
d: (424) 652-4009 | m: (805) 844-5152
mmancini@mancinishenk.com

---

**From:** Michael V. Mancini
**Sent:** Tuesday, February 1, 2022 4:03:48 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Erik Cox <ECox@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Delphia <CDelphia@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Eric,

Can we schedule a call for this week? I would like to discuss procedural and settlement posture.

Best,

Mike

Michael V. Mancini
MANCINI SHENK LLP
o: (424) 652-4000 | d: (424) 652-4009
mmancini@mancinishenk.com

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Thursday, January 20, 2022 1:05 PM
**To:** Michael V. Mancini <mmancini@mancinishenk.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Erik Cox <ECox@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Delphia <CDelphia@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** RE: ICO Heredia v. MTK Global Sports Management, LLC, et al. - For Settlement Purposes Only

Sir,

FYSA. Quick follow-up to our call today. VGC counsel just contacted me today to seek the status of any resolution. I informed her that we were going to connect early next week and I would provide her a status update. Their interest is in a global resolution which is something I confirmed with her that was Heredia's position as well as MTK's.

V/r
Eric

7

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.