David S. Harris (Bar No. 255557)
　david@hawxhurstllp.com
DAVID S. HARRIS, P.C.
6520 Platt Avenue #683
West Hills, California 91307
Telephone: (747) 444-0780

Attorneys for Defendant
MTK Global Sports Management, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; AND DANIEL KINAHAN,<br><br>　　　Defendants. | Case No. 5:20-cv-02618-JWH (KKx)<br><br>**DECLARATION OF DAVID S. HARRIS IN SUPPORT OF DEFENDANT MTK GLOBAL SPORTS MANAGEMENT, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>**[**Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Quentin Richard Reynolds, Declaration of Michael V. Mancini, and Proposed Order filed concurrently herewith**]**<br><br>Date: April 8, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. John W. Holcomb |

DECLARATION OF DAVID S. HARRIS

I, David S. Harris, declare as follows:

1. I am the principal at the law firm David S. Harris, P.C., counsel of record for defendant MTK Global Sports Management, LLC ("MTK Global") in this matter. I submit this declaration in support of MTK Global's Motion to Set Aside Default. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

2. On February 11, 2022, I sent an email to Mr. Heredia's counsel, Eric Montalvo and Rajan Dhungana, in which I explained that MTK had not been properly served with the summons in this matter and that, even if it had, it would still be appropriate to set aside the default under the circumstances. I suggested that, rather than waste the Court's and parties' limited resources on unnecessary motion practice, the parties should simply stipulate to set aside the default.

3. On February 17, 2022, I further met and conferred with Messrs. Montalvo and Dhungana via telephone. During this call, I reiterated that there is a strong preference in the law for cases to be decided on the merits, and also expressed my opinion that any motion to set aside the default would likely be successful, particularly given the circumstances of the case. I suggested it would be better for the parties and the Court if the parties could simply reach an agreement to set aside the default. We thereafter discussed the possibility of entering into a stipulation under which (1) Mr. Heredia would agree to withdraw and/or set aside the default and (2) MTK Global would agree that it had been properly served. The call ended with us agreeing to speak to our respective clients about this proposed stipulation.

4. On February 18, 2022, I sent an email to Messrs. Montalvo and Dhungana indicating that I was "almost certain that my client would agree to accept service of the complaint if [Mr. Heredia] agreed to set aside the default." Neither Mr. Montalvo nor Mr. Dhungana responded to this email. I therefore sent follow-up

- 1 -

emails to Messrs. Montalvo and Dhungana on February 23 and February 24, asking them to please let me know Mr. Heredia's position on the proposed stipulation.

5. On February 24, 2022, Mr. Dhungana sent an email apologizing for the delay and promising that he would provide an answer regarding the proposed stipulation by the next morning. On February 25, 2022, Mr. Dhungana sent an email stating that Mr. Heredia "has declined the stipulation." No further explanation was provided.

6. A true and correct copy of the chain of emails I exchanged with Messrs. Montalvo and Dhungana between February 11 and 24, 2022 is attached as Exhibit A.

7. A true and correct copy of the email I received from Mr. Dhungana on February 25, 2022 is attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 8, 2022, at Los Angeles, California.

_____
David S. Harris

# EXHIBIT A

| | |
|---|---|
| **Subject:** | RE: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default |
| **Date:** | Thursday, February 24, 2022 at 5:23:22 PM Pacific Standard Time |
| **From:** | Rajan Dhungana |
| **To:** | David Harris, Eric Montalvo |
| **Attachments:** | image006.png, image007.png, image008.png, image009.png, image010.png, image011.png |

David,

Please accept apologies on behalf of Eric and I both.
Eric has been in all day proceedings, and I too have been in all day proceedings separately.
You will receive a guaranteed response tomorrow morning from Eric or I.

Sincerely,



**From:** David Harris <david@harrislitigation.com>
**Sent:** Thursday, February 24, 2022 3:24 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Re: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Eric,

Sorry to be a pest, but I am hoping to get an answer regarding the proposed stipulation (so that I can, if necessary, file the motion to set aside default).  Please let me know where your client stands as soon as possible.

Regards,
David

**From:** David Harris <david@harrislitigation.com>
**Sent:** Wednesday, February 23, 2022 11:39 AM

**To:** Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Re: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Eric,

I hope you are well.  I am just following up on the below.  Any update as to your client's position with regard to the stipulation?  (If we are not going to be able to reach an agreement, MTK will go ahead and file its motion to set aside the default ASAP.)

Regards,
David

---

**From:** David Harris <david@harrislitigation.com>
**Sent:** Tuesday, February 22, 2022 11:11 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Re: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Eric,

Thank you for the email.  I appreciate you updating me as to the last settlement demand.

As for the proposed stipulation, I am almost certain that my client will agree to accept service of the complaint if your client agrees to set aside the default.  I should have final authorization from my client today.  In the meantime, I would greatly appreciate it if you could go ahead and discuss the proposed stipulation with your client.  My hope is that we can reach an agreement and file the stipulation by the end of the week.  (If your client agrees, I would be happy to prepare the stipulation and send it to you for review/approval.)

As for MTK Global's response to the complaint, I must admit that I have not yet had an opportunity to meaningfully review or assess Mr. Heredia's allegations.  As such, I am not in a position to state what my client's response will be (i.e., motion or answer).  Either way, the proposed stipulation we have been discussing would save us all some time and money that, I think we can all agree, would be better spent on settlement negotiations and/or the merits of the case.  (I also believe that the court would much prefer a stipulation over motion practice.)

