JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
WILL WANG (SBN 332814)
Email: will.wang@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone:  (213) 262-8000
Facsimile:   (213) 335-7776

*Attorneys for*
*Specially Appearing Defendant Daniel Kinahan*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC., a California corporation; and MOSES HEREDIA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC, a Dubai limited liability company, *et al.*,<br><br>Defendants. | CASE NO. 5:20-cv-02618-JWH-KK<br><br>Hon. John W. Holcomb<br><br>**SPECIALLY APPEARING DEFENDANT DANIEL KINAHAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Date:   April 22, 2022<br>Time:  9:00 A.M.<br>Ctr.:    2<br><br>Complaint Filed: December 18, 2020 |

MOTION TO SET ASIDE ENTRY OF DEFAULT

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 22, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, at George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th Street, Courtroom 2, Riverside, California, 92501, Specially Appearing Defendant Daniel Kinahan ("Mr. Kinahan") will, and hereby does, move under Rule 55(c) of the Federal Rules of Civil Procedure, for an order setting aside the Clerk's Entry of Default in this case (Dkt. #66). Good cause exists to grant this Motion because service upon Mr. Kinahan was defective, Mr. Kinahan was not culpable in allowing default to be entered, Mr. Kinahan has meritorious defenses, and Plaintiffs Heredia Boxing Management, Inc. and Moses Heredia ("Plaintiffs") will not be prejudiced if the default is set aside. The default should also be set aside because Plaintiffs failed to serve Mr. Kinahan.

Mr. Kinahan has satisfied his meet-and-confer requirements under Local Rule 7-3. Mr. Kinahan, by and through his counsel, attempted to meet and confer with Plaintiffs' counsel on February 17, 2022 about having the default set aside. (Declaration of Jason L. Liang, ¶ 2.) On February 22, 2022, the parties met and conferred over the issue. (*Id.*, ¶ 3.) And on February 25, 2022, Plaintiffs indicated that they were not willing to stipulate to having the default set aside. (*Id.*, ¶ 4.) Mr. Kinahan then began to prepare the instant motion. (*Id.*)

//
//
//
//
//
//
//
//

This Motion is based on this Notice of Motion and Motion, the Declarations of Daniel Kinahan and Jason Liang, the court filings in the case docket, and any additional matters the Court may consider at the hearing of this matter, if such a hearing is held.

DATED: March 14, 2022

Respectfully Submitted,
LIANG LY LLP
By:  /s/ Jason L. Liang
    Jason L. Liang
    Will Wang
    *Attorneys for Daniel Kinahan*

## I. INTRODUCTION

This lawsuit is about the alleged interference of a boxing contract that existed between Plaintiffs Moses Heredia and Heredia Boxing Management, Inc. (collectively, "Plaintiffs") and Joseph "JoJo" Diaz. Based largely on information and belief, Plaintiffs sued various defendant parties, including Specially Appearing Defendant Daniel Kinahan ("Mr. Kinahan").[1] But Mr. Kinahan has nothing to do with Plaintiffs' dispute, or their allegations. He is and was at all times relevant a resident of Dubai, in the United Arab Emirates. He does not conduct any business with Plaintiffs, or any of the other defendant parties. He does not conduct any business in the State of California.

Default against Mr. Kinahan should be set aside. Plaintiffs had not effected service on Mr. Kinahan because their service attempts did not provide Mr. Kinahan with adequate notice. Moreover, "judgement by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1086 (9th Cir. Cir. 2010), *citing Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The Ninth Circuit has repeatedly endorsed setting aside entries of default and default judgments so that cases can be decided on the merits. And when the actions which led to the entry of default were undertaken without counsel, the setting aside of entry of default or a default judgment is even more appropriate. As further discussed below, Mr. Kinahan did not know until recently that he had been sued in California, or that a default had been entered against him. Upon learning of this lawsuit, he acted diligently to obtain counsel and begin the process of having the default set aside.

Under these circumstances, substantial justice requires the Court to set aside the default that had been entered against Mr. Kinahan.

