Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>**PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT MTK GLOBAL SPORTS MANAGEMENT, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:         April 8, 2022, 9am<br>Courtroom:  2<br>Judge:        Hon. John W. Holcomb |

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD .................................................................................................... 1

   A.   Defendant MTK Global Sports Management, LLC was properly served, never answered, and therefore is culpable. ........................................................................................ 2

   B.  Defendant MTK Global Sports Management, LLC also was on Constructive Notice of the Filing and Failed to Answer. ........................................................................................ 4

   C.   Defendant MTK Global Sports Management, LLC did not present a meritorious defense... 8

CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) ............................................................................................................. 1

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir.1988) ......................................................................................................... 2

*Franchise Holding II, LLC v. Huntington Restaurants Grp. Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). ........................................................................................... 1,8

*Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130, 1141 (2020) (quoting *Reeves v. Hanlon*, 33 Cal.4th 1140, 1152 (2004)) ................................................................ 10

*Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987) ....................... 2

*TCI Group Life Ins. Plan v. Knoebber Group*, 244 F.3d 691, 697 (9th Cir. 2001). ....2

**Regulations**

Cal. Bus. & Prof. Code § 18628 .................................................................................. 5

# INTRODUCTION

Defendant MTK Global Sports Management, LLC (MTK), via a special appearance, contests the Clerk's February 2, 2022 entry of default against it on two grounds both, under the umbrella of "good cause." First, Defendant MTK claims that it was not properly served, and second, it claims that it has meritorious defenses, notwithstanding its alleged service concerns.

Plaintiff Heredia argues that Defendant MTK is incorrect in both of its beliefs, and respectfully requests that the Court deny the pending motion.

# LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

In deciding whether to set aside an entry of default, a court's good cause analysis considers whether: (1) the defendant engaged in culpable conduct that led to the default; (2) the defendant has a meritorious defense; and (3) the plaintiff would not be prejudiced by setting aside the default. *See Franchise Holding II, LLC v. Huntington Restaurants Grp. Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). Crucially, "[a]s these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors was true.'" *See id*. at 926, *quoting American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). If a defendant "has received actual or constructive notice of the filing of the action

and failed to answer," its conduct is culpable. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 926 (2004); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir.1988); (quoting *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987)). As the first and second factors are true – and therefore against Defendant MTK – Plaintiff Moses Heredia respectfully requests the Court to deny the pending motion to set aside the entry of default.

### A. Defendant MTK Global Sports Management, LLC was properly served, never answered, and therefore is culpable.

A defendant's conduct is culpable if it has received actual or constructive notice of the filing of the action and intentionally failed to answer. *TCI Group Life Ins. Plan v. Knoebber Group*, 244 F.3d 691, 697 (9th Cir. 2001). Defendant MTK (MTK) was properly served, received both actual and constructive notice of the filing, and never answered. It is culpable.

Defendant MTK is headquartered in Dubai, United Arab Emirates (UAE). Plaintiff Heredia engaged Dubai counsel and, as stated in the declaration of UAE attorney Jouslin Chibli Khairallah (attached as EXHIBIT A), Defendant MTK was served three ways: by publication, courier[1], and email. Ms. Khairallah is a lawyer

---

[1] Note that MTK's "new" company Hoopoe Sports LLC License Number 782807 PO Box 454833 Al Barsha Post Office Dubai, UAE is the same exact address MTK has registered in Dubai and the same address it is using for its new contracts.

and the Owner and Manager of Khairallah Advocates & Legal Consultants, which is based in Dubai, UAE (Khairallah Decl. ¶ 3.)  She declared that under UAE law, service may be accomplished via a courier, email, or, if the person or entity to be served has no fixed address, via publication of a notice via a newspaper. (Khairallah Decl. ¶ 7.)

Even if Defendant MTK is correct that service was made to the wrong address, and even if Defendant MTK is correct that service by publication a newspaper was not appropriate (both of which Plaintiff Heredia does not concede), Defendant MTK was still served by email three different times, and service by email is a permissible method of service under UAE law. (Khairallah Decl. ¶ 7.)

Ms. Khairallah declared:

"On October 2, 2021, I served a copy of the summons and complaint defendant MTK via courier service, email, and via English/ Arabic newspapers. The email was delivered to r.reynolds@mtkglobal.com. This is the email listed as the individual able to receive service of process and the company contact on the applicable UAE DMCC Service License. I sent the same email on three separate dates, October 2, 3, and 10, 2021." (Khairallah Decl. ¶ 8.)

