Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>          Plaintiff,<br><br>     v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>**PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT DANIEL KINAHAN'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:          April 22, 2022, 9am<br>Courtroom:  2<br>Judge:         Hon. John W. Holcomb |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................1

LEGAL STANDARD ................................................................................1

  A.  Defendant Daniel Kinahan was properly served, never answered, and therefore is culpable...........................................................................................2

  B. Defendant Daniel Kinahan also was on Constructive Notice of the Filing and Failed to Answer. ....................................................................................6

    1.  Paul Gibson ................................................................................6

    2.  Defendant MTK Global Sports Management, LLC's England Counsel Was On Notice of the Lawsuit............................................................8

    3. MTK GLOBAL USA, LLC Answered the Complaint. ................................8

    4.  Significant and Prominent Media Coverage Placed Defendant Daniel Kinahan on Constructive Notice of the Lawsuit. ................................9

  C.  Defendant Daniel Kinahan did not present a meritorious defense. ................10

  D.  Defendant Kinahan's purported defenses hinge on personal jurisdiction and have little merit; however, limited jurisdictional discovery is appropriate. ..........13

    1.  Defendant Kinahan purposely directed activities at residents of California.14

    2.  The claims against Defendant Kinahan arise out of or relate to his California-related activities....................................................................15

    3.  An Exercise of Personal Jurisdiction over Defendant Kinahan Would Be Reasonable. .........................................................................................16

    4.  Limited Jurisdictional Discovery of the Defendants May Be Appropriate. .17

CONCLUSION..........................................................................................18

i

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987)...................16

4

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690
   (9th Cir.1988) .................................................................................................................2

5

*Franchise Holding II, LLC v. Huntington Restaurants Grp. Inc.*, 375 F.3d 922, 925-
   926 (9th Cir. 2004). ....................................................................................................1, 2

6

*Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ................17

7

*Resolution Trust Corp. v. Keating*, 186 F3d 1110, 1117 (9th Cir. 1999)..................11

8

*Schwarznegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)
   .......................................................................................................................13, 15

9

10

*TCI Group Life Ins. Plan v. Knoebber Group*, 244 F.3d 691, 697 (9th Cir. 2001). ...2

11

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)...................17

12

**Statutes**

13

Cal. Bus. & Prof. Code § 18628 ...................................................................................7

14

Cal. Code Civ. Proc. § 410.10 ......................................................................................4

15

**Rules**

16

Fed. R. Civ. P. 55(c) .....................................................................................................1

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MOSES HEREDIA'S OPPO TO DEFENDANT
DANIEL KINAHAN'S MOTION TO SET ASIDE DEFAULT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

Defendant Daniel Kinahan, appearing specially, contests the Clerk's February 2, 2022 entry of default against him under the umbrella of "good cause."  Relevant to this opposition, Kinahan claims that he was not properly served, and that, should service be deemed proper, he has meritorious defenses.

Plaintiff Heredia disputes Kinahan's assertions and respectfully requests that the Court deny Kinahan's motion, or in the alternative, order limited jurisdictional discovery of the MTK entity defendants to reveal Kinahan's relationship to the MTK entities at the times relevant to the events at issue, and to determine whether Kinahan's purported defenses are sufficiently meritorious to support vacating the default.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

In deciding whether to set aside an entry of default, a court's good cause analysis considers whether: (1) the defendant engaged in culpable conduct that led to the default; (2) the defendant has a meritorious defense; and (3) the plaintiff would be prejudiced by setting aside the default.  *See Franchise Holding II, LLC v. Huntington Restaurants Grp. Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). Crucially, "[a]s these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors was true.'"  *See id.* at 926, *quoting American*

*Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). If a defendant "has received actual or constructive notice of the filing of the action and failed to answer," its conduct is culpable. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 926 (2004); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir.1988); (quoting *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987)).  As the first and second factors are true – and therefore against Defendant Kinahan – Plaintiff Heredia respectfully requests the Court deny the pending motion to set aside the entry of default.

### A.     Defendant Daniel Kinahan was properly served, never answered, and therefore is culpable.

A defendant's conduct is culpable if it has received actual or constructive notice of the filing of the action and intentionally failed to answer.  *TCI Group Life Ins. Plan v. Knoebber Group*, 244 F.3d 691, 697 (9th Cir. 2001).  There is no question that Kinahan was properly served, received both actual and constructive notice of the filing, and never answered.  His conduct is therefore culpable.

