JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
WILL WANG (SBN 332814)
Email: will.wang@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone:  (213) 262-8000
Facsimile:   (213) 335-7776

*Attorneys for Specially Appearing Defendant Daniel Kinahan*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC., a California corporation; and MOSES HEREDIA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MTK GLOBAL USA, LLC, a Delaware limited liability company, *et al.*, <br><br> Defendants. | CASE NO. 5:20-cv-02618-JWH-KK <br><br> Hon. John W. Holcomb <br><br> **SPECIALLY APPEARING DEFENDANT DANIEL KINAHAN'S REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** <br><br> [Evidentiary Objections To Plaintiff's Attachments Filed Herewith] <br><br> Date:     April 22, 2022 <br> Time:    9:00 A.M. <br> Ctr.:      2 <br><br> Complaint Filed:  December 18, 2020 |

REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

## I. INTRODUCTION

By his motion to set aside default ("Motion"), Specially Appearing Defendant Daniel Kinahan ("Mr. Kinahan") seeks to vacate a default that was entered against him because Plaintiff did not properly serve Mr. Kinahan. In support of that Motion, Mr. Kinahan submitted evidence that showed: (1) he is resident of Dubai in the United Arab Emirates ("UAE"); (2) he was never served with a copy of the Second Amended Complaint ("SAC") or the Summons; (3) he does not have any meaningful contacts with California; and (4) he does not work for any of the other parties named in this lawsuit. A review of Plaintiff's evidence confirms that Plaintiff did not follow UAE's law concerning service of process because the SAC was allegedly (1) delivered to a physical address *that belonged to another party* (*i.e.*, MTK Global Sports Management, LLC ("MTK")); (2) emailed to an account *that belonged to some other person* (*i.e.*, a person purportedly named R. Reynolds); and (3) sent for publication – *even though service by publication is not allowed for a UAE resident*. Under these circumstances, the entry of default must be set aside because Mr. Kinahan was never properly served.

Plaintiff's opposition ("Opposition") does nothing to change this conclusion. In fact, Plaintiff basically admits in his Opposition that he had tried to serve Mr. Kinahan at the *wrong* physical location and used the *wrong* email address. Yet, Plaintiff maintains that service was proper because his service processor had attempted service by publication, and Mr. Kinahan supposedly had constructive notice of Plaintiff's claims through other online publications. But this is not the law. UAE law does not permit service by publication for a UAE resident, and constructive notice is not a valid substitute for actual service of process. The Court must therefore set aside the entry of default.

Moreover, good cause easily exists here to set aside the entry of default. Mr. Kinahan did not act culpably, and never harbored any bad-faith intent to

manipulate the legal process. He has presented facts indicating that he can assert several meritorious defenses to the SAC, including lack of personal jurisdiction and failure to state a claim. And Plaintiff does not dispute that he will not suffer prejudice if default were set aside. As set forth below, the Court should grant Mr. Kinahan's Motion.

## II. ARGUMENT

### A. Plaintiff Did Not Properly Serve Mr. Kinahan.

#### 1. *Mr. Kinahan Was Not Properly Served With The SAC.*

It is settled law that any default entered following defective service of process *must* be set aside. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 85 (1988); *Procopio v. Conrad Prebys Tr.*, 2015 WL 4662407, at *7 (S.D. Cal. Aug. 6, 2015); *Collins v. Proceeds In Rem*, 2021 WL 4459666, at *1 (C.D. Cal. Aug. 9, 2021). In his Opposition, Plaintiff does not dispute that he had tried to serve Mr. Kinahan at the *wrong* physical location, and had used the *wrong* email address. As such, service is *per se* defective.

