1   RICARDO P. CESTERO (SBN 203230)
    RCestero@ggfirm.com
2   JOSHUA M. GELLER (SBN 295412)
    JGeller@ggfirm.com
3   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
4   2049 Century Park East, Suite 2600
    Los Angeles, California 90067
5   Telephone: 310.553.3610
    Fax: 310.553.0687
6
7   Attorneys for Defendant
    GOLDEN BOY PROMOTIONS, INC.
8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
                         EASTERN DIVISION
11
12  HEREDIA BOXING MANAGEMENT,          Case No. 5:20-cv-02618-JWH-KKx
13  INC.; & MOSES HEREDIA,
                                        *Assigned to Hon. John W. Holcomb*
14              Plaintiffs,
                                        **NOTICE OF MOTION AND
15  v.                                  MOTION TO DISMISS THIRD
                                        AMENDED COMPLAINT
16  MTK GLOBAL SPORTS                   PURSUANT TO FRCP 12(B)(6);
    MANAGEMENT, LLC; GOLDEN BOY         MEMORANDUM OF POINTS
17  PRODUCTIONS, INC.; VGC, LLP;        AND AUTHORITIES**
    PAUL D. GIBSON; and DANIEL
18  KINAHAN,                           Date:    June 24, 2022
                                        Time:    9:00 a.m.
19              Defendants.             Crtrm:   9D
20
21                                      [Declaration of Joshua M. Geller and
                                        [Proposed] Order filed concurrently
22                                      herewith]
23                                      Complaint filed: December 18, 2020
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 24, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 W. 4th Street, Santa Ana, California 92701, Defendant Golden Boy Promotions, Inc. ("GBP") will, and hereby does, move to dismiss Plaintiff Moses Heredia's ("Plaintiff") Third Amended Complaint, with prejudice, pursuant to Fed. R. Civ. Pro. 12(b)(6), on the grounds that it fails to state any claim for relief against GBP.

In particular, the Fifth, Seventh, and Eighth Causes of Action against GBP fail as a matter of law because (1) the contractual relationship that GBP purportedly interfered with had already been breached and abandoned before any of GBP's alleged acts, (2) GBP's actions were absolutely privileged and not wrongful, and (3) Plaintiff's allegations lack any plausibility.  The allegations in the Third Amended Complaint are fundamentally identical to those in the Second Amended Complaint, as to which the Court already granted GBP's previous Motion to Dismiss.  The same result should obtain here as to these same claims.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua M. Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel pursuant to Local Rule 7-3, which took place on May 20, 2022.

DATED:  May 27, 2022

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:  /s/ Joshua M. Geller
RICARDO P. CESTERO (SBN 203230)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant GOLDEN BOY
PROMOTIONS, INC.

3

NOTICE OF MOTION AND
MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN**
**& MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     RELEVANT FACTUAL BACKGROUND ............................................... 2

    A.   Breakdown of Plaintiff's Contractual Relationship with Diaz in August 2020. ............................................................................... 2

    B.   Negotiation of the Bouts in February and July 2021. ................. 3

    C.   Plaintiff's Claims in this Action. ................................................ 3

III.    LEGAL STANDARD ............................................................................... 4

IV.     PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE WITH THE BOXER-MANAGER CONTRACT ..................................... 5

    A.   Plaintiff Cannot Claim Interference with the Diaz Contract Because the Relationship had Already Been Breached or Abandoned ................................................................................... 6

    B.   GBP's Purported Conduct Was Privileged and Not Wrongful ........... 9

    C.   Plaintiff's Allegations Lack Any Facial Plausibility. ......................... 10

V.      CONCLUSION ...................................................................................... 12

NOTICE OF MOTION AND
MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. Steinberg*,
   107 Cal. App. 4th 568 (2003) ................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................. 4

*Cabanas v. Gloodt Assocs.*,
   942 F. Supp. 1295 (E.D. Cal. 1996), aff'd 141 F.3d 1174 (9th Cir.
   1998) ............................................................................................... 10

