RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>Plaintiffs,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PRODUCTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(B) OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**<br><br>Date: June 24, 2022<br>Time: 9:00 a.m.<br>Crtrm: 9D<br><br>[Declaration of Joshua M. Geller and [Proposed] Order filed concurrently herewith]<br><br>Complaint filed: December 18, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 24, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 W. 4th Street, Santa Ana, California 92701, Defendant Golden Boy Promotions, Inc. ("GBP") will, and hereby does, move for relief from the Court's order denying GBP's motion to compel arbitration, pursuant to Fed. R. Civ. Pro. 60(b). The grounds for that request are that (1) new allegations in the Third Amended Complaint confirm that all claims by Plaintiff against GBP arise out of the Promotional Agreement, which contains a binding arbitration clause, warranting relief under Rule 60(b)(2); or (2) the Court made a substantive error of law by deciding the question of arbitrability when the parties' contract expressly entrusts determinations of arbitrability to arbitration in the first instance by a valid delegation provision.

In the alternative, to the extent that the filing of the Third Amended Complaint limits the Court's ability to reconsider its ruling as to the motion to compel arbitration of claims in the Second Amended Complaint, GBP hereby moves to compel arbitration, or, in the alternative, to stay or dismiss all claims asserted by Plaintiff against GBP on the grounds that binding arbitration agreements exist between Plaintiff and GBP which apply to all of Plaintiff's claims against GBP.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua M. Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel pursuant to Local Rule 7-3, which took place on May 20, 2022.

DATED: May 27, 2022

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: */s/ Joshua M. Geller*
 RICARDO P. CESTERO (SBN 203230)
 JOSHUA M. GELLER (SBN 295412)
 Attorneys for Defendant GOLDEN BOY
 PROMOTIONS, INC.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17896-00636/4369882.2

3

NOTICE OF MOTION AND
MOTION FOR RELIEF FROM ORDER
OR TO COMPEL ARBITRATION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1
II. RELEVANT FACTUAL BACKGROUND .................................................. 2
 A. The Promotional Agreement Between Plaintiff, GBP and Diaz. ......... 2
 B. Dispute Regarding Plaintiff's Management of Diaz. ........................... 3
III. LEGAL STANDARD .................................................................................... 4
IV. PLAINTIFF AND GBP HAVE A VALID AGREEMENT TO ARBITRATE. .................................................................................................. 5
V. NEW ALLEGATIONS IN THE THIRD AMENDED COMPLAINT CONFIRM THAT PLAINTIFF'S CLAIMS AGAINST GBP ARISE OUT OF AND RELATE TO THE PROMOTION AGREEMENT ............... 6
VI. THE COURT SHOULD CORRECT ITS LEGAL ERROR AND REFER THE ARBITRABILITY QUESTION TO ARBITRATION IN THE FIRST INSTANCE. .................................................................................. 9
VII. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amisil Holdings Ltd. v. Clarium Cap. Mgmt.*,
 622 F. Supp. 2d 825 (N.D. Cal. 2007)..................................................................8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
 207 F.3d 1126 (9th Cir. 2000) ...................................................................4, 5, 6

*Masto v. Second Jud. Dist. Ct. ex rel. Cty. of Washoe*,
 125 Nev. 37 (2009)...............................................................................................7

*Mayorga v. Ronaldo*,
 491 F. Supp. 3d 840 (D. Nev. 2020) ...................................................................4

*Momot v. Mastro*,
 652 F.3d 982 (9th Cir. 2011)..........................................................................5, 9

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*,
 331 F.3d 1041 (9th Cir. 2003)............................................................................4

*Rent-A-Center, West, Inc. v. Jackson*,
 561 U.S. 63 (2010) ...............................................................................................9

*Simula, Inc. v. Autoliv, Inc.*,
 175 F.3d 716 (9th Cir. 1999)...............................................................................7

**Statutes**

Federal Arbitration Act......................................................................................4

**Other Authorities**

Fed. R. Civ. Pro. 60(b)....................................................................................2, 4

Local Rule 7-3 .....................................................................................................2

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of a dispute between Plaintiff Moses Heredia ("Plaintiff"), a boxing manager, and his former client Joseph "JoJo" Diaz, Jr. ("Diaz") and Diaz's representatives. As explained in detail in the concurrently filed motion to dismiss, Plaintiff's claims involve allegations of racketeering against Diaz's representatives, including Defendants MTK Global Sports Management, LLC and MTK Global USA, LLC (collectively, "MTK"), and have nothing whatsoever to do with Golden Boy Promotions, Inc. ("GBP").

