# Exhibit 1



Ricardo P. Cestero

D: 310.785.6809
F: 310.553.0687
RCestero@ggfirm.com

May 9, 2022

**Via Email**

Rajan O. Dhungana
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
rdhungana@fedpractice.com

Eric S. Montalvo
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, DC 20006
emontalvo@fedpractice.com

Re:   *Moses Heredia v. MTK Global Sports Management, LLC*, et al.,
CADC Case No. 5:20-cv-02618-JWH-KKx

Dear Mr. Dhungana and Mr. Montalvo:

On behalf of Golden Boy Promotions, Inc. ("GBP"), I write regarding the Third Amended Complaint filed by Moses Heredia ("Heredia"). As you of course know, the Second Amended Complaint was the subject of a successful motion to dismiss. This third amendment does not correct any of the infirmities that were present in that complaint, and still fails to state any viable claim for relief against GBP. As such, we intend to once again move to dismiss the complaint without further leave to amend under FRCP 12(b)(6), unless Heredia agrees to dismiss GBP from the action. Please let us know if you are available to discuss further today or tomorrow.

This Third Amendment is simply a rehash of the previous allegations. In essence, the complaint again alleges that Heredia's Boxer-Manager Contract with JoJo Diaz was disrupted by various third parties (including GBP) and that other of the defendants (but not GBP) engaged in racketeering and other unlawful conduct. Once again, the only factual allegations regarding GBP's conduct involved organizing two bouts for Mr. Diaz that took place in February and July 2021. *See* TAC ¶¶ 72, 76.

**Heredia Still Cannot Allege Any Interference that Predates the End of the Boxer-Manager Contract.**

While Heredia asserts three different causes of action against GBP, they are all essentially the same. The Fifth Cause of Action (Tortious Interference with Contract), Seventh (Inducing Breach of Contract), and Eighth (Intentional Interference with Prospective Economic

Rajan O. Dhungana
Eric S. Montalvo
Federal Practice Group
May 9, 2022
Page 2

Relations) all assert that GBP took some action to interfere with Heredia's business expectancy and/or contract vis-à-vis Mr. Diaz.  The Court dismissed these claims with leave to amend because Heredia failed to allege any interference *prior* to the point at which Mr. Diaz ceased performing under the agreement.  Indeed, the Court noted that Heredia's Second Amended Complaint affirmatively alleged and admitted that Mr. Diaz stopped performing in August 2020, before any of the alleged actions taken by GBP.  *See* Order, Dkt. No. 83 at 14.  The Court afforded Heredia leave to amend only insofar as Heredia could allege any interfering actions *prior* to August 2020.

Heredia has plainly failed to do so—not surprising, given that there was in fact no interference.  The most that Heredia has attempted to do is delete some of the prior admissions as to the fact that the relationship between Heredia and Mr. Diaz had irreparably soured by August 2020.  But a party cannot get around a dismissal simply by omitting old factual allegations.  Those are still judicial admissions that will control a further motion to dismiss.  *E.g.*, *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020).  It is therefore indisputable both that the Heredia-Diaz Boxer-Management Contract ceased to be performed in August 2020 and that Heredia has not alleged any actions by GBP that predate that time.

Heredia has therefore failed to cure the defect identified by the Court in the previous motion to dismiss, and GBP will move to dismiss once again on those same grounds.  In addition, GBP will move to dismiss on the alternative grounds that GBP's conduct was absolutely privileged and not wrongful—an issue the Court did not reach on the prior motion.  Finally, GBP will move to dismiss the Eighth Cause of Action on the grounds that Heredia has completely failed to allege any independently wrongful conduct as required to state a claim for interference with prospective economic advantage.

**Heredia's Claims Remain Subject to Arbitration.**

In the alternative to the above-described bases for a motion to dismiss, GBP also intends to move for the Court to reconsider its denial of the motion to compel arbitration under FRCP 60(b).  The Third Amended Complaint makes it clearer than ever that all of GBP's actions that constitute the purported interference arose directly out of GBP's promoter contract.  E.g., TAC ¶¶ 114, 119.  That contract in turn requires that any dispute "arising out of *or relating to*" the agreement must be heard in binding arbitration before JAMS in Las Vegas, Nevada.  Surely, a claim that GBP interfered with a contract by organizing and promoting bouts featuring Mr. Diaz "relates to" the promotional agreement between Mr. Diaz and GBP.  Moreover, any questions about arbitrability must be decided by an arbitrator in the first instance.

Rajan O. Dhungana
Eric S. Montalvo
Federal Practice Group
May 9, 2022
Page 3

      Please let us know if you are available to discuss further today or tomorrow, as our deadline to respond to the TAC is this Friday, May 13, 2022.

      Sincerely,

Ricardo P. Cestero

RPC

cc:    Joshua M. Geller