Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (Eastern Division)

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA, | Case No.: 5:20-cv-02618-JWH-KK |
| Plaintiffs, | |
| vs. | *Assigned to Hon. John W. Holcomb* |
| MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN, | **PLAINTIFF'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'s MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(B) OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION** |
| Defendants. | |
| | Date: June 24, 2022 |
| | Time: 9:00 am |
| | CTRM: 9D |

**PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT
GOLDEN BOY PROMOTIONS, INC.'S MOTION FOR RELIEF FROM
ORDER PURSUANT TO RULE 60(B) OR, IN THE ALTERNATIVE, TO
<u>COMPEL ARBITRATION</u>**

Plaintiff Moses Heredia, by and through counsel, opposes Defendant Golden Boy Promotions, Inc.'s ("Golden Boy's") motion for relief from order, or in the alternative, to compel arbitration [ECF 97], and in support hereof, respectfully states as follows:

I.     <u>Procedural Background</u>

On April 11, 2022 the Court dismissed without prejudice certain claims in Heredia's Second Amended Complaint against Golden Boy, and also denied Golden Boy's request to arbitrate most of them.  [ECF 83]  On April 29, 2022, Heredia, with the Court's permission, filed his Third Amended Complaint.  [ECF 85]  On May 27, 2022, Golden Boy filed its Motion For Relief From Order Pursuant To Rule 60(B) Or, In The Alternative, To Compel Arbitration.  [ECF 97] Heredia timely opposes Golden Boy's motion and respectfully urges the Court to deny it.

II.     <u>Legal Standard for a Motion for Reconsideration</u>

Rule 60 provides relief from a final judgment, order, or proceeding on the grounds of newly-discovered evidence or mistake.  Fed. R. Civ. P. 60(b); <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041 (9th Cir. 2003).  However, neither of those grounds exists here.

III.    The Court Did Not Err in Denying Golden Boy's Arbitration Motion, and the Third Amended Complaint Does Not Contain New Evidence to the <u>Contrary.</u>

In his Third Amended Complaint, Heredia asserted three counts against Golden Boy in connection with Heredia's 2017 boxer-manager contract with Joseph Diaz Jr.:

- <u>Count Five</u>: Tortious Interference with Contract – Boxer Manager Contract;

- <u>Count Seven</u>: Inducing Breach of Contract – Boxer-Manager Contract; and

- <u>Count Eight</u>: Intentional Interference with Prospective Economic Relations.

These counts relate to the 2017 boxer-manager contract exclusively between Heredia and Diaz, to which Golden Boy is not a party nor signatory.  Nothing in that agreement requires Heredia to arbitrate his disputes with Golden Boy arising from Golden Boy's interference with it.

Heredia's allegations explicitly refer to that exclusive boxer-manager contract between Heredia and Diaz: "GBP did, in fact, breach or disrupt the contractual relationship between Mr. Heredia and Mr. Diaz by withholding from Mr. Heredia his contractually-required 18% management fee from the February 13, 2021 bout – which Mr. Diaz still has not paid – and from the July 9, 2021 bout, which Mr. Heredia was not paid until 10 days after the arbitration award ordered it." <u>See</u> Third Amended Complaint at ¶¶ 162 [Count 5], 186 [Count 7], 199 [Count 8].

This is not new evidence, nor was the Court's prior conclusion that the claims are not arbitrable a mistake.  Further, Golden Boy's argument only reinforces that Golden Boy's interference was in regard to an agreement to which it was neither a party nor a signatory.  Golden Boy's separate, tripartite promotion agreement among Heredia, Diaz, and Golden Boy is simply not at issue in Counts 5, 7, or 8 of the Third Amended Complaint.

Golden Boy argues that the mere existence of the promotion agreement compels arbitration of any dispute among any of the parties to it, and that any ruling otherwise is in error. Golden Boy is incorrect.

As noted above, Heredia does not allege that Golden Boy interfered in its *own* agreement with Heredia and Diaz.  Rather, Heredia alleges that Golden Boy interfered in the boxer-manager contract between Heredia and Diaz, to which Golden Boy is not a party.  The Court did nor err in refusing to require arbitration of claims not subject to or encompassed by a contract containing an arbitration provision.

As this Court held in a related context,

The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement. See Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1126 (9th Cir. 2013) ("Generally, the contractual right to compel arbitration

may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration.") (quotations and citation omitted); <u>Perez v. DirecTV Group Holdings, LLC</u>, 251 F. Supp. 3d 1328, 1337 (C.D. Cal. 2017) (to similar effect); <u>see</u> <u>also</u> Cal. Civ. Code § 1550 (a valid contract requires the "consent" of the parties to the contract).

<u>Diaz v. Heredia, et al.</u>, Case. No. 5:20-cv-02332 (ECF 25) at 9 (CDCA May 18, 2021).

Here, there are no claims asserted under the promotion agreement.  All three of the counts alleged against Golden Boy concern Golden Boy's alleged interference in a contract between Heredia and Diaz only.  There is no threshold of arbitrability.  The Court therefore did not err in concluding that "[c]laims five, seven, and eight pertain to contracts between Heredia and either Diaz or Feliciano. The contracts to which Heredia and Golden Boy are parties do not 'encompass[] the dispute at issue.' <u>Cox</u>, 533 F.3d at 1119." (footnote omitted).  [ECF 83, 17:16-18].

## CONCLUSION

Heredia's Third Amended Complaint alleges that Golden Boy interfered in an exclusive boxer-manager contract between Heredia and Diaz.  Golden Boy, not being a party or signatory to it, cannot compel the claims' arbitration by reference

1    to a different agreement to which it is a party. The Court did not err in its order on

2    this matter, and there is no new evidence that compels a different outcome.

3

4    Therefore, for the reasons stated herein, Plaintiff Heredia respectfully requests that

5    Defendant Golden Boy Promotions' Motion For Relief From Order Pursuant To

6    Rule 60(B) Or, In The Alternative, To Compel Arbitration, be denied.

7

8    Dated: June 3, 2022             Respectfully submitted,

9                               /s/ *Rajan O. Dhungana*

10                              Rajan O. Dhungana (SBN: 297794)

11                              FEDERAL PRACTICE GROUP

12                              14481 Aspen Street

                              Hesperia, CA 92344

13                              Telephone: (310) 795-6905

14                              rdhungana@fedpractice.com

15                              /s/ *Eric S. Montalvo*

16                              Eric S. Montalvo (*Pro Hac Vice*)

17                              FEDERAL PRACTICE GROUP

                              1750 K Street, N.W., Suite 900

18                              Washington, D.C. 20006

19                              Telephone: (202) 862-4360

20                              Fax: (888) 899-6053

                              emontalvo@fedpractice.com

21

22                              *Attorneys for Plaintiff*

                              Moses Heredia

23

24

25

26

27

28

PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S 60(B) MOTION

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I filed the foregoing Plaintiff Moses Heredia's Opposition To Defendant Golden Boy Promotions, Inc.'s Motion For Relief From Order Pursuant To Rule 60(B) Or, In The Alternative, To Compel Arbitration with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687
Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

Dated: June 3, 2022        Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Plaintiff*
Moses Heredia