Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Eastern Division)

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>          Plaintiffs,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>          Defendants. | Case No.: 5:20-cv-02618-JWH-KK<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'s MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: June 24, 2022<br>Time: 9:00 am<br>CTRM: 9D |

## **TABLE OF CONTENTS**

I.   Procedural Background ..............................................................................1

II.  Legal Standard for a Motion To Dismiss  Pursuant to Fed. R. Civ. P. 12(b)(6).1

III. Heredia Properly Pled a Claim for Interference by Golden Boy with Heredia's Boxing Management Contract with Joseph Diaz ......................................................2

   A.  Heredia's Boxer-Manager Contract with Diaz was Valid When Golden Boy Committed the Interferences Alleged by Heredia ..................................................3

IV.  Whether Golden Boy's Actions Were Privileged and Justified is a Factual Question That Cannot be Resolved in a Motion To Dismiss for Failure To State a Claim ..................................................................................................6

V.   Heredia's Allegations Against Golden Boy are Facially Plausible......................9

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ................................................. 4, 9, 12

Cabanas v. Gloodt Assocs., 942 F. Supp. 1295, 1306 (E.D. Cal. 1996), aff'd 141
  F.3d 1174 (9th Cir. 1998)...................................................................................11

Kowal v. MCI Comm'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).....................5

Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 57 (1998) ....................10

SIC Metals, Inc. v. Hyundai Steel Co., 442 F. Supp. 3d 1251 (C.D. Cal. 2020),
  aff'd, 838 F. App'x 315 (9th Cir. 2021)..............................................................10

United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc., 766 F.3d 1002, 1006
  (9th Cir. 2014) .......................................................................................................6

# PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S MOTION TO DISMISS

Plaintiff Moses Heredia ("Heredia"), by and through counsel, opposes Defendant Golden Boy Promotions, Inc.'s ("Golden Boy's") motion to dismiss ("MTD") [ECF 96], and in support hereof, respectfully states as follows:

I.   Procedural Background

On April 11, 2022 the Court dismissed without prejudice certain claims in Heredia's Second Amended Complaint against Golden Boy.  [ECF 83]  On April 29, 2022, Heredia, with the Court's permission, filed his Third Amended Complaint.  [ECF 85]  On May 27, 2022, Golden Boy filed its Motion To Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  [ECF 96] Heredia timely opposes Golden Boy's motion and respectfully urges the Court to deny it.

II.   Legal Standard for a Motion To Dismiss
      Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To be sure, the facts alleged need not be "detailed." Twombly, 550 U.S. at 555.  But they must allow "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged[.]" Iqbal, 556 U.S. at 678 (internal citation omitted). Where a pleading offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the pleading "will not do." Id. And while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that a plaintiff draws. See, e.g., Iqbal, 556 U.S. at 678; Kowal v. MCI Comm'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.   Heredia Properly Pled a Claim for Interference by Golden Boy with Heredia's Boxing Management Contract with Joseph Diaz

In his Third Amended Complaint, Heredia asserted three counts against Golden Boy in connection with Heredia's Boxer-Manager contract with Joseph Diaz Jr.

- <u>Count Five</u>: Tortious Interference with Contract – Boxer Manager Contract;
- <u>Count Seven</u>: Inducing Breach of Contract – Boxer-Manager Contract; and
- <u>Count Eight</u>: Intentional Interference with Prospective Economic Relations.

For purposes of a Rule 12(b)(6) motion to dismiss, the elements of each count are essentially the same: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."

-2-
PLAINTIFF HEREDIA'S OPPOSITION TO DEFENDANT GOLDEN BOY PROMOTIONS, INC.'S MOTION TO DISMISS

United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc., 766 F.3d 1002, 1006 (9th Cir. 2014).

A.     Heredia's Boxer-Manager Contract with Diaz was Valid When Golden Boy Committed the Interferences Alleged by Heredia

Golden Boy's argument that Heredia's contractual relationship with Diaz had already been breached or abandoned before any of GBP's interference is mistaken.

