RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
GOLDEN BOY PROMOTIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,

Plaintiffs,

v.

MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PROMOTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,

Defendants.

Case No. 5:20-cv-02618-JWH-KKx

*Assigned to Hon. John W. Holcomb*

**REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Date: June 24, 2022
Time: 9:00 a.m.
Crtrm: 9D

Complaint filed: December 18, 2020

## I. INTRODUCTION

The Third Amended Complaint suffers from the same fatal flaw that necessitated the dismissal of the Second Amended Complaint. Fundamentally, Plaintiff Moses Heredia ("Plaintiff") does not, and cannot, allege the critical element of causation necessary to sustain any of his claims. In order to allege interference or inducement of breach by Defendant Golden Boy Promotions, Inc. ("GBP"), Plaintiff must allege that GBP took some action that resulted in a breach of the Boxer-Manager Contract between Plaintiff and Diaz. But because Diaz had already ceased performing *before* GBP took any action in respect of that contract, Plaintiff cannot establish the causal link necessary to state his claims.

Plaintiff continues to ignore this defect, and instead argues in opposition that he properly pleaded that there was a valid contract between Plaintiff and Diaz. That may be the case, but that is not the basis for the instant motion, nor for the Court's order granting the previous motion to dismiss. The issue is not whether there was a valid contract; the issue is whether Diaz would have continued to perform under that contract but for some action taken by GBP. Plaintiff's allegations are clear on this point: Diaz stopped performing in August 2020, at which point Diaz instructed GBP to stop dealing with Plaintiff. All of GBP's actions described in the Complaint take place after Diaz ceased performing. Nothing in the Third Amended Complaint—and certainly nothing in Plaintiff's Opposition—changes that fact.

In addition, the Third Amended Complaint is fatally deficient because it alleges on its face that all of GBP's actions were taken pursuant to instructions from Diaz and in furtherance of GBP's separate promotion agreement with Diaz. That renders the conduct absolutely privileged as a matter of law based on the allegations presented—something that can certainly be decided on this motion to dismiss. Similarly, the lack of facial plausibility of the claims independently warrants dismissal.

## II. PLAINTIFF CANNOT ALLEGE THAT THE DIAZ CONTRACT WOULD HAVE BEEN PERFORMED BUT FOR GBP'S PURPORTED ACTIONS.

In both the instant motion and the prior motion on the Second Amended Complaint, GBP demonstrated the fundamental flaw in Plaintiff's claims: Plaintiff alleges that Diaz ceased performing under the Boxer-Manager Contract in August 2020 and alleges that all of GBP's actions relevant to this dispute took place only <u>after</u> that cessation of performance.  As such, Plaintiff cannot allege the critical element of causation necessary to sustain an interference claim:

> It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof.

*Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977); *accord Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017).

Plaintiff does not respond to this argument.  Instead, Plaintiff argues that the Boxer-Manager Contract was still *valid* at the time of the alleged interference. Opposition, ECF No. 99 ("Opp.") at *6.  For instance, Plaintiff argues that "Golden Boy viewed [Plaintiff] as still Diaz' lawful manager," that the "boxer-manager contract was still in place in 2021," and then even Diaz "believed his boxer-manager contract with [Plaintiff] was lawfully in force at the time [GBP] withheld and failed to pay" the management fees.  Opp. at *6–8.  But all of these arguments miss the point.  The issue with Plaintiff's claim is not whether the contract was valid, but whether <u>Diaz was still performing pursuant to that agreement</u>.  Plaintiff has repeatedly admitted that Diaz was not performing and repudiated his agreement with Plaintiff in early August 2020.  Accordingly, Plaintiff's Third Amended Complaint, just like his Second Amended Complaint, expressly negates the element of causation and there can be no interference or inducement of breach.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

This rule exists specifically to bar the sort of illogical claim Plaintiff presents here. Plaintiff alleges that it was *Diaz himself* who instructed GBP not to pay the management fees to which Plaintiff contends he was owed. Third Amended Complaint, ECF No. 85 ("TAC") at ¶ 113–114. Indeed, Plaintiff describes how "the boxer directs the promoter [in this case, GBP] to cut checks to members of his team, including his manager," and that Diaz in fact did so after the February 13, 2021 bout. *Id.* (describing how the MTK defendants and Diaz's counsel "advised Mr. Diaz to instruct GBP not to release those funds that Mr. Diaz lawfully owed Mr. Heredia under the 2017 Contract and in accord with the Promotion Term Sheet between GBP, Diaz and Heredia"). These allegations conclusively demonstrate that it was not GBP that induced Diaz to breach his contract; rather, Diaz had already decided to breach the contract (according to Plaintiff) and GBP simply did as Diaz instructed. Plaintiff cannot escape his own allegations and reverse that chain of causation.

