1  RICARDO P. CESTERO (SBN 203230)
   RCestero@ggfirm.com
2  JOSHUA M. GELLER (SBN 295412)
   JGeller@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
7  Attorneys for Defendant
   GOLDEN BOY PROMOTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEREDIA BOXING MANAGEMENT, INC.; & MOSES HEREDIA,<br><br>Plaintiffs,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; GOLDEN BOY PRODUCTIONS, INC.; VGC, LLP; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No. 5:20-cv-02618-JWH-KKx<br><br>*Assigned to Hon. John W. Holcomb*<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(B) OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**<br><br>Date: June 24, 2022<br>Time: 9:00 a.m.<br>Crtrm: 9D<br><br>Complaint filed: December 18, 2020 |

17896-00636/4396471.1

REPLY IN SUPPORT OF
MOTION FOR RELIEF FROM ORDER
OR TO COMPEL ARBITRATION

## I. INTRODUCTION

Plaintiff Moses Heredia ("Plaintiff") does not address either of the two key grounds for the relief Golden Boy Promotions, Inc. ("GBP") seeks by way of its motion for relief from order or to compel arbitration. First, Plaintiff ignores the fact that the new allegations of the Third Amended Complaint expressly state that the actions GBP is accused of and that constitute the purported interference at issue in this case were "premised on the 2017 promotional agreement with GBP and [Plaintiff]" and were "in accord with the Promotion Term Sheet between GBP, Diaz and [Plaintiff]." TAC, ECF No. 85, ¶ 112, 114. In light of those allegations, the inescapable conclusion is that this dispute "relates" to the Promotion Agreement. Nothing further is required to compel arbitration given the broad arbitration clause in the Promotion Agreement.

Second, even if there was some doubt as to the first point (there should not be), Plaintiff does not address the legal error that warrants relief from the Court's prior order: the arbitration clause explicitly delegates questions of arbitrability to the arbitrator, and therefore, under controlling law, the question of whether this dispute sufficiently "relates" to the Promotion Agreement must be referred to arbitration in the first instance. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *accord Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011). Plaintiff and GBP are indisputably parties to an agreement to arbitrate and the ***arbitrator*** must decide whether Plaintiff's claims fall within the scope of that agreement.

Based on either of the above grounds, the Court should compel arbitration and stay any remaining claims asserted against GBP.

## II. THE THIRD AMENDED COMPLAINT MAKES CLEAR THAT ALL CLAIMS AGAINST GBP "ARISE OUT OF OR RELATE TO" THE PROMOTION AGREEMENT.

Plaintiff's entire argument in his opposition is that Plaintiff is alleging interference with the Boxer-Manager Contract and not with the Promotion Agreement. That is true, but irrelevant. The arbitration provision at issue renders arbitrable all claims or disputes "arising out of or relating to" the Promotion Agreement. Geller Decl., Ex. 2 at p. 12. That language "is broad and far reaching." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). It is not limited to claims directly asserted under the Promotion Agreement (e.g., claims for breach of the agreement), but includes any claims with a "significant relationship" to the Promotion Agreement. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

The very act that gives rise to GBP's purported liability is an act that Plaintiff alleges was taken "in accord with" and pursuant to the Promotion Agreement. TAC, ¶¶ 112, 114, 119. Plaintiff goes so far as to explicitly allege that GBP's wrongful conduct is that it supposedly "disregarded its contractual obligations with respect to the 2017 promotional agreement with respect to Plaintiff." TAC, ¶ 119. That allegation is indistinguishable from alleging a breach under the Promotion Agreement. But at a bare minimum, these allegations confirm that all of Plaintiff's claims against GBP have a "significant relationship" to the Promotion Agreement.

Plaintiff does not address this standard in any way in his opposition. The arbitration provision at issue is not limited to "claims asserted under the promotion agreement," as Plaintiff suggests, but instead reaches all claims relating to that agreement. Opp., ECF No. 98, at * 5. Based on the new allegations of the Third Amended Complaint, there can be no dispute that Plaintiff's claims do just that. Those allegations are sufficient grounds for the Court to revisit its prior order or to

compel arbitration in the first instance.

### III. PLAINTIFF DOES NOT ADDRESS, MUCH LESS REFUTE, THE FACT THAT ARBITRABILITY MUST BE DECIDED BY ARBITRATION.

Plaintiff's Opposition does not even mention the second ground for relief raised by GBP: that the provision in the Promotion Agreement delegating questions of arbitrability to the arbitrator requires the Court to refer the threshold question of whether this dispute relates to the Promotion Agreement to arbitration in the first instance. As explained in the motion, where, as here, a delegation provision in an arbitration agreement "clearly and unmistakably" reserves questions of arbitrability for the arbitrator, the court must enforce the agreement and compel arbitration. *Rent-A-Center*, 561 U.S. at 68–69.

Plaintiff affirmatively alleges that GBP and Plaintiff have a valid contract with a valid arbitration provision. That provision states that the question of whether a dispute between the parties is arbitrable "will be referred to and finally determined by arbitration." Geller Decl., Ex. 2, p. 12. That alone requires that the motion be granted so that an arbitrator may determine whether this dispute has a sufficient nexus to the Promotion Agreement.

### IV. CONCLUSION

GBP respectfully requests that the Court reconsider its prior order, compel arbitration and stay any such remaining claims.

| | |
|---|---|
| DATED: June 10, 2022 | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP<br><br>By: _/s/ Joshua M. Geller_<br>RICARDO P. CESTERO (SBN 203230)<br>JOSHUA M. GELLER (SBN 295412)<br>Attorneys for Defendant GOLDEN BOY PROMOTIONS, INC. |