MANCINI SHENK LLP
  Michael V. Mancini (S.B. #263799)
  mmancini@mancinishenk.com
  Peter J. Most (S.B. #143963)
  pmost@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (424) 652-4000
Facsimile: (424) 652-4004

Attorneys for Defendant
MTK GLOBAL USA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MOSES HEREDIA,<br><br>    Plaintiff,<br><br>v.<br><br>MKT GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>    Defendants. | Case No. 5:20-cv-02618-JWH (KKx)<br>*Assigned to Hon. John W. Holcomb*<br><br>**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL TO DEFENDANT MTK GLOBAL USA, LLC**<br><br>[Memorandum of Points and Authorities, Declaration of Michael V. Mancini, and Proposed Order concurrently filed]<br><br>Date:    September 2, 2022<br>Time:    9:00 a.m.<br>Place:    Courtroom 2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE that on September 2, 2022 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 3470 12th St., Riverside, California 92501, Michael V. Mancini, Peter J. Most, and all other attorneys employed by the law firm of Mancini Shenk LLP

(collectively, "MSLLP") will and hereby do move to be relieved as counsel to Defendant MTK GLOBAL USA, LLC ("MTK USA") pursuant to L.R. 83-2.3.2.

MTK USA has terminated the services of MSLLP. Thus, withdrawal is mandatory pursuant to California Rule of Professional Conduct 1.16(a), which provides that "a lawyer . . . *shall* withdraw from the representation of a client if . . . the client discharges the lawyer." In compliance with L.R. 83-2.3.4, MTK USA has been advised in writing of the consequences of its inability to appear pro se and has been provided notice of this motion. MTK USA has no objection to this Motion. This Motion comes while other parties are engaged in disputes regarding arbitrability when no trial date has been set, with the consequence that relief of counsel sought herein will not cause delay in the prosecution of this action.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Michael V. Mancini, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

This Motion is made following confirmation from all other counsel that no party objects to the granting of this Motion.

Dated: July 28, 2022                     MANCINI SHENK LLP

                                         By:        /s/ Michael V. Mancini
                                             Michael V. Mancini
                                             Peter J. Most
                                             Attorneys for Defendant MTK Global
                                             USA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant MTK GLOBAL USA, LLC ("MTK USA") has been represented in this action by Michael V. Mancini and Peter J. Most of the law firm Mancini Shenk LLP (collectively, "MSLLP"). Following the filing of the Third Amended Complaint, MTK USA terminated the services of MSLLP. (Declaration of Michael V. Mancini ("Mancini Decl."), ¶ 2.) By this Motion, MSLLP seeks permission to withdraw from the representation of MTK USA herein.

Local Rule 83-2.3.2 provides that an attorney may not withdraw as counsel without leave of court, and courts will consider whether good cause exists to permit withdrawal. *China Cent. TV v. Create New Tech. Hk Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 U.S. Dist. LEXIS 187611, at *3 (C.D. Cal. June 25, 2015); *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal.1992) (attorney may withdraw only with leave of Court). The trial court has discretion in determining whether to grant counsel's motion for withdrawal. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). The risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment does not justify denying a motion for withdrawal. *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F.Supp. 775, 786–87 (E.D. Va. 1994).

In deciding a motion to withdraw, courts have considered various factors, including the relevant professional rules of responsibility. *See Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996) (considering why withdrawal was sought, prejudice that may be caused to other litigants, administration of justice, delay that may result and related state rules of professional conduct); *Haines v. Liggett Group, Inc.*, 814 F.Supp. 414, 423 (D.N.J.1993) (in denying counsel's request to withdraw, court considered equitable factors and held that state bar professional rules apply); *cf. Byrd v. Dist. of Columbia*, 271 F.Supp.2d 174, 178 n. 6 (D.D.C.2003) (observing that courts may seek guidance from, but cannot base their decisions solely on, rules of professional responsibility in determining whether there is good cause to grant

withdrawal for counsel).

In determining whether good cause exists to allow counsel to withdraw, federal courts consider state laws, and in California, courts generally consider the Rules of Professional Conduct of California. *Stewart v. Boeing Co.*, No. CV 12-05621, 2013 U.S. Dist. LEXIS 87064, at *3–4 (C.D. Cal. June 19, 2013); *Denney v. City of Berkeley*, No. C 02-5935 JL, 2004 U.S. Dist. LEXIS 24265, at *5 (N.D. Cal. Nov. 18, 2004).

Rule 1.16 of the California Rules of Professional Conduct governs attorney motions to withdraw. Rule 1.16(a)(4) of the California Rules of Professional Conduct provides for *mandatory* withdrawal where a client discharges counsel:

> . . . a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . . (4) the client discharges the lawyer.

Additionally, Rule 1.16(c) provides:

> If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission.

Cal. Rules. Prof. C., Rule 1.16(c).

Here, MTK USA has discharged MSLLP and its attorneys. (Mancini Decl., ¶ 2.) Accordingly, MSLLP is required to withdraw. MSLLP has provided MTK USA with written notice of the consequences of being unable to appear pro se in this action, and MTK USA has no objection to MSLLP's withdrawal. (*Id.*, ¶ 3.) When given notice of this Motion, MTK USA consented to its filing and confirmed that it has no objection to MSLLP being relieved as counsel and wishes for MSLLP to be relieved as counsel to MTK USA. (*Id.*) A copy of this Motion has been served upon MTK USA through its Delaware counsel. (*Id.*, ¶ 6.)

On July 27, 2022, MSLLP gave notice to all counsel that it intended to



withdraw from this representation and in the same communication attempted to schedule a Local Rule 7-3 conference of counsel regarding this Motion. (*Id.*, ¶ 4 and Ex. A.) Plaintiffs' counsel and counsel to Defendant Golden Boy Productions, Inc. confirmed in writing that they have no objection to the granting of this Motion. (*Id.*, ¶ 5.) Counsel to Defendant Daniel Kinahan did not object, but informed MSLLP that they are no longer counsel to Mr. Kinahan and asked to be removed from the service list for this case. (*Id.*) Counsel to Defendant MTK Global Sports Management, LLC noted in a telephone call that MTK Global Sports Management, LLC has not been served in this action, and based thereon expressed no objection to the granting of this Motion. (*Id.*)

    Because no party or counsel expressed any objection to MSLLP being relieved as counsel and because under the circumstances presented here withdrawal is mandatory, MSLLP submits that this Motion is suitable for ruling without a hearing and respectfully requests that it be granted.

Dated: July 28, 2022

Respectfully submitted,

MANCINI SHENK LLP

By:     /s/ Michael V. Mancini
Michael V. Mancini
Peter J. Most,
Attorneys for Defendant MTK Global USA, LLC