# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MOSES HEREDIA, and
HEREDIA BOXING
   MANAGEMENT, INC.,

        Plaintiffs,

v.

MTK GLOBAL SPORTS
   MANAGEMENT, LLC;
GOLDEN BOY PRODUCTIONS,
   INC.;
VGC, LLP;
PAUL D. GIBSON;
DANIEL KINAHAN;
GOLDEN BOY PROMOTIONS,
   INC.; and
MTK GLOBAL USA, LLC,

        Defendants.

Case No. 5:20-cv-02618-JWH-KKx

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS [ECF No. 96] and DEFENDANT'S MOTION FOR RELIEF FROM ORDER [ECF No. 97]**

Before the Court are two motions filed by of Defendant Golden Boy Promotions, Inc.:

- Golden Boy's motion to dismiss the Third Amended Complaint of Plaintiff Moses Heredia;[1] and
- Golden Boy's motion for relief from an earlier order of the Court or, in the alternative, to compel arbitration.[2]

After considering the papers filed in support and in opposition,[3] as well as the argument of counsel at the hearing on those Motions,[4] the Court orders that Golden Boy's Rule 60(b) Motion is **GRANTED** and that its Rule 12(b)(6) Motion is **DENIED** as moot.

## I. BACKGROUND

### A. Procedural History

Heredia commenced this action in late 2020.  In April 2022, the Court granted-in-part and denied-in-part both Golden Boy's motion to dismiss Heredia's Second Amended Complaint and Golden Boy's motion to compel arbitration.[5]  In that Order, the Court concluded that most of Heredia's claims against Golden Boy were not subject to mandatory arbitration.[6]  Later that month, Heredia filed the operative Amended Complaint.  Now, through its Rule 12(b)(6) Motion, Golden Boy moves the Court to dismiss Heredia's fifth,

---

[1] Def.'s Mot. to Dismiss (the "Rule 12(b)(6) Motion") [ECF No. 96].
[2] Def.'s Mot. for Relief (the "Rule 60(b) Motion") [ECF No. 97].
[3] The Court considered the following papers:  (1) Third Am. Compl. (the "Amended Complaint") [ECF No. 85]; (2) the Rule 12(b)(6) Motion (including its attachments); (3) Pl.'s Opp'n to the Rule 12(b)(6) Motion [ECF No. 99]; (4) Def.'s Reply in Supp. of the Rule 12(b)(6) Motion [ECF No. 100]; (5) the Rule 60(b) Motion (including its attachments); (6) Pl.'s Opp'n to the Rule 60(b) Motion [ECF No. 98]; (7) Def.'s Reply in Supp. of Rule 60(b) Motion [ECF No. 101].
[4] *See* Min. Order of Hr'g (the "Minute Order") [ECF No. 112].
[5] *See* Order Regarding Mots. to Dismiss and Mot. to Compel Arbitration (the "Order") [ECF No. 83].
[6] *Id.* at 17:19.

seventh, and eighth claims for relief against Golden Boy for failure to state a claim. In addition, through its Rule 60(b) Motion, Golden Boy seeks relief from the Court's earlier Order.

Both Motions are fully briefed, and the Court conducted a hearing on them in July 2022. Counsel for Defendant MTK Global Sports Management, LLC ("MTK")[7] was unavailable to appear at that hearing, but MTK subsequently confirmed that it takes no position regarding the Motions.[8]

**B.    Factual Allegations**

This case involves a dispute between a boxing manager and several entities and individuals who are accused of interfering with the manager's relationships with his fighters.[9] The parties are familiar with the factual allegations, so the Court will relate only the details that are necessary for it to rule on the instant Rule 12(b)(6) Motion and Rule 60(b) Motion.

Heredia was the long-time manager of boxer Joseph Diaz.[10] During the time that Heredia managed Diaz, Diaz *and Heredia* signed a promotion agreement with Golden Boy.[11] Under that Promotion Agreement, "[a]ny dispute, controversy or claim arising out of or relating to" the Promotion Agreement, "including the formation, interpretation, breach or termination thereof, *including whether the claims asserted are arbitrable*, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules . . . ."[12]

---

[7]    *See* Minute Order.
[8]    *See* MTK's Response to Minute Order [ECF No. 113].
[9]    *See generally* Amended Complaint.
[10]   *Id.* at ¶¶ 1, 2, 24, & 25.
[11]   *See id.* at ¶¶ 26 & 27; *see also* Decl. of Joshua M. Geller in Supp. of Rule 60(b) Motion, Ex. 2 (the "Promotion Agreement") [ECF No. 97-3].
[12]   Promotion Agreement ¶ 13(a).

## II. LEGAL STANDARD

### A. Motion to Compel Arbitration

Pursuant to the Federal Arbitration Act (the "FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. While the FAA reflects a "liberal federal policy favoring arbitration," *AT & T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)), "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). "Because the FAA mandates that 'district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed,' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal citations and emphasis omitted) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000)).

In evaluating the validity of an arbitration agreement, federal courts "apply ordinary state-law principles that govern the formation of contracts," *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)), "while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration," *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)).

B. **Rule 60(b)—Motion for Relief from Judgment**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court may reconsider a previous ruling. *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). But Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) satisfaction of judgment; or (6) any other reason justifying relief. *See id.* at 1263. Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary—mere dissatisfaction with the court's order or belief that the court is wrong in its prior decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party may seek the reconsideration of an order:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

### A. Rule 60(b) Motion

Golden Boy argues that the Court erred "by making a determination as to the arbitrability of [Heredia's] interference claims."[13] Golden Boy is correct.

"The FAA . . . places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (citations omitted). Importantly, parties "can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68-69 (quotation and citations omitted).

Here, the parties to the Promotion Agreement agreed that "[a]ny dispute, controversy or claim arising out of or relating to" the Promotion Agreement, "including the formation, interpretation, breach or termination thereof, ***including whether the claims asserted are arbitrable***, will be referred to" arbitration.[14] In its original motion to compel arbitration, Golden Boy pointed to that provision, but did not emphasize it.[15] Nevertheless, the Court erred by failing to address that provision in its Order. Whether Heredia's claims against Golden Boy are subject to arbitration is itself a matter that is subject to arbitration.[16] Accordingly, the Rule 60(b) Motion is **GRANTED**.

"When arbitration is mandatory, courts have discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely." *Farrow v. Fujitsu Am., Inc.*, 37 F. Supp. 3d 1115, 1126 (N.D. Cal. 2014) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)). Here, the dismissal of Heredia's

---

[13] Rule 60(b) Motion 2:3-4.
[14] Promotion Agreement ¶ 13(a).
[15] *See* Mot. to Compel Arbitration [ECF No. 54] 5:3-9 & 7:7-15.
[16] At the hearing, Heredia's counsel argued that Heredia's claims are not subject to arbitration. Those arguments may have merit. But it is up to the arbitrator, not this Court, to rule on them.

claims against Golden Boy—so that they may be addressed through arbitration—would allow Heredia to pursue his remaining claims against the remaining Defendants. Accordingly, the Court finds dismissal without prejudice appropriate. The claims against Golden Boy are therefore **DISMISSED without prejudice**.

**B.     Rule 12(b)(6) Motion**

Because the Court is granting Golden Boy's Rule 60(b) Motion, and is thereby dismissing Heredia's claims against Golden Boy without prejudice, Golden Boy's Rule 12(b)(6) Motion is **DENIED** as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Golden Boy's Rule 60(b) Motion is **GRANTED**. Heredia's claims against Golden Boy are **DISMISSED without prejudice**.

2. Golden Boy's Rule 12(b)(6) Motion is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: September 6, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE