UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-02618-JWH (KKx) | Date | September 6, 2022 |
| Title | *Heredia et al v. MTK Global Sports Management, LLC, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW [ECF No. 111] (IN CHAMBERS)**

Before the Court is the unopposed motion of attorneys Michael V. Mancini and Peter J. Most of the law firm Mancini Shenk LLP (collectively, "Mancini Shenk") for leave to withdraw as counsel of record for Defendant MTK Global USA, LLC ("MTK USA").[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support,[2] and in the absence of any opposition, the Court orders that Mancini Shenk's Motion is **GRANTED**, for the reasons set forth herein.

## I.   BACKGROUND

Plaintiff Moses Heredia commenced this action in December 2020.[3] More than a year later, Heredia filed his operative Amended Complaint, in which he

---

[1]   Def.'s Counsel's Mot. to Withdraw as Counsel (the "Motion") [ECF No. 111].

[2]   The Court considered the following papers: (1) Pl.'s Third Am. Compl. (the "Amended Complaint") [ECF No. 85]; and (2) the Motion (including its attachments).

[3]   *See* Compl. [ECF No. 1].

asserts nine claims for relief against Defendants MTK Global Sports Management, LLC ("MTK Sports"); MTK USA; Golden Boy Promotions, Inc.; Paul D. Gibson; and Daniel Kinahan (collectively, "Defendants").[4]  Mancini Shenk has represented MTK USA for the entirety of this action.

Mancini Shenk filed the instant Motion in July 2022.  Neither Heredia nor Defendants has filed an opposition.

## II.   LEGAL STANDARD

Under this Court's Local Rules, an attorney may not withdraw as counsel from a case pending in this Court except upon leave of court, which must be supported by good cause.  *See* L.R. 83-2.3.2.  A motion to withdraw as counsel may be made only upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  *Id.*

District courts have broad discretion in determining what constitutes good cause to withdraw as counsel.  *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).  Absent undue prejudice to the client's interests or the case's proceedings, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."  *Id.*  In ruling on a motion to withdraw as counsel, courts generally consider:  "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III.   DISCUSSION

Mancini Shenk seeks to withdraw because MTK USA fired them.[5]  Mancini Shenk provided MTK USA with written notice of the consequences of its decision to terminate Mancini Shenk's services—MTK USA cannot appear *pro se* in this action—and MTK USA had no objection to Mancini Shenk's withdrawal.[6]  When

---

[4]     *See generally* Amended Complaint.

[5]     Motion 3:4-5.

[6]     *Id.* at 4:21-23.

MTK USA received notice of this Motion, it consented and confirmed that it wishes for Mancini Shenk to be relieved as its counsel.[7]

In July 2022, Mancini Shenk gave notice to all parties that it intended to withdraw from its representation MTK USA in this case, and, in the same communication, Mancini Shenk attempted to schedule a L.R. 7-3 conference of counsel regarding this Motion.[8] Heredia's counsel and counsel for Defendant Golden Boy confirmed in writing that their respective clients have no objection to the relief that Mancini Shenk seeks.[9] Counsel for Defendant Kinahan did not object, but they informed Mancini Shenk that they are no longer counsel for Kinahan and asked to be removed from the service list for this case.[10] Counsel for Defendant MTK Sports noted in a telephone call that MTK Sports has not been served with process in this action and, based that status, expressed no objection to this Motion.[11]

Because notice was provided to all parties in the instant action, and good cause exists for withdrawal due to MTK USA's termination of Mancini Shenk's services, Mancini Shenk's withdrawal as counsel is appropriate. *See* L.R. 83-2.3.2.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Mancini Shenk's Motion is **GRANTED**.

2. Mancini Shenk is **DIRECTED** forthwith to give notice to MTK USA, by email, by U.S. Mail, and telephonically, of the substance of this Order.

3. MTK USA is **DIRECTED** to engage new counsel of record forthwith and to cause such new counsel to file a Notice of Appearance no later than September 23, 2022.

---

[7]   *Id*. at 4:23-27.

[8]   *Id*. at 4:28-5:2.

[9]   *Id*. at 5:3-4.

[10]  *Id.* at 5:5-7.

[11]  *Id*. at 5:7-10.

4. A video Status Conference is **SET** in this action for October 21, 2022, at 11:00 a.m.

**IT IS SO ORDERED.**