Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst Street
Suite 130
Anaheim, CA 92801
Telephone: (202) 862-4360
*Attorney for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (EASTERN DIVISION)

| | |
|---|---|
| MOSES HEREDIA,<br><br>              Plaintiff,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>              Defendants. | Case No.: 5:20-cv-02618-JWH-KKx<br><br>**JOINT STATUS REPORT**<br><br>Status Conference: January 20, 2023 at 11:00 a.m.<br><br>Courtroom:      9D<br>Judge: Hon. John W. Holcomb |

JOINT STATUS REPORT - 1

## JOINT STATUS REPORT

Plaintiff Moses Heredia hereby submits his "Joint" Status Report pursuant to the Court's October 21, 2022 Minute Order. No opposing parties are available to meet and confer with undersigned counsel because they either have not been served (Paul Gibson) or re-served (MTK Global Sports Management, LLC; Daniel Kinahan), or new counsel has not entered an appearance and the party is not allowed to appear *pro se* (MTK Global USA, LLC, also in default). Accordingly, Mr. Heredia submits this Joint Status Report individually.

## Joint Status Update

Plaintiff has continued activities to effect service on Defendant Paul Gibson, and to re-serve defendants MTK Global Sports Management, LLC, and Daniel Kinahan. Inasmuch as this is a public document, Plaintiff is reluctant to specify his efforts. However, Plaintiff, upon information and belief, asserts that additional defendants will be brought within this Court's jurisdiction.

Defendant MTK Global USA, LLC has not obtained new counsel, despite this Court's September 23, 2022 order to do so. [ECF 117]. Noteworthy, on or about May, 26, 2022, "voluntarily cancelled" its filing status in Delaware. Consequently, as described below, Plaintiff has taken steps to streamline this case while continuing its prosecution. No hearing is presently requested. Plaintiff respectfully requests that the Court order another JSR to be provided on or before forty-five days from

JOINT STATUS REPORT - 2

the date of this filing to hopefully resolve any additional pending service on the remaining defendants.

### Plaintiff's Position Statement

Pursuant to Plaintiff's application [ECF 127], the Clerk entered Defendant MTK Global USA, LLC into default. [ECF 128] However, Plaintiff is not prepared to present a computation for damages as to MTK Global USA, LLC without first conducting discovery to determine the extent of his damages, and the share of those damages attributable to MTK Global USA, LLC. Plaintiff has identified two procedurally appropriate courses of action, and is prepared to proceed with either based on the Court's preference for docket management.

The first option is to utilize the current Rule 26(f) discovery plan to complete the discovery necessary for Plaintiff's damages computation, deferring a Motion for Default Judgment until discovery is complete.

The second option is for Plaintiff to file his motion for default judgment. For good cause shown, the Court may then enter default judgment against MTK Global USA, LLC as to liability only, and permit Plaintiff to conduct special discovery pursuant to Fed. R. Civ. P. 55(b) to develop sufficient information to permit the Court to make a meaningful, individualized assessment of damages. This approach has been followed by a number of courts, including in the Ninth Circuit.

JOINT STATUS REPORT - 3

Courts have found good cause to authorize limited discovery in support of a motion for default judgment. *See Nutrition Distrib. LLC v. Ironx LLC*, No.: 17-CV-839, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (granting the plaintiff leave to conduct "discovery to ascertain the existence and amount of damages" after the entry of default and in connection with the plaintiff's forthcoming motion for default judgment). Similarly, some courts, invoking Federal Rule of Civil Procedure 55(b), have authorized discovery as to damages in connection with a motion for default judgment. *See Allied Enter., Inc. v. Brillcast, Inc.,* No. 1:15–cv–749, 2015 WL 13122945, at *3 (W.D. Mich. Nov. 17, 2015) (granting motion for default judgment in part for certain period of time and ordering that the plaintiff "shall conduct discovery in accordance with the rules governing non-party witnesses to determine the amount of unpaid commissions due for the [particular] period"); *Tr. of Ohio Bricklayers Health & Welfare Fund v. Workman Masonry, LLC*, No. 1:09cv482, 2010 WL 170422, at *1 (S.D. Ohio Jan. 15, 2010) (adopting recommendation that an unopposed motion for default judgment be granted in part and ordering the defaulting defendant to "cooperate with Plaintiffs in regards to whatever other discovery deemed necessary in this case to calculate any and all damages due and owing Plaintiffs"); *DIRECTV, Inc. v. Guzzi,* 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004) (granting default judgment as to liability only and, after noting that the court "is unable to make a meaningful individualized assessment of damages[,]"

authorizing limited discovery "for the purpose of developing the factual circumstances necessary to allow the court to properly exercise its discretion in assessing a final damage award").

As the path taken to address discovery will have a significant impact upon the Court's docketing of the case, Plaintiff does not feel that it is appropriate to proceed unilaterally; rather, Plaintiff seeks the Court's inclination on the course of discovery post-default of Defendant MTK Global USA, LLC.

Dated:  January 6, 2023

Respectfully submitted,

_/s/ Rajan O. Dhungana_____
Rajan O. Dhungana (SBN: 297794)
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
431 N Brookhurst Street
Suite 130
Anaheim, CA 92801
Telephone: (202) 862-4360
rdhungana@fedpractice.com
emontalvo@fedpractice.com
*Attorneys for Plaintiff*
Moses Heredia

## <u>ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that none of the other parties has appeared through counsel or has been dismissed without prejudice by the Court, so no consent to filing by any other party is possible.


By:_____
Rajan O. Dhungana

JOINT STATUS REPORT - 6