Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# (EASTERN DIVISION)

| | |
|---|---|
| MOSES HEREDIA,<br><br>          Plaintiff,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>          Defendants. | Case No.: 5:20-cv-02618-JWH-KKx<br><br>**PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC**<br><br>Date:         June 30, 2023<br>Time:         9:00 A.M.<br>Courtroom:  9D<br>Judge: Hon. John W. Holcomb |

PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC - 1

# PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC

NOTICE IS HEREBY GIVEN that on June 30, 2023 at 9:00 A.M., before the Honorable John W. Holcomb, in Courtroom 9D of the United States Courthouse for the Central District of California, Eastern Division, United States Courthouse, 411 W. 4th Street, Santa Ana, California, 92701, Plaintiff Moses Heredia ("Heredia") will and hereby does move the Court for Entry of Default Judgment on the issue of liability only as to Defendant MTK Global USA, LLC ("MTK").

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3. However, counsel is aware that the meet and confer requirement may not be enforced where "ordering the parties to meet and confer would … be futile." *Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008). Here, the very reason for Heredia's compliant is that MTK does not have counsel, despite the Court ordering it to obtain new counsel over three months ago. [ECF 117]. As such, it would be futile for Heredia's counsel to attempt to meet and confer, as there is nobody that Heredia is legally authorized to meet and confer with.

Plaintiff Moses Heredia, by and through undersigned counsel, hereby moves the Court to enter default judgment against Defendant MTK Global USA, LLC as

to the issue of liability only. The Court has previously authorized Plaintiff to conduct discovery as to the issue of damages, and Plaintiff intends to complete that process prior to moving the Court for a final entry of judgment.

## PROCEDURAL HISTORY

1. Plaintiff Moses Heredia filed his original Complaint on December 18, 2020. [ECF 1].

2. A substantial part of the events or omissions giving rise to the claims asserted by plaintiff occurred in this judicial district. [ECF 1].

3. Attorney Michael V. Mancini of Mancini Shenk, LLP entered an appearance as counsel of record on behalf of MTK Global USA, LLC on August 24, 2021. [ECF 49].

4. Mr. Mancini circulated an email to counsel on July 27, 2022 notifying all parties that MTK had terminated Mancini Shenk's representation, and requested all other counsel give consent for withdrawal, or make themselves available to meet and confer.

5. Plaintiff had no objection to Mancini Shenk's request to withdraw.

6. Mancini Shenk filed its Notice of Motion and Motion to be Relieved as Counsel to Defendant MTK Global USA, LLC on July 28, 2022. [ECF 111].

7. The Court entered its Order permitting Mancini Shenk to withdraw on September 6, 2022. [ECF 117].

8. As part of its Order, the Court mandated that MTK obtain new counsel and cause them to file an entry of appearance by not later than September 23, 2022. [ECF 117].

9. During the nearly thirteen months tha MTK was represented by Mancini Shenk, no objection was ever raised to the jurisdiction or venue of the Court.

10. To date, the docket shows that no counsel has entered an appearance on behalf of Defendant MTK, despite the Court's deadline to do so having long since elapsed.

11. Additionally, Plaintiff filed his Third Amended Complaint on April 29, 2022, while MTK was represented by Mancini Shenk. [ECF 85]. MTK received service of the Third Amended Complaint by and through the ECF system.

12. Defendant MTK did <u>not</u> file an answer or other responsive pleading to Plaintiff's Third Amended Complaint within 14 days of receipt; in fact, MTK has filed no answer or responsive pleading at all.

13. On December 20, 2022, the Clerk of the Court entered Defendant MTK Global USA, LLC into Default pursuant to Fed. R. Civ. P. 55(a). [ECF 128].

## ARGUMENT AND AUTHORITIES

Defendant MTK Global USA, LLC has failed to engage in the litigation process, as demonstrated by its failure to answer or otherwise plead in response to Plaintiff's Third Amended Complaint, and flaunted the orders of this Court by failing to obtain new counsel, as required by applicable law. The prior involvement of counsel on behalf of MTK negates the possibility that this is mistake; the conduct is willful on the part of MTK, and must be addressed. The Court has both the legal and moral authority to enter a default judgment against MTK for its contemptuous and contumacious refusal to participate in the litigation process or to abide by the orders of this Court.

## I. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MTK.

### A. The Court has the Inherent Authority to Impose the Sanction of Default.

Pursuant to Federal Rule of Civil Procedure 55(b), the trial court has discretion as to whether a default judgment should be entered. *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A district court is not constrained to impose the least onerous sanction available but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022 (8th Cir.1999). A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering*

*Co.,* 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied,* 526 U.S. 1064, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999); *see Ortiz–Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R. 2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal). "A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time." Fed. R. Civ. P. 12(c). When responding to an amended pleading, response must be made "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). If a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," default is appropriate.

