Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice)*
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Moses Heredia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(EASTERN DIVISION)**

MOSES HEREDIA,

Plaintiff,

vs.

MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,

Defendants.

Case No.: 5:20-cv-02618-JWH-KKx

**PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT DANIEL KINAHAN AS TO DEFENDANT DANIEL KINAHAN**

Date: June 30, 2023
Time: 9:00 A.M.
Courtroom: 9D
Judge: Hon. John W. Holcomb

**PLAINTIFF MOSES HEREDIA'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR DEFAULT JUDGMENT AS TO DEFENDANT DANIEL KINAHAN**

NOTICE IS HEREBY GIVEN that on June 30, 2023 at 9:00 A.M., before the Honorable John W. Holcomb, in Courtroom 9D of the United States Courthouse for the Central District of California, Eastern Division, United States Courthouse, 411 W. 4th Street, Santa Ana, California, 92701, Plaintiff Moses Heredia ("Heredia") will and hereby does move the Court for Entry of Default Judgment on the issue of liability only as to Defendant Daniel Kinahan ("Kinahan").

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3. However, counsel is aware that the meet and confer requirement may not be enforced where "ordering the parties to meet and confer would … be futile." *Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008). Here, the very reason for Heredia's compliant is that Kinahan has failed to appear and defend against this suit; therefore, there is no person or entity with whom Heredia can meet and confer. As such, compliance with the meet and confer requirements is an impossibility.

Plaintiff Moses Heredia, by and through undersigned counsel, hereby moves the Court to enter default judgment against Defendant Daniel Kinahan as to the issue

of liability, and requests the Court authorize discovery under Fed. R. Civ. P. 55(b) as to the issue of damages.

## PROCEDURAL HISTORY

1. Plaintiff Moses Heredia filed his original Complaint on December 18, 2020. [ECF 1].

2. A substantial part of the events or omissions giving rise to the claims asserted by plaintiff occurred in this judicial district. [ECF 1].

3. Plaintiff filed its operative Third Amended Complaint on April 29, 2022. [ECF 85].

4. On November 28, 2022, a 21-day Summons was issued as to Kinahan pertaining to the Third Amended Complaint. [ECF 123].

5. Plaintiff engaged Jouslin Chibli Khairallah to serve the Summons and Third Amended Complaint on Kinahan in the United Arab Emirates. [ECF 142].

6. In accordance with the laws of the United Arab Emirates, Kinahan was properly served by publication as of January 20, 2023. [ECF 142].

7. Based on the date of service, Kinahan was required to answer or otherwise plead by February 11, 2023. Fed. R. Civ. P. 12.

8. A review of the docket report shows that Kinahan has, to date, failed to file an answer or otherwise plead in response to Heredia's Third Amended Complaint.

9. No counsel has entered an appearance on behalf of Kinahan.

10. On May 11, 2023, the Clerk of the Court entered Defendant Kinahan into Default pursuant to Fed. R. Civ. P. 55(a). [ECF 148].

## ARGUMENT AND AUTHORITIES

Defendant Daniel Kinahan has failed to engage in the litigation process, as demonstrated by his failure to answer or otherwise plead in response to Plaintiff's Third Amended Complaint, as required by applicable law. Based on Kinahan's non-engagement in this case after legally sufficient service in the United Arab Emirates, the Court is vested with authority under the Federal Rules of Civil Procedure to enter a default judgment against Kinahan for his failure to participate in the litigation process.

### I. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST KINAHAN.

#### A. The Court has the Inherent Authority to Impose the Sanction of Default.

Pursuant to Federal Rule of Civil Procedure 55(b), the trial court has discretion as to whether a default judgment should be entered. *See also Aldabe v.*

*Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A district court is not constrained to impose the least onerous sanction available but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022 (8th Cir.1999). "A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time." Fed. R. Civ. P. 12(c). When responding to an amended pleading, response must be made "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). If a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," default is appropriate. Fed. R. Civ. P. 55(a).

The Ninth Circuit has identified seven factors courts may apply in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of the money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than

denied." PepsiCo v. Triunfo–Mex, Inc., 189 F.R.D. 431, 432 (C.D.Cal.1999). Application of the *Eitel* factors to this case's facts demonstrates a clear preference for default.

**B. The *Eitel* Factors**

**1. Possibility of Prejudice to Plaintiff**

Plaintiff would be prejudiced absent a default judgment. Kinahan has failed to answer or otherwise plead in the timeframe allotted by federal rules. It is clear that Kinahan has no intent to appear and defend himself in this matter. As such, Plaintiff's ability to timely and efficiently prosecute his claims has been delayed and denied, drawing out the time spent in pursuit of a just resolution, and increasing litigation costs in efforts to obtain relief.[1]

Accordingly, this factor favors default judgment.

