UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES HEREDIA,<br><br>                    Plaintiff,<br><br>      v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC, et al.,<br><br>                    Defendants. | Case No. 5:20-cv-02618-JWH-SSC<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

      The Court submits this Report and Recommendation to the Honorable John W. Holcomb, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  Before the Court are Plaintiff Moses Heredia's motions for default judgment against all defendants.[1]  The Court recommends denial of the motions without prejudice as the motions fail to comply with Rule 55-1 of the Local Civil Rules for the Central District of California and the Federal Rules of Civil Procedure.

---

[1] All other previously named defendants have been dismissed from this action.  (ECF 29, 30, 116.)

# REPORT

## I

This case involves a dispute between Plaintiff Moses Heredia, a professional boxing manager who formerly represented boxer Joseph "JoJo" Diaz, Jr., and several entities and individuals also involved in the promotion and representation of Diaz and other professional boxers. Default has been entered against Defendants MTK Global Sports Management, LLC (MTK Global); Paul D. Gibson; Daniel Kinahan; and MTK Global USA, LLC (MTK USA) (collectively, Defaulted Defendants). Because the facts of the case are not material to the procedural issues discussed below, the Court does not detail them here. Instead, the Court provides the following summary of the relevant procedural history of this action.

On April 29, 2022, Heredia filed the operative Third Amended Complaint (TAC) in this action. (ECF 85.) Despite having previously filed an Answer to the Second Amended Complaint, MTK USA did not file an Answer to the TAC. Rather, since the filing of the TAC, counsel for MTK USA has withdrawn from this action (ECF 111, 117), and MTK USA has not defended this action in any manner.[2] MTK Global, Kinahan, and Gibson have not appeared at all in this action, except for special appearances by MTK Global and Kinahan to move for relief from a prior entry of default on the basis of improper service. (ECF 71, 73.)

---

[2] The only other filing entered by MTK USA since the filing of the TAC was a non-opposition to motions filed by Golden Boy Promotions, Inc., which MTK USA filed after its counsel moved to withdraw from representation but before the Court granted the motion to withdraw. (ECF 113.)

2

1  On December 14, 2022, Heredia applied for entry of default
2 against MTK USA (ECF 127), and the Clerk entered default on
3 December 20, 2022 (ECF 128). On May 1, 2023, Heredia applied for
4 entry of default against Kinahan (ECF 145) and MTK Global (ECF
5 146), and the Clerk entered default on May 11, 2023 (ECF 148). On
6 May 31, 2023, Heredia moved for default judgment against MTK USA,
7 MTK Global, and Kinahan. (ECF 150, 151, 152.) On June 28, 2023,
8 Heredia applied for entry of default against Gibson (ECF 155), and the
9 Clerk entered default on June 29, 2023 (ECF 156). On August 4, 2023,
10 Heredia moved for default judgment against Gibson. (ECF 159.)

11  On August 25, 2023, the assigned United States District Judge
12 referred Heredia's motions for default judgment to the undersigned to
13 issue a Report and Recommendation. (ECF 163.) On October 19, 2023,
14 the Court held a hearing on the motions. (ECF 172.) On April 4, 2024,
15 Heredia filed a supplemental brief in support of his motions for default
16 judgment. (ECF 185.)[3]

**II**

18  "When a party against whom a judgment for affirmative relief is
19 sought has failed to plead or otherwise defend, and that failure is shown
20 by affidavit or otherwise, the clerk must enter the party's default." Fed.
21 R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum
22 that can be made certain by computation, the clerk—on the plaintiff's
23 request, with an affidavit showing the amount due—must enter
24 judgment for that amount and costs against a defendant who has been

---

[3] Heredia filed two supplemental briefs on the same day. (ECF 184, 185.) However, the briefs appear to be identical except that ECF 185 includes two additional exhibits that were not included with ECF 184.

defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

This Court's Local Civil Rules require an application for default judgment to be accompanied by a declaration that conforms to the requirements of Rule 55(b) and that sets forth the following information:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

C.D. Cal. Local Civil Rule 55-1.

"When application is made to the Court for a default judgment, the application *shall* be accompanied by a declaration" providing the requisite information. *Id.* (emphasis added). The Local Civil Rules define a "declaration" to be one submitted "under penalty of perjury executed in conformance with 28 U.S.C. § 1746, and any properly executed affidavit." C.D. Cal. Local Civil Rule 1-4(b).

If the procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion."

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010).

### III

Heredia has not satisfied the procedural requirements for the entry of default judgment against any defendant. Heredia's motions for default judgment contain neither the information needed to satisfy Local Civil Rule 55-1, nor a separate declaration signed under penalty of perjury. Moreover, Heredia's recently filed supplemental brief in support of the motions for default judgment cannot be construed as curing his failure because, like the original motions, the supplemental brief does not include the information required by Local Civil Rule 55-1 or a separate declaration signed under penalty of perjury.

Because Heredia has not satisfied the procedural requirements for obtaining default judgment, his motions must be denied without consideration of the substantive merits of the motions. However, the denial should be without prejudice to Heredia re-filing his motions in conformity with the Federal Rules of Civil Procedure and the Local Civil Rules for the Central District of California. *See Progressive Express Ins. Co. v. USA Transporters, LLC*, No. 5:21-cv-01531-JWH-KKx, 2022 WL 2189599 (C.D. Cal. Apr. 12, 2022) (denying motion for default judgment without prejudice for failure to comply with Local Civil Rule 55-1).

### RECOMMENDATION

For the reasons above, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) denying Heredia's motions for default judgment (ECF 150, 151, 152, 159) without prejudice to re-filing the motions in conformity with the Federal Rules of Civil Procedure and the

Local Civil Rules for the Central District of California within 14 days of the date of the District Judge's order accepting this Report.

DATED: April 25, 2024

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE