# EXHIBIT 1

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | 5:20-cv-02618-JWH-SSC<br><br>**DECLARATION OF RAJAN O. DHUNGANA ISO ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL USA, LLC**<br><br>Courtroom: 9D<br>Judge: Hon. John W. Holcomb |

## DECLARATION OF RAJAN O. DHUNGANA

I, Rajan O. Dhungana, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this court. I am a partner in the law firm The Federal Practice Group. I make this declaration of my own personal knowledge and could and would so testify if called.

2. Plaintiff Moses Heredia filed his Complaint against Defendant MTK Global Sports Management, LLC, MTK Global USA, LLC, Golden Boy Promotions, Inc, Paul D. Gibson, and Daniel Kinahan on December 18, 2020. [ECF 1].

3. Plaintiff filed the operative Third Amended Complaint on April 29, 2022. [ECF 85].

4. Attorney Michael V. Mancini of Mancini Shenk, LLP entered as counsel of record on behalf of MTK Global USA, LLC on August 24, 2021. [ECF 49].

5. Mr. Mancini circulated an email to counsel on July 27, 2022, notifying all parties that MTK had terminated Mancini Shenk's representation, and requested all other counsel give consent for withdrawal, or make themselves available to meet and confer.

6. On behalf of the Plaintiff, our office indicated that we had no objection to Mancini Shenk's withdrawal on behalf of MTK.

7. Mancini Shenk, LLP filed its Notice of Motion and Motion to be Relieved as Counsel to Defendant MTK Global USA, LLC on July 28, 2022. [ECF 111].

8. The Court entered its Order permitting Mancini Shenk to withdraw on September 6, 2022. [ECF 117]. The Court also ordered that MTK was to obtain new counsel and cause them to file an entry of appearance by not later than September 23, 2022. [ECF 117].

9. According to the docket, MTK has not caused new counsel to enter an appearance on its behalf.

10. Pursuant to Local Rule 83-2.2.2, Defendant MTK Global USA, LLC cannot proceed *pro se*, as it is an organization, not an individual.

11. Default was entered by the Clerk against Defendant MTK Global USA on December 20, 2023. [ECF 128].

12. Defendant MTK Global USA is an organization, not an individual, not an infant, and, upon information and belief, is not an incompetent person requiring special service under Federal Rule of Civil Procedure 4(g).

13. MTK Global USA is an organization, not an individual, and not in the military or otherwise covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

14. Defendant MTK Global USA has not entered its appearance, in defiance of the Court's September 6, 2022, direction to enter an appearance. [ECF 117].

Therefore, no service requirement exists pursuant to Fed. R. Civ. P. 55(b)(2). Additionally, mail to MTK Global USA's last known address has been returned [ECF 133, 144, 153, 157, 162, 169, 179], and MTK Global USA no longer possesses a known address, meaning that service is accomplished through leaving documents with the clerk of the court, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

15. Plaintiff Moses Heredia has satisfied all conditions for entry of default against Defendant MTK Global USA in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this May 9, 2024, in Las Vegas, Nevada.

DATE: May 9, 2024                    */s/ Rajan O. Dhungana*
                                     Rajan O. Dhungana


Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br> Defendants. | 5:20-cv-02618-JWH-SSC<br><br>**DECLARATION OF RAJAN O. DHUNGANA ISO ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT MTK GLOBAL SPORTS MANAGEMENT, LLC**<br><br>Courtroom: 9D<br>Judge: Hon. John W. Holcomb |

## **DECLARATION OF RAJAN O. DHUNGANA**

I, Rajan O. Dhungana, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this court. I am a partner in the law firm The Federal Practice Group. I make this declaration of my own personal knowledge and could and would so testify if called.

2. Plaintiff Moses Heredia filed his Complaint against Defendant MTK Global Sports Management, LLC, MTK Global USA, LLC, Golden Boy Promotions, Inc, Paul D. Gibson, and Daniel Kinahan on December 18, 2020. [ECF 1].

3. Plaintiff filed the operative Third Amended Complaint on April 29, 2022. [ECF 85].

4. On September 11, 2022, Plaintiff engaged Jouslin Chibli Khairallah of Khairallah Advocates & Legal Consultants to accomplish service of the Summons and Third Amended Complaint upon Defendants MTK Global Sports Management, LLC in the United Arab Emirates. Ms. Khairallah's efforts to serve Defendants MTK Global Sports Management, LLC are known to me personally, and are documented by her Declaration filed of record with this Court on March 30, 2023. [ECF 142].

5. Based on the service date of January 20, 2023, Defendants MTK Global Sports Management, LLC were required to answer or otherwise plead by not later than February 11, 2023. Fed. R. Civ. P. 12.

6. Pursuant to Local Rule 83-2.2.2, Defendant MTK Global Sports Management cannot proceed *pro se*, as it is an organization, not an individual.

7. Default was entered by the Clerk against Defendant MTK Global USA on May 11, 2023. [ECF 148].

8. Defendant MTK Global Sports Management is an organization, not an individual, and not an infant, and, upon information and belief, is not an incompetent person requiring special service under Federal Rule of Civil Procedure 4(g).

9. MTK Global Sports Management is an organization, not an individual, and is not in the military or otherwise covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

10. Written notice of Plaintiff's Application to the Court for Default Judgment was served on Defendant MTK Global Sports Management's representative, David S. Harris on May 31, 2023 via ECF service pursuant to Local Rule 5-3.2.1.

