Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
600 W. Santa Ana Blvd. Suite 814
Santa Ana, CA 92701
Telephone: (310) 795-6905
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# (EASTERN DIVISION)

| | |
|---|---|
| MOSES HEREDIA,<br><br>Plaintiff,<br><br>vs.<br><br>MTK GLOBAL SPORTS MANAGEMENT, LLC; MTK GLOBAL USA, LLC; GOLDEN BOY PROMOTIONS, INC.; PAUL D. GIBSON; and DANIEL KINAHAN,<br><br>Defendants. | Case No.: 5:20-cv-02618-JWH-KKx<br>*Assigned to Magistrate Judge Stephanie S. Christensen*<br><br>**PLAINTIFF MOSES HEREDIA'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          August 27, 2024<br>Time:          1:30 P.M.<br>Courtroom:   790<br>Judge: Magistrate Judge Stephanie S. Christensen |

## **TABLE OF CONTENTS**

A. The Balance of Factors, in Accordance with Local Rule 55-3, Shows that Plaintiff Is Entitled to $376,370.40 in Legal Fees……………………………….2

    i.   Plaintiff's Revised Fee Schedule Shows Considerable Time and Energy Invested in this Case, Thereby Satisfying Factors One and Four.....4

    ii.   Plaintiff's Attorney's Fees are Consistent with the Customary Fee, and Plaintiff Can Show He Meets Factors Five and Six. ..............................6

    iii.   Default Judgment Does Not Negate the Challenges Successfully Overcome by Counsel in Managing the Case, Thereby Meeting Factors 3, 8, and 9...........................................................................................................10

    iv.   Plaintiff Concurs with The Magistrate Judge's Finding that Plaintiff has Satisfied Factors 2, 10, and 11. ............................................................11

B. Under Local Rule 55-3, The Minimum Amount in Legal Fees to Be Awarded Should be $195,950.00……………………………………………………....12

C. CONCLUSION………………………………………………………………13

# **TABLE OF AUTHORITIES**

**Cases**

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) .................................3

*Chalmers v. City of Los Angeles*, 96 F.2d 1205, 1214 (9th Cir. 1986)......................6

*DL v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).............................8

*EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) ...........8

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) .........................3

*Love v. Mail on Sunday*, No. 05-7798, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007)..................................................................................................................6

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)................ 3, 10

*Perfect 10, Inc. v. Giganews, Inc.*, Case No. CV 11-07098-AB (SHx) (C.D. Cal. Mar 24, 2015).....................................................................................................7

*Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454–55 (9th Cir. 2010) .......7

*St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009)............................................................................................2

*Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 824. (9th Cir. 2009)...................................................................................................................8

**Statutes**

42 U.S.C. §2000e-5(k) ................................................................................................8

**PLAINTIFF MOSES HEREDIA'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND POINTS AND AUTHORITIES IN SUPPORT**

Magistrate Judge Christensen's July 12, 2024, Report and Recommendation recommends that the honorable District Court award Plaintiff $9,517,500.00 in damages. The Magistrate also recommends that $171,000.00 and $19,798.61 be awarded in legal fees and costs, respectively.

Plaintiff endorses the Report and Recommendation in part. Specifically, Plaintiff accepts the Magistrate's Report findings and recommendations with respect to the recommended judgment amount and costs. Plaintiff's sole objection is to the amount in recommended legal fees.

In light of the Magistrate's findings (ECF 191) Plaintiff respectfully submits a revised fees breakdown and petition in support of its sole objection. **Exhibit 1**.[1] Plaintiff acknowledges the deficiencies in his legal fee petition, submits his revised petition, respectfully requests that the Magistrate accept his revised petition, and requests that Plaintiff be awarded $376,370.40 in legal fees. Alternatively, consistent with the minimum fees recovery amount set forth in the fee schedule

---

[1] Plaintiff does not object to the Magistrate Judge's recommendation as to the awarded costs. Accordingly, the revised fee statement does not include costs.

contained in Local Rule 55-3, Plaintiff respectfully requests that the honorable Judge award Plaintiff $195,950.00 in legal fees.

### A. The Balance of Factors, in Accordance with Local Rule 55-3, Shows that Plaintiff Is Entitled to $376,370.40 in Legal Fees.