Please let me know your position as soon as possible.

Regards,
David

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Tuesday, February 22, 2022 7:44 AM
**To:** David Harris <david@harrislitigation.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Sir,

Good morning.  Re settlement the discussion with MTK USA was a minimum of 500k plus what Diaz owes as a result of the arbitration award.  That was in December.  I will discuss your requested stipulation with my client once you get a firm position on your side.  We also discussed whether motions would then be pursued or there would be an answer.  Thank you in advance.

V/r
ESM

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** David Harris <david@harrislitigation.com>
**Sent:** Friday, February 18, 2022 5:50 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>
**Subject:** Re: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Rajan and Eric,

Thank you for taking the time to speak with me yesterday.  I am still in the process of getting final confirmation from my client, but I believe my client would be willing to enter into a stipulation in which:  (1) your client agrees to withdraw the default and (2) my client agrees to accept service of the complaint (effective as of the date of the stipulation).  To me, such a stipulation is the most reasonable and fastest path forward (and I'm sure it is the path that the Court would prefer we take).  Please let me know if your client will so stipulate.

Also, on the issue of settlement, I believe you indicated during our call that the parties had previously discussed the possibility of a global settlement of all of the various disputes.  I'm curious whether your clients ever made a formal demand during these discussions, i.e., threw out a dollar amount that they would accept?  If not, is there an amount your clients have in mind?  In my experience, it is hard to get settlement negotiations started without a demand.  Please let me know.

Regards,
David

**From:** David Harris <david@harrislitigation.com>
**Sent:** Tuesday, February 15, 2022 1:12 PM
**To:** rdhungana@fedpractice.com <rdhungana@fedpractice.com>; emontalvo@fedpractice.com <emontalvo@fedpractice.com>
**Subject:** Re: Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Rajan and Eric,

I am following up on the below.  Please let me know your client's position and/or whether you would like to discuss the issue further.  I am happy to hop on a call.

Regards,
David

**From:** David Harris
**Sent:** Friday, February 11, 2022 5:02 PM
**To:** rdhungana@fedpractice.com <rdhungana@fedpractice.com>; emontalvo@fedpractice.com <emontalvo@fedpractice.com>
**Subject:** Heredia v. MTK Global Sports Management, et al., - Meet and Confer re: Default

Rajan and Eric,

I have been retained to represent MTK Global Sports Management, LLC ("MTK Global") in the case

filed by Moses Heredia.  My understanding is that Mr. Heredia recently applied for and obtained a default against my client.  MTK Global intends to file a motion to set aside the default under Federal Rule of Civil Procedure 55(c).  This email represents our effort, pursuant to Local Rule 7-3, to meet and confer about this motion.

Rule 55(c) provides that a court may set aside an entry of default for "good cause."  <u>Fed. R. Civ. P.</u> 55(c).  Given that "a case should, whenever possible, be decided on the merits," courts have interpreted this good cause standard liberally.  <u>U.S. v. Signed Personal Check No. 730 of Yubron S. Mesle</u>, 615 F.3d 1085, 1092 (9th Cir. 2010) (reversing trial court's entry of default).  To determine good cause, a court merely considers three factors:  (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.

Here, however, the court need not even reach these factors given that (based on my review) it does not appear that MTK was properly served.  Mr. Heredia's efforts to serve MTK Global through publication were ineffective because the law in Dubai does not permit service by publication when the entity being served has a physical address (which MTK Global does); Mr. Heredia's efforts to serve MTK Global through mail were ineffective because the complaint was sent to the wrong address; and, although Mr. Heredia claims that the complaint was also emailed to MTK Global, we have no record of such an email ever being received.  Without proper service, there can be no default.

Even if MTK Global had been properly served (which it was not), it would still be appropriate to set aside the default.  Indeed, all three of the relevant factors favor that result:  MTK Global's default was demonstrably *not* willful; Mr. Heredia will *not* be prejudiced simply because he has to litigate the merits of his case; and MTK Global has valid defenses to Mr. Heredia's claims.

Given the above, I am confident that the Court will set aside the default in response to our motion.  But I see no reason for it to come to that.  Rather than waste the Court's and parties' limited resources on unnecessary motion practice, I propose that Mr. Heredia and MTK Global enter into a joint stipulation to set aside the default.  Please let me know whether your client will agree to this stipulation and/or would like to discuss the matter further.

Regards,
David

_____

David S. Harris, P.C.

Direct: (747) 444-0780

Cell:  (510) 333-0988


The information contained in this email is intended only for the personal and confidential use of the recipient(s) named above.  This email may constitute an attorney-client communication and/or work product and, as such, is privileged and confidential.  If you are not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by

email and delete the original message.

EXHIBIT B

**Subject:** Regarding Stipulations
**Date:** Friday, February 25, 2022 at 10:15:39 AM Pacific Standard Time
**From:** Rajan Dhungana
**To:** David Harris
**CC:** Eric Montalvo, Cristina Lagarde

Dear Mr. Harris,

Mr. Montalvo spoke with the client regarding the stipulations. He explained the various considerations. However, the client has declined the stipulations.

If you have any further questions, please let me know. Mr. Montalvo is traveling today, but is available for a call, should you need to further discuss. Please reach out to Ms. Lagarde and she will arrange the call. Ms. Lagarde is CC'ed on this email and can also be reached at 202-519-2678 as well.

Thank you.

Rajan O. Dhungana | Partner
Federal Practice Group