---

[1] Mr. Kinahan specially appears to move for an order setting aside the entry of default against him, and explicitly reserves his right to raise jurisdictional objections and issues such as this Court's lack of personal jurisdiction over Mr. Kinahan.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

1

MOTION TO SET ASIDE ENTRY OF DEFAULT

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs originally filed their complaint on December 18, 2020. [Dkt. No. 1.] On January 18, 2021, Plaintiffs filed the first amended complaint. [Dkt. No. 20.] On July 28, 2021, Plaintiffs filed a second amended complaint. [Dkt. No. 43.]

On January 12, 2022, Plaintiffs apparently filed a proof of service purporting to show that Plaintiffs had served Mr. Kinahan and Defendant MTK Global Sport Management, LLC on October 6, 2021. [Dkt. No. 62.] According to the declaration of service, Plaintiffs attempted to serve Mr. Kinahan with a copy of the Second Amended Complaint apparently by 1) delivering to a P.O. Box that was supposedly used by or associated with MTK Global, 2) sending an email to "r.reynolds@mtkglobal.com", and 3) publication. [Dkt. No. 62 at ¶¶ 9-10; Dkt. No. 64 at ¶ 4 (*compare* "The last-known address is: Daniel Kinahan, PO Box 454833, Al Barsha Post Office, Dubai, United Arab Emirates" *with* "The last-known address is: MTK Global Sports Management, LLC, PO Box 454833, Al Barsha Post Office, Dubai, United Arab Emirates.").]

Mr. Kinahan does not work for MTK Global. (*See* Declaration of Daniel Kinahan ("Kinahan Decl."), ¶ 3.) He does not use or have access to the P.O. Box to which Plaintiffs delivered the Second Amended Complaint and the subsequent application for default. (*Id*., ¶ 4.) He is not Mr. Reynolds, and he does not have access to Mr. Reynolds's email account. (*Id*., ¶ 5.)

On February 1, 2022, Plaintiffs filed their application for an entry of default against Mr. Kinahan. [Dkt. No. 64.] Default was entered on February 2, 2022. [Dkt. No. 66.] As soon as Mr. Kinahan was informed that default had been entered against him, he made arrangements to retain counsel to begin the process of setting aside that default. Mr. Kinahan, by and through his counsel, attempted to meet and confer with Plaintiffs' counsel on February 17, 2022 about having the default set aside. (Declaration of Jason L. Liang ("Liang Decl."), ¶

2.) On February 22, 2022, the parties met and conferred over the issue. (*Id.*, ¶ 3.) And on February 25, 2022, Plaintiffs indicated that they were not willing to stipulate to having the default set aside. (*Id.*, ¶ 4.) Mr. Kinahan then began to prepare the instant motion. (*Id.*)

### III.   ARGUMENT

**A.   The Default Should Be Set Aside Under Rules 55(c) and 60(b).**

   1.   **Applicable Law.**

Rule 55(c) provides that an entry of default may be set aside upon a showing of good cause. *See* Fed. R. Civ. P. 55(c). Rule 60(b) provides that a court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Ninth Circuit has clarified that the standards for "good cause" under both Rule 55(c) and Rule 60(b) are the same. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). A court may set default aside due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b); *Mesle*, 615 F.3d at 1086 ("Our rules for determining when a default should be set aside are solicitous toward movants, especially those whose actions leading to the default were undertaken without the benefit of legal counsel.").

Moreover, the Ninth Circuit has emphasized that default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Therefore, as a general rule, cases should be decided on the merits as opposed to by default, and "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." James M. Wagstaffe, Federal Civil Procedure Before Trial § 6-A (*citing Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)); *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004); *Hawaii*

*Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (the "Court's discretion is 'especially broad' when...it is entry of default that is being set aside, rather than a default judgment.").

As such, the Court has broad discretion to overturn an entry of default. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986). And this discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). *Mesle*, 615 F.3d at 1091 n.1. The more liberal approach is appropriate in the Rule 55(c) context because concerns regarding the finality of the judgment are inapplicable. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Further, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id.* at 1089.