Defendant MTK claims that it never received the emails of service. (Reynolds Decl. ¶ 8.)  However, Ms. Khairallah, as a lawyer who gave her declaration under penalty of perjury, has everything to lose if she were to make a

false claim. EXHIBITS B, C, and D are copies of those emails as sent. One must conclude, therefore, that the emails were sent.

Defendant MTK merely declared in the Reynolds Decl. at ¶ 8 that at some undetermined time, they searched for those emails and could not find them. They did not declare that they looked at their email server back-ups from the first half of October 2021. Merely declaring that they cannot find the emails now does not mean that they were not sent and did not reside on the Defendant MTK's email server back in October 2021. Both declarations can co-exist and be correct by reference to their different times, but that does not excuse Defendant MTK's failure to answer.

In sum, a declaration under penalty of perjury by a UAE lawyer, stating that she emailed the summons on three different dates, should be conclusive proof that those emails actually were sent. Defendant MTK was properly served, did not answer, and is, therefore culpable. The entry of default should not be set aside based on Defendant MTK's meritless claims over alleged improper service.

**B. Defendant MTK Global Sports Management, LLC also was on Constructive Notice of the Filing and Failed to Answer.**

1. Paul Gibson

On or about June 3, 2020, Mr. Paul Gibson was appointed as Defendant

MTK's Chief Strategy Officer.[2] Per the attachments[3] it is clear that Mr. Greely of the law firm VGC, LLP and Mr. Gibson were working together to arrange professional contests on behalf of Mr. Diaz, in violation of the applicable California law.

Manager means any person who does any of the following:
**(a)** By contract, agreement, or other arrangement with any person, undertakes or has undertaken to represent in any way the interest of any professional boxer, or martial arts fighter in procuring, or with **respect to the arrangement or conduct of, any professional contest in which the boxer or fighter is to participate as a contestant**; except that the term "manager" shall not be construed to mean any attorney licensed to practice in this state whose participation in these activities is restricted to representing the legal interests of a professional boxer or fighter as a client. **Otherwise, an attorney shall be licensed as a manager in order to engage in any of the activities described in this section.** (b) Directs or controls the professional boxing or martial arts activities of any professional boxer or martial arts fighter.**(c)** Receives or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to such person's participation in a professional contest.**(d)** Is an officer, director, shareholder, or member of any corporation or organization which receives, or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to the person's participation in a professional contest.

Cal. Bus. & Prof. Code § 18628. (Emphasis added.)

Mr. Gibson was emailed a demand letter on or about February 18, 2021 along with Mr. Gallegos (who represents Defendant Golden Boy Productions, Inc. in other

---

[2] *See* Attachment 1, *Paul Gibson Appointed MTK Chief Strategy Officer*, MTK Global (June 3, 2020), https://mtkglobal.com/mtk-global/paul-gibson-appointed-mtk-chief-strategy-officer/. MTK Global publicly announced the appointment of Mr. Gibson as its CSO—making it clear that Mr. Gibson is an agent of the company.
[3] *See* Attachment 2. Email from VGC to Mr. Gibson where Mr. Greely specifically designates Mr. Gibson as Defendant MTK Global Sports Management, LLC's point of contact on the negotiation team. Also neither Mr. Greely nor Mr. Gibson, nor MTK hold manager licenses in the State of California.

related matters) and Mr. Greely directly, and the initial complaint on or about March 16, 2021.[4]

2. Throughout VGC's representation of Diaz in <u>Diaz v. Heredia, et al.</u> case no. 5:20-cv-02332-JWH-KK, Mr. Greely has routinely demanded that any settlement must include the dismissal of MTK Global as communicated to him both directly and indirectly through Mr. Diaz. Mr. Greely also maintained repeatedly that Plaintiff was unsuccessful in its efforts to serve both Mr. Kinahan and Defendant MTK, acknowledging that they were both aware of the lawsuit.

3. Defendant MTK Global Sports Management, LLC' England Counsel Was On Notice of the Lawsuit.

Defendant MTK's counsel, who was representing them in England was contacted to request if they would accept service. Counsel then confirmed they were not given the authority. The authority or denial of could only come from the client – Defendant MTK.