Kinahan resides in Dubai, United Arab Emirates (UAE).  Heredia engaged Dubai counsel and, as stated in the attached declaration of UAE attorney Jouslin Chibli Khairallah (EXHIBIT A), Kinahan was served three ways: by publication,

courier[1], and email.  Ms. Khairallah is a lawyer and the owner and manager of Khairallah Advocates & Legal Consultants, based in Dubai, UAE (Khairallah Decl. ¶ 3.)  She declared that under UAE law, service may be accomplished via a courier, email, or, if the person or entity to be served has no fixed address, via publication of a notice via a newspaper. (Khairallah Decl. ¶ 6.)

Ms. Khairallah declared:

"Under UAE law, service may be accomplished via a courier, email, or via publication of a notice via a newspaper. For the newspaper, per Article 8(4) of Federal Law No. (11) of 1992 Concerning Issuance of the Civil Procedures Code, if a person to be notified has no domicile, residence, place of business, fax, email or a postal address, it shall notify through publication in two dailies issued in the State or abroad in the Arabic or foreign languages, as the case may be, and the date of the publication shall be considered as the date of notification." (Khairallah Decl. ¶ 6.)

She further declared: "As Mr. Kinahan's current address was not found through investigations, service was concluded via courier on last known address (courier was accepted, refer to Exhibit A) and notification was done via newspapers. […]  On October 2, 2021, I served a copy of the summons and complaint to

---

[1] Note that MTK Global Sports Management, LLC's "new" company Hoopoe Sports LLC License Number 782807 PO Box 454833 Al Barsha Post Office Dubai, UAE is the same exact address MTK Global Sports Management, LLC has registered in Dubai and the same address it is using for its new contracts.

defendant Mr. Daniel Kinahan via English/Arabic newspapers. The newspaper notification complied with UAE law, specifically, Article 8(4) of Federal Law No. (11) of 1992 Concerning Issuance of the Civil Procedures Code, and interpretation thereunder."  (Khairallah Decl. ¶ 7-8.)

Ms. Khairallah's declaration makes clear that, under these circumstances, interpretation of the judicial code allows service on Kinahan through publication. Ms. Khairallah's interpretation of UAE law, given under penalty of perjury, that service on Kinahan by publication is proper in this situation is unrebutted by any authority from Kinahan.

Kinahan's declaration supporting his claim of improper service is more notable for what it does not say than for what it does.  For example, Kinahan, claims that he does not do business in, or own real estate in, California; that he does not "work for," nor is he "employed by," any of the defendants in this case; that he does not receive mail at, or have access to, the P.O. box where courier service was made; that he does not receive emails sent to r.renyolds@mtkglobal.com; and that he does not know Heredia or Heredia Boxing Management.

These assertions are unremarkable given the allegations of the complaint. They certainly are not dispositive of the questions at issue.  Kinahan's disclaimer of the role of an employee of co-defendant MTK Global Sports Management, LLC is not the only role by which Kinahan can be subject to personal jurisdiction here.  For example, California's long-arm statute, found at Cal. Code Civ. Proc. § 410.10,

allows the exercise of jurisdiction over a foreign defendant on any basis not inconsistent with California law or the U.S. Constitution.  As discussed in more detail below, Kinahan's alleged conduct would give rise to the minimum contacts that would support an exercise of personal jurisdiction over him in this forum. Upon information and belief, Kinahan effectively controls co-defendant MTK Global Sports Management, LLC.  That he claims not to "work for" it nor have access to its P.O. Box does not make service ineffective, as working for an entity or having access to its P.O. box are not requirements for having minimum contacts; as discussed below Kinahan's involvement with the MTK entities is more than sufficient.  Upon information and belief, nothing important happens at MTK Global Sports Management, LLC without Kinahan's assent.

Nothing in the law requires Kinahan to have business or property in California for service on him to have been proper.  However, given the other information about Kinahan's actions and statements presented in the instant pleading, Kinahan's claim not to have any business in California deserves further scrutiny and is one of the topics on which Heredia has requested limited discovery prior to the Court's resolution of this motion, to aid the Court in its findings.

Nor does the law require that Kinahan be personally acquainted with Plaintiff for service on Kinahan to have been proper.  Indeed, Plaintiff's allegations are directed toward Kinahan's interference with Plaintiff's contractually bound boxer, which certainly does not require that Kinahan "know" or have met Plaintiff.