Plaintiff's sole remaining argument is that service by publication should be enough. Not so. Under UAE law, service by publication may be effected only "if the person to be notified has ***no domicile, residence, place of business, fax, email or a postal address***" in the UAE. (Declaration of UAE Attorney Jouslin Chibli Khairallah ("Khairallah Decl."), ¶ 6 (emphasis added).) But this does not apply to Mr. Kinahan, who is domiciled and lives in Dubai. (*See* Declaration of Daniel Kinahan, filed in support of Motion ("Kinahan Decl."), ¶ 2.). Under these circumstances, Plaintiff cannot serve Mr. Kinahan by publication. Because service is defective here, the Court should set aside the entry of default for this reason alone.[1]

---

[1] To the extent Plaintiff previously believed that he could serve Mr. Kinahan by publication, that illusion should have been dispelled once Mr. Kinahan filed his Motion.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

### 2. *Constructive Notice Is Not A Valid Substitute For Actual Service.*

Plaintiff next argues that, because Mr. Kinahan had constructive notice of this lawsuit, proper service is not needed. (Opp. at 6-10.). Not true.

***First***, Plaintiff's Opposition cites no authority that would allow a party to use constructive notice as a substitute for valid service. The Court cannot exercise jurisdiction over a party *if that party was not properly served*. *Am. Tire Distributors, Inc. v. Am. Tire Corp.*, 2009 WL 10672266, at *3 (C.D. Cal. Mar. 2, 2009). "[A]ny default entered following defective service of process must be vacated." *Id.* Plaintiff failed to serve Mr. Kinahan properly. This failure dooms Plaintiff's argument and default must be set aside.

***Second***, Plaintiff's Opposition does not establish that Mr. Kinahan received constructive notice. This is because Plaintiff's argument relies solely on the existence of a series of unauthenticated, online publications. But this is not evidence of constructive notice. There is nothing in the record to show (1) the reliability of these publications, (2) whether these articles were available or accessible in the UAE, and (3) whether Mr. Kinahan was even aware that these articles had been published or the contents of these publications. Plaintiff's reliance on hearsay and otherwise inadmissible evidence falls short of the showing needed to demonstrate that Mr. Kinahan received constructive notice.

***Finally***, Plaintiff's argument that Mr. Kinahan must have had notice of this lawsuit because he controls MTK fails. The unrebutted evidence shows that Mr. Kinahan does not control MTK and does not work for MTK. Nor does he have access to MTK's physical mail, or emails. All of Plaintiff's assertions to the contrary are based on nothing more than his "information and belief". (*See* Opp. at 5, 6, 14.) This is not enough. *See Hayworth v. Haddock*, 2008 WL 5245983, at *3 (E.D. Cal. Dec. 17, 2008) (setting aside default because "there is no evidence before the Court that Defendant received actual or constructive notice").

### B. Mr. Kinahan Did Not Engage In Culpable Conduct.

Plaintiff also argues that Mr. Kinahan was culpable because he was supposedly served. The undisputed evidence, however, shows that Plaintiff did not effect service on Mr. Kinahan, and did not followed UAE law on how to serve a UAE resident. Moreover, Plaintiff cannot show that Mr. Kinahan had constructive notice of this lawsuit. Given these facts, Plaintiff cannot establish culpability. A defendant's conduct is culpable only "if [he] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

Importantly, to be culpable, a defendant must act not only "intentionally," but also with bad faith. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092. This means an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* Plaintiff has submitted no evidence of such intent or conduct. And because Mr. Kinahan "offers a credible, good faith explanation" for his failure to answer, he did not engage in culpable conduct. *Id.*

### C. Mr. Kinahan Presented Facts Sufficient To Support His Meritorious Defenses.

Plaintiff further argues that Mr. Kinahan did not prove that he has meritorious defenses. Again, not so. All that is required to have default set aside is for Mr. Kinahan to state facts which, if true, outline a facially meritorious defense. *Free-Free (USA) Inc. v. Housewares Int'l Inc.*, 2019 WL 4194307, at *9 (C.D. Cal. Apr. 23, 2019); *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (holding that the moving party need only establish "some possibility" that it will prevail at trial). And the Court does not evaluate the veracity of any facts presented by the moving party while deciding a motion to set aside default. *Full Spectrum IH, LLC v. DCM, Inc.*, 2020 WL 5371321, at

*5 (E.D. Cal. Sept. 8, 2020). Mr. Kinahan has easily met this burden.