*Carstens Chevrolet, Inc. v. Gen. Motors, LLC*,
   No. 216CV02618MCECMK, 2017 WL 2654903 (E.D. Cal. June
   20, 2017) ............................................................................................ 9

*Esplanade Prods., Inc. v. Walt Disney Co.*,
   2017 WL 5635027 (C.D. Cal. Nov. 8, 2017) .......................................... 5

*Forcier v. Microsoft Corp.*,
   123 F. Supp. 2d 520 (N.D. Cal. 2000) ................................................... 7

*Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*,
   No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov.
   6, 2018) .............................................................................................. 7

*Quelimane Co. v. Stewart Title Guar. Co.*,
   19 Cal. 4th 26 (1998) ........................................................................... 9

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ................................................................ 5

*Sairam v. Mercy Ret. & Care Ctr.*,
   2022 WL 174239 (N.D. Cal. Jan. 19, 2022) .......................................... 12

*SIC Metals, Inc. v. Hyundai Steel Co.*,
   442 F. Supp. 3d 1251 (C.D. Cal. 2020), aff'd, 838 F. App'x 315
   (9th Cir. 2021) .................................................................................... 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*,
 675 F. App'x 725 (9th Cir. 2017)......................................................................6, 7

*Taylor v. Cnty. of San Bernardino*,
 2012 WL 4372293 (C.D. Cal. Mar. 20, 2012) ...................................................12

*United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*,
 766 F.3d 1002 (9th Cir. 2014) ............................................................................6

*Winebarger v. Pennsylvania Higher Educ. Assistance Agency*,
 411 F. Supp. 3d 1070 (C.D. Cal. 2019).............................................................5

*In re YogaWorks, Inc. Sec. Litig.*,
 2020 WL 2549290 (C.D. Cal. Apr. 23, 2020).....................................................8

**Other Authorities**

Fed. R. Civ. Pro. 12(b)(6) .............................................................................2, 4, 5

Local Rule 7-3 ....................................................................................................2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

iii

NOTICE OF MOTION AND
MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.      <u>INTRODUCTION</u>**

This action involves a dispute between Plaintiff Moses Heredia ("Plaintiff"), a boxing manager, and his former client Joseph "JoJo" Diaz, Jr. ("Diaz") and Diaz's current business representatives. The dispute centers on the alleged activities of Defendants MTK Global Sports Management, LLC and MTK Global USA, LLC (collectively, "MTK"), who purportedly ran a racketeering scheme at the same time that they signed an advisory agreement with Diaz. But those allegations have nothing whatsoever to do with defendant Golden Boy Promotions, Inc. ("GBP"), which now brings this motion to dismiss.

As the Court will recall, GBP brought a successful motion to dismiss the interference claims alleged in the Second Amended Complaint. As relevant to this motion, the Court dismissed Plaintiff's claims because Plaintiff failed to allege any interference with his contract with Diaz *prior* to the point at which Diaz ceased performing under that agreement. Indeed, the Court noted that Plaintiff's Second Amended Complaint affirmatively alleged and admitted that Diaz stopped performing in August 2020, before any of the alleged actions taken by GBP. *See* Order, ECF No. 83 at p. 14. The Court afforded Plaintiff leave to amend only insofar as Plaintiff could allege any interfering actions *prior* to August 2020.

Plaintiff has failed to do so—not surprising, given that there was in fact no interference. The allegations of the Third Amended Complaint are exactly the same as those in the Second Amended Complaint, with no alleged actions by GBP prior to August 2020. Indeed, it is hardly clear from the complaint what GBP is alleged to have done *at any point*, and any actions that GBP took were absolutely privileged and required by its separate contract with Diaz. The most that Plaintiff has attempted to do is delete some of the prior admissions as to the fact that the relationship between Plaintiff and Diaz had irreparably soured by August 2020.

NOTICE OF MOTION AND
MOTION TO DISMISS

1    But a party cannot get around a dismissal simply by omitting old factual

2    allegations. Those are still judicial admissions that control this further motion to

3    dismiss.