But even if Plaintiff could state any legally cognizable claim against GBP (he cannot), any such claims would be subject to arbitration pursuant to the terms of the promotional contract between Plaintiff, GBP, and Diaz. Plaintiff alleges that this promotional contract is a valid and enforceable agreement, and he specifically alleges that he is a party to the Diaz promotional agreement. This contract, a redacted copy of which is filed concurrently with this motion, contains a broad arbitration provision encompassing all disputes arising out of or relating to the contract. Because Plaintiff's claims against GBP plainly have a significant relationship to the promotional contract, GBP is entitled to compel arbitration of Plaintiff's claims. Even if there were some doubt as to arbitrability, the provisions also expressly reserve all questions of arbitrability for the arbitrator.

GBP previously moved to compel arbitration with respect to Plaintiff's Second Amended Complaint. The Court denied that motion with respect to Plaintiff's tort claims against GBP for interference with contract. ECF No. 83. However, the allegations of Plaintiff's Third Amended Complaint remove any doubt that the acts GBP is alleged to have taken in interference with Plaintiff's contract were all acts taken in performance of GBP's obligations under the promotional agreement. Therefore, there can be no dispute that Plaintiff's claims

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

interference claims "relat[e] to" the promotional contract. Even if this weren't crystal clear, the arbitration clause explicitly delegates questions of arbitrability to the arbitrator, and therefore the District Court's prior order erred by making a determination as to the arbitrability of Plaintiff's interference claims.

On these facts, the Court is required to compel arbitration of all claims against GBP. While GBP believes that the facial infirmity of each cause of action warrants dismissal pursuant to its concurrently filed motion, to the extent any claims survive that motion, they should be promptly sent to arbitration where they belong.

## II.  RELEVANT FACTUAL BACKGROUND

### A.  The Promotional Agreement Between Plaintiff, GBP and Diaz.

Plaintiff alleges that he negotiated a 2017 "Promotion Agreement" between GBP and Diaz, which was signed as of March 22, 2017 (the "Promotion Agreement"). Third Amended Complaint ("TAC"), ECF No. 85, ¶¶ 25–26; *see also* Geller Decl., Ex. 2. Plaintiff signed the Promotion Agreement, acknowledging his agreement to its terms. Geller Decl., Ex. 2 at p. 15.

Broadly speaking, the Promotion Agreement gave GBP the sole and exclusive right to promote Diaz's boxing matches. As relevant to this motion, section 13(a) of the promotion contract contains a broad arbitration provision:

> "Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees."

Geller Decl., Ex. 2 at p. 12.

B. <u>Dispute Regarding Plaintiff's Management of Diaz.</u>

Plaintiff alleges that a dispute arose between him and Diaz in or about August 2020 in connection with their boxer-manager contract. TAC ¶¶ 69–71. Plaintiff alleges that Diaz entered into a separate business advisory agreement with MTK USA and thereby breached his boxer-manager contract with Plaintiff. TAC ¶ 96.

Shortly after this purported breach in August 2020, James Greeley, an attorney for Diaz, instructed GBP to communicate with him as Diaz's legal counsel, and not with Plaintiff. TAC ¶ 92. By September 14, 2020, Mr. Greeley instructed counsel for Plaintiff not to have any further communications with GBP "that purport to be on Mr. Diaz's behalf." *Id.*

GBP advertised two bouts for Diaz in February and July 2021, which "were premised on the 2017 promotional agreement" between GBP, Plaintiff, and Diaz. TAC ¶¶ 111–112. Diaz and his new representatives "instruct[ed] GBP not to release" any proceeds from those bouts to Plaintiff. TAC ¶ 114. Plaintiff alleges that "GBP has disregarded its contractual obligations with respect to the 2017 promotional agreement with respect to Plaintiff." TAC ¶ 119. Plaintiff alleges that GBP acted wrongfully by withholding management fees from Plaintiff in connection with the two February and July 2021 bouts. TAC ¶¶ 161–62, 186–187.

On July 28, 2021, Plaintiff filed a Second Amended Complaint in this action alleging claims against GBP for various forms of interference and for breach of the implied covenant of good faith and fair dealing. ECF No. 43. GBP moved to dismiss and/or to compel arbitration as to all claims against GBP. ECF Nos. 53, 54. The Court granted in part and denied in part both motions. ECF No. 83.