During the fall of 2020, Golden Boy simultaneously communicated with VGC and co-defendant MTK, knowing that VGC and MTK were without the required management licenses to engage in the negotiation of bout agreements, while at the same time they provided the Heredias, through their arbitration counsel, these same communications. On November, 10, 2020, Golden Boy's counsel wrote to VGC and indicated, *inter alia*, that "Golden Boy was particularly excited to reset their relationship with JoJo Diaz." [ECF 76-4]. He also indicated that he had attempted to coordinate a sit down between Diaz and Golden Boy executives to reset the relationship. This "resetting" was Golden Boy's description of facilitating the break-up between Diaz and Heredia because of Heredia's aggressive and successful contractual negotiations on behalf of Diaz. This correspondence was then sent to Heredia, through his counsel, given that the correspondence also included the bout terms. Golden Boy was straddling what they knew was the wrongful negotiation of bout agreements with unlicensed

parties, and then at the same time including the licensed manager – Heredia – to "cover" their bases. It was clear from these exchanges that Golden Boy viewed Heredia as still Diaz' lawful manager at this time given the absence of any other licensed manager for Diaz and the clear validity of the Heredia's boxer-manager contract with Diaz.

During February 2021, requests were made to both the California State Athletic Commission ("Commission") and Golden Boy to withhold the management fees owed by Diaz to Heredia for the Diaz v. Rakhimov fight, which occurred on February 13, 2021. The Commission's view was that a breach of Heredia's boxer-manager contract with Diaz had not yet occurred, and they declined to intervene prior to the bout. Golden Boy's view was that they would "comply with any instructions they may give." The Commission communicated to Golden Boy the request to withhold those bout fees, but Diaz and Golden Boy disregarded the Commission's directive. This tacit acknowledgement that in 2021 Heredia was still Diaz' only lawful manager and that the terms of the fight were previously negotiated by Heredia demonstrate in no uncertain terms that Heredia's and Diaz' boxer-manager contract was still in place in 2021, Golden Boy was aware of that contract, and facilitated Diaz' breach of that contract in contrast to the over ten years of dealing with Mr. Heredia and Diaz. The intent behind this "mutiny" was to further Golden Boy's goals of ousting Heredia to, as they state,

"reset the relationship." The required payment performance was also confirmed during the arbitration, which took place during June, 2021. Golden Boy was in no position to unilaterally reject the contract validity of the management contract and without authority to facilitate its breach.

It the instant motion, Golden Boy argues that "[i]t is therefore indisputable […] that the 2017 Boxer-Management Contract ceased to be performed in August 2020…." MTD at 14:22-23. To the contrary, Heredia's Third Amended Complaint does dispute this. The Third Amended Complaint makes clear that Diaz' own actions indicate that Diaz believed his boxer-manager contract with Heredia was lawfully in force at the time Golden Boy withheld and failed to pay Heredia's management fees, due and owing under the Heredia-Diaz boxer-manager contract, at Diaz' express direction.

In his Third Amended Complaint, Heredia alleged that the relationship between himself and Diaz was alive and well enough that Diaz realized his contractual obligation to pay Heredia his 18% manager's fee from each of the February 2021 and July 2021 bouts pursuant to the then-in-force-and-legally-valid Heredia-Diaz Boxer-Manager contract, but Diaz instructed Golden Boy unlawfully to withhold these fees from Heredia. See, e.g., Third Amended Complaint at ¶¶ 159, 160, 161 [Count 5], 184, 185, 186 [Count 7], 197, 198 [Count 8].

Further, in dismissing counts against Golden Boy under Heredia's Second Amended Complaint, the Court held that, "Because Heredia has not alleged that the contract between Heredia and Diaz would have been performed but for Golden Boy's conduct, Heredia has failed to state a claim against Golden Boy." [ECF 83, 15:4-6]

In his Third Amended Complaint, Heredia remedied that stated defect. Heredia alleged that Golden Boy was a "but-for" cause of the boxer-manager contract between Heredia and Diaz not being performed. See, e.g., Third Amended Complaint at ¶¶163 [Count 5], 188 [Count 7], 200 [Count 8].

Thus, Heredia alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). At the time Golden Boy interfered in the boxer-manager contract between Heredia and Diaz, the agreement was not soured to the point that Diaz had abdicated his responsibility to pay Heredia his manager's fees under it. Diaz instructed Golden Boy to interfere in the boxer-manager contract between Diaz and Heredia. And Golden Boy did as Diaz asked, damaging Heredia.

    IV.    Whether Golden Boy's Actions Were Privileged and Justified is a Factual Question That Cannot be Resolved in a <u>Motion To Dismiss for Failure To State a Claim</u>

Golden Boy's argument that its conduct was "absolutely privileged and justified…[and thus] Plaintiff cannot state a claim for interference as a matter of law" is unsupportable.  MTD, 16:23-25.