The only other argument Plaintiff raises in opposition is to assert that the Third Amended Complaint properly includes the "but-for" causation allegation that was missing in the last complaint, citing paragraphs 163, 188, and 200. But those paragraphs are conclusory recitations of the ultimate legal conclusion, and do not allege any facts in support—unsurprising, given that the facts actually alleged *disprove* those legal conclusions. Such a "conclusory assertion that [the contract] would not have been breached or disrupted but for [defendant's] conduct" "is not enough to support the element of causation." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 2018 WL 6444899, at *5 (C.D. Cal. Nov. 6, 2018).

Ultimately, nothing has changed in the Third Amended Complaint. The allegations of both the Second and Third Amended Complaint make abundantly clear that Diaz ceased his performance in August 2020. Nothing that GBP did after that point can give rise to an interference claim or claim for inducement of breach.

### III. GBP'S ACTIONS WERE PRIVILEGED AND JUSTIFIED AS A MATTER OF LAW.

Plaintiff also fails to state a claim because the only actions GBP is accused of taking were privileged and justified as a result of GBP's own contract with Diaz. As explained above, Plaintiff very clearly alleges that GBP simply followed the instructions it was given by Diaz. Nothing more. Plaintiff also alleges that GBP did this "in accord with the Promotion Term Sheet between GBP, Diaz and Heredia." TAC, ¶ 114.

Based on the facts that Plaintiff alleges, GBP's conduct was undertaken strictly in accordance with both its instructions from Diaz and GBP's contract with Diaz. In fact, Plaintiff expressly alleges that payment of a manager's fee is made pursuant to the boxer's instructions. TAC, ¶ 113. This means that GBP's conduct is deemed justified and not actionable. *E.g.*, *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256–57 (C.D. Cal. 2020), aff'd, 838 F. App'x 315 (9th Cir. 2021). Plaintiff's only response is to say that this is a fact question. But there are no facts in dispute—GBP has already accepted all of Plaintiff's allegations as true for purposes of this motion. And based on those allegations, the only conclusion that can be drawn is that GBP was acting pursuant to its obligations under its contract with Diaz, and that its actions were therefore justified as a matter of law.

"When an affirmative defense is obvious on the face of a complaint, [] a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). GBP has done nothing more than assert an affirmative defense that is obvious from the facts as Plaintiff has alleged them. That affirmative defense of justification bars the instant claims.

### IV. PLAINTIFF'S ALLEGATIONS ARE IMPLAUSIBLE.

Plaintiff's Third Amended Complaint also remains deficient because it lacks

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

any facial plausibility. As explained in GBP's motion and above, the thrust of Plaintiff's allegations is that *Diaz* instructed GBP not to pay management fees to Plaintiff. *E.g.*, TAC ¶ 114. It is therefore logically incoherent to suggest that it was GBP's actions that in some way induced Diaz to breach the contract. In opposition, Plaintiff claims that GBP's unlawful conduct was "withholding from [Plaintiff]" the management fee. But that does not change or avoid the complaint's allegations that this was done because Diaz said so and that GBP is obligated to follow Diaz's instructions in this regard.

Fundamentally, Plaintiff has attempted to dress up a contract claim—that GBP breached some independent obligation to pay Plaintiff—as an interference claim. But the claim makes no sense when the supposed object of the interference (Diaz) is the one who is alleged to have *told* GBP not to pay Plaintiff. Plaintiff cannot get around what are fundamentally inconsistent allegations.

## V.  CONCLUSION

In light of the foregoing, GBP therefore respectfully requests that the Court dismiss <u>*with prejudice*</u> all claims against GBP.

DATED: June 10, 2022

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:  */s/ Joshua M. Geller*
   RICARDO P. CESTERO (SBN 203230)
   JOSHUA M. GELLER (SBN 295412)
   Attorneys for Defendant GOLDEN BOY
   PROMOTIONS, INC.