Furthermore, the Local Rules make clear that no organization or entity may appear unless represented by an attorney admitted to practice before this Court. L.R. 83-2.2.2. Case law also makes clear that a non-attorney cannot represent *any* entity, including a corporate entity, in any action or proceeding. *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). The Ninth Circuit has recognized default as "a permissible sanction for failure to comply with local rules requiring representation by counsel." *Emp. Painters' Tr. v. Ethan Enterprises, Inc.,* 480 F.3d 993, 998 (9th Cir. 2007); *see also United States v. High*

*Country Broadcasting Co., Inc.*, 3 R.3d 1244, 1245 (9th Cir. 1993) (per curiam). It is a legal impossibility for MTK to make appearance or defend against this action without retention of counsel.

Pursuant to the Court's Order Permitting Withdrawal of Mancini Shenk, LLP as counsel, MTK was directed to engage new counsel and cause an Notice of Appearance to be filed not later than September 23, 2022. In violation of the Court's Order, MTK has not, to date, retained new counsel. Plaintiff understands that default judgment is a serious sanction; however, MTK's sins are multitude: it has failed to file an answer or other responsive pleading to Plaintiff's operative Third Amended Complaint within the statutorily imposed time frame, in violation of Fed. R. Civ. P. 55. It has failed to obtain new counsel, as of the time of drafting this pleading, almost five months after its previous counsel's withdrawal. Like its founder's flight from the justice of numerous Western governments, MTK has attempted to conceal itself from this Court's control. MTK's behavior is a contemptuous and contumacious rebuke of the dignity and authority of this Court, and must be answered for.

The Ninth Circuit has identified seven factors courts may apply in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of the money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal
Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." PepsiCo v. Triunfo–Mex, Inc., 189 F.R.D. 431, 432 (C.D.Cal.1999). Application of the *Eitel* factors to this case's facts demonstrates a clear preference for default.

### B. The *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

Plaintiff would be prejudiced absent a default judgment. Without counsel, MTK cannot participate in the lawsuit; by contrast, Plaintiff's ability to timely and efficiently prosecute his claims has been delayed and denied, drawing out the time spent in pursuit of a just resolution, and increasing litigation costs in efforts to obtain relief.[1]

Accordingly, this factor favors default judgment.

---

[1] Increase in litigation costs has been treated favorably in analysis of prejudice to the party seeking sanctions. *Microsoft Corp. v. Marturano*, No. 106-CV-1747 OWW GSA, 2009 WL 650589, at *5 (E.D. Cal. Mar. 12, 2009) ("[T]he risk of prejudice to the party seeking sanctions is also satisfied. Defendant's refusal to participate in the discovery process has unnecessarily continued the duration of this case. As a result, Plaintiff's cost of this litigation has increased.").

PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC - 8

## 2. The Merits of the Substantive claims and Sufficiency of the Complaint

Plaintiff's complaint is sufficient; therefore, his substantive claims have merit. Plaintiff's Third Amended Complaint against MTK arises out of the following: Racketeer Influenced and Corrupt Organizations (RICO) claims under 18 U.S.C. § 1962(a) for Acquiring an Interest in an Enterprise by Use of Income, 18 U.S.C. § 1962(b) for Acquiring or Maintaining an Interest in or Control of an Enterprise, 18 U.S.C. § 1962(c) for Conducting the Affairs of the Enterprise, and 18 U.S.C. § 1962(d) for Conspiracy to Conduct the Affairs of the Enterprise; Tortious Interference with the Boxer-Manager Contract between Plaintiff and Joseph Diaz, Jr.; Tortious Interference with the Promoter-Manager Contract between Diaz and Golden Boy Promotions; Inducing Breach of the Boxer-Manager Contract; Intentional Interference with Prospective Economic Relations; and Negligent Interference with Prospective Economic Relations.

Plaintiff's Third Amended Complaint establishes that MTK Global USA, LLC was co-founded by Daniel Kinahan. Mr. Kinahan is believed, according to officials at the United States Department of State and Department of the Treasury, to run the day-to-day operations of the Kinahan Organized Crime Group ("KOCG")

in Ireland.[2] The KOCG is allegedly responsible for, *inter alia*, several murders, drug trafficking, and money laundering (criminal activity). The KOCG is believed to be one of Europe's biggest criminal cartels. Law enforcement believes that Mr. Kinahan started various legitimate business entities to launder ill-gotten gains from criminal activity. Some of these enterprises, and Mr. Kinahan himself, have already been placed on international sanctions lists. As a result the sanctions against Mr. Kinahan, any person or business engaging in business with him and his entities may be subject to the same consequences. Shortly after the U.S. Government announced sanctions against Kinahan and his organized crime family, MTK Global USA, LLC announced that it intended to cease operations.