**2. The Merits of the Substantive claims and Sufficiency of the Complaint**

---

[1] Increase in litigation costs has been treated favorably in analysis of prejudice to the party seeking sanctions. *Microsoft Corp. v. Marturano*, No. 106-CV-1747 OWW GSA, 2009 WL 650589, at *5 (E.D. Cal. Mar. 12, 2009) ("[T]he risk of prejudice to the party seeking sanctions is also satisfied. Defendant's refusal to participate in the discovery process has unnecessarily continued the duration of this case. As a result, Plaintiff's cost of this litigation has increased.").

Plaintiff's complaint is sufficient; therefore, his substantive claims have merit. Plaintiff's Third Amended Complaint against Kinahan arises out of the following: Racketeer Influenced and Corrupt Organizations (RICO) claims under 18 U.S.C. § 1962(a) for Acquiring an Interest in an Enterprise by Use of Income, 18 U.S.C. § 1962(b) for Acquiring or Maintaining an Interest in or Control of an Enterprise, 18 U.S.C. § 1962(c) for Conducting the Affairs of the Enterprise, and18 U.S.C. § 1962(d) for Conspiracy to Conduct the Affairs of the Enterprise; Tortious Interference with the Boxer-Manager Contract between Plaintiff and Joseph Diaz, Jr.; Tortious Interference with the Promoter-Manager Contract between Diaz and Golden Boy Promotions; Inducing Breach of the Boxer-Manager Contract; Intentional Interference with Prospective Economic Relations; and Negligent Interference with Prospective Economic Relations.

Plaintiff's Third Amended Complaint establishes that MTK Global Sports Management, LLC was co-founded by Daniel Kinahan. Mr. Kinahan is believed, according to officials at the United States Department of State and Department of the Treasury, to run the day-to-day operations of the Kinahan Organized Crime

Group ("KOCG") in Ireland.[2] The KOCG is allegedly responsible for, *inter alia*, several murders, drug trafficking, and money laundering (criminal activity). The KOCG is believed to be one of Europe's biggest criminal cartels. Law enforcement believes that Mr. Kinahan started various legitimate business entities to launder ill-gotten gains from criminal activity. Some of these enterprises, and Mr. Kinahan himself, have already been placed on international sanctions lists. As a result the sanctions against Mr. Kinahan, any person or business engaging in business with him and his entities may be subject to the same consequences.

Plaintiff's Third Amended Complaint also establishes that on August 4, 2020, MTK Global USA, LLC ("MTK USA") caused a business advisory agreement to be entered into with Mr. Diaz, who was (at the time) one of Plaintiff's star boxing talents. This agreement was in direct violation of the Boxer-Manager Contract in place between Plaintiff and Mr. Diaz, and was the first major step in luring Diaz away from Plaintiff and into MTK Global's stable of boxers. After signing the agreement, MTK USA began negotiating fights on Diaz's behalf with GBP, cutting Plaintiff out of the process, and inducing Diaz to sever his relationship with Plaintiff.

---

[2] Press Release, United States Department of the Treasury/Treasury Sanctions Notorious Kinahan Organized Crime Group (April 11, 2022), https://home.treasury.gov/news/press-releases/jy0713.

These actions led to the termination of a long-standing and mutually beneficial arrangement between Plaintiff and Diaz, and cut Plaintiff out of any further negotiations required under the Promotion Agreement, of which Plaintiff was a beneficiary. Upon information and belief, MTK USA was a wholly owned and controlled subsidiary of MTK Global Sports Management, LLC. Upon further information and belief, Kinahan has continued to direct the operations of MTK Global Sports Management, LLC, as an element of his criminal enterprise. Therefore, Kinahan's conduct links directly to the harm Heredia has suffered.

As set forth in the Third Amended Complaint, MTK USA's efforts to lure Diaz away from Plaintiff, breaching the agreements between them, deprived Plaintiff of the benefit of the contracts between Plaintiff and Diaz, as well as the agreement between Diaz and GBP. This also interfered with the prospective economic benefit of continuing to manage Diaz's career. The efforts of MTK USA are believed to have been entirely directed and controlled by MTK Global, which is believed to be controlled by Kinahan. Accordingly, the second and third *Eitel* factors favor the entry of default judgment.

**3. Sum of Money at Stake**

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc. v. California Security Cans*, 238

F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Thus, "the sum of the money at stake is tailored to the specific misconduct of the defendant," making default judgment appropriate under the fourth element. *Unicolors, Inc. v. Zulily, LLC*, 2018 WL 6164791 at *5 (C.D. Cal. July 25, 2018). As explained more fully below, Plaintiff is not in a position to accurately judge the extent of his damages, as discovery has not been completed. Accordingly, the fourth *Eitel* factor is neutral as to the issue of default judgment.

**4. Possibility of Dispute Concerning Material Facts**

There is no possibility of dispute concerning material facts pled against Kinahan. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc.,*, 238 F.Supp.2d at 1177. Kinahan has never answered the allegations in Plaintiff's Third Amended Complaint; therefore, he has constructively conceded that Plaintiff's well-pleaded facts are true. Accordingly, this *Eitel* factor favors entry of default judgment.