11. Plaintiff Moses Heredia has satisfied all conditions for entry of default against Defendant MTK Global Sports Management in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this May 9, 2024, in Las Vegas, Nevada.

DATE: May 9, 2024                              */s/ Rajan O. Dhungana*
                                               Rajan O. Dhungana

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | 5:20-cv-02618-JWH-SSC<br><br>**DECLARATION OF RAJAN O. DHUNGANA ISO ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT DANIEL KINAHAN**<br><br>Courtroom: 9D<br>Judge: Hon. John W. Holcomb |

# DECLARATION OF RAJAN O. DHUNGANA

I, Rajan O. Dhungana, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this court. I am a partner in the law firm The Federal Practice Group. I make this declaration of my own personal knowledge and could and would so testify if called.

2. Plaintiff Moses Heredia filed his Complaint against Defendant MTK Global Sports Management, LLC, MTK Global USA, LLC, Golden Boy Promotions, Inc, Paul D. Gibson, and Daniel Kinahan on December 18, 2020. [ECF 1].

3. Plaintiff filed the operative Third Amended Complaint on April 29, 2022. [ECF 85].

4. On September 11, 2022, Plaintiff engaged Jouslin Chibli Khairallah of Khairallah Advocates & Legal Consultants to accomplish service of the Summons and Third Amended Complaint upon Defendant Daniel Kinahan in the United Arab Emirates. Ms. Khairallah's efforts to serve Defendants Daniel Kinahan are known to me personally, and are documented by her Declaration filed of record with this Court on March 30, 2023. [ECF 142].

5. Based on the service date of January 20, 2023, Defendant Daniel Kinahan was required to answer or otherwise plead by not later than February 11, 2023. Fed. R. Civ. P. 12.

6. Default was entered by the Clerk against Defendant Daniel Kinahan on May 11, 2023. [ECF 148].

7. Defendant Daniel Kinahan is not an infant, and, upon information and belief, is not an incompetent person requiring special service under Federal Rule of Civil Procedure 4(g).

8. In accordance with the attached Department of Defense Manpower Data Center Report, Daniel Kinahan is not in the military or otherwise covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). See Exh. A.

9. Written notice of Plaintiff's Application to the Court for Default Judgment was served on Mr. Kinahan's representative, Jason L. Liang and John K. Ly on May 31, 2023, via ECF service pursuant to Local Rule 5-3.2.1.

10. Plaintiff Moses Heredia has satisfied all conditions for entry of default against Defendant Daniel Kinahan in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this May 9, 2024, in Las Vegas, Nevada.

DATE: May 9, 2024   /s/ Rajan O. Dhungana
                                             Rajan O. Dhungana

# EXHIBIT A

Department of Defense Manpower Data Center

Results as of : May-09-2024 02:26:49 PM

SCRA 5.20



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | |
| Birth Date: | Jun-XX-1977 |
| Last Name: | KINAHAN |
| First Name: | DANIEL |
| Middle Name: | |
| Status As Of: | May-09-2024 |
| Certificate ID: | L35WYN0CF5SW7ZG |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | 5:20-cv-02618-JWH-SSC<br><br>**DECLARATION OF RAJAN O. DHUNGANA ISO ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT PAUL D. GIBSON**<br><br>Courtroom: 9D<br>Judge: Hon. John W. Holcomb |

## **DECLARATION OF RAJAN O. DHUNGANA**

I, Rajan O. Dhungana, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this court. I am a partner in the law firm The Federal Practice Group. I make this declaration of my own personal knowledge and could and would so testify if called.

2. Plaintiff Moses Heredia filed his Complaint against Defendant MTK Global Sports Management, LLC, MTK Global USA, LLC, Golden Boy Promotions, Inc, Paul D. Gibson, and Daniel Kinahan on December 18, 2020. [ECF 1].

3. Plaintiff filed the operative Third Amended Complaint on April 29, 2022. [ECF 85].

4. On November 08, 2022, Plaintiff engaged Process Server One to accomplish service of the Summons and Third Amended Complaint upon Defendant Paul D. Gibson in Spain. Process Server One's efforts to serve Defendant Gibson are known to me personally, and are documented by the proof of service filed with this Court concurrently with Plaintiff's Application for Entry of Default. [ECF 155].

5. Based on the service date of March 29, 2023, Defendant Paul D. Gibson was required to answer or otherwise plead by not later than April 19, 2023. Fed. R. Civ. P. 12.

6. Default was entered by the Clerk against Defendant Paul D. Gibson on June 29, 2023. [ECF 156].

7. Defendant Paul D. Gibson is not an infant, and, upon information and belief, is not an incompetent person requiring special service under Federal Rule of Civil Procedure 4(g).

8. A Department of Defense Manpower Data Center Report could not be generated due to the absence of personal information, notably a date of birth required for verification. However, upon information and belief, Paul D. Gibson is presumed not to be a member of the military or otherwise covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) as he is a non-citizen residing in Spain.

9. Written notice of Plaintiff's Application for Default Judgement was not required to be served upon Defendant Paul D. Gibson under Fed. R. Civ. P. 55(b)(2) because Defendant has not appeared personally or by a representative in the present matter.

10. Plaintiff Moses Heredia has satisfied all conditions for entry of default against Defendant Paul D. Gibson in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this May 9, 2024 in Las Vegas, Nevada.

DATE:  May 9, 2024                    */s/ Rajan O. Dhungana*
                                      Rajan O. Dhungana