As recognized by the Magistrate Judge, the questions of fees on default is governed by Local Rule 55-3. Local Rule 55-3 provides that:

> This schedule shall be applied to the amount of the judgment exclusive of costs. An attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable.

Local Rule 55-3.[2]

Pursuant to the "lodestar" analysis for determining the reasonability of legal fees, Plaintiff can demonstrate his entitlement to a reasonable recovery of $376,370.40 in legal fees. *See St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009) ("the court's discretion to deny a fee award to a prevailing plaintiff is narrow.") (quoting *N.Y. Gaslight Club,*

---

[2] Plaintiff respectfully prays that this Court will excuse the omission of Local Rule 55-3 from his supplemental default filing.

*Inc. v. Carey*, 447 U.S. 54, 68, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980)). It is "the rule rather than the exception" that fees and costs are awarded to the prevailing party when a statute so permits. *Id.* at 1062 (9th Cir. 2009).

The reasonableness of the fee petition turns on examination of 12 non-exclusive factors:

> Factors in considering whether to adjust the lodestar amount include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

[ECF 191, at 44-45]; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Plaintiff can reasonably show the amount of effort, time, and resources spent in litigating this rather novel case.[3] First, Plaintiff concurs with the Magistrate's assessment that Plaintiff meets the second, tenth, and eleventh factors. Second, Plaintiff's revised fee assessment placates the concerns raised by the Magistrate with respect to the first and fourth factors. Third, the deficiencies raised by the Magistrate in her Report and Recommendation with respect to the fifth, sixth, and twelfth factors are similarly rectified in this response. Finally, Plaintiff respectfully disagrees with the assessment by the Magistrate with respect to the third, eighth, and ninth factors, for reasons elaborated upon below. Reviewed altogether, Plaintiff demonstrates that he meets a balance of the factors, and thus supports a finding that a recovery of fees above the Local Rule 55-3 baseline is reasonable.

    i.    **Plaintiff's Revised Fee Schedule Shows Considerable Time and Energy Invested in this Case, Thereby Satisfying Factors One and Four**

For factor one, Plaintiff's revised fee schedule focuses on the issues raised by the Magistrate Judge. Counsel for Plaintiff logged 655.74 hours' worth of time in bringing and navigating this case. Launching this case took considerable effort from counsel. This case concerned Defendants residing in foreign countries,

---

[3] Plaintiff asserts the seventh factor, pertaining to time limitations imposed by the client, does not apply in this case.

PLAINTIFF MOSES HEREDIA'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND POINTS AND AUTHORITIES IN SUPPORT -4-

thereby implicating the Hague Service Convention with regard to Spain, the local court system in the United Arab Emirates, the U.S. State Department, and engagement with numerous individuals who were familiar with the circumstances of this case and the possible locations for the Defendant's both inside and outside the continental United States. The research and engagement on these issues was critical to the Court's ability to assert jurisdiction and potentially fatal to Plaintiff's ability to proceed.

Several developments over the course of the case also required significant time investment by counsel. Heeding the Court's admonishment, Plaintiff sifted through and provided what he believed to be relevant supporting information for purposes of the damages' calculation. Counsel further respectfully asserts that they appropriately spent the "time and labor required" to secure service on international defendants by locating them; researching and complying with U.S. and International law; conducting appropriate discovery in support of Plaintiff's damages' calculation; and thoroughly researching and presenting its damages case for consideration. For these reasons, Plaintiff has demonstrated the first factor regarding the "time and labor required."

Factor four pertains to the time spent working with the client and the lost employment opportunities that arose due to time spent working on the above-titled

case. Each hour billed does not reflect the administrative efforts and lost opportunity costs associated with the commitment to undertake a case of this magnitude and scope. The amount in hours presented shows a substantial time investment in support of the requirements of this case. Undersigned counsel's Firm is a small law firm that must manage its case load to ensure each case is handled appropriately. This requires the Firm to forego new client opportunities that would impact its ability to prosecute active litigation. Plaintiff's counsel has remained committed and undeterred in prosecuting this matter to its conclusion.