The Ninth Circuit has set forward a three-factor test to determine whether a defendant can establish the requisite good cause to set aside entry of default: (1) whether plaintiff would be prejudiced if the judgment is set aside, (2) whether defendant has no meritorious defense, or (3) whether defendant's culpable conduct led to the default. *Mesle*, 615 F.3d at 1091. Alternatively, improper service of a complaint also constitutes good cause to set aside an entry of default. *Winplus N. Am., Inc. v. Scan Top Enter. Co., Ltd.*, 2015 WL 13919469, at *3 (C.D. Cal. Dec. 7, 2015). Here, good cause can be found upon both bases, as established below.

2. **Mr. Kinahan Did Not Engage In Culpable Conduct.**

A defendant's conduct is culpable "if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere

4
MOTION TO SET ASIDE ENTRY OF DEFAULT

with judicial decision-making, or otherwise manipulate the legal process") (*citing TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (overruled on other grounds)). Mere receipt of a pleading and failure to answer is not enough; to be culpable, a defendant's conduct must be "'willful, deliberate, or eviden[t] of bad faith.'" *Id.* (quoting *American Alliance Inc. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). Nor can a defendant's conduct be culpable if he "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. . ." *Id.*

Here, the default was not the result of any willful conduct by Mr. Kinahan. Plaintiffs attempted to serve Mr. Kinahan with a copy of the Second Amended Complaint apparently by 1) delivering a P.O. Box that was supposedly used by MTK Global, 2) sending an email to "r.reynolds@mtkglobal.com", and 3) publication. Indeed, Plaintiffs' own evidence show that his service processor only emailed a "Mr. Reynolds." [Dkt. 62, ¶ 10.] This was not enough to provide Mr. Kinahan with sufficient notice of Plaintiffs' action. Mr. Kinahan does not work for MTK Global. (*See* Kinahan Decl., ¶ 3.) He does not use or have access to the P.O. Box to which Plaintiffs delivered the Second Amended Complaint and the subsequent application for default. (*Id.*, ¶ 4.) He certainly is not Mr. Reynolds; nor does he have access to Mr. Reynolds's email account. (*Id.*, ¶ 5.)

Further, according to Plaintiffs' own evidence, service by publication is only appropriate if the person to be notified "has no domicile, residence, place of business, fax, email or a postal address" in the UAE. [Dkt. No. 62, ¶ 7.] But this does not apply to Mr. Kinahan. He was and is a current resident of Dubai. (Kinahan Decl. ¶ 2.) This is not a situation where Mr. Kinahan had willfully caused the default to be entered. Rather, the evidence shows that, instead of trying to locate and serve Mr. Kinahan, Plaintiffs tried to serve a company that

was located in Dubai and a "Mr. Reynolds." As such, service is improper and the default should be set aside.

### 3. **Mr. Kinahan Has Meritorious Defenses To The SAC.**

A court should set aside an entry of default if the moving party establishes "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters',* 794 F.2d at 513. The burden of establishing such a possibility, however, is a light one – as "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. "[T]he question whether the factual allegation is true" is not to be determined by this Court in deciding whether to set aside the default judgment. *Id*. (quoting in part *TCI Group, supra*, 244 F.3d at 701). A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters',* 794 F.2d at 51. Moreover, this meritorious defense requirement is more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. *Mesle*, 615 F.3d at 1091 n.1.

Here, there is ample cause to set aside the entry of default. Mr. Kinahan has virtually no connection with the present dispute. He is a resident of Dubai. (Kinahan Decl., ¶ 2.) He does not have any business or personal relationship with Plaintiffs. He has not communicated with Plaintiffs in any manner. (*Id*., ¶ 6.) He also does not have any agreements with any of the other defendants. (*Id*., ¶ 3.) In fact, Mr. Kinahan does not conduct any business in California. (*Id*., ¶ 2.) Under these circumstances, the entry of default should be set aside so that Mr. Kinahan can have opportunity to litigate the merits of his defense before the Court.