4. MTK GLOBAL USA, LLC Answered the Complaint.

Defendant MTK Global, USA, another of Defendant MTK Global Sports Management, LLC's companies, answered the complaint on September 29, 2021 (ECF 55). In Defendant MTK's motion to set aside the default, the Harris Decl. at Exh. A acknowledges, via a copy of an email among counsel, that a "global settlement" was contemplated. It also denied that Daniel Kinahan was a noted

---

[4] *See* Attachments 3-4 (Emails to Gibson from Federal Practice Group).

member of the notorious Kinahan cartel or that he oversees the company's operations.⁵

5.  Significant and Prominent Media Coverage Placed Defendant MTK Global Sports Management, LLC on Constructive Notice of the Lawsuit.⁶

On January 24, 2022, a newspaper article in the Sunday World, an Irish-focused news site, discussed this lawsuit against Mr. Kinahan and properly noted that this is the second time Mr. Kinahan has been served by publication.⁷  Mr. Kinahan is known for being protective of his image.  This lawsuit has been an aggressively followed story and repeatedly reported on.  Daniel Kinahan's own public statement on or about October 7, 2021 admits that he is still very much involved with MTK and his blanket denial of criminality:  "I continue to be involved in planning multiple record-breaking and exciting world title fights," he said in a rare statement to Talksport earlier this year, adding later: "I'm not part of a criminal

---

⁵ *See* Attachment 5, Wikipedia.org, Daniel Kinahan (March 18, 2022), https://en.wikipedia.org/wiki/Daniel_Kinahan; (last visited March 17, 2022.) Mr. Kinahan's Wikipedia page details his involvement in criminal activities—including his involvement in the Kinahan drug cartel.; *See* Attachment 6, Patrick O'Connell, *Daniel Kinahan 'named and shamed' in Dubai newspapers as lawyers pressure cartel boss*, Sunday World (Jan. 24, 2022), https://www.sundayworld.com/crime/irish-crime/daniel-kinahannamed-and-shamed-in-dubai-newspaper-as-lawyers-pressure-cartel-boss-41268515.html. Mr. Kinahan is described by the media as a "cartel boss."

⁶ *See generally* Attachments 1, 6-27. There have been several news articles, published by a number of different sources, covering the lawsuit.

⁷ *See* Attachment 6, Patrick O'Connell, *Daniel Kinahan 'named and shamed' in Dubai newspapers as lawyers pressure cartel boss*, Sunday World (Jan.24, 2022), https://www.sundayworld.com/crime/irish-crime/daniel-kinahannamed-and-shamed-in-dubai-newspaper-as-lawyers-pressure-cartel-boss-41268515.html. Mr. Kinahan was served via newspaper publication twice and news of this publication was covered by the media. .

gang."[8]  Tyson Fury is an MTK Global fighter and Mr. Kinahan has allegedly been integral in his return to boxing elite.[9]

### C. Defendant MTK Global Sports Management, LLC did not present a meritorious defense.

Defendant MTK did not present a meritorious defense.

To justify vacating the default, Defendant MTK should have presented the Court with specific facts that would constitute a defense.  *See Franchise Holding II, LLC* at 926 (*citing Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969).  Defendant MTK never did so.  "Instead, it offered the district court only conclusory statements that a dispute existed.  A 'mere general denial without facts to support it' is not enough to justify vacating a default of default judgment." *Franchise Holding II, LLC* at 926 (*quoting Madsen* at 6).

In particular, Defendant MTK made four attempts at defenses, all of which fall flat under this Circuit's law.  First, they make the most general of denials:

---

[8] Attachment 7, Alan Dawson, *Tyson Fury's association with suspected mob boss Daniel Kinahan overshadows Deontay Wilder fight week*, Insider (Oct. 7, 2021), https://www.insider.com/tyson-fury-link-alleged-mob-boss-daniel-kinahan-revisited-2021-10. Mr. Kinahan himself has publicly stated that he has organized bouts for Tyson Fury—an MTK Global fighter.

[9] *See* Attachment 8, MTK Global (March 18, 2022) https://mtkglobal.com/boxers/tyson-fury/. Tyson Fury is listed on MTK Global's website as one of the company's boxers; Attachment 7, Alan Dawson, *Tyson Fury's association with suspected mob boss Daniel Kinahan overshadows Deontay Wilder fight week*, Insider (Oct. 7, 2021), https://www.insider.com/tyson-fury-link-alleged-mob-boss-daniel-kinahan-revisited-2021-10. The fighter's former trainer, Ben Davison, credited his comeback in boxing to the advisor, agent, and event promoter Daniel Kinahan. Davison said Kinahan was a "Godsend" to Fury, according to a new book; *See also* Attachment 9, *Tyson Fury thanks Daniel Kinahan for organizing Anthony Joshua fight*, Independent.ie (June 11, 2020), https://www.independent.ie/videos/archive-tyson-fury-thanks-daniel-kinahan-for-organising-anthony-joshua-fight-39275870.html. Tyson Fury, an MTK Global boxer, publicly thanked Mr. Kinahan for organizing his fight with Anthony Joshua.

"Despite the breadth of these allegations, none of Mr. Heredia's claims have any merit and MTK Global has meritorious defenses against all of them." (ECF 71-1, page 13, lines 10-11.)  They do not present any facts to support this conclusory statement and therefore it fails as a purported meritorious defense.