1    Plaintiff Heredia, on information and belief, believes that Kinahan controls

2    co-defendant MTK Global Sports Management, LLC, and through it, its subsidiary

3    and co-defendant, MTK Global USA, LLC.  As Kinahan denies any connection to

4    his MTK co-defendants, limited jurisdictional discovery of those three defendants is

5

6    appropriate, as discussed further below.

7        Notwithstanding Kinahan's arguments that he was not properly served by

8    email or courier, Ms. Khairallah's declaration demonstrates unequivocally that he

9

10   was served properly by newspaper publication.  Kinahan also had constructive

11   notice of the lawsuit via several means as shown below and as he failed to answer,

12

13   he is culpable.

14       **B. Defendant Daniel Kinahan also was on Constructive Notice of the**

15       **Filing and Failed to Answer.**

16

17       **1.  Paul Gibson**

18       On or about June 3, 2020, Mr. Paul Gibson was appointed as Defendant MTK

19

20   Global Sports Management, LLC's Chief Strategy Officer.[2]  Per the attachments[3] it

21   is clear that Mr. Greely of the law firm VGC, LLP and Mr. Gibson were working

22

23

24

25   [2] *See* Attachment 1, *Paul Gibson Appointed MTK Chief Strategy Officer*, MTK Global (June 3, 2020), https://mtkglobal.com/mtk-global/paul-gibson-appointed-mtk-chief-strategy-officer/. MTK Global publicly

26   announced the appointment of Mr. Gibson as its CSO—making it clear that Mr. Gibson is an agent of the company.

     [3] *See* Attachment 2. Email from VGC to Mr. Gibson where Mr. Greely specifically designates Mr. Gibson as

27   Defendant MTK Global Sports Management, LLC's point of contact on the negotiation team.  Also neither Mr. Greely nor Mr. Gibson, nor MTK hold manager licenses in the State of California.

28

together to arrange professional contests on behalf of Mr. Diaz, in violation of the applicable California law.

> Manager means any person who does any of the following:
> **(a)** By contract, agreement, or other arrangement with any person, undertakes or has undertaken to represent in any way the interest of any professional boxer, or martial arts fighter in procuring, or with **respect to the arrangement or conduct of, any professional contest in which the boxer or fighter is to participate as a contestant**; except that the term "manager" shall not be construed to mean any attorney licensed to practice in this state whose participation in these activities is restricted to representing the legal interests of a professional boxer or fighter as a client. **Otherwise, an attorney shall be licensed as a manager in order to engage in any of the activities described in this section.** (b) Directs or controls the professional boxing or martial arts activities of any professional boxer or martial arts fighter.**(c)** Receives or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to such person's participation in a professional contest.**(d)** Is an officer, director, shareholder, or member of any corporation or organization which receives, or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to the person's participation in a professional contest.

Cal. Bus. & Prof. Code § 18628 (emphasis added).

Mr. Gibson was emailed a demand letter on or about February 18, 2021 along with Mr. Gallegos (who represents Defendant Golden Boy Productions, Inc. in other related matters) and Mr. Greely directly, and the initial complaint on or about March 16, 2021.[4]

Throughout VGC's representation of Diaz in <u>Diaz v. Heredia, et al.,</u> Case No. 5:20-cv-02332-JWH-KK, Mr. Greely has routinely demanded that any settlement

---

[4] *See* Attachments 3-4 (Emails to Gibson from Federal Practice Group).

must include the dismissal of defendant MTK Global Sports Management, LLC, and Mr. Kinahan as communicated to him both directly and indirectly through Mr. Diaz. Mr. Greely also maintained repeatedly that Plaintiff was unsuccessful in its efforts to serve both Mr. Kinahan and Defendant MTK Global Sports Management, LLC, acknowledging that they were both aware of the lawsuit. As Defendant MTK Global Sports Management, LLC was undoubtedly aware of the lawsuit, so then was Defendant Kinahan.

### 2. Defendant MTK Global Sports Management, LLC's England Counsel Was On Notice of the Lawsuit.

Defendant MTK Global Sports Management, LLC's counsel, who was representing them in England, was contacted to request if they would accept service. Counsel then confirmed they were not given the authority.  The authority or denial of could only come from the client – Defendant MTK Global Sports Management, LLC through Defendant Kinahan.