For example, Mr. Kinahan's declaration establishes that he has virtually no connection with the dispute at hand, does not do business with Plaintiff, and does not work for any of the other defendants in this lawsuit. In short, Mr. Kinahan has submitted evidence, which if true (and is true), will provide him with complete affirmative defenses to Plaintiff's claims. These defenses include, but are not necessarily limited to:

*Lack of Personal Jurisdiction*. Mr. Kinahan has provided facts that he has no minimum contacts with California and that the assertion of personal jurisdiction over him would not comport with traditional notions of substantial justice and fair play. The undisputed evidence shows that he lives in Dubai, does not do business in California, does not do business with Plaintiff, and does not work for any of the other defendant parties. (*See* Kinahan Decl. ¶¶ 2, 3, 6.) In the Ninth Circuit, this is a meritorious defense for purposes of Mr. Kinahan's Motion. *Full Spectrum IH, LLC*, 2020 WL 5371321, at *5 (E.D. Cal. Sept. 8, 2020) (holding that all that is needed to establish personal jurisdiction as a meritorious defense in connection with a motion to set aside default is evidence that show, for instance, a moving party is not domiciled in California and has not conducted any business in the State of California); *Billion Int'l Trading, Inc. v. Universal Sportswear*, 2013 WL 12403061, at *4 (C.D. Cal. Oct. 22, 2013).

*Failure to Assert A Valid Claim*. Mr. Kinahan's Motion also demonstrates that Plaintiff has failed to assert a valid claim against him. The SAC alleges only that Mr. Kinahan had created MTK, and that MTK had used illicit funds to poach Plaintiff's client. But the creation of MTK is not a valid predicate offense, and these facts are insufficient to establish liability against Mr. Kinahan. *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010). Courts also recognize failure to state a claim as a meritorious defense for purposes of vacating default. *See Kobayashi v. McMullin*, 2022 WL 422823, at *5 (C.D. Cal.

Jan. 7, 2022); *Free-Free (USA) Inc.*, 2019 WL 4194307, at *9 (C.D. Cal. Apr. 23, 2019).  Moreover, Mr. Kinahan's declaration shows that he was not involved with conduct that allegedly caused injury to Plaintiff.  *See doe v. Foboneh*, 2019 WL 8917734 at *2 (C.D. Cal. 2019) (setting aside default in RICO complaint where the moving party declared that he was uninvolved in the criminal acts and other acts alleged in the pleadings).

*Additional Affirmative Defenses*.  MTK has also filed a motion with the Court to set aside default.  In connection with that motion, MTK has also presented facts that show that MTK has a number of affirmative defenses.  (*See* Dkt. Nos. 71 and 79.)  For example, MTK demonstrated that Plaintiff's interference claims fail because it did not interfere with the contract at issue, and that the acts allegedly constituting interference were undertaken by another entity.  (MTK Mot. at 13.)  It also argues that Plaintiff has not established any damages.  (*Id.*)  According to the SAC, Plaintiff is suing Mr. Kinahan solely because Mr. Kinahan founded MTK and allegedly still controls it.  In other words, to the extent Mr. Kinahan has any liability, that liability is would be based on the alleged conduct *of other parties*.  As such, all of the affirmative defenses asserted by those other parties (like MTK) would apply with equal (if not greater) force to Mr. Kinahan.

Mr. Kinahan has more than demonstrated that he has adequate, meritorious defenses and that the default should be set aside.  To forestall this result, Plaintiff argues that jurisdictional discovery is needed to "aid [in] assessing Mr. Kinahan's motion to vacate the default." (Opp. at 18.)  Nonsense.