4         Plaintiff's claims—whatever their factual merits—concern the actions of

5    Diaz and his representatives.  GBP did nothing to induce any breakdown in

6    Plaintiff's relationship with Diaz and took actions only as instructed by Diaz and as

7    necessary to satisfy GBP's own contractual obligations.  As such, Plaintiff cannot

8    state any claim for relief against GBP as a matter of law, and GBP respectfully

9    requests that the Court dismiss each cause of action without leave to amend.

10

## II.    RELEVANT FACTUAL BACKGROUND

12        A.    Breakdown of Plaintiff's Contractual Relationship with Diaz in August

13              2020.

14        Plaintiff alleges that he managed Diaz pursuant to a Boxer-Manager Contract

15   dated February 23, 2017.  Third Amended Complaint ("TAC"), ECF No. 85, at

16   ¶ 31.  Diaz subsequently entered into a "business advisory agreement" with MTK,

17   with the assistance of the law firm of VGC, LLP.  TAC ¶ 55.  In the Second

18   Amended Complaint, Plaintiff alleged that this business advisory agreement

19   marked the end of his relationship with Diaz: "The long-standing relationship

20   between Mr. Heredia and Mr. Diaz ended on August 4, 2020 when [the business

21   advisory agreement] was signed."  Second Amended Complaint ("SAC"), ECF No.

22   43, at ¶ 9.  Plaintiff learned of the business advisory agreement "through a text

23   message sent by Mr. Diaz to Mr. Ralph Heredia, Plaintiff's brother, on August 9,

24   2020 and later through press releases and social media on August 12, 2020."  TAC

25   ¶ 55.

26        Plaintiff asserts that Diaz breached his agreement with Plaintiff by entering

27   into that business advisory agreement: "[When] Mr. Diaz signed the MTK USA

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

purported business advisory agreement [on August 4, 2020] and ceased

communication with Mr. Heredia he breached the 2017 Contract."  TAC ¶ 96.

In light of that breach, "on August 20, 2020, Mr. Heredia filed an arbitration

request with the Commission with respect to Mr. Diaz's breach of contract pursuant

to the terms of the 2017 Contract and relevant statutory and regulatory provisions."

TAC ¶ 98.

B.       Negotiation of the Bouts in February and July 2021.

GBP is party to a promotional agreement with Diaz.  TAC ¶ 112.  Shortly

after August 21, 2020, James Greeley, an attorney for Diaz, instructed GBP to

communicate with him as Diaz's legal counsel, and not with Plaintiff.  TAC ¶ 92.

By September 14, 2020, Mr. Greeley allegedly instructed counsel for Plaintiff not

to have any further communications with GBP "that purport to be on Mr. Diaz's

behalf." *Id.*

GBP advertised two bouts for Diaz in February and July 2021, which "were

premised on the 2017 promotional agreement" between GBP, Plaintiff, and Diaz.

TAC ¶¶ 111–112.  Diaz and his new representatives "instruct[ed] GBP not to

release" any proceeds from those bouts to Plaintiff.  TAC ¶ 114.  Plaintiff alleges

that "GBP has disregarded its contractual obligations with respect to the 2017

promotional agreement with respect to Plaintiff."  TAC ¶ 119.  Plaintiff alleges that

GBP acted wrongfully by withholding management fees from Plaintiff in

connection with the February and July 2021 bouts.  TAC ¶¶ 161–62, 186–187.

C.       Plaintiff's Claims in this Action.

Plaintiff commenced this action in December 2020.  ECF No. 1.  On July 28,

2021, Plaintiff filed his Second Amended Complaint.  ECF No. 43.  That Second

Amended Complaint alleged claims against GBP both for interference with the

Boxer-Manager Contract between Diaz and Plaintiff <u>and</u> for breach of GBP's

purported contractual obligations under the Promotional Agreement to pay Plaintiff

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

directly for his management fee under the Boxer-Manager Contract.  GBP moved to dismiss and/or compel arbitration as to all claims.  ECF No. 53, 54.  The Court granted the motion in part and denied it in part.  ECF No. 83.  The Court dismissed Plaintiff's interference claims because Plaintiff did not allege that the Boxer-Manager Contract would have been performed by Diaz but for some conduct by GBP.  The Court compelled arbitration of Plaintiff's breach of contract claim under the Promotional Agreement, and declined to compel arbitration as to the interference claims.