In regards to the motion to compel arbitration of the interference claims relating to the Diaz contract, the Court denied the motion based on a determination

that the contracts as to which Plaintiff and GBP were parties did not "encompass[] the dispute at issue." ECF No. 83, p. 17.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on a number of grounds, including mistake—whether by the parties or the Court—or newly discovered evidence. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (Court may, in its sound discretion, reconsider an order or judgment "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice"). Here, GBP moves for reconsideration of the Court's order denying GBP's motion to compel arbitration both based on new allegations in the Third Amended Complaint or, in the alternative, based on an error of law in the Court's order. To the extent that the Court deems the prior motion mooted by the filing of the Third Amended Complaint, GBP in the alternative moves for an order compelling arbitration of all claims in the Third Amended Complaint on the same grounds.

The arbitration provision in the Promotion Agreement is governed by the Federal Arbitration Act, because the Promotion Agreement is a "contract evidencing a transaction involving commerce."[1] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 2). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on

---

[1] While the promotion agreements contain a Nevada choice of law provision, the arbitration provision is still governed by federal law. *See, e.g., Mayorga v. Ronaldo*, 491 F. Supp. 3d 840, 848 (D. Nev. 2020) (applying the FAA because, among other reasons, one of the parties was not from Nevada). Here, GBP is alleged to be a California corporation. TAC ¶ 7.

issues as to which an arbitration agreement has been signed." *Id.* "Generally, when examining an arbitration contract, '[the] [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron*, 207 F.3d at 1130. However, **where "the parties' agreement clearly and unmistakably indicates their intent for the arbitrators to decide the threshold question of arbitrability," a district court must compel arbitration**. *Momot*, 652 F.3d at 988 (emphasis added).

## IV. PLAINTIFF AND GBP HAVE A VALID AGREEMENT TO ARBITRATE

The Promotion Agreement is an agreement between Plaintiff and GBP that contains an unambiguous and enforceable arbitration provision. While Plaintiff has since deleted this allegation, in his Second Amended Complaint, Plaintiff affirmatively alleged that he, GBP, and Diaz are all parties to the Promotion Agreement:

> "At all relevant times, **there was a boxing promotion contract between [Plaintiff], Defendant GBP**, and a third-party Mr. Joseph Diaz, Jr. This contract was signed on March 22, 2017 and lasts for five years. **This contract is valid and enforceable**."

SAC, ECF No. 43 at ¶ 175 (emphasis added). The Promotion Agreement states that it is an agreement "between [GBP] on the one hand, and Joseph Diaz Jr. ("Boxer") and Moses Heredia and Ralph Heredia (collectively "Managers") on the other hand . . . ." Geller Decl., Ex. 2 at p. 1. It is signed by both GBP and Plaintiff. *Id.* at pp. 14–15. In the Third Amended Complaint, Plaintiff that management fees were owed to him "in accord with the Promotion Term Sheet between GBP, Diaz, and

[Plaintiff]." TAC ¶ 114. He further alleges that "GBP has disregarded its contractual obligations with respect to the 2017 promotional agreement with respect to Plaintiff." TAC ¶ 119.

The Promotion Agreement contains an unmistakable and broad arbitration provision:

> "**Any dispute, controversy or claim arising out of or relating to this Agreement**, including the formation, interpretation, breach or termination thereof, **including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules** before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees."

Geller Decl., Ex. 2 at p. 12 (emphasis added). The Promotion Agreement further states that: "All parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement." *Id.* at pp. 13–14.

There can be no dispute that the Promotion Agreement is a valid and enforceable contract between Plaintiff and GBP and that it contains a valid arbitration provision.

## V. NEW ALLEGATIONS IN THE THIRD AMENDED COMPLAINT CONFIRM THAT PLAINTIFF'S CLAIMS AGAINST GBP ARISE OUT OF AND RELATE TO THE PROMOTION AGREEMENT

The arbitration provision in the Promotion Agreement broadly reaches all disputes "arising out of or relating to" the contract. Geller Decl., Ex. 2 at p. 12. This language "is broad and far reaching." *Chiron*, 207 F.3d at 1131. The provision "reaches every dispute between the parties having a significant

relationship to the contract and all disputes having their origin or genesis in the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (finding that a provision encompassing all disputes "arising in connection with this Agreement" is to be interpreted "expansively" and "liberally"); *accord State ex rel. Masto v. Second Jud. Dist. Ct. ex rel. Cty. of Washoe*, 125 Nev. 37, 45 (2009) (arbitration provision encompassing all disputes "arising out of or relating to" is the "broadest language the parties could reasonably use to subject their disputes to [arbitration]").

The Court previously found that the Promotion Agreement did not encompass this dispute. However, the new allegations in the Third Amended Complaint firmly establish that the Promotion Agreement is at the very heart of this dispute.