First, Heredia makes a valid claim for intentional interference.  He has alleged a cause of action that is recognized under the law, as it is recognized by the very case Golden Boy cites for the opposite proposition.  "We conclude that the complaint sufficiently alleges a cause of action for intentional interference with existing contractual relations."  Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 57 (1998).

Golden Boy's claim that its conduct was "absolutely privileged and justified…" is not appropriate for resolution in a Rule 12(b)(6) motion inasmuch as it is a disputed factual defense more properly explored in discovery.  It certainly does not justify dismissal of Heredia's claim.  Indeed, the case on which Golden Boy relies in connection with whether something is privileged or justified, is in the context of a motion for summary judgment, not a 12(b)(6) motion.  SIC Metals, Inc. v. Hyundai Steel Co., 442 F. Supp. 3d 1251 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021).

It is noteworthy that in neither the promotional agreement nor the bout agreements is a right or privilege granted to Golden Boy to unilaterally interfere or disregard the California Commissions' directives – of which they have done twice

as discussed. Indeed, a review of those documents demonstrates the contrary – that adherence to the law is required.

Nevertheless, Golden Boy's argument misses the mark. Golden Boy claims that it was justified in protecting its own financial interests by failing to pay Heredia the money Diaz owed to Heredia under a separate agreement. MTD, 16:14-19. Heredia is unaware of any theory by which a party may protect its claimed "own financial interests" by holding hostage money owed to a third party. Indeed, the case cited by Golden Boy for this proposition, Cabanas v. Gloodt Assocs., 942 F. Supp. 1295, 1306 (E.D. Cal. 1996), aff'd 141 F.3d 1174 (9th Cir. 1998) was an instance where a bank, as a mortgage lender, was permitted to interfere in a management contract to protect its collateral on $53 million in loans. See id. Those facts do not fit this case.

Golden Boy had no collateral to protect. The money it withheld was not Golden Boy's, and the only financial interest Golden Boy was protecting was the impermissible position it had taken to interfere in Heredia's management contract with Diaz. Golden Boy agreed to withhold from Heredia, at Diaz' direction, money that was not its property. The money was earned by Diaz, and lawfully due and owing to Heredia.

Heredia does not believe that Golden Boy had any legitimate financial interest to protect by failing to pay him his monies. However, at this juncture,

Golden Boy's reliance on its purported defense is inapposite. Heredia has "state[d] a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). That is all that is required to survive a Rule 12(b)(6) motion.

V. Heredia's Allegations Against Golden Boy are Facially Plausible

Heredia's allegations against Golden Boy are facially plausible. Golden Boy's argument that Heredia "has never identified any unlawful conduct by GBP," MTD 18:8, is incorrect.

Heredia's allegation of Golden Boy's unlawful conduct is clear: "GBP did, in fact, breach or disrupt the contractual relationship between Mr. Heredia and Mr. Diaz by withholding from Mr. Heredia his contractually-required 18% management fee from the February 13, 2021 bout – which Mr. Diaz still has not paid – and from the July 9, 2021 bout, which Mr. Heredia was not paid until 10 days after the arbitration award ordered it." <u>See</u> Third Amended Complaint at ¶¶ 162, 186, 199.

Whatever else may confuse Golden Boy in the Third Amended Complaint, there can be no doubt that Golden Boy is on clear notice of what its unlawful conduct is alleged to be. As such, Golden Boy's argument on this point must fail.

## CONCLUSION

Heredia has properly pled every element of each of its causes of action such that dismissal of its claims would be unwarranted. Golden Boy's argument that its conduct was privileged is outside the scope of a motion to dismiss for failure to state a claim. And the Third Amended Complaint puts Golden Boy on notice of what its unlawful conduct is alleged to be. For the reasons stated herein, Plaintiff Heredia respectfully requests that Defendant Golden Boy Promotions' Motion To Dismiss be denied.

Dated: June 3, 2022                                     Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Plaintiff*
Moses Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I filed the foregoing Plaintiff Moses Heredia's Opposition To Defendant Golden Boy Promotions, Inc.'s Motion To Dismiss with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687
Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

Dated: June 3, 2022         Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Plaintiff*
Moses Heredia