      Plaintiff's Third Amended Complaint also establishes that on August 4, 2020, MTK caused a business advisory agreement to be entered into with Mr. Diaz, who was (at the time) one of Plaintiff's star boxing talents. This agreement was in direct violation of the Boxer-Manager Contract in place between Plaintiff and Mr. Diaz, and was the first major step in luring Diaz away from Plaintiff and into MTK's stable of boxers. After signing the agreement, MTK began negotiating fights on Diaz's

---

[2] Press Release, United States Department of the Treasury/Treasury Sanctions Notorious Kinahan Organized Crime Group (April 11, 2022), https://home.treasury.gov/news/press-releases/jy0713.

behalf with GBP, cutting Plaintiff out of the process, and inducing Diaz to sever his relationship with Plaintiff. These actions led to the termination of a long-standing and mutually beneficial arrangement between Plaintiff and Diaz, and cut Plaintiff out of any further negotiations required under the Promotion Agreement, of which Plaintiff was a beneficiary.

As set forth in the Third Amended Complaint, MTK's efforts to lure Diaz away from Plaintiff, breaching the agreements between them, deprived Plaintiff of the benefit of the contracts between Plaintiff and Diaz, as well as the agreement between Diaz and GBP. This also interfered with the prospective economic benefit of continuing to manage Diaz's career. Accordingly, the second and third *Eitel* factors favor the entry of default judgment.

### 3. Sum of Money at Stake

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Thus, "the sum of the money at stake is tailored to the specific misconduct of the defendant," making default judgment appropriate under the fourth element. *Unicolors, Inc. v. Zulily, LLC*, 2018 WL 6164791 at *5 (C.D. Cal. July 25, 2018). As explained more fully below, Plaintiff is not in a position to accurately judge the extent of his damages, as discovery has not

been completed. Accordingly, the fourth *Eitel* factor is neutral as to the issue of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

There is no possibility of dispute concerning material facts pled against MTK. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc.,*, 238 F.Supp.2d at 1177. MTK has never answered the allegations in Plaintiff's Third Amended Complaint; nor can it, as it has no required counsel to file an answer on its behalf. Accordingly, this *Eitel* factor favors entry of default judgment.

### 5. Whether Default Was Due to Excusable Neglect

The Court must consider whether the conditions resulting in entry of default are due to excusable neglect on the Defendant's part. *Eitel,* 782 F.2d at 1472. Such a concern does not exist here. MTK previously had counsel, which (for reasons undisclosed) moved for withdrawal. Thereafter, the Court ordered MTK to obtain new counsel. As courts have previously noted, "disobedience of Court Orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" *Ortiz-Rivera,* 214 F.R.D. at 57. MTK has provided no evidence, and there is no reason to believe that any exists, that MTK's failure to retain new counsel as ordered

PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC - 12

by the court results from excusable neglect. Accordingly, this *Eitel* factor favors entry of default judgment.

### 6. Policy Favoring Decision on the Merits

While Plaintiff understands the importance of the strong policy preference in favor of deciding claims on the merits, "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *Pepsico, Inc.,* 238 F.Supp.2d at1177 (internal citations and quotations omitted). "While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice." *Microsoft Corp.*, 2009 WL 650589, at *5. This is particularly true where a defendant is "under the mistaken belief that he can make an appearance just prior to the entry of an adverse ruling against him without participating in the litigation process." *Id.* At *4. Accordingly, the final *Eitel* factor favors entry of default judgment.

### C. Awarding Plaintiff Litigation Costs and Attorney's Fees Pursuant to Default is Appropriate.

The Court should award Plaintiff litigation costs and reasonable attorney's fees. The federal RICO statute provides that a prevailing party in a civil RICO action "shall recover threefold damages he sustains and the cost of the suit,

PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC - 13

including a reasonable attorney's fee[.]" 18 U.S.C. § 1964(c). In the absence of special circumstances, it is an abuse of discretion for the district court to *deny* a prevailing plaintiff attorneys' fees. *McConnell v. MEBA Med. & Benefits, Plan,* 778 F.2d 521, 525 (9th Cir. 1985). Accordingly, Plaintiff's request for litigation costs and attorney's fees should be granted, in an amount to be presented to the court at the presentation of facts in support of damages.

Under the precedents articulated above, Plaintiff prays the Court enter default judgment against MTK as to liability *only* and authorize Plaintiff to continue conducting the necessary discovery on the issue of damages, so that sufficient facts may be presented to the Court to support a proper assessment of a final damages award.

## CONCLUSION

WHEREFORE, Plaintiff Moses Heredia respectfully prays the Court:

(1) Enter an order granting Plaintiff's Motion for Default Judgment against Defendant MTK Global USA, LLC;

(2) Enter default judgment as to the issue of liability against Defendant MTK Global USA, LLC; and

(3) Continue in effect the previous Order authorizing Plaintiff to conduct necessary discovery to develop the facts necessary for the Court to make a

meaningful assessment of damages for a final award of damages, litigation costs, and attorney fees.

Dated: May 31, 2023

Respectfully submitted,

_/s/ Rajan O. Dhungana_____
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff*
Moses Heredia

PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC - 15