**5. Whether Default Was Due to Excusable Neglect**

The Court must consider whether the conditions resulting in entry of default are due to excusable neglect on the Defendant's part. *Eitel,*782 F.2d at 1472. The record shows that Kinahan previously moved to set aside a default previously entered in this litigation. [ECF 73]. The Court granted the request to have said default

set aside [ECF 87]. After that time, Kinahan undertook efforts to hide himself away from future efforts to effect service of process upon him, including disassociating with his formal visa sponsors in the UAE and disconnecting his reported telephone number. Given that he is wanted by the United States government as a reputed narco-terrorist, it is reasonable to conclude that Kinahan has no intention of engaging with litigation based in the United States, and is in fact deliberately avoiding engaging with this litigation. Accordingly, this *Eitel* factor favors entry of default judgment.

**6. Policy Favoring Decision on the Merits**

While Plaintiff understands the importance of the strong policy preference in favor of deciding claims on the merits, “the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive.” *Pepsico, Inc.,* 238 F.Supp.2d at1177 (internal citations and quotations omitted). “While the public’s interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice.” *Microsoft Corp.*, 2009 WL 650589, at *5. Accordingly, the final *Eitel* factor favors entry of default judgment.

**C. Plaintiff Should Be Permitted Discovery to Determine the Extent of Damages to Be Assessed Against Defendant.**

Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Presently, Plaintiff does not possess sufficient information to make a meaningful assessment of the nature and extent of his damages. Accordingly, Plaintiff requests the Court enter default judgment against Defendant Daniel Kinahan as to liability only, and exercise its authority under Fed. R. Civ. P. 55(b) to permit Plaintiff to fully develop the nature of damages claimed.

Courts have found good cause to authorize limited discovery in support of a motion for default judgment. *See Nutrition Distrib. LLC v. Ironx LLC*, No.: 17-CV-839, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (granting the plaintiff leave to conduct "discovery to ascertain the existence and amount of damages" after the entry of default and in connection with the plaintiff's forthcoming motion for default judgment). Similarly, some courts, invoking Federal Rule of Civil Procedure 55(b), have authorized discovery as to damages in connection with a motion for default judgment. *See Allied Enter., Inc. v. Brillcast, Inc.,* No. 1:15–cv–749, 2015 WL

13122945, at *3 (W.D. Mich. Nov. 17, 2015) (granting motion for default judgment in part for certain period of time and ordering that the plaintiff "shall conduct discovery in accordance with the rules governing non-party witnesses to determine the amount of unpaid commissions due for the [particular] period"); *Tr. of Ohio Bricklayers Health & Welfare Fund v. Workman Masonry, LLC*, No. 1:09cv482, 2010 WL 170422, at *1 (S.D. Ohio Jan. 15, 2010) (adopting recommendation that an unopposed motion for default judgment be granted in part and ordering the defaulting defendant to "cooperate with Plaintiffs in regards to whatever other discovery deemed necessary in this case to calculate any and all damages due and owing Plaintiffs"); *DIRECTV, Inc. v. Guzzi,* 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004) (granting default judgment as to liability only and, after noting that the court "is unable to make a meaningful individualized assessment of damages[,]" authorizing limited discovery "for the purpose of developing the factual circumstances necessary to allow the court to properly exercise its discretion in assessing a final damage award"). Based on these authorities, the Court is empowered to permit a party to conduct discovery against a party in default in order to meaningfully develop the nature of their damages prior to entry of a final judgment. Heredia respectfully requests that the Court issue such an order.

**D. Awarding Plaintiff Litigation Costs and Attorney's Fees Pursuant to Default is Appropriate.**

The Court should award Plaintiff litigation costs and reasonable attorney's fees. The federal RICO statute provides that a prevailing party in a civil RICO action "shall recover threefold damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]" 18 U.S.C. § 1964(c). In the absence of special circumstances, it is an abuse of discretion for the district court to *deny* a prevailing plaintiff attorneys' fees. *McConnell v. MEBA Med. & Benefits, Plan,* 778 F.2d 521, 525 (9th Cir. 1985). Accordingly, Plaintiff's request for litigation costs and attorney's fees should be granted, in an amount to be presented to the court at the presentation of facts in support of damages.

Under the precedents articulated above, Plaintiff prays the Court enter default judgment against Kinahan as to liability *only* and authorize Plaintiff to conduct necessary discovery on the issue of damages, so that sufficient facts may be presented to the Court to support a proper assessment of a final damages award.

**CONCLUSION**

WHEREFORE, Plaintiff Moses Heredia respectfully prays the Court:

(1) Enter an order granting Plaintiff's Motion for Default Judgment against Defendant Daniel Kinahan;

(2) Enter default judgment as to the issue of liability against Defendant Daniel Kinahan; and

(3) Issue an Order authorizing Plaintiff to conduct necessary discovery to develop the facts necessary for the Court to make a meaningful assessment of damages for a final award of damages, litigation costs, and attorney fees.

Dated: May 31, 2023

Respectfully submitted,

_/s/ Rajan O. Dhungana__________

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff*
Moses Heredia