      **ii.**     **Plaintiff's Attorney's Fees are Consistent with the Customary Fee, and Plaintiff Can Show He Meets Factors Five and Six.**

The customary fee is the "prevailing fees in the community for attorneys of comparable qualifications." *Chalmers v. City of Los Angeles*, 96 F.2d 1205, 1214 (9th Cir. 1986); *see also Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016).

The Fitzpatrick hourly rates relied upon by Plaintiff, which range from $220 for paralegals to $807 for attorneys with more than 35 years of experience, are reasonable and consistent with the hourly rates previously approved by this Court. For instance, this Court found that it was reasonable for a Los Angeles-based firm to bill $485 per hour for its senior counsel, $460 per hour for its senior associates, and $305 per hour for its junior associates. *See Love v. Mail on Sunday*, No. 05-7798, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007). These Court-approved

rates were held to be reasonable nearly 17 years ago and, when adjusted for inflation, necessarily should be deemed reasonable today.

More recently, this Court found that it was reasonable for a firm to bill $240 to $345 for paralegals, $360 - $370 for attorneys with one year of legal experience, $375 - $560 for attorneys with five years of legal experience, and $825 - $930 for attorneys with more than 29 years of legal experience. *Perfect 10, Inc. v. Giganews, Inc.*, Case No. CV 11-07098-AB (SHx) (C.D. Cal. Mar 24, 2015) (holding that these amounts were consistent with prevailing market rates); *see also Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454–55 (9th Cir. 2010) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits").

In the present matter, Plaintiff's attorney's fees were calculated utilizing the 2023 update of the Fitzpatrick Matrix.[4] This matrix is frequently used to calculate attorney's fees in federal litigation within the District of Columbia and is intended for use in cases in which a fee-shifting statute permits the prevailing party to

---

[4] U.S. Attorney's Office for the District of Columbia, Civil Division, The Fitzpatrick Matrix, https://www.justice.gov/usao-dc/page/file/1504361/dl?inline (last accessed July 25, 2024).

recover "reasonable" attorney's fees.[5] *DL v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019); 42 U.S.C. §2000e-5(k). The matrix provides the recommended hourly rate for both paralegals and attorneys based on their years of experience. An attorney's experience is calculated based on the number of years since that attorney graduated from law school. If the year of law school graduation is unavailable, the year of bar passage is used instead. Adjustments may be necessary if an attorney did not follow a typical career progression or was effectively performing law clerk work. *EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013).

Undersigned counsel was assisted by multiple other attorneys within the firm. Although these attorneys were not admitted to practice before this Court, the Ninth Circuit has affirmed that an attorney not admitted before the local court can recover fees when their work supports the litigation through an attorney who is admitted to the local court and subject to its discipline. *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 819, 824. (9th Cir. 2009) (also recognizing that

---

[5] California and DC are reasonably comparable legal markets (along with New York and Delaware), as observed in the example cases cited herein. Undersigned counsel's firm is headquartered in Washington, D.C. and frequently utilizes the Fitzpatrick Matrix in calculating attorney's fees in litigation involving the Federal Government. As such, counsel's familiarity presents an added benefit to using the rate.

because of the benefits of modern technology, lawyers and paralegals from one or more firms may participate in massive discovery projects arising out of a single case). As such, Plaintiff is entitled to attorneys' fees for every attorney who worked on his case because everything was filtered through undersigned counsel, one of which is a member of this Court's bar and the other of which has been admitted *Pro Hac Vice* to practice before the Court for this matter—both are subject to this Court's discipline.

The hourly rates for both undersigned counsel and each attorney that performed work in this matter are reflective of their years of legal experience.[6] Undersigned counsel have 11 and 22 years of experience, respectively. Plaintiff's counsel presides over numerous litigation matters at any given time. Undersigned counsel must appropriately respond to various courts, in various matters, and cases in varying stages. Plaintiff's counsel made a considered review of its previous submission, and the revised submission reflects adjustments it believes are responsive to the Magistrate Judge's concerns and is in compliance with the applicable law.

---

[6] The revised statement of fees contains a list of each attorney, their years of experience, along with each paralegal whose time is reflected within the statement. Non-attorneys and law clerks are also noted; their billing rate is adjusted to that of a paralegal.