### 4. **Setting Aside The Entry Of Default Will Not Prejudice Plaintiffs.**

Prejudice turns on whether a plaintiff's ability to pursue its claims will be hindered if default is set aside. *Falk*, 739 F.2d at 463. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle,* 615 F.3d at 1095 (quoting with approval *TCI Group*, supra, 244 F.3d at 701). Merely forcing the parties to litigate on the merits "cannot be considered prejudicial," as "vacating the default [] merely restores the parties to an even footing in the litigation." *TCI Group*, 244 F. 3d at 701. As such, California district courts have noted that where, as here, default judgment has not been entered, the lack of prejudice to the plaintiff favors granting the motion to set aside entry of default. *See J & J Sports Productions, Inc. v. Nguyen*, 2011 WL 6294332 at *2 (N.D. Cal. Dec 14, 2011); *Integrated Sports Media, Inc. v. Mendez*, 2011 WL 2118661 at *3 (N.D. Cal. May 27, 2011).

Here, the only prejudice Plaintiffs will sustain as a result of setting aside the default is that they will be forced to litigate this case on the merits. *TCI Group*, 244 F.3d at 701, *citing to Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ("no prejudice simply because a party loses a quick victory due to opponent's procedural default and must litigate on the merits."). Trial in this matter has not been set. And since learning about the entry of default, Mr. Kinahan has been diligent in moving to set aside default. Default was entered on February 2, 2022. [Dkt. No. 66.] As soon as Mr. Kinahan was informed that default had been entered against him, he made arrangements to retain counsel to begin the process of setting aside that default. Mr. Kinahan, by and through his counsel, attempted to meet and confer with Plaintiffs' counsel on February 17, 2022 about having the default set aside. (Declaration of Jason L. Liang ("Liang Decl."), ¶ 2.) On February 22, 2022, the parties met and conferred

over the issue.  (*Id.*, ¶ 3.)  And on February 25, 2022, Plaintiffs indicated that they were not willing to stipulate to having the default set aside.  (*Id.*, ¶ 4.)  Mr. Kinahan then began to prepare the instant motion.  (*Id.*)

## B. The Default Should Be Set Aside Because Plaintiffs Failed To Properly Serve Mr. Kinahan With The Second Amended Complaint.

"Courts in the Ninth Circuit have consistently found that '[i]mproper service of the complaint presents good cause to set aside entries of default.'" *Winplus N. Am., Inc.*, 2015 WL 13919469, at *3.  This is because "[i]t is axiomatic that a federal court does not have jurisdiction over a defendant if the defendant has not been properly served."  *McVey v. McVey*, 2013 WL 12333433, at *2 (C.D. Cal. Apr. 23, 2013).  Thus, several California district courts have held that any default entered following defective service of process *must* be set aside, even without the need to analyze the three *Mesle* factors.  *See id.*; *Procopio v. Conrad Prebys Tr.*, 2015 WL 4662407, at *7 (S.D. Cal. Aug. 6, 2015); *Collins v. Proceeds In Rem*, 2021 WL 4459666, at *1 (C.D. Cal. Aug. 9, 2021) (plaintiff sued a bank and two of its former employees; former employees declared that they never received process at the address where plaintiff allegedly served them, as they did not work or live there; the Court granted the employees' motion and set aside the entry of default).

Here, as established above, none of Plaintiffs' attempts at service were proper or sufficient to provide Mr. Kinahan with any notice of the Second Amended Complaint.  Plaintiffs sent the Second Amended Complaint to a P.O. Box ostensibly associated with MTK Global, as well as an email address ostensibly associated with a man named Mr. Reynolds.  But again, Mr. Kinahan does not work for MTK Global and does not have access to the P.O. Box where the Second Amended Complaint was sent.  He also does not have access to Mr. Reynolds' email account.  As such, Mr. Kinahan was never properly served with the Second Amended Complaint, and the default should be set aside.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Mr. Kinahan's Motion and set aside the entry of default as to Mr. Kinahan.

DATED:  March 14, 2022

Respefully Submitted,
LIANG LY LLP

By:  /s/ Jason L. Liang
Jason L. Liang
Will Wang
*Attorneys for Specially Appearing Defendant Daniel Kinahan*