Second, Defendant MTK attached a declaration from one of its personnel, in which Defendant MTK denies that it is a is a" front for a drug cartel and does not engage in drug trafficking or money laundering. (Reynolds Decl. ¶ 10.) Rather, MTK Global is a legitimate and well-respected company that specializes in boxer management, relations, training, and event promotions. (Id.)"  (ECF 71-1, page 12, lines 24-28.)  This, too, is a general denial without specific facts to support a purported meritorious defense.

Third, Defendant MTK again used a declaration to state that the tortious and negligent interference and inducement of breach claims of Plaintiff Heredia's claims "all fail for a host of legal and factual reasons as well, including, again, the most obvious one— namely, that MTK Global did not interfere in Mr. Heredia's relationship with Mr. Diaz. (Reynolds Decl. ¶ 11.)" (ECF 71-1, page 13, lines 10-11.)  Instead, the declaration claims that the agreement entered into by boxer Diaz, after he breached the agreement with Plaintiff Heredia, was with a different entity: Defendant MTK USA, LLC.

This statement misses the mark.  Plaintiff Heredia's allegations include tortious and negligent interference and indument of breach; lack of privity of

contract is not a defense to these claims. Indeed, the whole point of a tortious interference claim is that there is a "valid contract between plaintiff and a third party…[and] the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship." *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130, 1141 (2020) (quoting *Reeves v. Hanlon*, 33 Cal.4th 1140, 1152 (2004)).

Nor is it a meritorious defense that, as Defendant MTK essentially stated, someone else entered into a subsequent contract, so they couldn't have had anything to do with the initial underlying breach. (ECF 71-1, page 13, lines 5-9.) Plaintiff Heredia alleged in his Second Amended Complaint that Defendant MTK and Defendant MTK USA, LLC *both* engaged in the improper conduct. *See, e.g.*, Second Amended Complaint at ¶131 (count 5, tortious interference with contract), ¶140 (count 6, tortious interference with contract), ¶147 (count 7, inducing breach of contract); ¶153 (intentional interference with prospective economic relations); ¶161 (count 9, negligent interference with prospective economic relations).

Finally, Defendant MTK argues that there are no damages in this case because a related arbitration where Defendant MTK was not a party found that boxer Diaz was liable for certain breaches of his boxer-manager contract with Plaintiff Heredia. (ECF 71-1, page 13, lines 10-11.) Defendant MTK does not present a meritorious defense here, either. Whether there was a breach of contract between parties in privity is separate from the claims made by Plaintiff Heredia that

Defendant MTK is independently liable for its alleged actions in interfering with the underlying contract and inducing that breach.

## CONCLUSION

Defendant MTK was properly served and did not present meritorious defenses in its attempt to set aside the default entered against it. Plaintiff Heredia respectfully urges the Court to deny the pending motion.

Dated: March 18, 2022                     Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Plaintiff*
Moses Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I filed the foregoing Plaintiff Moses Heredia's Opposition to Defendant MTK Global Sports Management, LLC's Motion to Set Aside Default with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:
MANCINI SHENK LLP
Michael V. Mancini (S.B. #263799)
mmancini@mancinishenk.com
Peter J. Most (S.B. #143963)
pmost@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (424) 652-4000
Facsimile: (424) 652-4004
*Attorneys for Defendant*
MTK GLOBAL USA, LLC

Joshua Michael Geller
Greenberg Glusker Fields Claman and Machtinger LLP
2049 Century Park East 26th Floor
Los Angeles, CA 90067
310-553-3610
Fax: 310-553-0687
Email: jgeller@ggfirm.com
*Attorney for Defendant*
Golden Boy Promotions, Inc.

Ricardo P Cestero
Greenberg Glusker Fields Claman and Machtinger LLP
2049 Century Park East 26th Floor
Los Angeles, CA 90067
310-553-3610
Fax: 310-201-2309
Email: rcestero@ggfirm.com
*Attorney for Defendant*
Golden Boy Promotions, Inc.

JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
WILL WANG (SBN 332814)
Email: will.wang@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone: (213) 262-8000
Facsimile: (213) 335-7776
*Attorneys for Defendant via special appearance*
Daniel Kinahan

Dated: March 18, 2022

        Respectfully submitted,

        /s/ *Eric S. Montalvo*
        Eric S. Montalvo (Admitted *Pro Hac Vice*)
        FEDERAL PRACTICE GROUP
        1750 K Street, N.W., Suite 900
        Washington, D.C. 20006
        Telephone: (202) 862-4360
        emontalvo@fedpractice.com

        *Attorney for Plaintiff*
        Moses Heredia