### 3. MTK GLOBAL USA, LLC Answered the Complaint.

Defendant MTK Global USA, LLC, another of Defendant MTK Global Sports Management, LLC's companies, answered the complaint on September 29, 2021 [ECF 55].  In Defendant MTK Global USA, LLC's motion to set aside the default, the Harris Decl. at Exh. A acknowledges, via a copy of an email among counsel, that a "global settlement" was contemplated.  It also denied that Daniel

Kinahan was a noted member of the notorious Kinahan cartel or that he oversees the company's operations.[5]

### 4. Significant and Prominent Media Coverage Placed Defendant Daniel Kinahan on Constructive Notice of the Lawsuit.[6]

On January 24, 2022, a newspaper article in the Sunday World, an Irish-focused news site, discussed this lawsuit against Defendant Kinahan and properly noted that this is the second time Defendant Kinahan has been served by publication.[7]  Defendant Kinahan is known for being protective of his image.  This lawsuit has been an aggressively followed story and repeatedly reported on. Defendant Kinahan's own public statement on or about October 7, 2021 admits that he is still very much involved with MTK and his blanket denial of criminality:  "I continue to be involved in planning multiple record-breaking and exciting world title fights," he said in a statement to Talksport earlier this year, adding later: "I'm

---

[5] *See* Attachment 5, Wikipedia.org, Daniel Kinahan (March 18, 2022), https://en.wikipedia.org/wiki/Daniel_Kinahan; (last visited March 17, 2022.) Mr. Kinahan's Wikipedia page details his involvement in criminal activities—including his involvement in the Kinahan drug cartel.; *See* Attachment 6, Patrick O'Connell, *Daniel Kinahan 'named and shamed' in Dubai newspapers as lawyers pressure cartel boss*, Sunday World (Jan. 24, 2022), https://www.sundayworld.com/crime/irish-crime/daniel-kinahannamed-and-shamed-in-dubai-newspaper-as-lawyers-pressure-cartel-boss-41268515.html. Mr. Kinahan is described by the media as a "cartel boss."
[6] *See generally* Attachments 1, 6-27. There have been several news articles, published by a number of different sources, covering the lawsuit.
[7] *See* Attachment 6, Patrick O'Connell, *Daniel Kinahan 'named and shamed' in Dubai newspapers as lawyers pressure cartel boss*, Sunday World (Jan.24, 2022), https://www.sundayworld.com/crime/irish-crime/daniel-kinahannamed-and-shamed-in-dubai-newspaper-as-lawyers-pressure-cartel-boss-41268515.html. Mr. Kinahan was served via newspaper publication twice and news of this publication was covered by the media.

not part of a criminal gang."[8]  Tyson Fury is an MTK Global fighter and Defendant Kinahan has been integral in his return to boxing elite.[9]

### C.    Defendant Daniel Kinahan did not present a meritorious defense.

Kinahan has not presented a meritorious defense, nor indeed, any defense to justify vacating the default. Kinahan is required to present the Court with specific facts that would constitute a defense and he did not.  *See Franchise Holding II, LLC* at 926 (*citing Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). It is insufficient that a party offers "the district court only conclusory statements that a dispute existed.  A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC* at 926 (*quoting Madsen* at 6).  Kinahan failed to even deny the allegations in the complaint.  A "general denial" is insufficient as a meritorious defense, and in this case no denial is not only insufficient – worse, it may be inferred as admissions.

Kinahan's first claimed defense is: "Mr. Kinahan has virtually no connection with the present dispute. He is a resident of Dubai. (Kinahan Decl., ¶ 2.)" [ECF 73,

---

[8] Attachment 7, Alan Dawson, *Tyson Fury's association with suspected mob boss Daniel Kinahan overshadows Deontay Wilder fight week*, Insider (Oct. 7, 2021), https://www.insider.com/tyson-fury-link-alleged-mob-boss-daniel-kinahan-revisited-2021-10. Mr. Kinahan himself has publicly stated that he has organized bouts for Tyson Fury—an MTK Global fighter.