***First,*** as set forth above, to have default set aside, Mr. Kinahan does not need to show that he will prevail.  Rather, he needs only to outline that he *has* potential, meritorious defenses.  And the Court does not evaluate the veracity of any facts presented by the moving party while evaluating a motion to set aside default.  *Full Spectrum IH, LLC v. DCM, Inc.*, 2020 WL 5371321, at *5.

Because the Court is not required to rule on the jurisdictional issue in connection with Mr. Kinahan's Motion, Plaintiff's request for jurisdictional discovery is premature.[2]

***Second***, Mr. Kinahan has shown that he is likely to succeed in challenging personal jurisdiction here. To show that the assertion of personal jurisdiction is proper, Plaintiff must establish that a defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Kevin Barry Fine Art Associates v. Ken Gangbar Studio, Inc.*, 486 F.Supp.3d 1353, 1361 (N.D. Cal. 2020). Here, the evidence shows that Mr. Kinahan does not do business with Plaintiff, or in California. And Plaintiff has not presented the Court with any contrary evidence. Again, here, Plaintiff relies on information and believe that Mr. Kinahan directed MTK's alleged actions. But Mr. Kinahan has already testified, under oath, that he does not work for MTK and is not employed by MTK. (Kinahan Decl. at ¶ 3.) In short, Mr. Kinahan does not and cannot direct MTK's actions. This is not enough to show purposeful direction.

***Third***, Mr. Kinahan has also provided facts indicating that personal jurisdiction over him would be unreasonable. *See, e.g., Panavision Intern., L.P.*

---

[2] Moreover, under Ninth Circuit law, where a plaintiff has not shown that discovery is necessary to resolve a controverted jurisdictional question or that a more satisfactory showing of the facts is necessary, a court should deny the request. *See Fishman v. United States*, 2016 WL 777874, at *1 (C.D. Cal. Feb. 29, 2016). And a party seeking jurisdictional discovery must make at least a "colorable showing" that personal jurisdiction exists. *Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007). Plaintiff has not made a colorable showing that this Court has personal jurisdiction over Mr. Kinahan. The SAC does not explain why Plaintiff believes Mr. Kinahan was involved in this dispute. It contains only allegations, on information and belief, that Mr. Kinahan was involved in this dispute and is therefore subject to jurisdiction in California. (*See* SAC, ¶¶ 3, 17, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32.) This is not enough. This is especially because Mr. Kinahan has already testified that (1) he is resident of Dubai in the United Arab Emirates ("UAE"); (2) he was never served with a copy of the Second Amended Complaint or the Summons; (3) he does not have any meaningful contacts with California; and (4) he does not work for any of the other parties named in this lawsuit.

*v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).[3] Mr. Kinahan submitted evidence that showed: (1) he is resident of Dubai in the UAE; (2) he was never served with a copy of the SAC or the Summons; (3) he has no meaningful ties to California; and (4) he does not work for any other party in this lawsuit. Under these circumstances, assertion of personal jurisdiction over Mr. Kinahan in California would not be reasonable.

### D. Setting Aside The Default Would Not Prejudice Plaintiff.

The Opposition does not address prejudice at all. In failing to do so, Plaintiff essentially admits that he would not suffer any prejudice if this default were set aside. *See Sicheng Xing v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2021 WL 4812961, at *2 (C.D. Cal. May 7, 2021). Absent a showing of prejudice, the Court should set aside the entry of default. *PNC Bank, N.A. v. Smith*, 2011 WL 6696947, at *4 (E.D. Cal. Dec. 21, 2011) (holding that, by failing to show prejudice, Plaintiff is "effectively conceding the lack of prejudice if the default were set aside.").

### III. CONCLUSION

For the foregoing reasons, the Court should grant Mr. Kinahan's Motion.

DATED: April 8, 2022

Respefully Submitted,
LIANG LY LLP

By: /s/ Jason L. Liang
Jason L. Liang
Will Wang
*Attorneys for Specially Appearing Defendant Daniel Kinahan*

---

[3] Factors to consider in evaluating reasonableness are: (1) the extent of defendant's purposeful interjection; (2) the burden on defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.