On April 29, 2022, Plaintiff filed a Third Amended Complaint.  Among other things, that Third Amended Complaint now alleges that GBP's purported breach of the supposed obligation under the Promotional Agreement to pay Plaintiff his management fee—the same claims that have now been compelled to arbitration— were in fact part of the interference with the Boxer-Manager Contract.  *See, e.g.*, TAC ¶ 119 (alleging that "GBP has disregarded its contractual obligations with respect to the 2017 promotional agreement with respect to Plaintiff").  In short, Plaintiff has simply re-styled his previous breach of contract claims as tort claims for interference with contract.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "sufficient factual matter" to "state a claim for relief *that is plausible on its face.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  While a court "must take all of the factual allegations in the complaint as true," it should not give legal conclusions this assumption of veracity. *Id.*  Indeed, "[t]he Court must disregard allegations that are legal conclusions, even

NOTICE OF MOTION AND
MOTION TO DISMISS

1    when disguised as facts." *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL

2    5635027, at *7 (C.D. Cal. Nov. 8, 2017) (citing *Iqbal*, 556 U.S. at 681).  Dismissal

3    under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

4    theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

5    *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d

6    1070, 1082 (C.D. Cal. 2019).  The Court may dismiss a claim without leave to

7    amend when "further amendment would be futile."  *Rutman Wine Co. v. E. & J.*

8    *Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

9

10   **IV.   PLAINTIFF CANNOT STATE A CLAIM FOR INTERFERENCE**

11   **WITH THE BOXER-MANAGER CONTRACT**

12           Plaintiff asserts three causes of action against GBP relating to Plaintiff's

13   Boxer-Manager Contract and relationship with Diaz—the same exact causes of

14   action that were at issue in the motion to dismiss the Second Amended Complaint:

15   (1) tortious interference with a contract (the Fifth Cause of Action); (2) inducing a

16   breach of contract (the Seventh Cause of Action); and (3) intentional interference

17   with prospective economic relations (the Eighth Cause of Action).  Each of these

18   causes of action relies on the same alleged conduct by GBP: that GBP organized

19   two bouts for Diaz that took place in February and July 2021 and failed to pay

20   Plaintiff's 18% management fee out of Diaz's purse for those two fights.  *See* TAC

21   ¶¶ 161, 186, 198.  Plaintiff alleges that this act interfered with his Boxer-Manager

22   Contract with Diaz because Diaz did not in fact pay the management fee to which

23   Plaintiff believes he is entitled.  TAC ¶¶ 162, 187, 199.  Again, these are the same

24   factual allegations that were the subject of GBP's successful motion to dismiss the

25   Second Amended Complaint.

26           As relevant to this motion, the three causes of action have essentially the

27   same elements.  The elements of a claim for tortious interference with a contract

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

17896-00636/4369863.3                          5                          NOTICE OF MOTION AND
                                                                          MOTION TO DISMISS

1   are: "(1) a valid contract between plaintiff and a third party; (2) defendant's

2   knowledge of this contract; (3) defendant's intentional acts designed to induce a

3   breach or disruption of the contractual relationship; (4) actual breach or disruption

4   of the contractual relationship; and (5) resulting damage." *United Nat. Maint., Inc.*

5   *v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014).  A claim

6   for inducing a breach of contract is "a species of intentional interference with

7   contractual relations," and has the exact same elements.  *1-800 Contacts, Inc. v.*

8   *Steinberg*, 107 Cal. App. 4th 568, 585 (2003).  A claim for interference with

9   prospective economic advantage "has essentially the same elements as a claim for

10  intentional interference with contractual relations" but also requires proof that the

11  defendant "engaged in conduct that was wrongful by some legal measure other than

12  the fact of interference itself."  *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F.