Plaintiff's claims against GBP all involve interference with the relationship between Plaintiff and Diaz. Plaintiff expressly alleges that GBP's act of interference was the act of refusing "to pay [Plaintiff] his lawfully-owed management fees on two separate occasions: once in connection with a February 13, 2021 bout, and once in connection with a July 9, 2021 bout." TAC ¶ 160–162, 185–187, 198–200. Of course, those bouts were promoted by GBP pursuant to the Promotion agreement, and Plaintiff explicitly alleges that these actions were taken in connection with the Promotion Agreement.

Plaintiff alleges that these two February and July 2021 bouts "were premised on the 2017 promotional agreement with GBP that Mr. Heredia had previously negotiated for Mr. Diaz." TAC ¶ 112. Plaintiff further alleges that it is the boxer who directs the promoter to pay a fee from the boxer's purse to the manager. TAC ¶ 113. He then alleges that the withholding of the 18% management fee was wrongful only because he was entitled to receive it "in accord with the Promotion Term Sheet between GBP, Diaz and [Plaintiff]." TAC ¶ 114. Plaintiff even

expressly alleges that GBP's wrongdoing was that "GBP has disregarded its contractual obligations with respect to the 2017 promotional agreement with respect to Plaintiff." TAC ¶ 119.

Every alleged act by GBP is an act taken under or in furtherance of the Promotion Agreement. The gravamen of Plaintiff's claims is that GBP interfered with Plaintiff's relationship with Diaz by disregarding GBP's own contractual obligations to Plaintiff under the Promotion Agreement and failing to pay the management fee.

The fact that Plaintiff has framed his claims as tort claims in connection with the Boxer-Manager Contract does not change the analysis. The touchstone inquiry "is the relationship of the tort alleged to the subject matter of the arbitration clause." *Amisil Holdings Ltd. v. Clarium Cap. Mgmt.*, 622 F. Supp. 2d 825, 839 (N.D. Cal. 2007). The interference claims are directly based on GBP's conduct under the Promotion Agreement and GBP's alleged obligations to Plaintiff in connection with that contract.

Indeed, one of the primary questions in adjudicating Plaintiff's interference claims will be whether GBP's actions were privileged or justified pursuant to the terms of the Promotion Agreement. This defense is evident from the face of the pleadings and is one of the grounds identified in GBP's concurrently filed motion to dismiss. Plaintiff's interference claims therefore hinge on an interpretation of the Promotion Agreement and an analysis of the tripartite relationship between Plaintiff, GBP, and Diaz—which relationship arises out of that contract.

Based on the new allegations in the Third Amended Complaint, it is abundantly clear that every claim against GBP has a substantial relationship to the Promotion Agreement. Nothing more is needed to require arbitration of the dispute.

## VI. THE COURT SHOULD CORRECT ITS LEGAL ERROR AND REFER THE ARBITRABILITY QUESTION TO ARBITRATION IN THE FIRST INSTANCE.

The Promotion Agreement specifically provides that any dispute about whether claims are arbitrable under the Promotion Agreement must be referred to arbitration. Geller Decl., Ex. 2 at p. 12. Where, as here, a delegation provision in an arbitration agreement "clearly and unmistakably" reserves questions of arbitrability for the arbitrator, the court must enforce the agreement and compel arbitration. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *accord Momot*, 652 F.3d at 988.

This so-called delegation provision "is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Ctr.*, 561 U.S. at 68–69. The Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id*. Here, there is no dispute that GBP and Plaintiff have a valid contract (the Promotion Agreement) with a broad arbitration provision that expressly states: "***whether the claims asserted are arbitrable***, will be referred to and finally determined by arbitration." Geller Decl., Ex. 2, p. 12 (emphasis added). Accordingly, the question of whether the arbitration clause encompasses the instant dispute *must* itself be referred to arbitration.

In the face of the unmistakable language of the Promotion Agreement, the Court is compelled to refer to arbitration the question of whether this particular dispute is encompassed by that provision. *See Momot*, 652 F.3d at 987 (addressing similar language). It was therefore error for the Court to decline to reach this issue, and GBP respectfully requests that the Court correct its ruling in accordance with the above-cited precedent.

## VII. CONCLUSION

As set forth in GBP's concurrently filed motion to dismiss, the Third Amended Complaint remains fundamentally deficient and fails to set forth any cognizable cause of action. But to the extent that any cause of action may survive the motion to dismiss, such cause of action is unmistakably subject to the broad arbitration clause in the parties' promotional contracts. GBP respectfully requests that the Court reconsider its prior order, compel arbitration and stay any such remaining claims.

DATED: May 27, 2022

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
RICARDO P. CESTERO (SBN 203230)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant GOLDEN BOY PROMOTIONS, INC.