For the foregoing reasons, the attorney's fees contained within the appended, revised accounting are consistent with the customary fee. Moreover, with respect to factor six, counsel took this matter on a contingency basis. Counsel will receive a portion of the judgment award but has not been paid for a majority of their fees and costs by Plaintiff.

### iii. Default Judgment Does Not Negate the Challenges Successfully Overcome by Counsel in Managing the Case, Thereby Meeting Factors 3, 8, and 9.

Plaintiff asserts factors 3 and 9 are neutral in this case, and do not present sufficient grounds to warrant any downward adjustment. Although some replication of work occurred throughout the lifespan of the case, this has already been accounted for in counsel's revised fees. *See Moreno v. City of Sacramento*, 534 F.3d at 1112-1113 (limiting district court's ability to reduce fees for perceived inefficient legal work, such as duplicative or repetitive fee entries, particularly after the attorney has already reduced for duplication) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

### iv. Plaintiff Concurs with The Magistrate Judge's Finding that Plaintiff has Satisfied Factors 2, 10, and 11.

The Magistrate's Report and Recommendations states that "the second, tenth, and eleventh factors could conceivable weigh in favor of Heredia." This assessment is accurate. Despite its default conclusion, this matter presented novel issues involving tortious interference in boxer-manager relationships. Further, the professional relationship between Plaintiff and undersigned counsel is lengthy, spanning over four years, during which time undersigned counsel's firm represented Plaintiff in both the present litigation and separate litigation also stemming from the boxer-manager relationship. Moreover, this matter arguably falls within the category of "undesirable" cases. This case entailed a small boxer management team pushing back against a large, multinational enterprise that is believed to be connected to the Kinahan organized crime group. Defendants' connections, resources, and influence made bringing a case against them an undesirable prospect, that was only countered by Plaintiff's faith in his actions, his conviction in his integrity, and his belief in pursuing his contractual rights. Finally, with respect to factor 12, to Plaintiff's knowledge, default awards in boxing contracts are not common. For the above-stated reasons, factors 2, 10, and 11 are in Plaintiff's favor, as is factor 12.

In total, out of the 12 factors, Plaintiff can affirmatively demonstrate that he satisfies 8 factors (factors 1-2, 4-6, 10-12), with the remaining factors being neutral (factors 3, 7-9). Accordingly, Plaintiff meets a balance of the factors in favor of receiving an enhanced award above the minimum scheduled amount within Rule 55-3.

### B. Under Local Rule 55-3, The Minimum Amount in Legal Fees to Be Awarded Should be $195,950.00.

The Magistrate Judge's Report and Recommendation states that, "[p]ursuant to Local Rule 55-3, Heredia should be awarded attorney's fees in the amount of $171,000, calculated as $5,600 plus 2% of the judgment amount over $100,000." [Doc 191 at 48.].

Plaintiff respectfully takes note of the fact that 2% of the recommended $9,517,500 judgment yields a result of $190,350.00. With the additional $5,600 amount added on, the formula provided under Local Rule 55-3 yields a final result of $195,950.00, not $171,000. Accordingly, assuming Plaintiff is unable to show entitlement to a greater amount, Plaintiff is entitled to recover $195,950 in legal fees under Local Rule 55-3.

## C. CONCLUSION

WHEREFORE, Plaintiff Moses Heredia respectfully prays the Court:

(1) Accept the Report and Recommendation with respect to the Judgment amount of $9,517,500 and expenses assessed by the Magistrate Judge;

(2) increase the amount from $171,000 in legal fees as recommended by the Magistrate Judge, and instead award $376,370.40 in fees, because the balance of factors show entitlement to an enhancement above the Local Rule 55-3 schedule amount is warranted;

(3) or should the Court determine that the lodestar factors are not met award $195,950 in legal fees, in accordance with the requirements of Local Rule 55-3.

Dated: July 26, 2024

                                           Respectfully submitted,

                                           /s/ Rajan O. Dhungana
                                           Rajan O. Dhungana (SBN: 297794)
                                           FEDERAL PRACTICE GROUP
                                           600 W. Santa Ana Blvd. Suite 814
                                           Santa Ana, CA 92701
                                           Telephone: (310) 795-6905
                                           rdhungana@fedpractice.com
                                           *Attorney for Plaintiff*
                                           Moses Heredia