[9] *See* Attachment 8, MTK Global (March 18, 2022) https://mtkglobal.com/boxers/tyson-fury/. Tyson Fury is listed on MTK Global's website as one of the company's boxers; Attachment 7, Alan Dawson, *Tyson Fury's association with suspected mob boss Daniel Kinahan overshadows Deontay Wilder fight week*, Insider (Oct. 7, 2021), https://www.insider.com/tyson-fury-link-alleged-mob-boss-daniel-kinahan-revisited-2021-10. The fighter's former trainer, Ben Davison, credited his comeback in boxing to the advisor, agent, and event promoter Daniel Kinahan. Davison said Kinahan was a "Godsend" to Fury, according to a new book; *See also* Attachment 9, *Tyson Fury thanks Daniel Kinahan for organizing Anthony Joshua fight*, Independent.ie (June 11, 2020), https://www.independent.ie/videos/archive-tyson-fury-thanks-daniel-kinahan-for-organising-anthony-joshua-fight-39275870.html. Tyson Fury, an MTK Global boxer, publicly thanked Mr. Kinahan for organizing his fight with Anthony Joshua.

page 6, lines 16-20.]  Kinahan's use of the word "virtually" raises interesting questions.  Having *virtually* no connection to the present dispute is not the same as having *no connection* at all to the present dispute, and that he is a resident of Dubai does not preclude his culpability in the allegations levied against him. Indeed, this appears to be an artfully worded admission that Defendant Kinahan actually *does* have some level of connection to the present dispute.

Defendant Kinahan's second claimed defense is: "He does not have any business or personal relationship with Plaintiffs. He has not communicated with Plaintiffs in any manner. (Id., ¶6.)" [ECF 73, page 6, lines 20-22.]  This is not a defense to the allegations against him for the simple reason that the civil RICO claims against him do not require a business or personal relationship with the plaintiff, nor communication with the plaintiff.

To prevail on his civil RICO claims, plaintiff must prove each element of the offense and that it was "injured in [its] business or property by the conduct constituting the violation."  *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999).  The conduct must be the direct and proximate cause of the alleged injury.  *See id*. (additional citation omitted).  This is precisely what is alleged in the complaint.

The allegations in the complaint center around Kinahan's alleged civil RICO conduct that had the *direct and proximate consequence* of harming plaintiff, *see, e.g.*, Second Amended Complaint at ¶103 (count 1, RICO § 1962(a) – Acquiring an

Interest in an Enterprise by Use of Income), ¶110 (count 2, RICO § 1962(b) –

Acquiring or Maintaining an Interest in or Control of an Enterprise), ¶122 (count 3,

RICO § 1962(c) – Conduct the Affairs of the Enterprise), and ¶127 (count 4, RICO

§ 1962(d) – Conspiracy to Conduct the Affairs of the Enterprise).

Defendant Kinahan's third claimed defense is that: "He also does not have

any agreements with any of the other defendants." [ECF 73, page 6, line 22.]  This

defense is belied by the blurring of lines between his MTK Global Sports

Management, LLC, and its subsidiary's MTK Global USA, LLC's involvement via

Mr. Gibson's negotiating bouts.  Moreover, Kinahan has not disclaimed any

involvement in the MTK entities – his disclaimers appear to be an attempt to

disclaim very carefully his role in the MTK entities.  Further, the complaint alleges

that Defendant Kinahan runs defendant MTK Global Sports Management, LLC

from Dubai (*see, e.g.*, ECF 43, page 21, lines 2-5).  It is not clear what Kinahan's

purported defense means – is it that he does not have any official, written

agreements granting him control over defendant MTK Global Sports Management,

LLC? Is it that he does not have any *de facto* control over defendant MTK Global

Sports Management, LLC?  It is unknown.  Such vagueness does not support a

meritorious defense.

Defendant Kinahan's fourth claimed defense is that: "In fact, Mr. Kinahan

does not conduct any business in California. (Id., ¶ 2.)"  [ECF 73, page 6, line 23.]

As above, the allegations against Defendant Kinahan are that *consequences* of his

conduct occurred in California.  It is undisputed that an entity in which he, on

information and belief, has an interest, has an agreement with a California boxer –

Joseph Diaz, Jr.  Whether Defendant Kinahan actually was present in California to

"conduct business" or "conduct[ed] business" in California from afar is irrelevant to

the allegations made against him.

> **D.    Defendant Kinahan's purported defenses hinge on personal jurisdiction and have little merit; however, limited jurisdictional discovery is appropriate.**

To the extent that Kinahan's purported defenses suggest that the Court lacks

personal jurisdiction over him due to his claimed lack of contacts with California, he

is incorrect.

Plaintiff has alleged that Kinahan's actions impacted Plaintiff in California.

California's long-arm statute therefore applies to this inquiry. "Because California's

long-arm statute is co-extensive with federal due process requirements, the

jurisdictional analyses under California law and federal law are the same."

*Schwarznegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004).

> "The Ninth Circuit applies a three-prong test to determine if specific
>
> jurisdiction exists: (1) The non-resident defendant must purposefully direct
>
> his activities or consummate some transaction with the forum or resident
>
> thereof; or perform some act by which he purposefully avails himself of the

1  privilege of conducting activities in the forum, thereby invoking the benefits

2  and protections of its laws;

3  (2) the claim must be one which arises out of or relates to the defendant's

4  forum-related activities; and

5  (3) the exercise of jurisdiction must comport with fair play and substantial

6

7  justice, i.e., it must be reasonable."

8

9  *Schwarzenegger at* 802 (additional citation omitted).

10  **1.    Defendant Kinahan purposely directed activities at residents of**

11  **California.**

12

13  Plaintiff Moses Heredia is a resident of California, and so is professional

14  boxer Joseph Diaz Jr.  Both were the recipients of Defendant Kinahan's purposely-

15  directed activities.

16

17  Co-defendant MTK Global Sports Management, LLC, was, upon information

18  and belief, co-founded and is in part owned and controlled Kinahan, a member of

19  Ireland's notorious Kinahan Cartel, also known as the Kinahan Organized Crime

20  Group by certain law enforcement officials.  MTK Global Sports Management, LLC

21

22  is a UAE-based company.  Another co-defendant in this case, MTK Global USA,

23  LLC, is, upon information and belief, a subsidiary of MTK Global Sports

24  Management, LLC.  MTK Global USA, LLC is registered in Delaware.

25

26  On August 4, 2020, co-defendant MTK Global USA, LLC signed a "business

27  advisory agreement" with professional boxer Joseph Diaz Jr. Upon information and

28

belief, Joseph Diaz was in California when he signed it.  Further, upon information and belief, co-defendant MTK Global USA, LLC was acting at the behest of its believed parent entity, co-defendant MTK Global Sports Management, LLC, which is alleged to be controlled or directed by Kinahan.

Indeed, in furtherance of this belief, Plaintiff notes that the complaint alleges that Mr. Paul Gibson, an MTK Global Sports Management, LLC employee, directly negotiated the terms of a bout between Mr. Diaz and Mr. Shavkatdzhon Rakhimov on February 13, 2021 under the umbrella of the "business advisory agreement" between Joseph Diaz Jr. and co-defendant MTK Global USA, LLC.  This is evidence that Kinahan's MTK Global Sports Management, LLC, not just MTK Global USA, LLC, was behind the "business advisory agreement."

These are acts purposely directed at residents of the forum and support an exercise of personal jurisdiction over Defendant Kinahan.  *See Schwarzenegger* at 802.

**2.      The claims against Defendant Kinahan arise out of or relate to his California-related activities.**

As alleged throughout the complaint, the claims made against Kinahan arise out of or relate to his California-related activities; namely that the "business advisory agreement" that he ultimately directed to be entered into, through his MTK Global Sports Management, LLC, directed a subsidiary, MTK Global USA, LLC, to lure away a California resident professional boxer from the management of a duly-

licensed California boxer manager in violation of the valid California boxer-manager contract in force between those two California residents.

The claims alleged against Kinahan arise out of or relate to the activities he directed at California, and therefore support an exercise of personal jurisdiction over Kinahan.

### 3. An Exercise of Personal Jurisdiction over Defendant Kinahan Would Be Reasonable.

Upon plaintiff's meeting the first two prongs of the test, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *See Schwarznegger* 802 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).)

Heredia recognizes that there can be substantial burdens on foreign defendants. *See, e.g., Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987). However, unlike in *Asahi*, where a foreign defendant had no control over commercial items that ended up in the forum state, here, it is alleged that Kinahan directed MTK Global Sports Management, LLC, through its subsidiary, MTK Global USA, LLC, to enter into the specific agreement at issue in the complaint, with a California resident professional boxer, and to the detriment of that boxer's duly-licensed California manager. Kinahan should have known that his conduct and connections with the forum state were such that he should have

reasonably have anticipated being brought into court there.  *See, e.g., World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### 4. Limited Jurisdictional Discovery of the Defendants May Be Appropriate.