13  App'x 725, 726 (9th Cir. 2017).

14          Plaintiff once again fails to state any valid claim for interference or

15  inducement of breach because Plaintiff's contractual relationship with Diaz had

16  already been breached or abandoned before any of GBP's actions that purportedly

17  constituted the interference.  The Court already dismissed these claims on that

18  basis, and Plaintiff has failed to add any allegations of interfering conduct prior to

19  the time when Diaz ceased performing.  In addition, the claims fail because GBP's

20  actions were privileged and lawful as they were taken in furtherance of GBP's own

21  contractual relationship with Diaz—an issue that the Court did not need to reach in

22  connection with the previous motion to dismiss.  Finally, the allegations themselves

23  are logically inconsistent and implausible.

24          A.      Plaintiff Cannot Claim Interference with the Diaz Contract Because

25                  the Relationship had Already Been Breached or Abandoned

26          In order to state a claim for interference or inducing a breach of contract,

27  Plaintiff "must allege . . . that the contract would otherwise have been performed."

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    *Stereoscope*, 675 F. App'x at 726.  In other words, Plaintiff must allege that the

2    agreement at issue "would not have been breached or disrupted but for the alleged

3    interference."  *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, No. CV

4    18-6437-MWF (ASX), 2018 WL 6444899, at *5 (C.D. Cal. Nov. 6, 2018) (citing

5    *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997–98 (1977); *see also*

6    *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 532 (N.D. Cal. 2000) (no

7    interference where "according to [plaintiff's] own allegations," the contract had

8    already been breached before the alleged interference occurred).

9          This was the basis for GBP's first motion to dismiss the Second Amended

10    Complaint.  Plaintiff failed to allege any act of interference by GBP prior to the

11    time at which Diaz ceased performing under the contract—which was in August

12    2020 when he signed his new agreement with MTK, as explicitly alleged in the

13    Second Amended Complaint.  *See* SAC ¶¶ 9, 14, 17, 21 (alleging that the

14    contractual relationship "ended on August 4, 2020 when [the business advisory

15    agreement between Diaz and MTK] was signed").  The Court rightly recognized

16    that the Second Amended Complaint alleged that, in August 2020, Diaz "decided to

17    breach the Management Contract."  Order, ECF No. 83 at pp. 14–15.

18          The Court further recognized that GBP's purported actions at issue in this

19    case occurred many months *after* August 2020.  Because Plaintiff did not allege any

20    conduct by GBP *prior* to the time that Diaz disavowed and ceased to perform under

21    the management contract, Plaintiff could not allege that the contract between

22    Plaintiff and Diaz would have been performed but for GBP's alleged conduct.  The

23    Court granted GBP's motion to dismiss on that basis.  Order, ECF No. 83 at p. 15.

24    Plaintiff has failed to cure this defect.

25          As with the prior complaint, Plaintiff's only allegation of interference by

26    GBP relates to GBP organizing two events that took place in February 2021 and

27    July 2021—months after the end of the Boxer-Manager Contract.  TAC ¶¶ 161,

28

186, 198 (alleging that GBP interfered by "instructing Mr. Diaz to order GBP to withhold from [Plaintiff] . . . [the] management fee from the February 13, 2021 bout . . . and from the July 9, 2021 bout").  There is no allegation that GBP did *anything* prior to August 2020—nor anything even close to that time period.

Instead, all that Plaintiff has done in this new complaint is delete some of the prior admissions as to the fact that the relationship between Plaintiff and Mr. Diaz had irreparably soured by August 2020.  For instance, the allegation that "[t]he long-standing relationship between [Plaintiff] and Mr. Diaz ended on August 4, 2020 when [the agreement with MTK] was signed," (SAC at ¶ 9) has been deleted.  But even with that deletion, the substance of the original allegation—that Diaz ceased performing in August 2020—remains.  *See, e.g.*, TAC at ¶ 98 (alleging that Plaintiff filed an arbitration in August 2020 "with respect to Mr. Diaz's breach of contract").