In sum, Heredia believes that none of Kinahan's purported defenses are meritorious.  Further, the record on Defendant's Kinahan's purported defense of lack of personal jurisdiction is bare.  Plaintiff Heredia would invite limited jurisdictional discovery of the MTK Defendants' organizational structure, control, and ownership to resolve Defendant Kinahan's potential personal jurisdiction defenses and determine whether those would be meritorious.

In the Ninth Circuit, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted).  "Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, discovery should be granted when…the jurisdictional facts are contested or more facts are needed."  *Id*. (internal quotations omitted.)  In this case, more facts are needed.

*Laub* cited to *Edmond v. United States Postal Servs. Gen. Counsel*, 949 F.2d 415, 425 (D.D.C. 1992), which held: "it is an abuse of discretion to deny

jurisdictional discovery where the plaintiff has specifically alleged: (1) the existence of a conspiracy, (2) the non-resident's participation, and (3) an injury-causing act of the conspiracy within the forum's boundaries." *Edmond* at 425.  That is precisely what is alleged here, and limited jurisdictional discovery is similarly appropriate here to identify the MTK Defendants' organizational structure, control, and ownership vis a vis Kinahan.  Notably, Kinahan has not disclaimed any of the foregoing facts.  Were he to do so after Plaintiff's submission of this pleading, such disclaimer would be doubly suspect for not having been made earlier.

In his motion and supporting declaration, Kinahan disputes facts alleged in the complaint regarding his involvement in conspiracy-based matters directed at, and causing harm in, California.  The facts of who controls which of the MTK defendant entities are controverted, encompassing UAE, England, and USA-based entities and alleged international drug cartel influence and involvement.  Limited jurisdictional discovery to clarify organizational structure, ownership, and control is needed to help clarify the roles of each of the Defendant MTK entities and Kinahan's role and potential responsibilities for the acts alleged in the complaint, in aid of assessing Kinahan's motion to vacate the default.

## **CONCLUSION**

Defendant Kinahan was properly served, did not answer, is culpable, failed to deny any of the allegations, and did not present meritorious defenses in his attempt to set aside the default entered against him.  Plaintiff Heredia respectfully urges the

1  Court to deny the pending motion, or in the alternative, order limited jurisdictional

2  discovery.

3

4  Dated: April 1, 2022                                  Respectfully submitted,

5

6                                                        /s/ *Rajan O. Dhungana*
                                                         Rajan O. Dhungana (SBN: 297794)

7                                                        FEDERAL PRACTICE GROUP

8                                                        14481 Aspen Street
                                                         Hesperia, CA 92344

9                                                        Telephone: (310) 795-6905
                                                         rdhungana@fedpractice.com

10

11                                                       /s/ *Eric S. Montalvo*
                                                         Eric S. Montalvo (*Pro Hac Vice*)

12                                                       FEDERAL PRACTICE GROUP

13                                                       1750 K Street, N.W., Suite 900
                                                         Washington, D.C. 20006

14                                                       Telephone: (202) 862-4360

15                                                       Fax: (888) 899-6053
                                                         emontalvo@fedpractice.com

16

17                                                       *Attorneys for Plaintiff*

18                                                       Moses Heredia

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 1, 2022, I filed the foregoing Plaintiff Moses

Heredia's Opposition to Defendant Daniel Kinahan's Motion to Set Aside Default

with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
WILL WANG (SBN 332814)
Email: will.wang@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone: (213) 262-8000
Facsimile: (213) 335-7776
*Attorneys for Defendant via special appearance*
Daniel Kinahan

MANCINI SHENK LLP
Michael V. Mancini (S.B. #263799)
mmancini@mancinishenk.com
Peter J. Most (S.B. #143963)
pmost@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (424) 652-4000
Facsimile: (424) 652-4004
*Attorneys for Defendant*
MTK GLOBAL USA, LLC

Joshua Michael Geller
Greenberg Glusker Fields Claman and Machtinger LLP
2049 Century Park East 26th Floor
Los Angeles, CA 90067
310-553-3610
Fax: 310-553-0687
Email: jgeller@ggfirm.com
*Attorney for Defendant*
Golden Boy Promotions, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ricardo P. Cestero
Greenberg Glusker Fields Claman and Machtinger LLP
2049 Century Park East 26th Floor
Los Angeles, CA 90067
310-553-3610
Fax: 310-201-2309
Email: rcestero@ggfirm.com
*Attorney for Defendant*
Golden Boy Promotions, Inc.

Dated: April 1, 2022

Respectfully submitted,


/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Plaintiff*
Moses Heredia