A plaintiff cannot fix a defective pleading simply by omitting old factual allegations.  Those prior allegations are still judicial admissions that control this further motion to dismiss.  *E.g.*, *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020) (plaintiff cannot avoid dismissal by deleting old allegations because removing them from the amended complaint does not "simply erase those allegations from the case").  Whatever Plaintiff's intent in removing the explicit allegation that the Diaz ceased performing under his contract in August 2020, that judicial admission from the Second Amended Complaint continues to control here.  It is therefore indisputable both that the 2017 Boxer-Management Contract ceased to be performed in August 2020 and that Plaintiff has not alleged any actions by GBP that predate that time.

This Complaint therefore suffers from the very same defect as the last and each claim for interference or inducement should be dismissed without leave to amend.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

NOTICE OF MOTION AND
MOTION TO DISMISS

B.    GBP's Purported Conduct Was Privileged and Not Wrongful

In addition, in order to state a claim for interference or inducement of a breach, the alleged interference must also be unjustified or improper. As the California Supreme Court has explained, if a defendant "is not acting criminally nor with fraud or violence or other means wrongful in themselves but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from the defendant's objective that as against the plaintiff the interference may be found to be not improper." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 56 (1998).

The import of this rule is that, when a party acts to further its own legal rights (for example, to fulfill its own contractual obligations), any incidental interference that arises is deemed justified and not actionable. *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256–57 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021). "[I]f a defendant's 'conduct was lawful and undertaken to enforce its rights,' it cannot be held liable for intentional interference with a contract even if it knew that such conduct might interrupt a third party's contract." *Id.*

This rule is especially material when "two parties have separate contracts with a third," because in that circumstance, "each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract." *Carstens Chevrolet, Inc. v. Gen. Motors, LLC*, No. 216CV02618MCECMK, 2017 WL 2654903, at *4 (E.D. Cal. June 20, 2017) (citing *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 37 (1941)).

Here, the Third Amended Complaint explicitly alleges that GBP had its own contractual relationship with Diaz. *See, e.g.*, TAC at ¶ 26 (describing the promotional agreement that GBP entered into with Diaz). The Complaint further

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE OF MOTION AND
MOTION TO DISMISS

1  alleges that GBP's purportedly tortious actions were taken in connection with that

2  promotional agreement.  *See* TAC ¶ 112 ("These bouts were premised on the 2017

3  promotional agreement with GBP that Mr. Heredia had previously negotiated for

4  Mr. Diaz.").  The Complaint further alleges that it was Diaz who "instructed GBP

5  not to pay" Plaintiff the management fee.  TAC ¶ 115.   Plaintiff therefore alleges

6  that all actions taken by GBP were taken pursuant to specific instructions from

7  Diaz, with whom GBP had a contractual relationship.

8        GBP acting pursuant to instructions from Diaz, pursuant to GBP's

9  contractual agreement with Diaz, is justified and privileged conduct that cannot

10 form the basis of claims for interference or inducement of a breach of contract.

11 There is no dispute that the two bouts that GBP organized for Diaz in February and

12 July 2021 were done at Diaz's instruction and pursuant to the promotional

13 agreement.  TAC ¶¶ 112, 114, 115 (detailing how "Mr. Diaz instructed GBP not to

14 pay" Plaintiff).  GBP was absolutely justified in proceeding to fulfill its contractual

15 obligations to Diaz by negotiating the two bouts pursuant to Diaz's instructions.

16 The fact that Diaz's instructions were, according to Plaintiff, a breach of Diaz's

17 obligations to Plaintiff does not lessen GBP's independent obligations to Diaz.  On

18 these facts, GBP was entitled to protect its own financial interests under the

19 promotion contract and proceed with organizing the two bouts.  *See, e.g.*, *Cabanas*

20 *v. Gloodt Assocs.*, 942 F. Supp. 1295, 1306 (E.D. Cal. 1996), aff'd 141 F.3d 1174

21 (9th Cir. 1998) (finding that defendant "legitimately could interfere in the

22 management contract to protect" its own financial interests).

23       Because GBP's conduct was absolutely privileged and justified due to its

24 own contractual obligations to Diaz, Plaintiff cannot state a claim for interference

25 as a matter of law.

26       C.    <u>Plaintiff's Allegations Lack Any Facial Plausibility.</u>

27       Separate from the two independent legal defects in the Third Amended

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

Complaint discussed above, the allegations of supposed wrongdoing by GBP are so nonsensical that they fall far short of the *Iqbal*/*Twombly* requirement of facial plausibility.  Throughout his multiple amendments to the Complaint, Plaintiff has never clearly articulated what conduct GBP purportedly engaged in that was wrongful.  In this Third Amended Complaint, Plaintiff's attempt to describe some unlawful conduct has crossed the line from vague to incoherent.

For example, the first reference to any purported action by GBP in the Third Amended Complaint appears in paragraph 69.  There, Plaintiff alleges:

> "On August 4, 2020, **MTK USA**, through an employee of MTK, **signed** what is titled and purported to be **a business advisory agreement with Mr. Diaz**, unbeknownst to Mr. Heredia. **This was an intentional act by Defendant GBP** designed to induce a breach or disruption of the contractual relationship between Mr. Heredia and Mr. Diaz, and it did in fact breach or disrupt the contractual relationship between Mr. Heredia and Mr. Diaz."

Clearly, this is not an action by GBP at all—it is described as an act by MTK, followed by a non-sequitur referencing GBP.  There is no statement there or elsewhere as to how MTK entering into an agreement with Diaz was an action that could be attributed to GBP.

This illogic goes even further in the substantive allegations of each cause of action against GBP.  In paragraph 161, in the Fifth Cause of Action for tortious interference, Plaintiff alleges:

> MTK, MTK USA, Mr. Gibson, and GBP performed intentional acts designed to induce a breach or disruption of the contractual relationship between Mr. Heredia and Mr. Diaz by instructing Mr. Diaz to order GBP to withhold from Mr. Heredia his contractually-required 18% management fee from the February 13, 2021 bout – which Mr. Diaz still has not paid – and from the July 9, 2021 bout, which Mr. Heredia was not paid until 10 days after the arbitration award ordered it.

In other words, the "intentional act" GBP apparently engaged in was that GBP instructed Diaz *to instruct GBP* to withhold sums from Plaintiff.  The allegation is circular and makes no sense.  GBP did not have the power to instruct Diaz to do anything, and the Complaint repeatedly states that it was Diaz who

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

1  instructed GBP as to how payments were to be made.  Allegations that are

2  contradictory and lack any internal logic are not sufficient to state a claim.  *E.g.,*

3  *Sairam v. Mercy Ret. & Care Ctr.*, 2022 WL 174239, at *9 (N.D. Cal. Jan. 19,

4  2022) (plaintiff failed to state a claim because of the "inherent illogic in Plaintiffs'

5  circular reasoning"); *Taylor v. Cnty. of San Bernardino*, 2012 WL 4372293, at *5

6  (C.D. Cal. Mar. 20, 2012) (failure to state a claim where plaintiff's reasoning was

7  "circular and illogical").

8        Simply put, Plaintiff has never identified any unlawful conduct by GBP.  The

9  most the Complaint does is allege that GBP told Diaz to tell GBP not to pay

10  Plaintiff.  That inherently illogical chain of causation cannot state a claim for relief.

## V.  CONCLUSION

12        Each of Plaintiff's claims against GBP is fatally deficient.  Plaintiff cannot

13  state any claim for interference with the Diaz contract, because that contract had

14  already been breached before any of GBP's alleged actions and because GBP's

15  actions were justified to protect its own interests.  Indeed, Plaintiff does not

16  coherently allege any wrongdoing by GBP at all.  GBP therefore respectfully

17  requests that the Court dismiss *with prejudice* all claims against GBP.

18

19  DATED:  May 27, 2022               GREENBERG GLUSKER FIELDS
                                      CLAMAN & MACHTINGER LLP

20

21                                    By:  ___/s/ Joshua M. Geller_____

22                                        RICARDO P. CESTERO (SBN 203230)
                                          JOSHUA M. GELLER (SBN 295412)
                                          Attorneys for Defendant GOLDEN BOY

23                                        PROMOTIONS, INC.

24

25

26

27

28